UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>XEROX CORPORATION, KPMG, LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANN MULCAHY BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH<br><br>Defendants. | 3:00-CV-1621 (AWT)<br>**ALL CASES**<br><br><br><br><br><br><br>Date: February 9, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO PERMIT SERVICE OF NON-PARTY DOCUMENT PRESERVATION SUBPOENAS

Plaintiffs respectfully submit this memorandum of law in support of their Motion to Permit Service of Non-Party Document Preservation Subpoenas on Citibank, PricewaterhouseCoopers, Rank Group Plc and First Boston (collectively the "non-parties"). As detailed herein, and as alleged in the Complaint, Plaintiffs believe that these non-parties have documents and information central to their claims that should be preserved pending the Court's ruling on the motions to dismiss.

## PROCEDURAL BACKGROUND

This securities class action, originally filed in August of 2001, has been pending for more than three years. On August 7, 2002, Plaintiffs filed their Third Consolidated Amended Complaint (the "Complaint"), alleging violations of Sections 10(b) and 20 of the Securities Exchange Act of 1934 and Rule 10b-5 of the Securities and Exchange Commission Rules. As

alleged in the Complaint, between February 17, 1998 and June 28, 2002, Xerox Corporation ("Xerox") and certain of its officers and directors made materially false and misleading statements regarding Xerox's publicly reported revenues, earnings, assets, and liabilities. Plaintiffs also have asserted claims against KPMG LLP ("KPMG") in connection with its audits of Xerox's financial statements for the fiscal years ended 1997 through 2000.

On December 2, 2002, Defendants moved to dismiss the Complaint on various grounds. Briefing on the motions to dismiss was completed in March of 2003. The motions to dismiss are presently *sub judice*. More than four and one-half years have now elapsed since the filing of the initial complaint and over seven years since the fraud began. Plaintiffs remain concerned about the impact that lost evidence and fading memories will have on their ability to conduct discovery and ultimately to prove their case.

Accordingly, at this time, Plaintiffs seek to issue subpoenas requiring the preservation, but not production, of particularized and relevant documents believed to be in the possession of certain non-parties. In the normal course of business, paper and electronic documents are often destroyed. The requested document preservation subpoenas would put the non-parties on notice that certain documents must be retained rather than destroyed, because those documents may be sought in the future in connection with this litigation. Without such subpoenas, Plaintiffs will be severely prejudiced and their ability to prove their case may be substantially impaired.

**ARGUMENT**

The PSLRA grants courts the authority to modify the discovery stay when "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. § 78u-4(b)(3)(B). The particularized non-party document preservation subpoenas that Plaintiffs seek permission to

2

issue here are necessary both to preserve evidence and to prevent undue prejudice. In re Tyco Int'l, Ltd. Sec. Litig., No. 00-MD-1335, 2000 WL 33654141, at *3 (D.N.H. July 27, 2000).

As alleged in the Complaint, Xerox engaged in numerous and widespread accounting manipulations, which caused Xerox's financial statements to be materially false and misleading during the Class Period. For example, Plaintiffs have alleged that Xerox improperly recognized revenue from the sale of future revenue streams from its long-term rentals to banks such as Citibank. In addition, Plaintiffs have alleged that Xerox created cookie jar reserves to artificially inflate earnings during the Class Period. One such phony reserve involved the Rank Group Plc. Plaintiffs have also alleged that Xerox repeatedly and improperly changed the manner in which it accounted for lease revenue. PricewaterhouseCoopers LLP ("PwC"), which replaced KPMG as Xerox's auditor, approved of the Company's improper lease accounting methodology. Finally, the Complaint includes allegations that Xerox improperly recognized revenue on equipment prior to installation, which includes revenue related to a First Boston contract.

Plaintiffs seek leave to issue non-party document preservation subpoenas to Citibank, FirstBoston, Rank, Plc and PwC[1]. Unlike Defendants, these non-parties have not necessarily received actual notice of this action and are under no obligation to preserve relevant documents. See Applied Telematics v. Sprint Communs. Co., L.P., No. Civ. 94-4603, 1996 U.S. Dist. LEXIS 14053, at *6 (E.D. Pa. Sept. 17, 1996) ("No duty to preserve evidence arises unless the party possessing the evidence has notice of its relevance."). Moreover, these non-parties undoubtedly have policies in place for the destruction of documents and electronic data. See In re Tyco Int'l, Ltd. Sec. Litig., 2000 WL 33654141, at *3 (holding that non-party preservation subpoenas were necessary to preserve evidence where plaintiff "produced evidence that large corporations

---

[1] Plaintiffs have identified both the non-parties they intend to subpoena and the type of evidence that should be preserved. See Ex. 1-4.

typically overwrite and thereby destroy electronic data in the course of performing routine backup procedures.").

Due to the significant risk of loss or destruction of evidence, courts have "consistently 'permitted plaintiffs to issue preservation subpoenas' as well as actually allowing discovery to commence when faced with 'the risk of lost or destroyed evidence.'" Vezzetti v. Remec, No. 99-CV-0796-L(JAH), 2001 U.S. Dist. LEXIS 10462, at *5 (S.D. Cal. July 20, 2001) (allowing plaintiffs to serve non-party subpoenas on eight of defendants' primary customers); see also In re Tyco Int'l, Ltd. Sec. Litig., 2000 WL 33654141, at *4; Neibert v. Monarch Dental Corp., No. 3-99-CV-762, 1999 WL 33290643, at *1 (N.D. Tex. Oct. 20, 1999). Such risk of loss is particularly evident, for example, regarding Rank Group, which is based in London thus requiring Plaintiffs to effect service of the subpoena through international procedures, which will inevitably cause increased delay and the potential for document destruction. Here, Plaintiffs do not seek actual production of documents. Plaintiffs simply want to put non-parties on notice that the action exists and to impose an affirmative duty on them to preserve relevant documents.

## CONCLUSION

Plaintiffs have sufficiently met the burden for permitting particularized discovery under the PSLRA and should be permitted to issue document preservation subpoenas for the limited purpose of ensuring the preservation of relevant materials in the possession of the non-parties.

DATED: February 9, 2005

Respectfully submitted,

**LEAD PLAINTIFFS**

_____
Andrew M. Schatz ct00603
Jeffrey S. Nobel ct04855
Justin S. Kudler ct25167
**Schatz & Nobel, P.C.**
One Corporate Center
20 Church Street, Suite 1700
Hartford, Connecticut 06103
(860) 493-6292

J. Daniel Sagarin ct04289
**Hurwitz, Sagarin & Slossberg, LLC**
147 N. Broad Street
Milford, Connecticut 06460
(203) 877-8000

**Co-Liaison Counsel**

Glen DeValerio
Jeffrey C. Block
Leslie R. Stern
**Berman DeValerio Pease Tabacco
   Burt & Pucillo**
One Liberty Square
Boston, MA 02109
(617) 542-8300

Melvyn I. Weiss
Brad Friedman
**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza  49th Floor
New York, New York 10119-0165
(212) 594-5300

Dennis J. Johnson
Jacob B. Perkinson
**Johnson & Perkinson**
1690 Williston Road
South Burlington, Vermont 05403
(802) 862-0030

**Co-Lead Counsel**

5

## CERTIFICATION

      I hereby certify that on February 9, 2005, a copy of the foregoing was sent, via first class U.S. mail, postage prepaid, to:

Evan R. Chesler
Sandra C. Goldstein
Joseph M. Salama
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, New York  10019-7415

Thomas D. Goldberg
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut  06901-2047

Thomas J. Murphy
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, Connecticut  06103
(860) 249-0012 (fax)

Kenneth M. Kramer
Tammy P. Bieber
Shearman & Sterling
599 Lexington Avenue
New York, New York 10022

Alfred U. Pavlis
Daly & Pavlis, LLC
107 John Street
Southport, Connecticut  06490

Andrew N. Vollmer
Gordon Pearson
Heather A. Jones
Wilmer Cutler & Pickering
2445 M Street, NW
Washington, DC  20037-1420

Jay W. Eisenhofer
Geoffrey C. Jarvis
Grant & Eisenhofer, P.A.
1201 N. Market Street  Suite 2100
Wilmington, Delaware  19801
(302) 622-7100 (fax)

Lisa Kelly Morgan
Ruben, Johnson & Morgan, P.C.
CityPlace II 185 Asylum Street
Hartford, Connecticut 06103


_____
Justin S. Kudler


Xerox/draftpleadings/Xerox_preservation_memorandum_2