# EX. 3

# SCHEDULE A

# DEFINITIONS

The definitions and instructions set forth in the Federal Rules of Civil Procedure and the applicable Local Rules are adopted and treated as if fully set forth herein. The words and phrases set forth below have the following meanings:

1. "Rank Group," "You" or "Your" means The Rank Group Plc and all of its predecessors, successors, parents, operating units, subsidiaries, divisions, local, regional, national, international, and executive offices, and present or former partners, members, principals, consultants, employees, agents, representatives, affiliates, or other persons acting on its behalf.

2. "Xerox" or the "Company" means Xerox Corporation and includes any parent, subsidiaries, segments, divisions, affiliates, successors, or predecessors thereof and any present and former officers, directors, employees, agents, representatives, or other persons (as defined below) acting or purporting to act on behalf of Xerox, including its parents, subsidiaries, segments, divisions, affiliates, successors, or predecessors.

3. "Individual Defendants" means Defendants Paul Allaire ("Allaire"), Richard Thoman ("Thoman"), Barry Romeril ("Romeril"), Philip Fishbach ("Fishbach"), Gregory Tayler ("Tayler"), and Ann Mulcahy ("Mulcahy") and any person, employee, agent, or representative acting on their behalf.

4. "Defendant" means Xerox, any Individual Defendant, and any KPMG Defendant, and includes any parent, subsidiaries, segments, divisions, affiliates, successors or predecessors thereof and any person, employee, agent, or representative acting on their behalf.

5. "Xerox Limited" and/or "Rank Xerox" means the joint venture in which You participated with Xerox Corporation and in which Xerox Corporation agreed to purchase Your remaining 20% share in June, 1997, and includes any parent, subsidiaries, related companies, segments, divisions, affiliates, successors, or predecessors thereof and any present and former officers, directors, employees, agents, representatives, or other persons (as defined below) acting or purporting to act on behalf of Xerox and/or Xerox Limited, including its parents, subsidiaries, segments, divisions, affiliates, successors, or predecessors.

6. "Governmental Authority" means any state or federal regulatory body or agency responsible for control and supervision over any area of public interest or otherwise responsible for the enforcement of any law, rule or regulation, including but not limited to Governmental Authorities charged with responsibility for criminal investigations and/or prosecutions in the United States or any other country and Governmental Authorities responsible for licensing Certified Public Accountants.

7. "Financial Statements" mean, but are not limited to, the following (whether audited or unaudited, and whether final, interim, pro forma, complete, or partial): consolidated and non-consolidated balance sheets; statements of earnings, additional paid-in capital, retained earnings, or cash flows (or source and application of funds); cash-flow projections; notes to each of such statements; and any other statements and notes that pertain to Xerox's and/or Xerox Limited's past or present financial condition, including accountants' work papers.

8. "KPMG" means KMPG LLP. and all of their subsidiaries, divisions, local, regional, national, international and executive offices and any present or former partners, principals, employees, agents, representatives and attorneys.

2

9. "PwC" means PricewaterhouseCoopers LLP and all of their subsidiaries, divisions, local, regional, national, international and executive offices and any present or former partners, principals, employees, agents, representatives and attorneys.

10. "SEC" means the United States Securities and Exchange Commission and any person, employee, agent, or representative acting on its behalf.

11. "Person" or "persons" refer to any natural person or any business, legal, or government entity or association.

12. "Agent" shall mean any agent, employee, partner, member, officer, director, attorney, consultant, independent contractor, or any other person acting at the direction of or on behalf of another.

13. "Plaintiff(s)" and "Defendant(s)," as well as a party's full or abbreviated name or a pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

14. The following rules of construction apply to all discovery requests.

    (a) the use of the singular form of any word includes the plural and vice versa;
    (b) the term "including" means "including but not limited to"; and
    (c) "his" includes his, hers, and its, and "he" includes he, she and it.

15. "Employee" refers to any individual currently in the employ of, or at any time employed by, You.

16. "Communication" shall mean any oral, electronic, digital or written utterance, notation, or statement of any nature whatsoever, by or whomever made, including but not limited to correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons in whatever form or format.

17. "Meeting" means the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

## INSTRUCTIONS

1. If any responsive document is withheld in whole or in part for any reason, including but not limited to any claim of privilege, confidentiality, or trade secret, set forth separately with respect to each such document: (a) the type of document (i.e., letter, memorandum, etc.); (b) the author(s) of the document; (c) the addressee(s) of the document; (d) the date of the document; (e) the identity of all persons having received copies of the document, having seen the document, or to whom the document was disclosed; (f) the subject matter of the document; (g) a brief statement or synopsis of the matters dealt with in the document or the circumstances surrounding the making of the document; and (h) the nature of the privilege or other rule relied on in withholding production of the document.

2. If a portion of any responsive document is protected from disclosure by privilege, work product, or otherwise, such document must be produced with redaction of only the portion claimed to be protected.

3. If any responsive document was, but no longer is in the possession or subject to the control of the responding party, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others; or (d) otherwise disposed of, and in each instance explain the circumstances surrounding such loss, destruction, transfer, or disposition thereof, and state the date or approximate date thereof.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the relevant period is from June 1, 1996 to the present

("Relevant Period") and shall include all documents and information that relate in whole or in part to the Relevant Period, or to events or circumstances during such period, even though dated, prepared, generated or received prior to or subsequent to that period.

## DOCUMENT REQUESTS

1. All documents concerning Your relationship to and business dealings with Xerox or any of the Individual Defendants for any purpose, including, without limitation, all relationships concerning Xerox Limited.

2. All documents concerning any oral or written agreement or contract between You and Xerox and/or Xerox Limited or any of the Individual Defendants.

3. All documents concerning Xerox's purchase of any interest from You in Xerox Limited.

4. All documents concerning the financial and/or business condition of Xerox and/or Xerox Limited, including, without limitation, all financial statements of Xerox Limited.

5. All documents concerning any liabilities of Xerox Limited which Xerox may have inherited and/or for which Xerox may have been and/or become responsible after Xerox's acquisition of Your interests in Xerox Limited.

6. All documents concerning any risks and/or negative contingencies which Xerox may have experienced due to its acquisition from You of Your 20% interest in Xerox Limited in 1997.

7. All documents concerning communications between you and Xerox and/or Xerox Limited relating to accounting reserves and/or "cookie jar" reserves, including without limitation any accounting reserve which Xerox may have established as a result of its 1997 acquisition from you of a 20% interest in Xerox Limited.

8. All documents concerning the general business purpose of Xerox Limited and all documents concerning any potential competition to Xerox Limited and/or any business risks associated with Xerox Limited.

9. All of Your financial statements and/or publicly filed documents concerning and/or discussing Xerox and/or Xerox Limited, including without limitation any business risks associated with Xerox Limited.

10. All documents concerning any communications with legal counsel for Xerox and/or Xerox Limited.

11. All documents concerning communications with KPMG and/or PwC related to Xerox and/or Xerox Limited.

12. All documents concerning communications or meetings between You and any Defendant regarding Xerox and/or Xerox Limited.

13. All documents filed with, delivered to, or received from the SEC or any other Governmental Authority, in connection with Xerox and/or Xerox Limited.

14. All documents concerning any formal or informal SEC investigation into Xerox, including any transcripts of depositions or testimony given or documents produced by You in connection with such investigations or inquiries.

15. All documents concerning Your filing and record keeping system and Your document preservation or destruction policy during the Relevant Period.