UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,

Plaintiff,

-against-

XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER AND PHILIP FISHBACH,

Defendants.

3:00-CV-1621 (AWT)
**ALL CASES**

February 22, 2005

**XEROX DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO PERMIT SERVICE OF NON-PARTY DOCUMENT PRESERVATION SUBPOENAS**

Defendants Xerox Corporation ("Xerox"), Paul A. Allaire, G. Richard Thoman, Anne Mulcahy, Barry D. Romeril, Gregory Tayler and Philip Fishbach (the "Individual Defendants", and with Xerox, the "Xerox Defendants"), respectfully submit this memorandum in response to Plaintiffs' Motion to Permit Service of Non-Party Document Preservation Subpoenas, dated February 9, 2005. In the Memorandum of Law in Support of Plaintiffs' Motion to Permit Service of Non-Party Document Preservation Subpoenas ("Pls. Brf."), plaintiffs explain that they seek an order permitting the issuance of "particularized non-party document preservation subpoenas" purportedly requesting the preservation, but not production, of various classes of documents by certain non-parties. (Pls. Brf. at 2.)[1] The Xerox Defendants do not take any position regarding either the appropriateness or the merits of plaintiffs' motion. The Xerox Defendants respond only to make clear that they reserve their right to object, in whole

[1] Specifically, plaintiffs seek an order permitting the service of document preservation subpoenas on non-parties Citibank, PricewaterhouseCoopers, Rank Group Plc., and First Boston. (Pls. Brf. at 1.)

or in part, to the requests for documents contained in the proposed subpoenas if they are converted from preservation subpoenas to production subpoenas at some future time.

It also bears noting that the proposed document requests, attached as Exhibits 1-4 to plaintiffs' motion, do not appear to be limited to the preservation of documents. Instead, Exhibits 1-4 provide instructions for the production of documents and identify the various classes of documents for which production is requested. It is the expectation of the Xerox Defendants that, should plaintiffs' motion to issue document preservation subpoenas be granted, the proposed subpoenas will clearly indicate that they require the preservation, and not production, of the specified classes of documents.

Respectfully submitted,

DEFENDANT XEROX CORPORATION

By Sandra C. Goldstein

Evan R. Chesler (ct 03177)
Sandra C. Goldstein (ct 24019)
Members of the Firm

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

DEFENDANTS PHILIP FISHBACH, G. RICHARD THOMAN, AND ANNE MULCAHY

By Thomas D. Goldberg /sy

James F. Stapleton (ct 04267)
Thomas D. Goldberg (ct 04386)
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300

DEFENDANTS PAUL A. ALLAIRE, BARRY D. ROMERIL, AND GREGORY TAYLER

by Andrew N. Vollmer /by

Andrew N. Vollmer (ct 23728)
Heather A. Jones (ct 24194)
WILMER CUTLER PICKERING HALE and DORR LLP
2445 M Street, NW
Washington, DC 20037
(202) 663-6000

Alfred U. Pavlis (ct 08603)
DALY & PAVLIS, LLC
107 John Street
Southport, CT 06490
(203) 255-6700

Of counsel:
Ivy Thomas McKinney (ct 09351)
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904
(203) 968-3000
Attorney for Xerox Corporation