UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, et al. ) | 3:00-CV-1621 (AWT) |
| v. ) | |
| Xerox Corp., et al. ) | |
| ) | |
| MASTER CASE ) | |
| ) | |
| Florida State Board of Admin., et al. ) | 3:02-CV-1303 (AWT) |
| v. ) | |
| Xerox Corp., et al. ) | |
| ) | July 26, 2005 |
| MEMBER CASE. ) | |

**MOTION ON CONSENT FOR EXTENSION OF TIME**

Defendants Xerox Corporation ("Xerox"), Paul A. Allaire, G. Richard Thoman, Anne Mulcahy, Barry D. Romeril, Gregory Tayler and Philip Fishbach (the "Individual Defendants", and with Xerox, the "Xerox Defendants") hereby move, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7 of the Local Civil Rules of the United States District Court for the District of Connecticut, for an extension of time to answer the factual allegations uniquely presented in the Amended Complaint in <u>Florida State Bd. of Admin., et al., v. Xerox Corp., et al.</u> ("Complaint") (as set forth in plaintiffs' letter dated November 12, 2002, attached hereto as Exhibit A) to and including September 30, 2005, and, following service of answers to these unique allegations, for an extension of time to file a separate answer, if deemed necessary by plaintiffs, solely addressing the allegations in the Complaint to and including at least sixty (60) days after plaintiffs have requested such answers. The Xerox Defendants also move for an extension of time to move to dismiss claims based on allegations uniquely presented in the Complaint, according to a schedule to be determined at a later date by the parties.

The Xerox Defendants submit that there is good cause for the extension in that the Complaint raises complex issues that must be addressed in detail. The date presently set for the

**NO ORAL ARGUMENT REQUESTED**

service of an answer to the Complaint is July 27, 2005. The extension of time to answer the factual allegations unique to the Complaint to September 30, 2005, will allow counsel adequate time fully to address the issues raised in these allegations. In addition, the extension of time to answer remaining allegations in the Complaint to at least sixty (60) days after plaintiffs have requested such answers will allow counsel fully to address these issues should plaintiffs make such a request and will avoid any unnecessary use of judicial resources. Xerox Defendants' time to move to dismiss claims based on issues uniquely related to the Complaint was previously extended in the Stipulation and Order approved and so ordered on January 16, 2003, <u>nunc pro tunc</u>, to November 22, 2002, which provided that claims unique to the Complaint would be briefed according to a schedule to be determined at a later date by the parties. The parties have not yet determined a schedule, and extending the time to move to dismiss these unique claims would enable Xerox Defendants to determine whether such motion would be appropriate and would allow counsel adequately to address unique legal claims presented in the Complaint.

The Xerox Defendants have not previously sought an extension of time with respect to the limitation for service of an answer to the Complaint. As discussed above, the Court previously has granted one extension of time with respect to the Xerox Defendants' time to move in response to issues uniquely related to the Complaint. This motion raises no issues of law, and therefore a separate memorandum of law will not be submitted.

Counsel for the Xerox Defendants has inquired of counsel for plaintiffs concerning this motion. Plaintiffs consent to this motion, as evidenced in the accompanying Stipulations.

<u>Requested Relief</u>

The Xerox Defendants respectfully request that the Stipulation and Order dated July 25, 2005 be so ordered, thereby extending the Xerox Defendants' time to answer the factual allegations unique to the Complaint to and including September 30, 2005 and extending the time

to answer the remaining allegations in the Complaint to and including at least sixty (60) days after plaintiffs have requested such answers and that the Stipulation and Order dated July 26, 2005 be so ordered, extending the time to move to dismiss claims based on issues uniquely presented in the Complaint according to a schedule to be determined at a later date by the parties.

Respectfully submitted,

DEFENDANT XEROX CORPORATION

By  /s/ Sandra C. Goldstein
Evan R. Chesler (ct 03177)
Sandra C. Goldstein (ct 24019)
Members of the Firm

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

DEFENDANTS PHILIP FISHBACH, G. RICHARD THOMAN, AND ANNE MULCAHY

By  /s/ Thomas D. Goldberg
Thomas D. Goldberg (ct 04386)
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300

DEFENDANTS PAUL A. ALLAIRE, BARRY D. ROMERIL, AND GREGORY TAYLER

By  /s/ Andrew N. Vollmer
Andrew N. Vollmer (ct 23728)
Heather A. Jones (ct 24194)
WILMER CUTLER PICKERING HALE and DORR LLP
2445 M Street, NW
Washington, DC 20037
(202) 663-6000

Alfred U. Pavlis (ct 08603)
DALY & PAVLIS, LLC
107 John Street
Southport, CT 06490
(203) 255-6700

Of counsel:
Ivy Thomas McKinney (ct 09351)
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904
(203) 968-3000
Attorney for Xerox Corporation

4