Case 3:00-cv-01621-AWT     Document 222-2     Filed 07/27/2005     Page 1 of 4

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

D. JAMES MACKALL
ASSOCIATE ATTORNEY
ALSO ADMITTED TO TX* AND OH*

*INACTIVE

**JOHNSON & PERKINSON**
ATTORNEYS AT LAW
1690 WILLISTON ROAD
SOUTH BURLINGTON, VERMONT 05403

(802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL JPLAW@adelphia.net

November 12, 2002

***VIA FACSIMILE AND***
***FIRST CLASS MAIL***
Honorable Alvin W. Thompson, U.S.D.J.
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Re:   *Carlson v. Xerox Corp., et. al.* 3:00CV11621 (AWT)

Dear Judge Thompson:

    Lead Counsel submit this letter in accordance with the Court's instructions delivered during the last Thursday's conference call. As directed, we have attempted to identify any factual matters which are alleged in the Complaint filed by the Florida State Board of Administration (and several other institutions) (collectively "FSBA") which are not in the Third Consolidated Amended Complaint filed in *Carlson* (the "Carlson Complaint"). We have not attempted to do the converse, identify facts alleged in *Carlson* which are not alleged in the FSBA's Complaint, since we understand, Defendants will fully address the *Carlson* Complaint in any Motions to Dismiss they may file.

    Below is a list of allegations found in FSBA's Complaint which are not present in the *Carlson* Complaint. Omitted from this list are allegations pertaining to the institutional investors and their investments as well as those which reflect different legal claims since all parties understand that the FSBA Complaint involves different plaintiffs and contains several separate legal claims. The initial paragraph reference in each item is from the FSBA Complaint:

JOHNSON & PERKINSON
ATTORNEYS AT LAW

(1)  ¶ 9–FSBA alleges that the Company, in its second restatement, revealed that it had reduced its net income number by $136 million for 1997 as part of the first restatement, but did not reveal this change when it previously disclosed its first restatement. *Carlson* does not contain this allegation.

(2)  ¶ 60–*Carlson* does not contain the allegations set forth in the first sentence.

(3)  ¶ 61–FSBA alleges that, among others, Defendant Thoman received a Wells notice from the SEC. *Carlson* alleges Defendants Romeril, Allaire, and six other Xerox executives, as well as KPMG received the Wells notice. *Carlson*, ¶¶ 11, 215. Additionally, FSBA attributes an additional quote to SEC Chairman Pitt ("not finished with the Xerox case"). Compare *Carlson* ¶ 11.

(4)  ¶ 72–FSBA cites FSBA Comment No. 1. *Carlson* does not.

(5)  ¶ 76–FSBA cites Statement of Financial Accounting Concepts No. 6. *Carlson* does not.

(6)  ¶ 90–While *Carlson* alleges that senior management set the discount rates, *Carlson*, ¶ 14, *Carlson* does not contain the remaining allegations.

(7)  ¶ 100–FSBA cites and discussed APB Opinion No. 16 and FASB Statement No. 38. *Carlson* does not.

(8)  ¶¶ 141-43–FSBA cites Xerox's earnings release for the first three quarters of 1997. *Carlson* does not.

(9)  ¶ 159–FSBA quotes additional statements from the 1/23/98 Xerox press release. *See Carlson* ¶ 325.

(10)  ¶¶ 180-81–Discusses a March 16, 2000 Prudential Securities report not cited in *Carlson*.

(11)  ¶ 183– Discusses an April 26, 2000 Xerox release, not discussed in *Carlson*.

(12)  ¶ 185-86–Contains an additional quotation from the May 11, 2000 Xerox press release and alleges this was a misrepresentation. *Cf. Carlson*, ¶ 415.

(13)  ¶¶ 187-88–Quotes the Company's May 18, 2000 release. *Carlson* does not.

JOHNSON & PERKINSON
ATTORNEYS AT LAW

(14) ¶215–FSBA allegation contains a quotation from the *Wall Street Journal* attributed to *Robles* which is not contained in *Carlson*, though *Carlson* quotes from *Robles* from the same article. *Carlson*, ¶223.

(15) ¶216–*Carlson* does not quote *Villafona*.

(16) ¶¶221, 247, 256–FSBA references Project Mozart. *Carlson* does not.

(17) ¶261–While Carlson references the premises of SFAS 94, *Carlson* ¶¶138, 140, 151, *Carlson* does not reference SFAS 94.

(18) ¶258a–FSBA alleges KPMG violated the first general standard of GAAS. *Carlson* does not.

(19) ¶258d–FSBA alleges KPMG violated first standard of field work. *Carlson* does not.

This list is the joint product of Lead Counsel and counsel to the institutional investors. While there are other differences between the two Complaints, those differences are ones of differing presentation of the same facts or minor differences in mathematical computations flowing from the same factual occurrences.

Respectfully,

Dennis J. Johnson

DJJ/ib
cc: Jay W. Eisenhoffer, Esquire
Glen DeValerio, Esquire
Keith M. Fleischman, Esquire
Lisa Kelly Morgan, Esquire
Andrew M. Schatz, Esquire
Ivy Thomas McKinney, Esquire
Thomas D. Goldberg, Esquire
Kenneth M. Kramer, Esquire
Thomas J. Murphy, Esquire
Evan Chesler, Esquire