UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, et al.<br>v.<br>Xerox Corp., et al.<br><br>MASTER CASE<br><br>Florida State Board of Admin., et al.<br>v.<br>Xerox Corp., et al.<br><br>MEMBER CASE. | 3:00-CV-1621 (AWT)<br><br><br><br><br>3:02-CV-1303 (AWT)<br><br><br><br>July 27, 2005 |

## MOTION ON CONSENT FOR EXTENSION OF TIME

Defendant KPMG LLP ("KPMG") hereby moves, pursuant to Rule 6(b) of the Federal Rules of Civil Procedure and Rule 7 of the Local Civil Rules of the United States District Court for the District of Connecticut, for an extension of time to answer the factual allegations uniquely presented in the Amended Complaint in Florida State Bd. of Admin., et al., v. Xerox Corp., et al. ("Complaint")(as set forth in plaintiffs' letter dated November 12, 2002, attached hereto as Exhibit A) to and including September 30, 2005, and, following service of answers to these unique allegations, for an extension of time to file a separate answer, if deemed necessary by plaintiffs, solely addressing the allegations in the Complaint to and including at least sixty (60) days after plaintiffs have requested such answers. KPMG also moves for an extension of time to move to dismiss claims based on allegations uniquely presented in the Complaint, according to a schedule to be determined at a later date by the parties.

KPMG submits that there is good cause for the extension in that the Complaint raises complex issues that must be addressed in detail. The date presently set for the service of an answer to the Complaint is July 27, 2005. The extension of time to answer the factual

NO ORAL ARGUMENT REQUESTED

allegations unique to the Complaint to September 30, 2005, will allow counsel adequate time to fully address the issues raised in these allegations. In addition, the extension of time to answer remaining allegations in the Complaint to at least sixty (60) days after plaintiffs have requested such answers will allow counsel fully to address these issues should plaintiffs make such a request and will avoid any unnecessary use of judicial resources. KPMG's time to move to dismiss claims based on issues uniquely related to the Complaint was previously extended in the Stipulation and Order approved and so ordered on January 16, 2003, nunc pro tunc, to November 22, 2002, which provided that claims unique to the Complaint would be briefed according to a schedule to be determined at a later date by the parties. The parties have not yet determined a schedule, and extending the time to move to dismiss these unique claims would enable KPMG to determine whether such motion would be appropriate and would allow counsel adequately to address unique legal claims presented in the Complaint.

KPMG has not previously sought an extension of time with respect to the limitation for service of an answer to the Complaint. As discussed above, the Court previously has granted an extension of time with respect to KPMG's time to move in response to issues uniquely related to the Complaint. This motion raises no issues of law, and therefore a separate memorandum of law will not be submitted.

Counsel for KPMG has inquired of counsel for plaintiffs concerning this motion. Plaintiffs consent to this motion, as evidenced in the accompanying Stipulations.

### Requested Relief

KPMG respectfully requests that the Stipulation and Order dated July 27, 2005 be so ordered, thereby extending KPMG's time to answer the factual allegations unique to the

NYDOCS04/435994.1

2

Complaint to and including September 30, 2005 and extending the time to answer the remaining allegations in the Complaint to and including at least sixty (60) days after plaintiffs have requested such answers and that the Stipulation and Order dated July 27, 2005 be so ordered, extending the time to move to dismiss claims based on issues uniquely presented in the Complaint according to a schedule to be determined at a later date by the parties.

                          Respectfully submitted,

                          KPMG LLP

By: _____
                          Thomas J. Murphy (ct07959)
                          Cowdery, Ecker & Murphy, L.L.C.
                          750 Main Street
                          Hartford, CT 06103-2703
                          Telephone: (860) 278-5555
                          Facsimile: (860) 524-0012

                          Stuart J. Baskin (ct25986)
                          Tai H. Park (ct25826)
                          Shearman & Sterling LLP
                          599 Lexington Avenue
                          New York, NY 10022-6069
                          Telephone: (212) 848-4000
                          Facsimile: (212) 848-7179

                          Attorneys for defendant KPMG LLP

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, et al.<br>v.<br>Xerox Corp., et al.<br><br>MASTER CASE<br><br>Florida State Board of Admin., et al.<br>v.<br>Xerox Corp., et al.<br><br>MEMBER CASE. | 3:00-CV-1621 (AWT)<br><br><br><br><br>3:02-CV-1303 (AWT) |

## STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties herein, that:

1. Within the time for service of answers agreed to by the parties in <u>Carlson et al. v. Xerox Corp., et al.</u> (No. 3:00-CV-1621 (AWT)) ("<u>Carlson</u>"), defendants shall serve answers only to those factual allegations unique to the Amended Complaint in <u>Florida State Board Admin., et al. v. Xerox Corp., et al.</u> (No. 3:02-CV-1303) (AWT) ("<u>FSB</u>") as listed in plaintiffs' letter dated November 12, 2002, a copy of which is attached hereto as Exhibit A. Other than the allegations listed in plaintiffs' letter, and except as provided in paragraph 2 below, defendants will not be required to answer the <u>FSB</u> Amended Complaint.

2. Following service of answers to the <u>FSB</u> Amended Complaint as specified in paragraph 1 above, counsel for <u>FSB</u> plaintiffs shall have the right to request in writing that defendants serve answers to the remaining allegations, provided that defendants are given at least

60 days within which to serve those answers.

July 27, 2005

                        Thomas J. Murphy (ct07959)
                        Cowdery, Ecker & Murphy, L.L.C.
                        750 Main Street
                        Hartford, CT 06103-2703

                        Stuart J. Baskin (ct25986)
                        Tai H. Park (ct25826)
                        Shearman & Sterling LLP
                        599 Lexington Avenue
                        New York, NY 10022-6069

                        By: _____
                             Attorneys for defendant KPMG LLP


                        Grant & Eisenhofer, P.A.
                        1201 N. Market Street, Suite 2100
                        Wilmington, DE 19801

                        Ruben, Johnson & Morgan, P.C.
                        249 Pearl Street 3rd Fl.
                        Hartford, CT 06103

                        By: _____
                             Attorneys for FSB plaintiffs


SO ORDERED THIS _____ day of _____, 2005:


                    _____
                    Alvin W. Thompson
                    United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, et al.<br>v.<br>Xerox Corp., et al.<br>MASTER CASE<br><br>Florida State Board of Admin., et al.<br>v.<br>Xerox Corp., et al.<br>MEMBER CASE. | 3:00-CV-1621 (AWT)<br><br><br><br>3:02-CV-1303 (AWT) |

## STIPULATION AND ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties herein, that:

1.  Notwithstanding anything in the Stipulation and Order dated July 27, 2005, relating to service of KPMG's answer, and the Stipulation and Order approved and so ordered on January 16, 2003, nunc pro tunc, to November 22, 2002, KPMG's right to move to dismiss claims based on issues uniquely related to the FSB plaintiffs is preserved and shall be separately briefed according to a schedule to be determined at a later date.

July 27, 2005

Thomas J. Murphy (ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703

Stuart J. Baskin (ct25986)
Tai H. Park (ct25826)
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

By: *(signature)*
Attorneys for defendant KPMG LLP


Grant & Eisenhofer, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Ruben, Johnson & Morgan, P.C.
249 Pearl Street, 3rd Fl.
Hartford, CT 06103

By: *Geoffrey Jarvis/TJM*
Attorneys for FSB plaintiffs

SO ORDERED THIS ____ day of _____, 2005:


_____
Alvin W. Thompson
United States District Judge

Exhibit A

DENNIS J. JOHNSON
ALSO ADMITTED TO PA AND DC*

JACOB B. PERKINSON
ALSO ADMITTED TO ME

D. JAMES MACKALL
ASSOCIATE ATTORNEY
ALSO ADMITTED TO TX* AND OH*

*INACTIVE

JOHNSON & PERKINSON
ATTORNEYS AT LAW
1690 WILLISTON ROAD
SOUTH BURLINGTON, VERMONT 05403

(802) 862-0030
TELECOPIER (802) 862-0060
E-MAIL JPLAW@adelphia.net

November 12, 2002

*VIA FACSIMILE AND*
*FIRST CLASS MAIL*
Honorable Alvin W. Thompson, U.S.D.J.
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

    Re:    *Carlson v. Xerox Corp., et. al. 3:00CV1621 (AWT)*

Dear Judge Thompson:

    Lead Counsel submit this letter in accordance with the Court's instructions delivered during the last Thursday's conference call. As directed, we have attempted to identify any factual matters which are alleged in the Complaint filed by the Florida State Board of Administration (and several other institutions) (collectively "FSBA") which are not in the Third Consolidated Amended Complaint filed in *Carlson* (the "Carlson Complaint"). We have not attempted to do the converse, identify facts alleged in *Carlson* which are not alleged in the FSBA's Complaint, since we understand, Defendants will fully address the *Carlson* Complaint in any Motions to Dismiss they may file.

    Below is a list of allegations found in FSBA's Complaint which are not present in the *Carlson* Complaint. Omitted from this list are allegations pertaining to the institutional investors and their investments as well as those which reflect different legal claims since all parties understand that the FSBA Complaint involves different plaintiffs and contains several separate legal claims. The initial paragraph reference in each item is from the FSBA Complaint:

JOHNSON & PERKINSON
ATTORNEYS AT LAW

(1) ¶ 9–FSBA alleges that the Company, in its second restatement, revealed that it had reduced its net income number by $136 million for 1997 as part of the first restatement, but did not reveal this change when it previously disclosed its first restatement. *Carlson* does not contain this allegation.

(2) ¶ 60–*Carlson* does not contain the allegations set forth in the first sentence.

(3) ¶ 61–FSBA alleges that, among others, Defendant Thoman received a Wells notice from the SEC. *Carlson* alleges Defendants Romeril, Allaire, and six other Xerox executives, as well as KPMG received the Wells notice. *Carlson*, ¶¶ 11, 215. Additionally, FSBA attributes an additional quote to SEC Chairman Pitt ("not finished with the Xerox case"). Compare *Carlson* ¶ 11.

(4) ¶ 72–FSBA cites FSBA Comment No. 1. *Carlson* does not.

(5) ¶ 76–FSBA cites Statement of Financial Accounting Concepts No. 6. *Carlson* does not.

(6) ¶ 90–While *Carlson* alleges that senior management set the discount rates, *Carlson*, ¶ 14, *Carlson* does not contain the remaining allegations.

(7) ¶ 100–FSBA cites and discussed APB Opinion No. 16 and FASB Statement No. 38. *Carlson* does not.

(8) ¶¶ 141-43–FSBA cites Xerox's earnings release for the first three quarters of 1997. *Carlson* does not.

(9) ¶ 159–FSBA quotes additional statements from the 1/23/98 Xerox press release. See *Carlson* ¶ 325.

(10) ¶¶ 180-81–Discusses a March 16, 2000 Prudential Securities report not cited in *Carlson*.

(11) ¶ 183– Discusses an April 26, 2000 Xerox release, not discussed in *Carlson*.

(12) ¶ 185-86–Contains an additional quotation from the May 11, 2000 Xerox press release and alleges this was a misrepresentation. *Cf. Carlson*, ¶ 415.

(13) ¶¶ 187-88–Quotes the Company's May 18, 2000 release. *Carlson* does not.

(14) ¶ 215–FSBA allegation contains a quotation from the *Wall Street Journal* attributed to *Robles* which is not contained in *Carlson*, though *Carlson* quotes from *Robles* from the same article. *Carlson*, ¶ 223.

(15) ¶ 216–*Carlson* does not quote *Villafona*.

(16) ¶¶ 221, 247, 256–FSBA references Project Mozart. *Carlson* does not.

(17) ¶ 261–While Carlson references the premises of SFAS 94, *Carlson* ¶¶ 138, 140, 151, *Carlson* does not reference SFAS 94.

(18) ¶ 258a–FSBA alleges KPMG violated the first general standard of GAAS. *Carlson* does not.

(19) ¶ 258d–FSBA alleges KPMG violated first standard of field work. *Carlson* does not.

This list is the joint product of Lead Counsel and counsel to the institutional investors. While there are other differences between the two Complaints, those differences are ones of differing presentation of the same facts or minor differences in mathematical computations flowing from the same factual occurrences.

Respectfully,

Dennis J. Johnson

DJJ/ib
cc: Jay W. Eisenhoffer, Esquire
Glen DeValerio, Esquire
Keith M. Fleischman, Esquire
Lisa Kelly Morgan, Esquire
Andrew M. Schatz, Esquire
Ivy Thomas McKinney, Esquire
Thomas D. Goldberg, Esquire
Kenneth M. Kramer, Esquire
Thomas J. Murphy, Esquire
Evan Chesler, Esquire

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2005, a copy of the foregoing was sent, via first class U.S. mail, postage prepaid, to:

Sandra C. Goldstein, Esq.
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7415

Thomas D. Goldberg, Esq.
Day, Berry & Howard LLP
One Canterbury Green
Stamford, CT 06901

Brad N. Friedman, Esq.
Milberg, Weiss, Bershad & Schulman LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165

Andrew M. Schatz, Esq.
Schatz & Nobel, P.C.
330 Main Street
Hartford, CT 06106

J. Daniel Sagarin, Esq.
Hurwitz, Sagarin & Slossberg, LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460

Dennis J. Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Glen DeValerio, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Andrew N. Vollmer, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
2445 M Street, NW
Washington, DC 20037

Alfred U. Pavlis, Esq.
Daly & Pavlis LLC
107 John Street
Southport, CT 06940

Jay W. Eisenhofer, Esq.
Grant & Eisenhofer, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Maura Hughes Horan, Esq.
Ruben, Johnson & Morgan, P.C.
249 Pearl Street, 3rd Floor
Hartford, CT 06103

_____
Thomas J. Murphy, Esq.