UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

RUSSELL CARLSON, INDIVIDUALLY AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

                  Plaintiffs,

        v.

XEROX CORPORATION, KPMG LLP, PAUL
ALLAIRE, G. RICHARD THOMAN, ANN
MULCAHY, BARRY ROMERIL, GREGORY
TAYLER and PHILIP FISHBACH,

                  Defendants.

Case No.: 3:00-CV-1621 (AWT)
**ALL CASES**

JURY TRIAL DEMANDED

October 31, 2005

---

## DEFENDANT KPMG LLP'S ANSWER AND AFFIRMATIVE DEFENSES TO THIRD CONSOLIDATED AMENDED COMPLAINT

Defendant KPMG LLP ("KPMG"), by its undersigned attorneys, responds to the allegations contained in the numbered paragraphs of the Third Consolidated Amended Complaint (the "Complaint") as follows:

    1.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the March 5, 2001 edition of *Business Week* for the full and complete contents of that document.

    2.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first three sentences of this paragraph of the Complaint, and respectfully refers the Court to the March 5, 2001 edition of *Business Week* for the full and complete contents of that document. KPMG denies the allegations contained in the fourth sentence of this paragraph of the Complaint.

3.  KPMG denies the allegations contained in this paragraph of the Complaint.

4.  KPMG denies knowledge and information regarding the first sentence and respectfully refers the Court to the complaint filed in *Securities and Exchange Commission v. Xerox Corp.*, Civ. No. 02-272789 (DLC) (S.D.N.Y. Apr. 11, 2002) ("SEC Complaint) for the full and complete contents of that document. KPMG admits, regarding the second sentence of this paragraph of the Complaint, that Xerox reached a settlement of fraud charges with the SEC and respectfully refers the Court to the settlement documents for their full and complete contents. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph of the Complaint, except admits that the SEC sent a Wells Notice to Michael Conway.

5.  KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the testimony of Federal Reserve Board Chairman Alan Greenspan before the U.S. Senate Committee on Banking, Housing and Urban Affairs, July 16, 2002 (the "Testimony of Alan Greenspan") for its full and complete contents.

6.  KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the relevant statements of the SEC officials (which are attached as Exhibit B to the Complaint) for their full and complete contents.

7.  KPMG denies the allegations contained in this paragraph of the Complaint, except admits that the Complaint purports to assert claims against Xerox and six of its executives under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and against KPMG under Section 10(b) of the Exchange Act.

8.   KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the SEC Complaint for the full and complete contents of that document.

9.   KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the SEC Complaint for the full and complete contents of that document.

10.   KPMG denies the allegations contained in this paragraph of the Complaint excepts denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding whether Xerox paid "the highest SEC penalty in history," and respectfully refers the Court to the SEC Release of April 11, 2002 and the Testimony of Alan Greenspan for their full and complete contents.

11.   KPMG admits the allegations in the first sentence of this paragraph. KPMG denies the remaining allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the various Xerox announcements referred to in this paragraph, including (i) Xerox's February 1, 2001 announcement; (ii) the February 6, 2001 edition of *The Wall Street Journal*; (iii) Xerox's May 31, 2001 public filing; (iv) Xerox's January 7, 2002 Form 8-K; (v) the SEC's April 11, 2002 Release; and (vi) Xerox's June 28, 2002 public filing, for the full and complete contents of those documents.

12.   KPMG denies the allegations contained in this paragraph of the Complaint regarding KPMG and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding other defendants, and respectfully refers the Court to the SEC Complaint for the full and complete contents of that document.

13. KPMG denies the allegations contained in this paragraph of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the sales of stock by the Xerox Defendants.

14. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the SEC Complaint for the full and complete contents of that document.

15. KPMG denies the allegations contained in the first two sentences of this paragraph of the Complaint, and respectfully refers the Court to the SEC Complaint for the full and complete contents of that document. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph.

16. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock during the purported class period.

17. KPMG denies the allegations in this paragraph of the Complaint, except KPMG denies knowledge and information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' investigative efforts.

18. The allegations contained in this paragraph of the Complaint set forth legal conclusions and require no response. To the extent a response is required, KPMG denies the allegations contained in this paragraph of the Complaint.

19. The allegations contained in this paragraph of the Complaint set forth legal conclusions and requires no response. KPMG denies the allegations in this paragraph of the Complaint.

20. The allegations contained in the first sentence of this paragraph of the Complaint set forth legal conclusions and require no response. To the extent a response is

4

required, KPMG denies the allegations contained in the first sentence of this paragraph. KPMG denies the remaining allegations in this paragraph of the Complaint.

21. KPMG denies the allegations in this paragraph of the Complaint.

22. KPMG denies knowledge or information sufficient to form a belief as to whether the plaintiffs Louisiana State Employees' Retirement System, Paul Dantzig, and Thomas Zambito purchased Xerox's stock. KPMG denies the remaining allegations contained in this paragraph of the Complaint.

23. KPMG denies knowledge or information sufficient to form a belief as to whether the plaintiffs SOUTHBank-FSB and Alvin Feder purchased Xerox's bonds. KPMG denies the remaining allegations contained in this paragraph of the Complaint.

24. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

25. KPMG admits that during the purported class period Xerox's common stock was traded on the NYSE under the ticker symbol "XRX", but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of this paragraph of the Complaint. KPMG denies the remaining allegations contained in this paragraph of the Complaint, except admits that Xerox filed reports with the SEC during the purported class period.

26. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, except, KPMG admits the following allegations stated in the respective subparagraphs: (a) Paul Allaire was an officer and director of Xerox; (b) G. Richard Thoman was an officer and director of Xerox; (c) Barry Romeril was an officer and director of Xerox; (d) Philip Fishbach was an officer of Xerox; (e)

Gregory Tayler was an officer of Xerox; and (f) Ann Mulcahy was an officer and director of Xerox.

27. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of the Complaint.

28. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

29. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

30. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of this paragraph of the Complaint regarding the actions and/or knowledge of the Individual Defendants. KPMG denies the remaining allegations contained in this paragraph of the Complaint.

31. KPMG denies the allegations contained in this paragraph of the Complaint, except KPMG admits that it is the United States member firm of KPMG International, a non-operating Swiss association, it has an office located at 3001 Summer Street, Stamford, Connecticut, 06905, and served as Xerox's independent outside auditor until October 4, 2001.

32. KPMG denies the allegations contained in this paragraph of the Complaint.

33. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

34. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

6

35. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Financial Accounting Standard ("SFAS") 13 for its full and complete contents.

36. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's June 16, 2000 press release for its full and complete contents.

37. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock, and the June 16, 2000 edition of the *Dow Jones Business News* and the June 19, 2000 edition of *The Wall Street Journal* for their full and complete contents.

38. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the June 16, 2000 analyst report by PaineWebber, the June 19, 2000 analyst report by JP Morgan, and the June 20, 2000 analyst report by Merrill Lynch for their full and complete contents.

39. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock and Xerox's June 29, 2000 press release for its full and complete contents.

40. KPMG denies the allegations contained in this paragraph of the Complaint, except states that Xerox's second quarter earnings in 2000 included a $78 million charge and respectfully refers the Court to Xerox's July 26, 2000 press release for its full and complete contents.

41. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock on July 26, 2000.

42. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the July 26, 2000 interview between Kathy Pilgrim and Allan Dodds and the July 26, 2000 edition of CNNfn for their full and complete contents.

43. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock and the July 27, 2000 edition of *The Wall Street Journal* for their full and complete contents.

44. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the July 26, 2000 analyst report by PaineWebber for its full and complete contents.

45. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock and to the August 3, 2000 edition of the *National Post* for their full and complete contents.

46. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the October 2, 2000 press release by Xerox for its full and complete contents.

47. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock and to the October 2, 2000 editions of the *Associated Press Online* and *Dow Jones Business News* for their full and complete contents.

48. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the October 16, 2000 edition of *The Wall Street Journal* for its full and complete contents.

49. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock.

50. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock and the October 24, 2000 press release by Xerox for their full and complete contents.

51. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the October 25, 2000 edition of *The Wall Street Journal* for its full and complete contents.

52. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock.

53. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, except that, with respect to each subparagraph, KPMG respectfully refers the Court to the various documents and Xerox announcements cited therein for their full and complete contents.

54. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 1, 2001 press release by Xerox for its full and complete contents.

55. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 6, 2001 edition of *The Wall Street Journal* for its full and complete contents.

56. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 6, 2001 edition of *The Wall Street Journal* for its full and complete contents.

57. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

58. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

59. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

60. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 6, 2001 edition of *The Wall Street Journal* for its full and complete contents.

61. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, except admits that Xerox fired Mr. Bingham, and respectfully refers the Court to the February 6, 2001 edition of the *Associated Press* for its full and complete contents.

62. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and KPMG respectfully refers the Court to the February 7, 2001 edition of *The Wall Street Journal* for its full and complete contents.

63. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and KPMG respectfully refers the Court to the February 6, 2001 edition of the *Dow Jones Business Wire* for its full and complete contents.

64. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and KPMG respectfully refers the Court to the February 7, 2001 edition of the *Dow Jones Business News* for its full and complete contents.

65. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and KPMG respectfully refers the Court to the February 9, 2001 edition of *The New York Times* for its full and complete contents.

66. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and KPMG respectfully refers the Court to the February 6, 2001 report by Morgan Keegan for its full and complete contents.

67. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and KPMG respectfully refers the Court to the February 8, 2001 report by Credit Suisse First Boston ("CSFB") for its full and complete contents.

68. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock.

69. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, except admits that Xerox issued a press release on April 2, 2001 and respectfully refers the Court to that document for its full and complete contents.

70. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 3, 2001 edition of *The Wall Street Journal* for its full and complete contents.

71. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock and to the April 4, 2001 edition of *The Wall Street Journal* for their full and complete contents.

72. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 4, 2001 edition of *USA Today* for its full and complete contents.

73. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 3, 2002 edition of *The Wall Street Journal* for its full and complete contents.

74. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers

the Court to the April 3, 2001 edition of *The Wall Street Journal* for its full and complete contents.

75. KPMG denies the allegations of this paragraph of the Complaint as they relate to KPMG and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 16, 2001 report by Salomon Smith Barney for its full and complete contents.

76. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 20, 2001 report by UBS Warburg for its full and complete contents.

77. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock on April 20, 2001.

78. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentence of this paragraph of the Complaint, and respectfully refers the Court to Xerox's April 19, 2001 press release and the April 20, 2001 edition of *The Wall Street Journal* for their full and complete contents. KPMG denies the allegations contained in the second sentence of this paragraph of the Complaint, and respectfully refers the Dow Jones historical stock prices for the price of Xerox's stock on April 19, 2001.

79. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers

the Court to the April 20, 2001 report by Salomon Smith Barney for its full and complete contents.

80. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the May 22, 2001 edition of the *Dow Jones* for its full and complete contents.

81. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the May 22, 2001 edition of *The Wall Street Journal* for its full and complete contents.

82. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the May 22, 2001 edition of *The Wall Street Journal* for its full and complete contents.

83. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock on May 22, 2001.

84. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's Form 8-K filed with the SEC on May 31, 2001 and Xerox's 2000 Form 10-K for the results of Xerox's first restatement.

85. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's 2000 Form 10-K for its full and complete contents.

86. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's Form 8-K filed with the SEC on May 31, 2001 and Xerox's 2000 Form 10-K for the results of Xerox's restatement.

87. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's Form 8-K filed with the SEC on May 31, 2001 and Xerox's 2000 Form 10-K for the results of Xerox's restatement.

88. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's Form 8-K filed with the SEC on May 31, 2001 and Xerox's 2000 Form 10-K for the results of Xerox's restatement.

89. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

90. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

91. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

92. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

93. KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's Form 8-K filed with the SEC on May 31, 2001 and Xerox's 2000 Form 10-K.

94. KPMG denies the allegations contained in this paragraph of the Complaint, except states that Xerox established a reserve for its purchase of Rank Group PLC's 20% interest in Rank Xerox.