461.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 2, 2001 edition of *The Wall Street Journal* for its full and complete contents.

462.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 2, 2001 edition of *The Wall Street Journal* for its full and complete contents.

463.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the February 9, 2001 edition of *The New York Times* for its full and complete contents.

464.    KPMG denies the allegations contained in this paragraph of the Complaint.

465.    KPMG denies the allegations contained in this paragraph of the Complaint, except admits that on April 2, 2001, Xerox filed a Form 8-K, to which KPMG respectfully refers the Court for its full and complete contents, announcing that the filing of its 2000 Form 10-K would be delayed.

466.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock.

467.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to *The Wall Street Journal* article cited therein for its full and complete contents.

468.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

469.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 19, 2001 broadcast of *Nightly Business Report* for its full and complete contents.

470.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the April 20, 2001 statements by Allaire and Mulcahy for their full and complete contents.

471.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the May 22, 2001 edition of *The Wall Street Journal* for its full and complete contents.

472.    KPMG denies the allegations contained in the first two sentences of this paragraph of the Complaint.  KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of this paragraph of the Complaint.

473.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones historical stock prices for the price of Xerox's stock.

474.    KPMG denies the allegations contained in this paragraph of the Complaint.

475.    KPMG denies the allegations contained in this paragraph of the Complaint, except admits that Xerox filed its 2000 Form 10-K with the SEC on June 7, 2001 and respectfully refers the Court to that document for its full and complete contents.

476.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

477.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

478.    KPMG denies the allegations contained in this paragraph of the Complaint, except admits that as of October 5, 2001, it no longer served as Xerox's independent outside auditor and respectfully refers the Court to Xerox's October 5, 2001 Form 8-K for its full and complete contents.

479.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's October 12, 2001 press release for its full and complete contents.

480.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's December 3, 2001 press release for its full and complete contents.

481.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the January 29, 2002 statement by Ms. Mulcahy for its full and complete contents.

482.    KPMG denies the allegations contained in this paragraph of the Complaint.

483.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's April 1, 2002 press release for its full and complete contents.

484.    KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's April 11, 2002 press release for its full and complete contents.

485.    KPMG denies the allegations contained in this paragraph of the Complaint.

486.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's June 28, 2002 press release for its full and complete contents.

487.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the FASB Statement of Concepts No. 1 for its full and complete contents.

488.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to SEC Regulation S-X and the AICPA professional standards for their full and complete contents.

489.    KPMG denies the allegations contained in this paragraph of the Complaint.

490.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to Xerox's relevant SEC filings, including its Form 8-K dated May 31, 2001, Xerox's 2000 and 2001 Form 10-Ks, and the APB Opinion No. 20 for their full and complete contents.

491.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to SFAS 5 and SEC Regulation S-X for their full and complete contents.

492.    KPMG denies the allegations contained in this paragraph of the Complaint, except admits that GAAS defines the standards of conduct for auditors in performing and reporting on audit engagements, and respectfully refers the Court to the Statements of Auditing Standards for its full and complete contents.

493.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to GAAS AU § 319.46 for its full and complete contents.

494.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to GAAS AU § 316.16-316.25 for its full and complete contents.

495.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to GAAS AU § 319 for its full and complete contents.

496.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to KPMG's website for its full and complete contents.

497.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to KPMG's website for its full and complete contents.

498.    KPMG denies the allegations contained in this paragraph of the Complaint, except admits that it had published a document titled "Auditing Organizations Through a Strategic-System Lens," and respectfully refers the Court to that document for its full and complete contents.

499.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to GAAS for its full and complete contents.

500.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to GAAS (including §§ 316.16-316.25, 316.27, 319.18, 319.22, and 380.09) for its full and complete contents.

501.    KPMG denies the allegations contained in this paragraph of the Complaint.

502.    KPMG admits that plaintiffs purport to bring this action as a class action on behalf of purchasers of Xerox common stock and/or bonds during the period from February 17, 1998 through June 28, 2002, but denies that class action status is appropriate and denies the remaining allegations contained in this paragraph of the Complaint.

503.    KPMG denies the allegations contained in this paragraph of the Complaint, and respectfully refers the Court to the Dow Jones website for the trading volume of Xerox's stock.

504.    KPMG denies the allegations contained in this paragraph of the Complaint.

505.    KPMG denies the allegations contained in this paragraph of the Complaint.

506.    KPMG denies the allegations contained in this paragraph of the Complaint.

507.    KPMG denies the allegations contained in this paragraph of the Complaint.

508.    KPMG denies the allegations contained in this paragraph of the Complaint.

509.    KPMG denies the allegations contained in this paragraph of the

Complaint.

510.    KPMG denies the allegations contained in this paragraph of the

Complaint.

## PLAINTIFFS' FIRST CLAIM FOR RELIEF

511.    KPMG repeats and incorporates each and every response set forth in the

foregoing paragraphs as is fully set forth herein.

512.    KPMG denies the allegations contained in this paragraph of the

Complaint.

513.    KPMG denies the allegations contained in this paragraph of the

Complaint.

514.    KPMG denies the allegations contained in this paragraph of the

Complaint.

515.    KPMG denies the allegations contained in this paragraph of the

Complaint.

516.    KPMG denies the allegations contained in this paragraph of the

Complaint.

517.    KPMG denies the allegations contained in this paragraph of the

Complaint.

518.    KPMG denies the allegations contained in this paragraph of the

Complaint, except that KPMG denies knowledge or information as to whether plaintiffs

purchased Xerox common stock and/or bonds.

## PLAINTIFFS' SECOND CLAIM FOR RELIEF

519.    KPMG repeats and incorporates each and every response set forth in the foregoing paragraphs as is fully set forth herein.

520.    KPMG denies the allegations contained in this paragraph of the Complaint.

521.    KPMG denies the allegations contained in this paragraph of the Complaint.

522.    KPMG denies the allegations contained in this paragraph of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

523.    The Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

524.    The plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

525.    The plaintiffs have sustained no damages as a result of any action or inaction on the part of KPMG.

## FOURTH AFFIRMATIVE DEFENSE

526.    The relief requested by the Complaint is unavailable because it is barred by the doctrine of estoppel and/or the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

527.    KPMG asserts that each act and statement made by them or attributed to them, or for which they may be found responsible in any manner, was made with a reasonable,

good faith belief, formed after adequate and reasonable investigation and in full compliance with all applicable professional standards in effect at the time, including generally accepted auditing standards.

### SIXTH AFFIRMATIVE DEFENSE

528.    KPMG did not act with the requisite knowledge, scienter, or intent under the applicable securities laws and/or the regulations promulgated thereunder.

### SEVENTH AFFIRMATIVE DEFENSE

529.    The plaintiffs lack standing to assert the purported claims for relief.

### EIGHTH AFFIRMATIVE DEFENSE

530.    Any losses suffered by plaintiffs were not directly or proximately caused by KPMG but were the result of independent, supervening causes, including acts of others, rather than any act of KPMG.

### NINTH AFFIRMATIVE DEFENSE

531.    The plaintiffs did not justifiably rely on any of the alleged misrepresentations or omissions set forth in the Complaint or any specific acts or omissions attributed to KPMG.

### TENTH AFFIRMATIVE DEFENSE

532.    This action may not be maintained as a class action.

### ELEVENTH AFFIRMATIVE DEFENSE

533.    The Complaint is barred in whole or in part by plaintiffs' own fault, unclean hands, or limitations.

### TWELFTH AFFIRMATIVE DEFENSE

534.    The plaintiffs' claims are barred in whole or in part because the matters claimed to be the subject of misrepresentations and/or omissions in the Complaint were publicly

disclosed or plaintiffs knew or in the reasonable exercise of care should have known of these matters.

### THIRTEENTH AFFIRMATIVE DEFENSE

535.    If plaintiffs sustained any of the damages alleged in the Complaint, such alleged damages were caused, in whole or in part, by the conduct of persons or entities other than KPMG, over which KPMG had no control and for which KPMG is not liable or responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

536.    In conducting its audits of the consolidated financial statements of Xerox and its subsidiaries, KPMG relied upon representations made by Xerox and its management, and with regard to matters within their direct control and knowledge, Xerox and its management had a duty to represent accurately information relating to said financial statements.  Any misrepresentations or omissions allegedly made by KPMG in connection with its applicable audits are attributable to the failure of Xerox and its management to represent accurately matters relating to said companies to KPMG.

### FIFTEENTH AFFIRMATIVE DEFENSE

537.    The plaintiffs and the purported class of plaintiffs failed to use reasonable care to prevent or mitigate the damages allegedly sustained.

### SIXTEENTH AFFIRMATIVE DEFENSE

538.    KPMG hereby incorporates by reference any affirmative defense pleaded by any other defendant in this case.

### AFFIRMATIVE DEFENSES RESERVED

539.    KPMG hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of discovery in this case, and hereby reserves the right to amend its answer to assert any other related defenses as they become known or available.

WHEREFORE, KPMG, having fully answered the Complaint, prays that:

a.    the Complaint be dismissed with prejudice as to KPMG and that plaintiffs take nothing thereby;

b.    the Court grant KPMG the costs of defending plaintiffs' claims, including reasonable attorneys' fees; and

c.    the Court grant such other and further relief as is deemed just and proper.

Dated: New York, New York
      October 31, 2005

Respectfully submitted,

By: *George A. Salter / TJM*
W. Sidney Davis (*pro hac vice* pending)
George A. Salter (*pro hac vice* pending)
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York  10022
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100

By: *Tammy Bieber / TJM*
Stuart J. Baskin (ct25986)
Tammy P. Bieber (ct22089)
Seth M. Kean (ct24587)
Panagiotis Katsambas (ct25719)
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York  10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179

Thomas J. Murphy (ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT 06103-2703
Telephone: (860) 278-5555
Facsimile: (860) 524-0012

*Attorneys for Defendant KPMG LLP*

71

## CERTIFICATION

I hereby certify that a true copy of the foregoing Defendant KPMG LLP's Answer and Affirmative Defenses to Plaintiffs' Third Amended Complaint was mailed, postage prepaid, this 31st day of October, 2005, to:

Sandra C. Goldstein, Esq.
Cravath, Swaine & Moore
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019

Thomas D. Goldberg, Esq.
Day, Berry & Howard, LLP
One Canterbury Green
Stamford, CT 06901

Brad N. Friedman, Esq.
Beth Kaswan, Esq.
Elizabeth A. Berney, Esq.
Milberg, Weiss, Bershad, Hynes & Lerach, LLP
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165

Andrew M. Schatz, Esq.
Jeffrey S. Nobel, Esq.
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street
Suite 1700
Hartford, CT 06103

J. Daniel Sagarin, Esq.
Hurwitz & Sagarin, LLC
147 North Broad Street
P.O. Box 112
Milford, CT 06460

Dennis J. Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Glen DeValerio, Esq.
Berman DeValerio Pease Tobacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Andrew N. Vollmer, Esq.
Gordon Pearson, Esq.
Wilmer, Cutler & Pickering
2445 M Street, N.W.
Washington, DC 20037

Alfred U. Pavlis, Esq.
Gage & Pavlis
107 John Street
Southport, CT 06490

Jay W. Eisenhofer, Esq.
Grant & Eisenhofer, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Lisa Kelly Morgan, Esq.
Maura Hughes Horan, Esq.
Ruben, Johnson & Morgan, P.C.
249 Pearl Street, 3rd Floor
Hartford, CT 0610

Thomas J. Murphy