386.    Deny the averments of paragraph 386, except admit that the Company filed a Form 10-Q with the SEC for the quarter ended September 30, 1999, on November 12, 1999, and refer to that filing for its contents.

387.    Deny the averments of paragraphs 387 and 387(a) through 387(c), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

388.    Deny the averments of paragraph 388, except admit that the Company issued a press release on December 10, 1999, and refer to that press release for its contents.

389.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 389.  Deny the averments of the second sentence of paragraph 389, except admit that the Wall Street Journal published an article concerning Xerox on December 13, 1999, and refer to that article for its contents.

390.    Deny the averments of paragraph 390, except admit that AFX News issued a report concerning Xerox on December 13, 1999, and refer to that report for its contents.

391.    Deny the averments of paragraph 391, except admit that Dow Jones Business News issued a report concerning Xerox on December 13, 1999, and refer to that report for its contents.

392.    Deny the averments of paragraph 392, except admit that the Company filed a Form S-8 with the SEC on December 21, 1999, and refer to that filing for its contents.

393.    Deny the averments of paragraph 393, except admit that the Company filed a Form S-8 with the SEC on December 21, 1999, and refer to that filing for its contents.

394.    Deny the averments of paragraph 394, except admit that Newsbytes issued a report concerning Xerox on January 18, 2000, and refer to that report for its contents.

395.    Deny the averments of paragraph 395, except admit that the Company issued a press release on January 25, 2000, and refer to that press release for its contents.

396.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 396.

397.    Deny the averments of paragraph 397, except admit that Dow Jones Business News issued a report concerning Xerox on January 25, 2000, and refer to that report for its contents.

398.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 398, except admit that Infolatina issued a report concerning Xerox on February 14, 2000, and refer to that report for its contents.

399.    Deny the averments of paragraph 399, except admit that the Company filed a Form 8-K with the SEC on February 23, 2000, and refer to that filing for its contents.

400.    Deny the averments of paragraph 400, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

401.    Deny the averments of paragraph 401, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

402.    Deny the averments of paragraph 402, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

403.    Deny the averments of paragraph 403, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

404.    Deny the averments of paragraph 404, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

405.    Deny the averments of paragraph 405, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

406.    Deny the averments of paragraph 406, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

407.    Deny the averments of paragraph 407, except admit that the Company filed a Form 10-K for the year-end 1999 with the SEC on March 27, 2000, and refer to that filing for its contents.

408.    Deny the averments of paragraphs 408 and 408(a) through 408(h), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

409.    Deny the averments of paragraph 409, except admit that the Company issued a press release on April 25, 2000, and refer to that press release for its contents.

410.    Deny the averments of paragraph 410, except admit that the Company issued a press release on April 25, 2000, and refer to that press release for its contents.

411.    Deny the averments of paragraph 411, except admit that the <u>Wall Street Journal</u> published an article concerning Xerox on April 26, 2000, and refer to that article for its contents.

412.    Deny the averments of paragraph 412, except admit that the <u>Wall Street Journal</u> published an article concerning Xerox on April 26, 2000, and refer to that article for its contents.

413.    Deny the averments of paragraph 413, except admit that the <u>Wall Street Journal</u> published an article concerning Xerox on April 26, 2000, and refer to that article for its contents, and state that they are without knowledge or information sufficient to form a belief as to the truth of the averments concerning the market's reaction to Xerox's April 25, 2000, announcement.

414.    Deny the averments of paragraph 414, except admit that CSFB issued an analyst report concerning Xerox on April 26, 2000, and refer to that report for its contents.

415.    Admit the averments of paragraph 415.

416.    Deny the averments of paragraph 416, except admit that the Company filed a Form 10-Q for the quarter ended March 31, 2000, on May 12, 2000, and refer to that filing for its contents.

417.    Deny the averments of paragraph 417, except admit that the Company filed a Form 10-Q for the quarter ended March 31, 2000, on May 12, 2000, and refer to that filing for its contents.

418.    Deny the averments of paragraph 418, except admit that the Company filed a Form 10-Q for the quarter ended March 31, 2000, on May 12, 2000, and refer to that filing for its contents.

419.    Deny the averments of paragraph 419, except admit that the Company filed a Form 10-Q for the quarter ended March 31, 2000, on May 12, 2000, and refer to that filing for its contents.

420.    Deny the averments of paragraphs 420 and 420(a) through 420(c), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

421.    Deny the averments of paragraph 421, except admit that the Company filed a Form 8-K with the SEC on June 16, 2000, and refer to that filing for its contents.

422.    Deny the averments of paragraph 422, except admit that the Company filed a Form 8-K with the SEC on June 16, 2000, and refer to that filing for its contents.

423.    Deny the averments of paragraph 423.

424.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 424, except deny the averments of paragraph 424 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, and refer to the public record for the per share price and trading volume of Xerox common stock on June 15 and 16, 2000, and for the contents of contemporaneous public reports concerning the Company's June 16, 2000, announcement.

425.    Deny the averments of paragraph 425, except admit that CSFB issued an analyst report concerning Xerox on June 19, 2000, and refer to that report for its contents.

426.    Deny the averments of paragraph 426, except admit that Ryan, Beck-Southeast issued an analyst report concerning Xerox on June 19, 2000, and refer to that report for its contents.

427.    Deny the averments of paragraphs 427 and 427(a) through 427(d), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

428.    Deny the averments of paragraph 428, except admit that the Company issued a press release on June 29, 2000, and refer to that press release for its contents.

429.    Deny the averments of paragraph 429, except admit that the Company issued a press release on July 26, 2000, and refer to that press release for its contents.

430.    Deny the averments of paragraph 430.

431.    Deny the averments of paragraphs 431 and 431(a) through 431(d), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

432.    Deny the averments of paragraph 432, except admit that the Company issued a press release on July 26, 2000, and refer to that press release for its contents.

433.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 433, except refer to the public record for the per share price of Xerox common stock from January 1, 1994, through July 27, 2000, and deny the averments of the first sentence of paragraph 433 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants. Deny the averments of the second and third sentences of paragraph 433, except admit that Standard & Poor's issued a credit rating report concerning Xerox on July 28, 2000, and refer to that report for its contents.

434.    Deny the averments of paragraph 434, except admit that Merrill Lynch issued an analyst report concerning Xerox on August 3, 2000, and refer to that report for its contents.

435.    Deny the averments of paragraph 435, except admit that the Company filed a Form 10-Q for the quarter ended June 30, 2000, on August 14, 2000, and refer to that filing for its contents.

436.    Deny the averments of paragraph 436, except admit that the Company filed a Form 10-Q for the quarter ended June 30, 2000, on August 14, 2000, and refer to that filing for its contents.

437.    Deny the averments of paragraph 437, except admit that the Company filed a Form 10-Q for the quarter ended June 30, 2000, on August 14, 2000, and refer to that filing for its contents.

438.    Deny the averments of paragraph 438, except admit that the Company filed a Form 10-Q for the quarter ended June 30, 2000, on August 14, 2000, and refer to that filing for its contents.

439.    Deny the averments of paragraph 439, except admit that the Company filed a Form 10-Q for the quarter ended June 30, 2000, on August 14, 2000, and refer to that filing for its contents.

440.    Deny the averments of paragraphs 440 and 440(a) through 440(e), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

441.    Deny the averments of paragraph 441, except admit that the Company filed a Form 8-K with the SEC on October 2, 2000, and refer to that filing for its contents.

442.    Deny the averments of paragraph 442, except refer to the public record for the per share price of Xerox common stock on October 3, 2000.

443.    Deny the averments of paragraph 443, except state that they are without knowledge or information sufficient to form a belief as to whether certain statements were made by a bond analyst at BNP Paribas as described in paragraph 443.

444.    Deny the averments of paragraph 444, except admit that Fitch issued a release concerning Xerox on October 13, 2000, and refer to that release for its contents.

445.    Deny the averments of paragraph 445, except admit that the Company issued a press release on October 24, 2000, and refer to that press release for its contents.

446.    Deny the averments of paragraph 446, except admit that PaineWebber issued an analyst report concerning Xerox on October 25, 2000, and refer to that report for its contents.

447.    Deny the averments of paragraph 447, except admit that the Company filed a Form 8-K with the SEC on November 3, 2000, and refer to that filing for its contents.

448.    Deny the averments of paragraph 448, except admit that the Company filed a Form 8-K with the SEC on November 3, 2000, and that the Company filed a Form 10-Q for the quarter ended September 30, 2000, on November 14, 2000, and refer to those filings for the contents thereof.

449.    Deny the averments of paragraph 449, except admit that the Company filed a Form 10-Q for the quarter ended September 30, 2000, on November 14, 2000, and refer to that filing for its contents.

450.    Deny the averments of paragraph 450, except admit that the Company filed a Form 10-Q for the quarter ended September 30, 2000, on November 14, 2000, and refer to that filing for its contents.

451.    Deny the averments of paragraph 451, except admit that the Company filed a Form 10-Q for the quarter ended September 30, 2000, on November 14, 2000, and refer to that filing for its contents.

452.    Deny the averments of paragraph 452, except admit that Bloomberg News issued a report concerning Xerox on November 17, 2000, and refer to that report for its contents.

453.    Deny the averments of the first, second and fourth sentences of paragraph 453, except admit that Moody's issued a release concerning Xerox on December 1, 2000, and refer to that release for its contents. Deny the averments of the third sentence of paragraph 453, except admit that Bloomberg News issued a report concerning Xerox on December 1, 2000, in which certain statements were attributed to Bill McKee and refer to that report for its contents. Deny the averments of the fifth sentence of paragraph 453, except refer to the public record for the per share price of Xerox common stock on December 1, 2000. Deny the remaining averments of paragraph 453, except state that they are without knowledge or information sufficient to form a belief as to whether certain statements were made by a spokesperson for T. Rowe Price Assoc. as described in paragraph 453 and refer to the public record for the number of shares of Xerox stock owned by T. Rowe Price Assoc. in June 2000.

454.    Deny the averments of paragraph 454, except admit that the Company issued a press release on January 29, 2001, and refer to that press release for its contents.

455.    Deny the averments of paragraph 455, except admit that Salomon Smith Barney issued an analyst report concerning Xerox on January 30, 2001, and refer to that report for its contents.

456.    Deny the averments of paragraph 456, except admit that UBS Warburg issued an analyst report concerning Xerox on January 30, 2001, and refer to that report for its contents.

457.    Deny the averments of paragraphs 457 and 457(a) through 457(i), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

458.    Deny the averments of paragraph 458, except admit that the Company issued a press release on February 1, 2001, and refer to that press release for its contents.

459.    Deny the averments of paragraph 459, except admit that the Company issued a press release on February 1, 2001, and refer to that press release for its contents.

460.    Deny the averments of paragraph 460, except refer to the public record for the contents of contemporaneous public reports concerning Xerox.

461.    Deny the averments of paragraph 461, except admit that the Wall Street Journal published an article concerning Xerox on February 2, 2001, and refer to that article for its contents.

462.    Deny the averments of paragraph 462, except admit that the Wall Street Journal published an article concerning Xerox on February 2, 2001, and refer to that article for its contents.

463.    Deny the averments of paragraph 463, except admit that the New York Times published an article concerning Xerox on February 9, 2001, and refer to that article for its contents.

464.    Deny the averments of paragraphs 464 and 464(a) through 464(g), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

465.    Deny the averments of paragraph 465, except admit that the Company issued a press release on April 2, 2001, and refer to that press release for its contents.

466.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 466, except refer to the public record for the per share price of Xerox common stock from December 2000 through April 2, 2001. State that they are without knowledge or information sufficient to form a belief as to whether CSFB issued an analyst report concerning Xerox as described in paragraph 466.

467.    Deny the averments of paragraph 467, except state that they are without knowledge or information sufficient to form a belief as to whether the Wall Street Journal published an article concerning Xerox as described in paragraph 467, and admit that on or about April 2, 2001, defendants Allaire and Mulcahy issued an internal memorandum concerning the delay in the filing of Xerox's Form 10-K for the year-end 2000, and refer to that memo for its contents.

468.    State that they are without knowledge or information sufficient to form a belief as to whether Thomas Theobald issued a release as described in paragraph 468, except admit that on April 3, 2001, the Wall Street Journal published an article concerning Xerox containing statements attributed to Thomas Theobald, and refer to that article for its contents.

469.    Deny the averments of paragraph 469, except admit that defendants Allaire and Mulcahy appeared on the Nightly Business Report on April 19, 2001, and refer to a transcript of that broadcast for its contents.

470.    Deny the averments of paragraph 470, except admit that defendants Allaire and Mulcahy issued a letter to shareholders on April 20, 2001, and refer to that letter for its contents.

471.    Deny the averments of paragraph 471, except admit that the <u>Wall Street Journal</u> published an article concerning Xerox on May 22, 2001, and refer to that article for its contents.

472.    Deny the averments of paragraph 472, except admit that the Company issued a press release and filed a Form 8-K with the SEC on May 31, 2001, and refer to those documents for the contents thereof.

473.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 473, except refer to the public record for the per share price of Xerox common stock on May 31, 2001.  Deny the remaining averments of paragraph 473, except refer to the public record for the contents of contemporaneous public reports concerning Xerox.

474.    Deny the averments of paragraphs 474 and 474(a) through 474(f), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

475.    Deny the averments of paragraph 475, except admit that the Company filed a Form 10-K for the year-end 2000 with the SEC on June 7, 2001, and refer to that filing for its contents.

476.    Admit the averments of paragraph 476.

477.    Admit the averments of the first sentence of paragraph 477. Deny the averments of the second sentence of paragraph 477, except admit that Associated Press Online issued a report concerning Xerox on August 28, 2001, and refer to that report for its contents.

478.    Admit the averments of paragraph 478.

479.    Deny the averments of paragraph 479, except admit that the Company issued a press release on October 12, 2001, and refer to that press release for its contents.

480.    Admit the averments of paragraph 480.

481.    Deny the averments of paragraph 481.

482.    Deny the averments of paragraphs 482, 482(a), and 482(b), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

483.    Deny the averments of paragraph 483, except admit that the Company issued a press release on April 1, 2002, and refer to that press release for its contents.

484.    Deny the averments of paragraph 484, except admit that the Company issued a press release on April 11, 2002, and refer to that press release for its contents.

485.    Deny the averments of paragraphs 485 and 485(a) through 485(c), and repeat and reallege their responses to the averments of paragraphs 333(a) through 333(c) as if fully set forth herein.

486.    Deny the averments of paragraph 486, except admit that the Company issued a press release on June 28, 2002, and refer to that press release for its contents, and admit that the Company filed a Form 10-K for the year-end 2001 with the SEC on June 28, 2002, in which it revised and restated certain financial results, and refer to that filing for its contents.

487.    Decline to respond to the averments of paragraph 487 as they in part call for a legal conclusion to which no response is required and refer to Statement of Financial Accounting Concepts No. 1 ("CON 1") for its contents.

488.    Decline to respond to the averments of paragraph 488 as they in part call for a legal conclusion to which no response is required and refer to 17 C.F.R. § 210.4-01(a)(1) and the AICPA professional standards for the contents thereof.

489.    Deny the averments of paragraphs 489 and 489(a) through 489(f).

490.    Deny the averments of paragraph 490 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, decline to respond to the averments of paragraph 490 to the extent that they call for a legal conclusion to which no response is required, refer to APB Opinion No. 20 and GAAP for the contents thereof, admit that Xerox restated and revised certain financial results in a Form 10-K for the year-end 2000 filed with the SEC on June 7, 2001, and further admit that the Company restated and revised certain financial results in a Form 10-K for the year-end 2001 filed with the SEC on June 28, 2002, and refer to those Forms 10-K for the contents thereof.

491.    Decline to respond to the averments of the first two sentences of paragraph 491 as they in part call for a legal conclusion to which no response is required and refer to SFAS 5 and other relevant GAAP for the contents thereof.  State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the third sentence of paragraph 491, except refer to regulation S-X for its contents.

492.    Decline to respond to the averments of the first sentence of paragraph 492 as they in part call for a legal conclusion to which no response is required.  State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of

the second sentence of paragraph 492, except refer to the Statements on Auditing Standards for the contents thereof. State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the final sentence of paragraph 492, except deny the averments of the final sentence of paragraph 492 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants.

493. Decline to respond to the averments of paragraph 493 as they in part call for a legal conclusion to which no response is required and refer to AU § 319.46 for its contents.

494. Decline to respond to the averments of paragraph 494 as they in part call for a legal conclusion to which no response is required and refer to AU §§ 316.16 through 316.25 for the contents thereof.

495. Decline to respond to the averments of paragraph 495 as they in part call for a legal conclusion to which no response is required and refer to AU § 319 and AU § 150.02 for the contents thereof.

496. State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 496, except refer to KPMG's website for its contents.

497. State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 497, except refer to KPMG's website for its contents.

498. State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 498, except admit that a document entitled "Auditing Organizations Through a Strategic-Systems Lens", purportedly authored by KPMG, is available on the Internet and refer to that document for its contents.

499.    Deny the averments of the first and third sentences of paragraph 499 and the averments of paragraphs 499(a) through 499(e) to the extent that they allege any wrongdoing on the part of any of the Xerox Defendants and state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind.  Decline to respond to the averments of the second sentence of paragraph 499 as they in part call for a legal conclusion to which no response is required and refer to GAAS for the contents thereof.

500.    Deny the averments of paragraphs 500 and 500(a) through 500(j) to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind and conduct, and refer to AU §§ 316, 319 and 380 for the contents thereof.

501.    Deny the averments of paragraph 501 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, and state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind.

502.    Deny the averments of paragraph 502, except admit that Plaintiffs purport to bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons and/or entities who purchased Xerox common stock and/or bonds during the period from February 17, 1998, through June 28, 2002, and purport to exclude from the Class those individuals and entities listed in paragraph 502 of the Complaint.

503.    Deny the averments of paragraph 503, except admit that Xerox's common stock actively was traded on the NYSE during the period from February 17, 1998, through June 28, 2002, and refer to the public record for the average daily trading volume during that period and the number of shares outstanding as of December 13, 2001, and state that they are without

knowledge or information sufficient to form a belief as to the truth of the averments of the final two sentences of paragraph 503.

504.    Deny the averments of paragraph 504.

505.    Deny the averments of paragraph 505, except state that they are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 505 concerning Plaintiffs' counsel.

506.    Deny the averments of paragraph 506.

507.    Deny the averments of paragraph 507.

508.    Decline to respond to the averments of paragraphs 508 and 508(a) through 508(d) as they call for a legal conclusion to which no response is required.

509.    State that they are without knowledge or information sufficient to form a belief as to the truth of the averments of the first sentence of paragraph 509.  Deny the averments of the second sentence of paragraph 509.

510.    Deny the averments of paragraph 510.

511.    Repeat and reallege their answers to the averments of paragraphs 1 through 510 as if fully set forth herein.

512.    Deny the averments of paragraph 512 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants and state that no response is necessary to the extent the averments of paragraph 512 allege any wrongdoing on the part of KPMG.

513.    Deny the averments of paragraph 513 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants and state that no response is necessary to the extent the averments of paragraph 513 allege any wrongdoing on the part of KPMG.

514.    Decline to respond to the averments of paragraph 514 as they call for a legal conclusion to which no response is required.

515.    Deny the averments of paragraph 515 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants and state that no response is necessary to the extent the averments of paragraph 515 allege any wrongdoing on the part of KPMG.

516.    Deny the averments of paragraph 516 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants and state that no response is necessary to the extent the averments of paragraph 516 allege any wrongdoing on the part of KPMG.

517.    Deny the averments of paragraph 517 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants and state that no response is necessary to the extent the averments of paragraph 517 allege any wrongdoing on the part of KPMG.

518.    Deny the averments of paragraph 518 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants and state that no response is necessary to the extent the averments of paragraph 518 allege any wrongdoing on the part of KPMG.

519.    Repeat and reallege their answers contained above as if fully set forth herein.

520.    Deny the averments of paragraph 520.

521.    Deny the averments of paragraph 521.

522.    Deny the averments of paragraph 522.

## GENERAL DENIALS

523.    Except as otherwise expressly admitted in paragraphs 1 through 522 above, the Xerox Defendants deny each and every allegation contained in paragraphs 1 through 522 of the Complaint, including, without limitation, the headings and subheadings contained in the Complaint, and specifically deny liability to Plaintiffs, or that Plaintiffs have suffered any legally cognizable damages for which the Xerox Defendants are responsible.  Pursuant to Rule 10(b) of the Federal Rules of Civil Procedure, no response is required to averments not contained in numbered paragraphs, including, without limitation, averments contained in the various charts and tables found within the Complaint but not incorporated into any of the numbered paragraphs therein.  As provided by Federal Rule of Civil Procedure 8(d), averments contained in the Complaint to which no responsive pleading is required, including, without limitation, averments contained in any such charts or tables not referenced in numbered paragraphs, shall be deemed denied.

524.    With respect to all paragraphs in the Complaint in which Plaintiffs pray for damages or other relief, the Xerox Defendants deny that Plaintiffs are so entitled under law.

## AFFIRMATIVE AND OTHER DEFENSES

525.    The Xerox Defendants assert the following affirmative and other defenses. Except where expressly noted, each defense is asserted by each of the Xerox Defendants.  In asserting these defenses, the Xerox Defendants do not assume the burden of establishing any fact or proposition where that burden properly is imposed on Plaintiffs.  The Xerox Defendants expressly reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

## FIRST DEFENSE

526.    The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

527.    The Complaint fails to plead fraud with particularity as required by

Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

## THIRD DEFENSE

528.    The Xerox Defendants are not liable because certain alleged

misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor

provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

## FOURTH DEFENSE

529.    The Xerox Defendants are not liable because Plaintiffs' claims are barred,

in whole or in part, because, assuming there was any untruth or omission as alleged in the

Complaint (and the Xerox Defendants deny there was any), Plaintiffs knew or should have

known of such untruth or omission.

## FIFTH DEFENSE

530.    The Xerox Defendants are not liable because Plaintiffs' claims are barred,

in whole or in part, because Plaintiffs voluntarily assumed the risk of the losses alleged in the

Complaint.

## SIXTH DEFENSE

531.    The Xerox Defendants are not liable because they acted in good faith and

in reasonable reliance upon the work, opinions, information, representations and advice of others

upon whom the Xerox Defendants were entitled to rely.

## SEVENTH DEFENSE

532.    The Xerox Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misstatement or omission.

## EIGHTH DEFENSE

533.    The Xerox Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

## NINTH DEFENSE

534.    This action may not properly be maintained as a class action.

## TENTH DEFENSE

535.    The Xerox Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations and/or repose.

## ELEVENTH DEFENSE

536.    The Xerox Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Xerox securities.

## TWELFTH DEFENSE

537.    The Xerox Defendants are not liable because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were not material.

## THIRTEENTH DEFENSE

538.   The Xerox Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Xerox securities.

## FOURTEENTH DEFENSE

539.   Plaintiffs cannot recover against the Xerox Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they will be otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Complaint.

## FIFTEENTH DEFENSE

540.   Plaintiffs cannot recover against the Xerox Defendants because Plaintiffs will be unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiffs' decisions to purchase Xerox securities on the terms of their investments.

## SIXTEENTH DEFENSE

541.   Plaintiffs cannot recover against the Xerox Defendants because the losses, if any, sustained by Plaintiffs were not proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

## SEVENTEENTH DEFENSE

542.   The Xerox Defendants are not liable because to the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

## EIGHTEENTH DEFENSE

543.    The Xerox Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only the Xerox Defendants' percentage of responsibility, if any.

## NINETEENTH DEFENSE

544.    Plaintiffs cannot recover against the Xerox Defendants, in whole or in part, because the Xerox Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

## TWENTIETH DEFENSE

545.    Allegations in complaints filed by the SEC as part of the settlements between the SEC and certain Xerox Defendants have no preclusive effect or evidentiary weight.

## TWENTY-FIRST DEFENSE

546.    The restatement of earlier financial statements is not an admission of wrongdoing such as, without limitation, fraud, malfeasance, or reckless or intentional deviation from GAAP, and the Xerox Defendants have not waived their right to demonstrate that the accounting for items challenged in the Complaint was appropriate at times prior to restatement.

## TWENTY-SECOND DEFENSE

547.    The Individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

## TWENTY-THIRD DEFENSE

548.    The Xerox Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that the Xerox Defendants may share in such defenses.

WHEREFORE, the Xerox Defendants demand judgment against Plaintiffs as follows:

(1)  Dismissing the entire action with prejudice;

(2)  Granting the Xerox Defendants their reasonable costs, expenses and attorneys' fees; and

(3)  Awarding the Xerox Defendants such other, further and different relief as the Court deems just and proper.

October 31, 2005

DEFENDANT XEROX CORPORATION

By _____
Evan R. Chesler (ct 03177)
Sandra C. Goldstein (ct 24019)
Karin A. DeMasi (phv0584)
Members of the Firm

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

DEFENDANTS PHILIP FISHBACH, G. RICHARD
THOMAN, AND ANNE MULCAHY

By _Thomas D. Goldberg / KJG_

Thomas D. Goldberg (ct 04386)
Terence J. Gallagher (ct 22415)
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300

DEFENDANTS PAUL A. ALLAIRE, BARRY D.
ROMERIL, AND GREGORY TAYLER

By _Andrew N Vollmer / KJG_

Andrew N. Vollmer (ct 23728)
Heather A. Jones (ct 24194)
WILMER CUTLER PICKERING HALE
and DORR LLP
2445 M Street, NW
Washington, DC 20037
(202) 663-6000

Alfred U. Pavlis (ct 08603)
DALY & PAVLIS, LLC
107 John Street
Southport, CT 06490
(203) 255-6700

Of counsel:
Ivy Thomas McKinney (ct 09351)
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904
(203) 968-3000
Attorney for Xerox Corporation

CERTIFICATION

THIS IS TO CERTIFY THAT a copy of the foregoing was sent by United Parcel Service courier service, postage prepaid, this 31st day of October 2005, to:

Glen DeValerio, Esq.
Jeffrey C. Block, Esq.
Leslie R. Stern, Esq.
Berman DeValerio Pease Tabacco
    Burt & Pucillo
One Liberty Square
Boston, MA 02109

Andrew M. Schatz, Esq.
Jeffrey S. Nobel, Esq.
Justin S. Kudler, Esq.
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103-3290

J. Daniel Sagarin, Esq.
David A. Slossberg, Esq.
Hurwitz, Sagarin & Slossberg, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT 06460

Melvyn I. Weiss, Esq.
Brad Friedman, Esq.
Beth Kaswan, Esq.
Milberg Weiss Bershad
    & Schulman LLP
One Pennsylvania Plaza, 49th Fl.
New York, NY 10119-0165

Jay W. Eisenhofer, Esq.
Geoffrey C. Jarvis, Esq.
Grant & Eisenhofer, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

W. Sidney Davis, Esq.
George A. Salter, Esq.
M. Gavan Montague, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

Stuart J. Baskin, Esq.
Tammy P. Bieber, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street, Suite 910
Hartford, CT 06103

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Lisa Kelly Morgan, Esq.
Ruben, Johnson & Morgan, P.C.
249 Pearl Street
Hartford, CT 06103

Kevin J. Orsini