UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>XEROX CORPORATION, KPMG, LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH,<br><br>    Defendants. | 3:00-CV-1621 (AWT)<br>**ALL CASES** |

## JOINT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER AND INCORPORATED MEMORANDUM OF FACT AND LAW

Subject to one area of disagreement, the parties hereby jointly move the Court for the entry of the Confidentiality Order attached as Exhibit A. All terms of the attached Order have been agreed upon *except* for ¶16. The Xerox Defendants' proposed ¶16 is set forth in Exhibit A. Plaintiffs and defendant KPMG, on the other hand, do not believe that the subject matter of ¶16 should be included in the Order in any regard. The parties have agreed that they will simultaneously submit their briefs in support of their respective positions no later than 14 days from the date of this Motion.

DATED: November 18, 2005.

PLAINTIFFS,
By their attorneys,

Dennis J. Johnson (CT 22090)
Jacob B. Perkinson (CT 22091)
**Johnson & Perkinson**
1690 Williston Road
South Burlington, Vermont 05403
(802) 862-0030

DATED: November 18, 2005.

*[signature: Glen DeValerio / DJ]*
Glen DeValerio (CT 22582)
Jeffrey C. Block (CT 22583)
**Berman DeValerio Pease Tabacco
 Burt & Pucillo**
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300

DATED: November 18, 2005.

*[signature: Brad Friedman / DJ]*
Melvyn I. Weiss (CT 04080)
Brad N. Friedman (CT 24910)
Beth Kaswan (CT 21415)
**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza, 49th Floor
New York, New York 10119-0165
(212) 594-5300

**Co-Lead Counsel**

Andrew M. Schatz (CT 00603)
**Schatz & Nobel, P.C.**
One Corporate Center
20 Church Street
Hartford, CT 06103
 (860) 493-6292

J. Daniel Sagarin (CT 00603)
**Hurwitz & Sagarin, LLC**
147 N. Broad Street
Milford, Connecticut 06460
(203) 877-8000

**Co-Liaison Counsel**

2

|  |  |
|---|---|
|  | Florida State Board of Administration<br>By its attorneys, |
| DATED: November 18, 2005. | *Geoffrey Jarvis /DV*<br>Geoffrey C. Jarvis<br>**Grant & Eisenhofer, P.A.**<br>Chase Manhattan Centre<br>1201 North Market St., Ste. #2100<br>Wilmington, DE 19801<br>(302) 622-7000 |
|  | Xerox Corporation<br>By its attorneys, |
| DATED: November 18, 2005. | *Sandra Goldstein /DV*<br>Evan R. Chesler (CT 03177)<br>Sandra C. Goldstein (CT 24019)<br>Karin A. DeMasi (phv 0584)<br>**Cravath, Swaine & Moore LLP**<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, New York 10019<br>(212) 474-1000 |
|  | Defendants Philip Fishbach, G. Richard Thoman and Anne Mulcahy<br>By their attorneys, |
| DATED: November 18, 2005. | *Thomas Goldberg /DV*<br>Thomas D. Goldberg (CT 04386)<br>Terrence J. Gallagher (CT 22415)<br>**Day, Berry & Howard LLP**<br>One Canterbury Green<br>Stamford, Connecticut 06901<br>(203) 977-7300 |

|  |  |
|---|---|
|  | Defendants Paul A. Allaire, Barry D. Romeril and Gregory Tayler<br>By their attorneys, |
| DATED: November 18, 2005. | *(signature)*<br>Andrew N. Vollmer (CT 04386)<br>Heather A. Jones (CT 22415)<br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>2445 M Street, NW<br>Washington, District of Columbia 20037<br>(202) 663-6000 |
|  | Defendant KPMG LLP<br>By its attorneys, |
| DATED: November 18, 2005. | *(signature)*<br>Stuart J. Baskin (CT 25986)<br>Tammy P. Bieber (CT 22089)<br>Seth M. Kean (CT 24587)<br>**Shearman & Sterling LLP**<br>599 Lexington Avenue<br>New York, New York 10022-6069<br>(212) 848-4000 |
| DATED: November 18, 2005. | *(signature)*<br>W. Sidney Davis, Jr. (*pro hac vice* pending)<br>George A. Salter (*pro hac vice* pending)<br>M. Gavan Montague (*pro hac vice* pending)<br>**Hogan & Hartson, LLP**<br>875 3rd Ave.<br>New York, New York 10022<br>(212) 918-3521 |

4

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>      Plaintiff,<br>v.<br><br>XEROX CORPORATION, KPMG, LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH,<br><br>      Defendants. | 3:00-CV-1621 (AWT)<br>**ALL CASES** |

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel to the parties hereto, as follows:

1.      This Confidentiality Stipulation and Protective Order (the "Order") governs the handling of all documents, testimony, interrogatory answers, responses to requests to admit and other information, including all copies, excerpts and summaries thereof (collectively, the "Discovery Material") produced during the course of the above captioned action by any parties to this action or by any non-parties, either voluntarily or as required by discovery requests or subpoenas made pursuant to the Federal Rules of Civil Procedure.

2.      Discovery Material shall be used only in this action (including any appeals), and not for any other purpose whatsoever.

3.      Any party or non-party producing Discovery Material shall have the right to designate such Discovery Material as "Confidential" to the extent that the producing party or non-party believes in good faith that such Discovery Material constitutes, contains or would

# EXHIBIT A

disclose proprietary business information, confidential personal information, a trade secret or other commercial or financial information that the party or non-party, in good faith, believes would result in competitive or commercial harm in the market place if the material were disseminated to persons other than those specifically identified in Paragraph 10 below ("Confidential Material"). Any party or non-party who designates Discovery Material is referred to herein as the "Designating Party."

4. Any party to this action shall further have the right to designate as Confidential any Discovery Material that has been produced by another party or non-party if, in the good faith opinion of the Designating Party, such Discovery Material constitutes, contains or reflects Confidential Material of the Designating Party.

5. The designation of information as Confidential Material pursuant to this Order will not create any presumption for or against the right to confidential treatment of such information should the issue of the right to such confidential treatment be presented to the Court. Nothing in this Order shall prevent a party from independently seeking or obtaining discovery, or obtaining publicly available material which may include some of the same documents covered by a confidentiality designation made pursuant to this Order.

6. Confidential Material shall be designated as follows:

    (a) In the case of a document, designation shall be made by placing the legend "Confidential" on each page prior to production, or if impracticable to do so (such as in the case of electronic media), by another method designated to alert others to the designation.

    (b) In the case of a deposition, designation of the transcript or the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record during the course of a deposition, or by a statement in

2

writing sent to all counsel of record within thirty (30) days after the receipt of the transcript of the deposition. During the thirty day period during which counsel may review the transcript to determine whether the transcript should be designated Confidential, the entire transcript shall be treated as Confidential Material. If the designation is made during the course of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof accordingly. (The parties may modify this procedure through agreement on the record at such a deposition, without further court order).

        (c)    In the case of interrogatory answers and responses to requests to admit, any designation that the Discovery Material contained therein is Confidential Material shall be made by means of a statement in such answers or responses specifying the specific answers or responses designated as Confidential.

        7.    The inadvertent production of Discovery Material without identifying such Discovery Material as Confidential shall not by itself be a waiver of the producing party or non-party's claim of confidentiality as to such material, and the producing party or non-party thereafter may identify the same as Confidential with the effect that such Discovery Material is and thereafter shall be subject to the protections of this Order. Disclosure by any party of such Discovery Material prior to notice by the producing party or non-party of the confidential nature thereof shall not be deemed a violation of this Order.

        8.    All portions of briefs, pleadings or other filings with this Court that contain or refer to Confidential Material shall be filed and kept under seal until further order of the Court. At the time of filing, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and a description of the contents. The envelope shall also bear the following legend:

**CONFIDENTIAL**

**This envelope contains documents that are subject to an order governing discovery and the use of confidential discovery material entered by the United States District Court for the District of Connecticut in this action. The envelope shall not be opened nor the contents thereof disclosed or revealed except by order of the Court.**

9. Should a non-designating party object to the Confidential designation, said party shall provide the Designating Party with written notice of such objections and the reasons therefor. The parties shall negotiate thereafter in good faith to resolve any dispute concerning such designation. If the parties are unable to resolve such a dispute, the objecting party may move the Court to remove the Confidential designation. All parties will cooperate in obtaining a prompt hearing before the Court with respect to that request. If a motion is made, the Discovery Material that has been designated as Confidential shall be treated as Confidential until such time that the Court rules otherwise.

10. Confidential Material shall not be given, shown, made available or communicated in any way to anyone except:

    (i) counsel of record in this action, and attorneys, paralegals and other support staff employed or engaged by such counsel who are assisting in the conduct of this action;

    (ii) the parties in this action, including their present and former officers, directors and employees deemed necessary to aid counsel in the prosecution or defense of this action;

    (iii) potential, anticipated or actual deponents or trial witnesses in this action and their counsel;

    (iv) the Court (and any appellate court), court personnel and the jury in this action;

      (v)    court reporters employed in connection with this action;

      (vi)    experts or consultants (and employees of such experts or consultants) retained or consulted by the parties in connection with this action;

      (vii)    any mediator engaged by the parties to the action;

      (viii)    persons not covered above who, from the face of the Confidential Material, appear to have received it; and

      (ix)    Entities engaged by counsel of record in this action to perform photocopying, scanning, database and other document management services.

    11.    Each person identified in Paragraph 10(vi) above, prior to being given access to Confidential Material shall be advised that (*i*) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order as entered by the United States District Court for the District of Connecticut and may not be disclosed other than pursuant to the terms hereof, and (*ii*) the violation of the terms of the Order (by use of the Confidential Material for purposes other than conducting this action) may be punishable by whatever means the United States District Court for the District of Connecticut deems appropriate. Each such person must expressly acknowledge in writing that he or she is familiar with the terms of the Order and agree to be bound by its terms prior to being granted access to the Confidential Material by signing the acknowledgment attached hereto as *Exhibit A*.

    12.    To the extent that any person or entity in Paragraph 10(iii) is shown Confidential Material, the party showing the Confidential Material will take reasonable steps to ensure that such person or entity is not allowed to retain copies of the same.

    13.    If a party inadvertently discloses Confidential Material to persons not listed in Paragraph 10, such disclosure shall be reported in writing to the party or non-party that produced

such inadvertently disclosed Confidential Material and the Designating Party who designated such inadvertently disclosed Confidential Material. In the event of inadvertent disclosure, counsel for the party who inadvertently disclosed the Confidential Material shall make all reasonable efforts to retrieve the Confidential Material and any documents containing such Confidential Material, and to obtain the agreement of persons to whom inadvertent disclosure was made to treat the Confidential Material in accordance with the terms of this Order.

14. In the event that any person not named in Paragraph 10 requests the disclosure of Confidential Material through subpoena or other compulsory process, the person receiving such subpoena or compulsory process (the "Receiving Party") shall give notice in writing to counsel for the Designating Party, such notice to be delivered by fax at least 14 days prior to the proposed disclosure; if the request is received less than 14 days prior to the proposed disclosure, notice shall be given promptly and before the proposed disclosure. It shall be the obligation of the Designating Party to file a motion for a court order to preclude or restrict production of any Confidential Material requested pursuant to a subpoena or other compulsory process within seven days of receiving such notice. In the event that the Designating Party timely files such a motion, the Receiving Party shall not produce or divulge the contents of any Confidential Material until such motion is resolved unless required by law. If the Designating Party fails to timely file such a motion or the Court determines that the requested documents shall be produced, the Receiving Party may produce such documents.

15. If a party or non-party inadvertently produces Discovery Material that it believes is subject to the attorney-client privilege, the work product doctrine or any other privilege or immunity from discovery belonging to the producing party or non-party, the producing party or non-party may notify the receiving party that such production contained an inadvertent

disclosure of privileged material, identify the allegedly privileged material, and demand return thereof. On such demand, the receiving party must return such allegedly privileged materials and destroy all copies thereof. If the receiving party in good faith contemplates filing a motion challenging the designation of any such materials as privileged and/or asserting that the production of such materials was either not inadvertent and/or constituted a waiver of any privilege which otherwise may have been applicable to such materials, it may retain one copy of the allegedly privileged material for the sole purpose of filing such copy with the Court under seal along with the motion. In that event, the receiving party must place any such retained copy in a sealed envelope that will be opened only by the Court. If the receiving party does not file such motion, it shall destroy the sealed envelope. A party's return of such materials is without prejudice to its ability to assert the above-delineated positions in such a motion. Conversely, the parties agree that should such a motion be filed, the producing party or non-party preserves all rights to argue that the material was inadvertently produced, the production did not waive any otherwise applicable privileges and that the material is and remains privileged. The parties acknowledge that their agreement that the receiving party is entitled to retain a copy of such materials for the purpose of filing the above-referenced motion does not constitute evidence of a waiver of any privilege which may be applicable to such materials. The burden of demonstrating the initial and continued applicability of any asserted privilege shall remain with the party or non-party asserting those privilege(s). Should the receiving party not prevail on the above-referenced motion, or should the Court rule that the receiving party must return the materials at issue, the receiving party promptly shall return any remaining copy of the materials at issue to the producing party or non-party.

7

[DEFENDANTS' PROPOSED ¶ 16.] When a party to this action (for the purposes of this paragraph, the "Non-Producing Party") becomes aware that another party or a non-party has produced Discovery Material that the Non-Producing Party in good faith believes constitutes, contains or reflects material that is subject to that Non-Producing Party's attorney client privilege, work product protection or any other of that Non-Producing Party's privileges or immunities from discovery, the Non-Producing Party may direct the producing party or non-party to demand the return of such Discovery Material or such portion of said Discovery Material that is subject to a privilege or immunity from discovery, and the producing party or non-party shall demand the return of said materials. On such demand, the receiving party must return such allegedly privileged materials and destroy all copies thereof. If the receiving party in good faith contemplates filing a motion challenging the designation of any such materials as privileged and/or asserting that the production of such materials was either not inadvertent and/or constituted a waiver of any privilege which otherwise may have been applicable to such materials, it may retain one copy of the allegedly privileged material for the sole purpose of filing such copy with the Court under seal along with the motion. In that event, the receiving party must place any such retained copy in a sealed envelope that will be opened only by the Court. If the receiving party does not file such motion, it shall destroy the sealed envelope. A party's return of such materials is without prejudice to its ability to assert the above-delineated positions in such a motion. Conversely, the parties agree that should such a motion be filed, the Non-Producing Party preserves all rights to demonstrate the initial and continued applicability of any asserted privilege(s). The parties acknowledge that their agreement that the receiving party is entitled to retain a copy of such materials for the purpose of filing the above-referenced motion does not constitute evidence of a waiver of any privilege which may be applicable to such

8

materials. Should the receiving party not prevail on the above-referenced motion, or should the Court rule that the receiving party must return the materials at issue, the receiving party promptly shall return any remaining copy of the materials at issue to the producing party or non-party. **[PLAINTIFFS DO NOT BELIEVE THE SUBJECT MATTER OF ¶16 NEEDS TO BE ADDRESSED IN THIS STIPULATION.]**

17. This Order, insofar as it restricts the communication and use of Discovery Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, including the time for filing and resolution of all appeals, the parties shall within ninety (90) days destroy, in a manner assured of maintaining confidentiality, all Discovery Material, copies thereof and documents reflecting same, and shall provide a sworn certification evidencing such destruction to the Designating Party, *provided, however*, that the parties shall retain and not destroy Discovery Material if destruction would violate the law and that each party or non-party may retain, subject to the terms and conditions of this Order, full copies of all papers filed with or submitted to the Court, deposition transcripts, exhibits marked at depositions or at trial, and any documents that were prepared by counsel in this action and that contain Discovery Material.

18. Nothing in this Order shall prevent any party or non-party from seeking, by written agreement of the signatories hereto or Court order, further, greater or lesser protection with respect to the use of any Confidential Material in connection with the prosecution or defense of this action. Nothing in this Order shall be construed to limit in any way any producing party or non-party's use of its own Confidential Material or non-confidential Discovery Material.

19. Nothing in this Order shall operate to require the production of information or documents that are privileged or otherwise protected from discovery.

                                                  PLAINTIFFS,
                                                  By their attorneys,

DATED: November 18, 2005.

                                                  Dennis J. Johnson (CT 22090)
                                                  Jacob B. Perkinson (CT 22091)
                                                  **Johnson & Perkinson**
                                                  1690 Williston Road
                                                  South Burlington, Vermont 05403
                                                  (802) 862-0030

DATED: November 18, 2005.

                                                  Glen DeValerio (CT 22582)
                                                  Jeffrey C. Block (CT 22583)
                                                  **Berman DeValerio Pease Tabacco**
                                                     **Burt & Pucillo**
                                                  One Liberty Square
                                                  Boston, Massachusetts 02109
                                                  (617) 542-8300

DATED: November 18, 2005.

                                                  Melvyn I. Weiss (CT 04080)
                                                  Brad N. Friedman (CT 24910)
                                                  Beth Kaswan (CT 21415)
                                                  **Milberg Weiss Bershad & Schulman LLP**
                                                  One Pennsylvania Plaza, 49th Floor
                                                  New York, New York 10119-0165
                                                  (212) 594-5300

                                                  **Co-Lead Counsel**

                                                  Andrew M. Schatz (CT 00603)
                                                  **Schatz & Nobel, P.C.**
                                                  One Corporate Center
                                                  20 Church Street
                                                  Hartford, CT 06103
                                                  (860) 493-6292

                    J. Daniel Sagarin (CT 00603)
**Hurwitz & Sagarin, LLC**
147 N. Broad Street
Milford, Connecticut 06460
(203) 877-8000

**Co-Liaison Counsel**

Florida State Board of Administration
By its attorneys,

DATED: November 18, 2005.

_____
Geoffrey C. Jarvis
**Grant & Eisenhofer, P.A.**
Chase Manhattan Centre
1201 North Market St., Ste. #2100
Wilmington, DE 19801
(302) 622-7000

Xerox Corporation
By its attorneys,

DATED: November 18, 2005.

_____
Evan R. Chesler (CT 03177)
Sandra C. Goldstein (CT 24019)
Karin A. DeMasi (phv 0584)
**Cravath, Swaine & Moore LLP**
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

Defendants Philip Fishbach, G. Richard
Thoman and Anne Mulcahy
By their attorneys,

DATED: November 18, 2005.

_____
Thomas D. Goldberg (CT 04386)
Terrence J. Gallagher (CT 22415)
**Day, Berry & Howard LLP**
One Canterbury Green

|  |  |
|---|---|
|  | Stamford, Connecticut 06901<br>(203) 977-7300<br><br>Defendants Paul A. Allaire, Barry D.<br>Romeril and Gregory Tayler<br>By their attorneys, |
| DATED: November 18, 2005. | *Andrew Vollmer /dj*<br>Andrew N. Vollmer (CT 04386)<br>Heather A. Jones (CT 22415)<br>**Wilmer Cutler Pickering Hale<br>  and Dorr LLP**<br>2445 M Street, NW<br>Washington, District of Columbia 20037<br>(202) 663-6000<br><br>Defendant KPMG LLP<br>By its attorneys, |
| DATED: November 18, 2005. | *Tammy Bieber /DY*<br>Stuart J. Baskin (CT 25986)<br>Tammy P. Bieber (CT 22089)<br>Seth M. Kean (CT 24587)<br>**Shearman & Sterling LLP**<br>599 Lexington Avenue<br>New York, New York 10022-6069<br>(212) 848-4000 |
| DATED: November 18, 2005. | *George Salter /DY*<br>W. Sidney Davis, Jr. (*pro hac vice* pending)<br>George A. Salter (*pro hac vice* pending)<br>M. Gavan Montague (*pro hac vice* pending)<br>**Hogan & Hartson, LLP**<br>875 3rd Ave.<br>New York, New York 10022<br>(212) 918-3521 |

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually ) <br> And On Behalf Of All Others Similarly ) <br> Situated, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> XEROX CORPORATION, KPMG, LLP, ) <br> PAUL A. ALLAIRE, G. RICHARD ) <br> THOMAN, ANNE MULCAHY, ) <br> BARRY D. ROMERIL, ) <br> GREGORY TAYLER and ) <br> PHILIP FISHBACH, ) <br> ) <br> Defendants. ) | 3:00-CV-1621 (AWT) <br> **ALL CASES** |

I hereby certify (i) my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and Protective Order (the "Order") entered by the United States District Court for the District of Connecticut and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Connecticut for purposes of enforcement of the Order.

DATE: _____   SIGNATURE: _____