Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1
Not Reported in F.Supp.2d, 2003 WL 21089073 (S.D.N.Y.), 2003-1 Trade Cases P 74,036
**(Cite as: 2003 WL 21089073 (S.D.N.Y.))**

**Motions, Pleadings and Filings**

United States District Court,
S.D. New York.
Amanda MASTERS, et al., Plaintiffs,
v.
WILHELMINA MODEL AGENCY, INC., et al.,
Defendants.
**No. 02 Civ. 4911(HB)(HBP.**

May 13, 2003.

Putative class of current and former models sued model agencies for allegedly colluding among themselves to fix the commissions and other fees charged to models in violation of federal antitrust and other laws. After the District Court, Baer, J., 2003 WL 145556, granted in part and denied in part agencies' motion to dismiss, models moved for an order striking agencies' opposition to models' motion for class certification. The District Court, Henry Pitman, United States Magistrate Judge, held that sanction requested was not warranted for agencies' alleged failure to produce properly prepared witness to testify at deposition on designated topics.

Motion denied in part with prejudice and denied in part without prejudice.

West Headnotes

**Federal Civil Procedure** 🔗1451
170Ak1451 Most Cited Cases
Sanction of striking defendants' opposition to plaintiffs' motion for class certification was not warranted for defendants' alleged failure to produce properly prepared witness to testify at deposition on designated topics, and warranted that plaintiffs' sanctions motion be denied with prejudice in order to renew motion for lesser sanction in conformity with applicable rules; plaintiffs did not make formal motion for sanctions but merely submitted affidavit in connection with pending motion that sought unrelated relief, plaintiffs did not sufficiently identify defendants' noncompliance with discovery, plaintiffs did not comply with local rules requiring an informal conference to resolve the dispute and submission of memorandum of law in support of motion, and plaintiff's requested sanction was not proportional to violation alleged and created risk of incorrect resolution of class certification. Fed.Rules Civ. Proc. Rules 30(b)(6), 37, 28 U.S.C.A.; Local Civil Rules 7.1, 37.2.

*OPINION AND ORDER*

PITMAN, Magistrate J.

*1 Plaintiffs in this putative class "move" for an Order striking defendant Elite's opposition to plaintiffs' motion for class certification. For the reasons set forth below, the "motion" is denied in part with prejudice and denied in part without prejudice.

The alleged facts giving rise to this action are set forth in detail in the Opinion and Order of the Honorable Harold Baer, United States District Judge, dated January 17, 2003, which granted in part and denied in part defendants' motion to dismiss the complaint. *Masters v. Wilhelmina Model Agency, Inc.,* 02 Civ. 4911(HB), 2003 WL 145556 (S.D.N.Y. Jan. 17, 2003). Familiarity with Judge Baer's decision is assumed. For present purposes, it is sufficient to note that plaintiffs, who are current and former models, allege that defendant modeling agencies colluded among themselves to fix the commissions and other fees charged to models, in violation of the federal antitrust and other laws.

The current dispute arises out of Elite's alleged failure to produce a 30(b)(6) witness properly

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 2

Not Reported in F.Supp.2d, 2003 WL 21089073 (S.D.N.Y.), 2003-1 Trade Cases P 74,036

**(Cite as: 2003 WL 21089073 (S.D.N.Y.))**

prepared to testify about certain topics that I had previously ruled were appropriate deposition topics. Specifically, plaintiffs claim that Elite's 30(b)(6) witness was unable to testify to the commissions and fees actually paid to Elite by the models for whom contracts and other documents had been produced. Plaintiffs did not raise the dispute in a motion pursuant to Rule 37. Rather, plaintiffs first made their application in a declaration submitted in further support of their motion for class certification (Docket Item 98). Although plaintiffs annexed all 317 pages of the Elite 30(b)(6) deposition transcript to the declaration, they did not specify the pages where the alleged failures to answer occurred. [FN1] Plaintiffs also claim that Elite failed to produce an index concerning the contracts produced.

> FN1. If plaintiffs renew their motion for sanctions they should identify all transcript pages where the alleged failures to answer occurred. Plainiffs' letter submissions here identify some pages where the alleged failures to answer occurred. It is, however, unclear, whether the pages citrd in plaintiffs' letters are a complete list of all pages on which plaintiffs rely.

Plaintiffs' application is flawed both procedurally and substantively. First, plaintiffs have not a made a formal motion for Rule 37 sanctions. Rather, they merely submitted an affidavit in connection with a motion that was already pending seeking relief unrelated to the relief they now seek. If plaintiffs wished to amend their motion to add this new application, they should have either served an amended notice of motion or served a new motion. Simply submitting an affidavit seeking a new type of interlocutory relief is not a procedure permitted by the Federal Rules of Civil Procedure.

Second, since the dispute is, in essence, a discovery dispute, plaintiffs were obligated by Local Civil Rule 37.2 to first request an informal conference to resolve the dispute. [FN2] Plaintiffs failed to do so.

> FN2. Local Civil Rule 37.2 provides:
> No motion under Rules 26 through 37 inclusive of the Federal Rules of Civil Procedure shall be heard unless counsel for the moving party has first requested an informal conference with the court and such request has either been denied or the discovery dispute has not been resolved as a consequence of such a conference.

Third, plaintiffs have failed to submit a memorandum of law, as required by Local Civil Rule 7.1, in support of their motion. Plaintiffs' counsel has recently made a feeble attempt to explain the default, claiming that "Plaintiffs have refrained from citing the law on this area on the understanding that the Court is well aware of the range of penalties that may be imposed on a party or its counsel who intentionally fail to comply with Court-ordered discovery" (Letter of Andrew W. Hayes, Esq., dated April 16, 2003, at 2). This justification, however, is as hollow as a schoolchild's request that his or her teacher repeat a question. There is an extensive body of case law in this Circuit concerning the nature of the sanctions to be imposed in response to a particular discovery failure. *See generally Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 853-54 (2d Cir.1995); *National Communications Ass'n, Inc. v. American Tel. & Tel. Co.,* 92 Civ. 1735(LAP), 1998 WL 118174 at *3 (S.D.N.Y. March 16, 1998); *Sullivan v. City of New York,* 94-CV-1643 (FB), 1997 WL 642321 at *2 (E.D.N.Y. Sept. 3, 1997); *Jeanette Coquette Co. v. Hartford Fire Ins. Co.,* 93 Civ. 4417(DAB), 1997 WL 527874 at *1-*2 (S.D.N.Y. Aug. 22, 1997); *Fritter v. Dafina, Inc.,* 176 F.R.D. 60, 63 (N.D.N.Y.1997); *Edwards v. American Airlines, Inc.,* 95 Civ. 5356(SAS), 1996 WL 432472 at *2-*3 (S.D.N.Y. Aug. 1, 1996); *Starbrite Waterproofing Co. v. Aim Const. & Contracting Corp.,* 164 F.R.D. 378, 381-82 (S.D.N.Y.1996); 2 Michael C. Silberberg, *Civil Practice in the Southern District of New York* Chap. 26 (2d ed.2002). Although the award of sanctions pursuant to Rule 37 is committed to the judge's discretion, the principle of *stare decisis* requires that that discretion be exercised in accordance with these and other applicable precedents. Thus, plaintiffs' failure to address this body of law and to apply it to the facts of this case leaves the Court to do basic research and analysis that should be done by

Not Reported in F.Supp.2d                                                                                              Page 3
Not Reported in F.Supp.2d, 2003 WL 21089073 (S.D.N.Y.), 2003-1 Trade Cases P 74,036
**(Cite as: 2003 WL 21089073 (S.D.N.Y.))**

counsel in the first instance.

*2 Moreover, even if the procedural defects in plaintiffs' application were overlooked and I were to assume that Elite did fail to produce a properly prepared 30(b)(6) witness, the sanction of striking Elite's opposition to plaintiffs' motion for class certification would be inappropriate.

First, sanctions should be proportional to the violation alleged. *Bulkmatic Transport Co. v. Pappas,* 99 Civ. 12070, 2002 WL 975625 at *2 (S.D.N.Y. May 9, 2002) (RMB)(JCF); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.,* 97 Civ. 4978(LMM)(RLE), 2000 WL 98315 at *4 (S.D.N.Y. Jan. 27, 2000). In this case, the sanction sought--striking Elite's opposition to plaintiffs' motion for class certification--goes far beyond the violation alleged--the failure to provide information concerning the fees paid by unnamed class members and the failure to produce an index concerning the contracts produced by Elite. Class certification turns on a number of factors, most of which have no logical relationship to the violation alleged. For example, defendant's alleged discovery violation has no relationship to the issues of numerosity, adequacy of the class representatives or adequacy of plaintiff's counsel. Striking Elite's opposition in its entirety is simply out of proportion to the violation alleged. *See Frame v. S-H, Inc.,* 967 F.2d 194, 202-03 (5th Cir.1992) (Striking defendant's pleadings appropriate where defendant engaged in repeated and manifold discovery abuses, including willful destruction and alteration of documents after beginning of suit); *Ehret v. New York City Dep't of Social Servs.,* 102 F.R.D. 90, 92 (E.D.N.Y.1984) ("[Plaintiffs'] behavior ... did not rise to the level of presenting a complete or near complete barrier to effective discovery or otherwise threatening the judicial system. Accordingly, there is no basis for striking of plaintiffs' pleadings as a Rule 37 sanction.")

Second, the sanction of striking Elite's opposition to plaintiffs' motion for class certification is inappropriate here because of the potential effect on third parties. A class action is unique because it invests the court with the power to bind non-appearing class members, even if the judgment is adverse to those individuals. Because of this unique aspect of class actions, Rule 23 establishes requirements that must be met before an action can proceed as a class action. As the Court of Appeals for the Third Circuit has pointed out:

> Despite the potential benefits of class actions, there remains an overarching concern--that absentees' interests are being resolved and quite possibly bound by the operation of res judicata even though most of the plaintiffs are not the real parties to the suit. The protection of the absentees' due process rights depends in part on the extent the named plaintiffs are adequately interested to monitor the attorneys (who are, of course, presumed motivated to achieve maximum results by the prospect of substantial fees), and also on the extent that the class representatives have interests that are sufficiently aligned with the absentees to assure that the monitoring serves the interests of the class as a whole. In addition, the court plays the important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.

* * *

*3 The drafters designed the procedural requirements of Rule 23, especially the requisites of subsection (a), so that the court can assure, to the greatest extent possible, that the actions are prosecuted on behalf of the actual class members in a way that makes it fair to bind their interests. The rule thus represents a measured response to the issues of how the due process rights of absentee interests can be protected and how absentees' represented status can be reconciled with a litigation system premised on traditional bipolar litigation....

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,* 55 F.3d 768, 784-85 (3rd Cir.1995). Thus, the requirements of Rule 23 must be met in order to protect the rights of non-appearing class members.

The conceptual problem with striking Elite's opposition to class certification as a discovery sanction is that it creates an increased risk of an

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                               Page 4
Not Reported in F.Supp.2d, 2003 WL 21089073 (S.D.N.Y.), 2003-1 Trade Cases P 74,036
**(Cite as: 2003 WL 21089073 (S.D.N.Y.))**

incorrect resolution of the certification issue. If plaintiffs' application were granted, their motion for class certification with respect to Elite would be unopposed, and the Court would only have the benefit of plaintiffs' submissions concerning such issues as numerousity, commonality of factual and legal issues, typicality and adequacy of representation. Since the court has an independent duty to ensure that Rule 23's requirements are met, 7B Charles A. Wright, Arthur R. Miller, Mary K. Kane, *Federal Practice & Procedure* § 1785 at 89-90 (2d ed.1986), it appears that the court could not grant certification on default. However, the court's consideration of the certification issue with only plaintiffs' submissions would be considerably more difficult and would increase the risk of an incorrect resolution, to the potential detriment of absentee class members.

Thus, even if plaintiffs' application were free of procedural defects and plaintiffs had established that a discovery order had been violated, the striking of Elite's opposition to plaintiffs' motion for class certification would still be an inappropriate remedy.

Accordingly, plaintiffs' application to strike Elite's opposition to plaintiffs' motion for class certification is denied with prejudice. Plaintiffs may renew their motion for a lesser sanction on papers that conform with all applicable procedural requirements. To avoid any misapprehension, I emphasize this Opinion and Order does not constitute a determination that Elite has or has not failed to comply with my Orders concerning discovery.

Not Reported in F.Supp.2d, 2003 WL 21089073 (S.D.N.Y.), 2003-1 Trade Cases P 74,036

### Motions, Pleadings and Filings (Back to top)

• 2004 WL 3559781 (Trial Motion, Memorandum and Affidavit) Memorandumn of Law in Support of Defendants' Motion in Limine to Exclude the Testimony of Dr. John C. Beyer (Mar. 31, 2004)

• 2004 WL 2973884 (Trial Pleading) (Mar. 30, 2004)

• 2003 WL 23951401 (Trial Pleading) Answer (Oct. 14, 2003)

• 2003 WL 23951400 (Trial Pleading) Answer of Defendant Ford Models, Inc. (May. 28, 2003)

• 2003 WL 23951399 (Trial Pleading) Third Consolidated Amended Complaint (Apr. 30, 2003)

• 1:02CV04911 (Docket) (Jun. 25, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

5

Westlaw.

Not Reported in F.Supp.2d                                                                                                          Page 1
Not Reported in F.Supp.2d, 2002 WL 1822738 (S.D.N.Y.)
**(Cite as: 2002 WL 1822738 (S.D.N.Y.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, Plaintiff,
v.
HICKS, MUSE, TATE & FURST, INC. and
International Wire Group, Inc., Defendants.
No. 02 Civ.1334(SAS).

Aug. 8, 2002.

Liability insurer brought action against corporate insured in state court, seeking declaratory relief to avoid coverage of insured's subsidiary's tort liability related to allegedly defective washing machine hoses. Case was removed, and complaint was amended to add subsidiary as defendant. Insurer moved to lift stay of action as to subsidiary, and to exceed limit on depositions. The District Court, Scheindlin, J., held that: (1) lifting of stay as to subsidiary was warranted, and (2) permission to exceed number of depositions allowed by federal rule was not warranted.

Motion granted in part and denied in part.

West Headnotes

**[1] Action** 69(6)
13k69(6) Most Cited Cases
Where liability insurer sought declaratory relief from coverage for tort claims against insured's subsidiary, subsidiary was added as a defendant and action was stayed as to it, and insured was dismissed from suit, lifting of stay against subsidiary was warranted, though all claims for denial of coverage were dismissed as against insured; claims were not dismissed as against subsidiary.

**[2] Federal Civil Procedure** 1345
170Ak1345 Most Cited Cases
Liability insurer seeking declaratory relief from coverage of tort liability claims against insured's subsidiary failed to demonstrate need to exceed presumptive limit on number of depositions allowed under procedure rules; case was not particularly complex or of great public interest, and there was a parallel proceeding in Illinois, where parties conducted many depositions involving same pool of witnesses. Fed.Rules Civ.Proc.Rule 26(b)(2), 30(a)(2)(A), 28 U.S.C.A.
James E. Carroll, Rory Z. Fazendeiro, Cetrulo & Capone LLP, New York, NY, for Plaintiff.

David Hird, Peter Antonucci, Konrad L. Cailteux, Weil, Gotshal & Manges LLP, New York, NY, for Defendants.

*MEMORANDUM OPINION AND ORDER*

SCHEINDLIN, J.

*1 As set forth in a prior opinion of this Court, *see National Union v. Hicks, Muse et al.,* No. 02 Civ. 1334, 2002 WL 1313293, at *1-*3 (S.D.N.Y. June 14, 2002), *as amended,* 2002 WL 1482625, at *1-*3 (S.D.N.Y. July 10, 2002), National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") sued Hicks, Muse, Tate & Furst, Inc. ("Hicks Muse") seeking declaratory relief to avoid coverage of International Wire Group, Inc.'s ("IWG's") tort liability. [FN1] Subsequently, plaintiff amended its Complaint to include IWG as a defendant. National Union now moves to lift a stay of the action as to defendant IWG, and requests leave of court to exceed the Rule 30(a)(2)(A) limit on depositions. For the reasons set forth below, the stay is lifted but the request to exceed is denied.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2002 WL 1822738 (S.D.N.Y.)  
**(Cite as: 2002 WL 1822738 (S.D.N.Y.))**

Page 2

FN1. National Union filed this action in the Supreme Court of New York, New York County, on January 28, 2002. On February 20, 2002, Hicks Muse removed the action to this Court. Federal jurisdiction is based on diversity of citizenship.

I. BACKGROUND

Familiarity with the facts underlying this action is assumed. In short, from 1986 to the present, IWG has been inundated with lawsuits brought on behalf of homeowners for damage caused by defective washing machine inlet hoses. In 2000, Hicks Muse, IWG's parent, obtained excess liability insurance coverage for IWG. In January 2002, National Union sued Hicks Muse for declaratory relief denying coverage. In March 2002, Hicks Muse moved to dismiss the action against it on the ground that National Union's claims against Hicks Muse, the *parent* company to IWG, were not justiciable. While that motion was being briefed by the parties, National Union was granted leave to add IWG as a defendant and the action as to IWG was stayed pending further order of this Court. *See* 4/8/02 Order of this Court. On June 14, 2002, this Court issued an opinion and order granting in part and denying in part Hicks Muse's motion to dismiss. *See National Union,* 2002 WL 1482625, at *6. The motion was denied because Hicks Muse allegedly procured the policy using material misrepresentation. *See id.* at *5--*6 (explaining that, if the allegations are proven, the entire policy is void *ab initio*). However, the Court granted Hicks Muse's motion to dismiss the claim against it for a declaration of no coverage, reasoning that the interpretation of the insurance policy covering IWG is a matter between it and National Union--and does not involve Hicks Muse. [FN2] *See id.* at *4-*5.

FN2. National Union sought a declaration denying coverage on eight grounds: (1) the underlying hose claims and other liabilities are not "occurrences" under the policy; (2) the primary insurance was not exhausted, and thus IWG does not qualify for excess coverage as provided by the National Union policy; (3) the underlying hose claims and other liabilities of IWG are not "fortuitous events," as required by the National Union Policies, but rather are known losses; (4) IWG breached the "Voluntary payment" clause of the National Union policy by entering into indemnity agreements with manufacturers of washing machines; (5) such agreements are not "insured contracts"; (6) IWG breached the "Supplementary Payment" provision of its primary policy by waiving critical defenses and contribution claims in the indemnity agreements; (7) IWG's hose claims and obligations in the indemnity agreements fall within the "Property Damage Expected" exclusion clause in the primary policy; (8) IWG's hose claims and obligations in the indemnity agreements fall within the "Products-- Completed Operations Hazards" exclusion in the National Union policy. *See* Amended Complaint ¶¶ 35-40; 43-45; 48-52; 55-58; 63-66; 75-78; 81-84; 87- 89.

On July 2, 2002, this Court held a conference to decide whether to stay this action in favor of the action currently pending in Illinois, where IWG sued National Union seeking coverage of its hose claim liability. The Court refused to stay the case on abstention grounds and instead determined that the case would proceed in tandem with the Illinois action. *See* 7/2/02 Transcript of Conference at 41. On July 16, 2002, National Union requested that the Court now lift the stay as to IWG. *See* 7/16/02 Letter from National Union to the Court ("7/16 Pl. Ltr.").

II. DISCUSSION

A. Stay

[1] As National Union correctly argues, this litigation can only run parallel to the Illinois case if National Union is able to conduct discovery as to IWG. *See id.* Hicks Muse argues, in part, that the stay should remain intact because each of the eight claims for denial of coverage, *see supra* Part I, were

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                         Page 3
Not Reported in F.Supp.2d, 2002 WL 1822738 (S.D.N.Y.)
**(Cite as: 2002 WL 1822738 (S.D.N.Y.))**

dismissed in this Court's prior opinion. *See* 7/18/02 Letter from Hicks Muse to this Court ("7/18 Def. Ltr."). While the claims listed above were dismissed as against Hicks Muse, they were not dismissed as against IWG. Thus, defendant's argument that "bring[ing] those eight causes of action back into the case [would] greatly expand[ ] the number of issues in this action" is a mischaracterization. *Id*. Clearly, such claims state a cause of action as against IWG under ordinary contract law--and are therefore already "in" this action. The stay is therefore lifted as to IWG, and IWG is directed to respond to the Amended Complaint. [FN3]

> FN3. Hicks Muse also argues that if the stay is lifted, IWG is required by Rule 13 of the Federal Rules of Civil Procedure to file its compulsory counterclaims, including claims for damages based on National Union's alleged breach of contract. *See* 7/18 Def. Ltr. at 1-2. Hicks Muse is correct, and IWG must file its compulsory counterclaims by August 30, 2002.

B. Depositions

*2 [2] National Union also argues that it should be allowed to exceed the limit set forth in Rule 30 of the Federal Rules of Civil Procedure on the number of depositions that it may conduct in this action, citing "the complexity of this case" and "the importance of the issues at stake in this declaratory action." 8/1/02 Letter from National Union to this Court ("8/1 Pl. Ltr."). Rule 30 presumptively limits the number of depositions that each party may conduct to ten. Fed.R.Civ.P. 30(a)(2)(A); *see New York v. Oneida Indian Nation,* No. 95 Civ. 554, 2001 WL 1708804, at *2 (S.D .N.Y. Nov. 9, 2001). Rule 30(a)(2)(A) is intended to control discovery, with its attendant costs and delay. *See Barrow v. Greenville Indep. Sch. Dist.,* 202 F.R.D. 480, 481 (N.D.Tex.2001). A court may, however, increase the number of depositions when it is consistent with the principles of Rule 26. Fed.R.Civ.P. 26(b)(2). Rule 26(b)(2) states in pertinent part:
> The frequency or extent of use of [depositions] shall be limited by the court if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, [etc.]; ... or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving those issues.

Fed.R.Civ.P. 26(b)(2). Here, National Union has not demonstrated a need to exceed the presumptive limit on the number of depositions. This garden variety insurance coverage case is neither particularly complex nor of great public interest. Moreover, there is a parallel proceeding in Illinois, where the parties can and have conducted many depositions involving the same pool of witnesses. In fact, National Union has already deposed one IWG witness in Illinois, and several other depositions are scheduled. *See* 7/18 Def. Ltr. at 2. Finally, National Union will not be prejudiced here. It has taken no depositions yet in this action. *See* 8/1 Pl. Ltr. Thus, it need only eliminate one of the eleven depositions it has noticed.

III. CONCLUSION

National Union's request to lift the stay is granted, but its motion to exceed the number of depositions is denied.

Not Reported in F.Supp.2d, 2002 WL 1822738 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 2:02cv01334 (Docket) (Feb. 20, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

6

Westlaw.

Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2003 WL 22326978 (D.Conn.)
**(Cite as: 2003 WL 22326978 (D.Conn.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
NEW COLT HOLDING CORP., et al., Plaintiffs,
v.
RJG HOLDINGS OF FLORIDA, INC., et al.
Defendants.
No. Civ. 302CV173PCD.

March 27, 2003.
H. David Starr, Kristie G. Haynes, Robert C. Gill, II., Slavit & Gill, Washington, DC, Joseph Dieso, Colt's Mfg Co, Inc., Hartford, CT, for Plaintiff.

Brooks Bruneau, Kristine Butler-Holston, Philip B. Abramowitz, Todd A. Denys, Mathews, Collins, Shepherd & McKay, Princeton, NJ, Charles Phillip Reed, John F. Conway, Loughlin, FitzGerald, Kamp, Henrici Molloy, Rizzo & Reed, Wallingford, CT, Brian D. Rich, Joseph G. Fortner, Jr., Halloran & Sage, Hartford, CT, for Defendant.

Christopher M. Parent, Shughart Thomson & Kilroy, Denver, CO, for Counter Claimants.

*RULING ON MOTION FOR LEAVE TO CONTINUE DEPOSITION OF WARREN KEEGAN AND PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER*

DORSEY, J.

*1 Defendant AWA International, Inc. ("AWA") moves for leave to continue the deposition of Warren Keegan, plaintiffs' expert, for a period of up to four hours. Plaintiffs oppose the motion and move for a protective order preventing the deposition. For the reasons set forth herein, AWA's motion is granted and plaintiffs' motion is denied.

Warren Keegan was first deposed on February 11, 2003, on which day, according to AWA, he was questioned exclusively by defendant RJG Holdings ("RJG"). The deposition lasted approximately six hours with a one hour lunch break. The deposition was continued to March 5, 2003, on which day Keegan was deposed for approximately four hours.

AWA argues that it requires approximately four more hours in which to depose Keegan because it was effectively afforded only four hours to depose him due to the involvement of RJG in the first deposition and because the deponent's hesitant responses to inquiries precluded a rapid exchange of questions and answers. Plaintiffs respond that AWA's inefficiency led to its inability to complete the deposition in the time allotted, and as such it should not be permitted to continue the deposition.

Fed. R. Civ. P. 30(d)(2) provides that "a deposition is limited to one day of seven hours" unless "additional time consistent with Rule 26(b)(2) i[s] needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." As noted in the Advisory Committee Notes to Rule 30, relevant considerations to granting an extension of time beyond the seven hours allowed include "[i]n multi-party cases, the need for each party to examine the witness" and "with regard to expert witnesses, the[ ] ... need for additional time ... for full exploration of the theories upon which the witness relies."

Although plaintiffs' argument as to the efficiency with which the depositions were conducted is not without merit, namely that it will take in excess of fourteen hours between two defendants to depose a single expert, it is not evident given the facts that

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 2
Not Reported in F.Supp.2d, 2003 WL 22326978 (D.Conn.)
**(Cite as: 2003 WL 22326978 (D.Conn.))**

such time is not appropriate under the circumstances. The interests of two defendants involved in the deposition are not necessarily consistent, and Rule 30 concedes that extensions may be appropriate in multiparty cases. It is not apparent, given the involvement of RJG in the first deposition, that AWA has been afforded the opportunity for a fair examination of the deponent as required by Rule 30(b)(2). AWA is therefore granted a maximum of four hours to complete its deposition. Defendant AWA's motion for continue the deposition of Warren Keegan (Doc. No. 104) is granted Plaintiffs' motion for a protective order (Doc. No. 107) is denied.

SO ORDERED.

Not Reported in F.Supp.2d, 2003 WL 22326978 (D.Conn.)

**Motions, Pleadings and Filings (Back to top)**

• 3:02cv00173 (Docket) (Jan. 29, 2002)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

CERTIFICATION

THIS IS TO CERTIFY THAT a copy of the COMPENDIUM OF UNREPORTED AUTHORITY CITED IN THE XEROX DEFENDANTS' POSITION STATEMENT REGARDING THE RULE 26(f) REPORT AND THE CONFIDENTIALITY ORDER was sent by Federal Express courier service, postage prepaid, this 2nd day of December 2005, to:

Glen DeValerio, Esq.
Jeffrey C. Block, Esq.
Leslie R. Stern, Esq.
Berman DeValerio Pease Tabacco
    Burt & Pucillo
One Liberty Square
Boston, MA 02109

J. Daniel Sagarin, Esq.
David A. Slossberg, Esq.
Hurwitz, Sagarin & Slossberg, LLC
147 N. Broad Street
P.O. Box 112
Milford, CT 06460

Jay W. Eisenhofer, Esq.
Geoffrey C. Jarvis, Esq.
Grant & Eisenhofer, P.A.
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

Stuart J. Baskin, Esq.
Tammy P. Bieber, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022

Dennis J. Johnson, Esq.
Jacob B. Perkinson, Esq.
Johnson & Perkinson
1690 Williston Road
South Burlington, VT 05403

Andrew M. Schatz, Esq.
Jeffrey S. Nobel, Esq.
Justin S. Kudler, Esq.
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT 06103-3290

Melvyn I. Weiss, Esq.
Brad Friedman, Esq.
Beth Kaswan, Esq.
Milberg Weiss Bershad
    & Schulman LLP
One Pennsylvania Plaza, 49th Fl.
New York, NY 10119-0165

W. Sidney Davis, Esq.
George A. Salter, Esq.
M. Gavan Montague, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

Thomas J. Murphy, Esq.
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street, Suite 910
Hartford, CT 06103

Lisa Kelly Morgan, Esq.
Ruben, Johnson & Morgan, P.C.
249 Pearl Street
Hartford, CT 06103

_____
Kevin J. Orsini