UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH <br><br> Defendants. | 3:00-CV-1621 (AWT) <br> **ALL CASES** <br><br> December 2, 2005 |

**AFFIDAVIT OF KEVIN J. ORSINI**

KEVIN J. ORSINI, being duly sworn, deposes and says:

1. I am an associate at Cravath, Swaine & Moore LLP, and I respectfully submit this affidavit in support of defendants Xerox Corporation ("Xerox"), Paul Allaire, G. Richard Thoman, Barry D. Romeril, Gregory Tayler and Philip Fishbach's Position Statement Regarding the Rule 26(f) Report and the Confidentiality Order in the above-entitled action.

2. Attached hereto as Exhibit A is a true and correct copy of the Rule 26(f) Report of Parties' Planning Meeting, dated November 18, 2005.

3. Attached hereto as Exhibit B is a true and correct copy of the Confidentiality Stipulation and [Proposed] Protective Order submitted to the Court on November 18, 2005.

4. Attached hereto as Exhibit C is a copy of the transcript of the parties' July 18, 2003, status conference in In re Xerox Sec. Litig., No. 3:99-CV-2374 (AWT).

_Kevin J. Orsini_<br>
Kevin J. Orsini

Sworn to before me this 2nd
day of December, 2005.

_Robert B. Zwillich_
Notary Public

ROBERT B. ZWILLICH
Notary Public, State of New York
No. 31-4630959
Qualified in New York County
Commission Expires October 31, 2006

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>XEROX CORPORATION, KPMG, LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH,<br><br>    Defendants. | 3:00-CV-1621 (AWT)<br>**ALL CASES** |

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

<u>Carlson, et al. v. Xerox, et al.</u>, 3:00-CV-1621(AWT) ("Carlson"):

| | |
|---|---|
| Date First Complaint Filed: | August 24, 2000 |
| Date Last Amended Complaint Filed: | August 7, 2002 |
| Date Last Amended Complaint Served: | August 7, 2002 |

<u>Florida State Board of Admin, et al. v. Xerox Corp., et al.</u>, 3:02-CV-1303 (AWT) ("FSBA"):

| | |
|---|---|
| Date First Complaint Filed: | January 4, 2002 |
| Date Last Amended Complaint Filed: | October 3, 2002 |
| Date Last Amended Complaint Served: | October 3, 2002 |

    Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on October 3, 7, 11, 18, and November 9, 2005. The participants were:

Dennis J. Johnson, Jacob B. Perkinson, Leslie R. Stern, Bryan Wood, and Beth Kaswan for the Plaintiffs in *Carlson* ("Carlson Plaintiffs") and Geoffrey Jarvis for the plaintiffs in *FSBA* ("FSBA Plaintiffs") (collectively the "Plaintiffs");

    Sandra C. Goldstein, Karin A. DeMasi and Ivy Thomas McKinney for Defendant Xerox Corporation ("Xerox");

    Andrew N. Vollmer and Heather A. Jones for Paul A. Allaire, Barry D. Romeril and Gregory Tayler;

    Thomas D. Goldberg and Terence J. Gallagher for Philip Fishbach, G. Richard Thoman

and Anne Mulcahy (together with defendants Allaire, Romeril and Tayler, the "Individual Defendants"); and

George A. Salter, Tammy P. Bieber, Seth M. Kean and M. Gavan Montague for KPMG, LLP ("KPMG"), (together with defendant Xerox and the Individual Defendants, the "Defendants").

I. **Certification:** Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II. **Jurisdiction:**

  A. *Subject Matter Jurisdiction:* Federal question jurisdiction.

  B. *Personal Jurisdiction:* Defendants do not contest jurisdiction.

III. **Brief Description of Case:**

  A. *Claims of Plaintiff(s):* The Carlson Plaintiffs' claim is a federal securities fraud claim asserted as a class action. The parties respectfully refer the Court to the Carlson Plaintiffs' Third Consolidated Amended Complaint ("CAC") for a detailed description of the Carlson Plaintiffs' claims against Defendants. Additionally, the FSBA Plaintiffs have filed an action on their own behalf alleging securities fraud claims and common law fraud and negligent misrepresentation claims against the Defendants.

  B. *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims of Defendant(s)):* Defendants will set forth such matters in their Answers to Plaintiffs' Complaints.

  C. *Defenses and Claims of Third Party Defendant(s):* None.

IV. **Statement of Undisputed Facts:** Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the only material facts which are undisputed will be those which Defendants may admit in their Answers.

V. **Case Management Plan:**

  A. *Standing Order on Scheduling in Civil Cases:* The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below.

2

B. *Scheduling Conference With the Court*: The parties request a Pretrial Conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. P. 16(b).

C. *Early Settlement Conference:*

1. The parties certify that certain parties, prior to the Court's decision on the Motion to Dismiss, attempted to settle the case. The parties continue to consider whether settlement is possible. Plaintiffs believe further discovery is necessary in order to assess the strength and weaknesses of their cases.

2. The parties do not request an early settlement conference at this time, but may seek the Court's involvement at a later date.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

D. *Joinder of Parties and Amendment of Pleadings*:

1. Presently, Plaintiffs do not anticipate filing any Motions to join additional parties or to amend the pleadings, but reserve the right to do so before the completion of discovery. Defendants' position is that Plaintiffs' time to file such motions has already expired and that Defendants do not anticipate joining additional parties.

2. Defendants answered the CAC on October 31, 2005.

E. *Discovery*:

1. The parties anticipate that discovery will be needed on a number of issues. It is impractical to list all the principal issues of fact on which discovery will be needed other than to explain generally that the parties will need factual discovery related to class certification; the elements of the securities fraud claim pled in the Complaints; any damages that may potentially flow from such claims; and any claims or defenses pled in Defendants' answers.

### RULE 26(a) DISCLOSURES

2. The parties waive the need to comply with Fed. R. Civ. P. 26(a)(1), except that:

   a. To the extent such information is available, Defendants Xerox and KPMG will identify on an ongoing basis, the office and, if

3

also known, the person whose files contained documents produced to Plaintiffs, along with the bates ranges of the documents produced from the files of each such person and/or office;

b. A damages analysis will be provided by any party who has a claim or counterclaim for damages in the same manner as the expert reports as provided in ¶¶ 10-16 below; and

c. Within 30 days of the date of this document, Defendants will provide copies of any insurance policies which may provide coverage on the claims asserted in either of Plaintiffs' complaints.

## DOCUMENT DISCOVERY

3. Within 30 days of the date of this document, Defendants voluntarily shall produce transcripts of all depositions or interviews of all witnesses (and all exhibits utilized or marked at any such depositions or interviews) in their possession, custody or control taken in connection with any SEC formal or informal investigation concerning Xerox (the "SEC Investigation"), including without limitation, the litigations entitled SEC v. Xerox Corporation, 02-272789 (DLC) (S.D.N.Y.), SEC v. Xerox Corporation, 02-CV-2780 (DLC) (S.D.N.Y.), SEC v. Paul A. Allaire, G. Richard Thoman, Barry D. Romeril, Philip D. Fishbach, Daniel S. Marchibroda and Gregory B. Tayler, Civil Action No. 03-CV-4087 (DLC) (S.D.N.Y.), and/or any litigation between the SEC and KPMG concerning Xerox, including without limitation, the litigation entitled SEC v KPMG, et al., 03-CV-0671 (DLC) (S.D.N.Y.) (the "SEC v. KPMG litigation") (jointly, the "Litigations"). Defendants are not required to produce any document under this paragraph that is already being produced by another defendant, provided that at least one copy of each document available and required to be produced under this paragraph is provided to Plaintiffs.

4. The parties agree that, on a rolling basis, Defendants Xerox and KPMG will produce all documents in their possession, custody or control which were given to or received from the SEC during the SEC Investigation or the Litigations or produced to any of the defendants in the SEC v. KPMG litigation. Defendants Xerox and KPMG also agree to produce all document requests, subpoenas, objections thereto, or agreements pertaining to compliance with any such document requests or subpoenas in the SEC Investigation or the Litigations in their possession, custody or control. The Individual Defendants will produce to Plaintiffs factual documents produced in

response to requests from the SEC or a party in the SEC v. KPMG litigation, Wells Submissions, and document requests, subpoenas, objections thereto or agreements pertaining to the compliance with any such document requests or subpoenas in the SEC Investigation or the Litigations in their possession, custody or control. Defendants shall make their best efforts to complete such production by December 31, 2005.

5. Thereafter, the parties will continue to pursue informal, voluntary discovery as necessary. Plaintiffs' agreement to undertake the informal discovery described in ¶¶ 3-5 shall not be construed to waive Plaintiffs' right to serve future document requests on Defendants, or restrict the scope of such requests, except that Plaintiffs agree not to serve such requests before receiving the documents required to be produced under ¶¶ 3-4 above. Plaintiffs are entitled to serve a request verifying that they have received all documents given to or received from the SEC as described in ¶¶ 3-4 above. By agreeing to undertake informal discovery described in ¶¶ 3-5, Defendants do not waive any objection or other rights they may have as to any document requests subsequently served by Plaintiffs.

6. Nothing in this report shall operate to require the production of documents that are privileged, protected by the work product doctrine or otherwise protected from discovery.

7. The parties have agreed to a Confidentiality Stipulation and (Proposed) Protective Order (the "Stipulated Protective Order") with the exception of one term (paragraph 16 proposed by the Xerox defendants). The parties agree that any documents produced prior to the entry of a protective order, including any documents required to be produced pursuant to ¶¶ 3-4 above, may be designated under the agreed upon provisions of the Stipulated Protective Order (i.e., all paragraphs other than paragraph 16), and shall be governed by those provisions as if they had been entered by the Court.

## DEPOSITIONS

### Plaintiffs' Position:

8. Plaintiffs agree not to initiate depositions from Defendants for six months from the date of this report except that Plaintiffs may take depositions from non-parties or pursuant to Rule 30(b)(6) during this period.

**Defendants' Position:**

With the exception of non-substantive depositions noticed pursuant to Fed. R. Civ. P. 30(b)(6), or as otherwise agreed to by the parties, depositions shall begin after the substantial completion of Defendants' document production.

9. The parties anticipate that factual discovery will take 18-24 months from the date of this report to complete.

## EXPERT DISCOVERY

10. Plaintiffs' shall identify their experts by 45 days after the close of factual discovery. Plaintiffs' experts' Reports are due at that time.

11. Any depositions of Plaintiffs' experts shall be completed within 75 days of the close of factual discovery.

12. Defendants' shall identify their experts by 90 days after the close of factual discovery. Defendants' experts' Reports shall be due at that time.

13. Any depositions of Defendants' experts shall be completed within 120 days of the close of factual discovery.

14. Plaintiffs' experts' Rebuttal Reports shall be due no later than 135 days after the close of factual discovery. To the extent Plaintiffs rely upon an expert in their Rebuttal Report who was not previously identified, or rely upon an expert who was previously identified but who is providing a rebuttal report on a topic not addressed in that expert's initial Report, Defendants shall have the opportunity to depose that expert concerning the issues addressed in the Rebuttal Report within 30 days of the date of Plaintiffs' Rebuttal Report.

15. Defendants' experts' Rebuttal Reports shall be due no later than 180 days after the close of factual discovery. To the extent Defendants rely upon an expert in their Rebuttal Report who was not previously identified, or rely upon an expert who was previously identified but who is providing a rebuttal report on a topic not addressed in that expert's initial Report, Plaintiffs shall have the opportunity to depose that expert concerning the issues addressed in the Rebuttal Report within 30 days of the date of Defendants' Rebuttal Report.

16. Expert discovery closes on the date the last expert is deposed.

## DISPOSITIVE MOTIONS

17. Summary Judgment Motions shall be filed by 40 days after the close of expert discovery. Oppositions to any Motion for Summary Judgment shall be filed within 45 days of the date such Motion is filed. Reply briefs in support of Summary Judgment shall be filed within 30 days of the filing of the Opposition to such Motions.

## CLASS PROCEEDINGS

**Plaintiffs' Position:**

18. Carlson Plaintiffs shall file their Motion for Class Certification by January 5, 2006. Defendants' Opposition shall be due by May 5, 2006. Carlson Plaintiffs' Reply Memorandum shall be due by June 5, 2006.

**Defendants' Position:**

Carlson Plaintiffs shall file their Motion for Class Certification by January 5, 2006. Defendants shall serve document requests concerning class certification issues no later than January 15, 2006. Upon the substantial completion of Carlson Plaintiffs' document production in response to such requests, Defendants shall conduct depositions concerning class certification issues for a period of sixty days. Defendants' Oppositions to the Motion for Class Certification shall be due 30 days after the completion of the final deposition on class certification issues. Carlson Plaintiffs' Reply Memorandum shall be due 30 days after Defendants' Opposition is filed.

## DEPOSITIONS AND INTERROGATORIES

**Plaintiffs' Position:**

19. Plaintiffs and Defendants may each take up to 50 days of depositions of fact witnesses, with the reservation of rights to seek additional depositions of fact witnesses as deemed necessary, subject to Court approval. Each deposition day shall be measured in one-half day increments. Thus, a two hour deposition will count as a half a deposition day. Cross examination of any witness shall not diminish the period of questioning to which the party noticing any deposition shall be entitled. Depositions may last more than one day, but, to the extent they do so, will count as an additional deposition day or part thereof.

7

**Defendants' Position:**

Pursuant to Fed. R. Civ. P. 30(a)(2)(a), plaintiffs and defendants are permitted to take ten depositions per side. Defendants are amenable to permitting a reasonable number of depositions in excess of the ten provided by the Federal Rules, and have offered to discuss such a number with Plaintiffs. Irrespective of the number of depositions, each deposition shall be limited to one day of seven hours as provided by Fed. R. Civ. P. 30(d)(2), unless the parties otherwise agree or leave is granted by the Court.

F.  *Joint Trial Memorandum:* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 45 days before any trial date set by the Court.

VI.  **Trial Readiness:** The parties anticipate that the case will be ready for trial by two and one-half to three years following the commencement of informal discovery.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS,
By their attorneys,

DATED: November 18, 2005.

Dennis J. Johnson (CT 22090)
Jacob B. Perkinson (CT 22091)
**Johnson & Perkinson**
1690 Williston Road
South Burlington, Vermont 05403
(802) 862-0030

DATED: November 18, 2005.

Glen DeValerio (CT 22582)
Jeffrey C. Block (CT 22583)
**Berman DeValerio Pease Tabacco Burt & Pucillo**
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300

8

DATED: November 18, 2005.

*Brad Friedman /s/*
Melvyn I. Weiss (CT 04080)
Brad Friedman (CT 24910)
Beth Kaswan (CT 21415)
**Milberg Weiss Bershad & Schulman LLP**
One Pennsylvania Plaza  49th Floor
New York, New York  10119-0165
(212) 594-5300

**Co-Lead Counsel**

Andrew M. Schatz (CT 00603)
**Schatz & Nobel, P.C.**
One Corporate Center
20 Church Street
Hartford, CT 06103
(860) 493-6292

J. Daniel Sagarin (CT 04289)
**Hurwitz & Sagarin, LLC**
147 N. Broad Street
Milford, Connecticut 06460
(203) 877-8000

**Co-Liaison Counsel**

FSBA Plaintiffs
By their attorneys,

DATED: November 18, 2005.

*Geoff Jarvis /s/*
Geoffrey C. Jarvis
**Grant & Eisenhofer, P.A.**
Chase Manhattan Centre
1201 North Market St., Ste. #2100
Wilmington, DE  19801
(302) 622-7000

9

                                          Xerox Corporation
                                          By its attorneys,

DATED: November 18, 2005.

                                          *Sandra Goldstein /DJ/*
                                          Evan R. Chesler (CT 03177)
                                          Sandra C. Goldstein (CT 24019)
                                          Karin A. DeMasi (phv 0584)
                                          **Cravath, Swaine & Moore LLP**
                                          Worldwide Plaza
                                          825 Eighth Avenue
                                          New York, New York 10019
                                          (212) 474-1000


                                          Defendants Philip Fishbach, G. Richard
                                          Thoman and Anne Mulcahy
                                          By their attorneys,

DATED: November 18, 2005.

                                          *Thomas Goldberg /DJ/*
                                          Thomas D. Goldberg (CT 04386)
                                          Terence J. Gallagher (CT 22415)
                                          **Day, Berry & Howard LLP**
                                          One Canterbury Green
                                          Stamford, Connecticut 06901
                                          (203) 977-7300


                                          Defendants Paul A. Allaire, Barry D.
                                          Romeril and Gregory Tayler
                                          By their attorneys,

DATED: November 18, 2005.

                                          *Andrew Vollmer /DJ/*
                                          Andrew N. Vollmer (CT 23728)
                                          Heather A. Jones (CT 24194)
                                          **Wilmer Cutler Pickering Hale**
                                             **and Dorr LLP**
                                          2445 M Street, NW
                                          Washington, District of Columbia 20037
                                          (202) 663-6000

DATED: November 18, 2005.

Defendant KPMG LLP
By its attorneys,

*Tammy Bieber /DX*
Stuart J. Baskin (CT 25986)
Tammy P. Bieber (CT 22089)
Seth M. Kean (CT 24587)
**Shearman & Sterling LLP**
599 Lexington Avenue
New York, New York 10022-6069
(212) 848-4000

W. Sidney Davis, Jr. (*pro hac vice* pending)
George A. Salter (*pro hac vice* pending)
M. Gavan Montague (*pro hac vice* pending)
**Hogan & Hartson LLP**
875 Third Avenue
New York, New York 10022
(212) 918-3000

11