## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, et al.<br><br>v.<br><br>Xerox Corp., et al.<br><br>MASTER CASE | 3:00-CV-1621 (AWT) |
| Florida State Board of Admin., et al.<br><br>v.<br><br>Xerox Corp., et al. | 3:02-CV-1303 (AWT) |
| MEMBER CASE. | December 12, 2005 |

### MEMORANDUM OF LAW OF KPMG LLP IN SUPPORT OF
### ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

KPMG LLP ("KPMG") respectfully submits this memorandum of law in support of its

motion to dismiss Counts VI, VII and XI of the amended complaint filed by Florida State Board of

Administration ("FSBA"), Teachers' Retirement System of Louisiana ("TRSL"), Franklin Mutual

Advisers, LLC ("Franklin"), and PPM America, Inc. ("PPM") (collectively, "plaintiffs") and those

portions of Counts II and IV that are based on purchases prior to January 4, 1999 pursuant to Rules

9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

### PRELIMINARY STATEMENT

Plaintiffs do not and cannot allege that KPMG sold them any Xerox Corporation

("Xerox") securities. Nor do they allege (as again, they could not) that KPMG actively

participated in the sale of any Xerox securities to plaintiffs. This is because KPMG served as

Xerox's independent outside auditor until October 5, 2001. In that capacity, KPMG performed

professional services for Xerox, including issuing reports on Xerox's financial statements for

1997, 1998 and 1999. KPMG did not serve – as the amended complaint concedes – as Xerox's

underwriter, broker, investment advisor or any kind of agent for the sale of securities.

Nevertheless, certain plaintiffs, all of which are sophisticated institutional investors, have asserted

claims against KPMG that require plaintiffs to allege either that KPMG directly sold them Xerox

securities or that KPMG actively participated in the sale of Xerox securities to plaintiffs. Plaintiffs

have not (and cannot) make this showing, and their claims under the Florida and Louisiana blue-sky laws against KPMG should therefore be dismissed as a matter of law.

Similarly, plaintiffs' claim for negligent misrepresentation should be dismissed because plaintiffs do not allege, as they must, any contractual relationship or direct contact with KPMG. Instead, plaintiffs' negligent misrepresentation claim is based entirely on the fact that KPMG opined on Xerox's financial statements and that plaintiffs allegedly purchased Xerox securities. That is not enough.

Finally, as set out more fully in the Xerox Defendants' partial motion to dismiss and supporting memorandum dated December 9, 1999 (document number not yet assigned), which KPMG respectfully adopts, and to which KPMG respectfully refers the Court, the claims of plaintiffs FSBA, TRSL and Franklin against KPMG under sections 10(b) and 18 of the Securities and Exchange Act (Counts II and IV, respectively), to the extent they are based on purchases before January 4, 1999, are barred by the three-year period of repose.[1]

## ARGUMENT

### I.   PLAINTIFF FSBA HAS NOT STATED A CLAIM AGAINST KPMG UNDER THE FLORIDA SECURITIES INVESTORS PROTECTION ACT

Plaintiff FSBA's claim that KPMG violated the Florida Securities Investors Protection Act ("FSIPA") must be dismissed because the amended complaint does not allege that KPMG sold or participated in the sale of Xerox securities to FSBA. In order to state a claim for a violation of Section 517.301 of FSIPA, a plaintiff must satisfy the requirements of Section 517.211(2) of that statute. See, e.g., Bailey v. Trenam Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, P.A., 938 F. Supp. 825, 828 (S.D. Fla. 1996). A plaintiff must allege that the defendant is either a seller of the security or "a director, officer, partner, or agent of or for" the seller of the securities, and that the defendant "personally participated or aided in making the sale." Id. (quoting § 517.211(1), (2)). To show the required level of personal participation, a plaintiff must

---

[1]      KPMG need not join that portion of the Xerox Defendants' motion to dismiss relating to plaintiff PPM because PPM does not assert any claims against KPMG in the amended complaint.

allege that the defendant "actively and directly, rather than passively, derivatively, or by attribution or imputation, influence[d] or induce[d] the investor to buy." Dillon v. Axxsys Int'l, Inc., 385 F. Supp. 2d 1307, 1311 (M.D. Fla. 2005). In this respect, FSIPA tracks Section 12(2) of the Securities Act. See E.F. Hutton & Co. v. Rouseff, 537 So. 2d 978, 980 (Fla. 1989) ("Section 517.211, which operates upon section 517.301, is similar in effect to section 12(2) of the 1933 Act."); see also Pinter v. Dahl, 486 U.S. 622, 647 (1988).

Courts routinely dismiss FSIPA claims against auditors where plaintiffs allege only that the auditor opined on the defendant issuer's financial statements and not that the auditor participated in the sale of any securities to plaintiffs, id.; see also In re Fleming Cos. Sec. & Derivative Litig., No. 5-03-MD-1530, 2004 U.S. Dist. LEXIS 26488, at *157 (E.D. Tex. June 10, 2004) (dismissing section 12(a)(2) claim against auditor for failure to show that it solicited purchase of securities); Silverman v. Ernst & Young, LLP, No. Civ. 99-856, 1999 U.S. Dist. LEXIS 17703, at *16-17 (D.N.J. Aug. 3, 1999) (same); Pahmer v. Greenberg, 926 F. Supp. 287, 307 (E.D.N.Y. 1996) (same),[2] aff'd sub nom. Shapiro v. Cantor, 123 F.3d 717 (2d Cir. 1997), which is exactly what plaintiffs do here.

Plaintiff FSBA has not alleged that KPMG sold any Xerox securities to it. Nor has it alleged that KPMG participated in any sale of Xerox securities, let alone a sale of Xerox securities to FSBA. Instead, FSBA claims that by opining on Xerox's financial statements, KPMG "materially assisted the Xerox Defendants" in their unspecified sale of Xerox securities to unspecified parties. (Complaint ¶ 322.) In other words, FSBA attempts to base its FSIPA claim against KPMG entirely on KPMG's performance of standard professional services – namely, issuing reports on Xerox's financial statements for 1997, 1998 and 1999. Yet, under Florida law, a

---

[2]    Numerous Florida courts have similarly dismissed claims against other professionals for failure to show that they participated in the sale of securities to plaintiffs. See, e.g., In re Infocure Sec. Litig., 210 F. Supp. 2d 1331, 1367 (N.D. Ga. 2002) (rejecting FSIPA claim against law firm because plaintiff failed to show that law firm participated in sale of securities); Bailey, 938 F. Supp. at 828 (dismissing claim against law firm because it provided no more than "standard legal services" to the issuer); Beltram v. Shackleford, Farrior, Stallings & Evans, 725 F. Supp. 499, 500 (M.D. Fla. 1989) (rejecting Florida Securities Act claim against defendant law firm).

plaintiff cannot state a FSIPA claim against an auditor "where [the auditor's] conduct consisted only of the performance of [its] professional services and [it] had no financial interest in the sale of securities." In re Checkers Sec. Litig., 858 F. Supp. 1168, 1180 (M.D. Fla. 1994). Accordingly, FSBA's Florida Securities Investor Protection Act claim against KPMG should be dismissed.

## II.  PLAINTIFF TRSL HAS NOT STATED A LOUISIANA SECURITIES ACT CLAIM AGAINST KPMG

Plaintiff TRSL's failure to identify the sub-section of 51:712 of the Louisiana Securities Act it purports to invoke against KPMG does not hide the fact that it cannot state a claim under any section of that law. Under section 51:712(A), a plaintiff must show that the defendant was a "seller" of securities to plaintiff. Autin v. Martin, 576 So. 2d 72, 73 (La. Ct. App. 1991) (citing Pinter, 486 U.S. 622).[3] In other words, as under the Florida statute, a plaintiff must allege that the defendant "successfully solicit[ed] the purchase, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." Pinter, 486 U.S. at 647; see also Wilson v. Saintine Exploration and Drilling Corp., 872 F.2d 1124, 1125 (2d Cir. 1989) ("[S]tatutory sellers [are] only those who actually solicit the securities for financial gain."). As discussed above, an auditor's certification of an issuer's financial statements or its provision of audit services does not make it a "seller" of securities. See, e.g., In re Fleming Cos. Sec. & Deriv. Litig., 2004 U.S. Dist. LEXIS 26488 at *157; Silverman, 1999 U.S. Dist. LEXIS 17703 at *16-17; Pahmer, 926 F. Supp. at 307. Therefore, TRSL cannot state a claim under § 712(A).

TRSL's attempts to prevail under the other subsections of 51:712 fare no better. TRSL cannot invoke 51:712(B), which is premised on a misstatement in a registration statement, because it has not pleaded the existence of a Xerox registration statement, let alone that KPMG

---

[3]     Louisiana courts have analogized § 712(A) to § 12(2) of the Securities Act of 1933, and looked to Securities Act precedent in its construction. See Taylor v. First Jersey Sec., Inc., 533 So. 2d 1383, 1385 (La. App. Ct. 1988); see also State v. Powdrill, 684 So. 2d 350, 354 (La. 1996) ("The provisions of the Louisiana Securities Law... are analogous to the provisions of the federal Securities Act of 1933.").

made any representations to plaintiffs regarding such a registration statement. Nor can it invoke

51:712(C) against KPMG because TRSL has not alleged that KPMG served as securities issuer,

dealer, salesman or investment advisor, as it must to satisfy that section. Finally, TRSL cannot

invoke 51:712(D) against KPMG because that subsection does not contain a private right of action.

See <u>Tranchina v. Howard, Weil, Labouisse, Friedrichs, Inc.</u>, No. CIV. A. 95-2886, 1996 WL

312026, at *6 (E.D. La. June 7, 1996); <u>Eureka Homestead Soc'y v. Howard, Weil, Labouisse,</u>

<u>Friedrichs Inc.</u>, No. 94-CV-452, 1996 WL 44190, at *1 (E.D. La. Feb. 1, 1996). Thus, TRSL's

Louisiana Securities Act claim against KPMG should be dismissed.

## III.    PLAINTIFFS FSBA, TRSL, AND FRANKLIN HAVE NOT STATED A NEGLIGENT MISREPRESENTATION CLAIM AGAINST KPMG

As with their state securities law claims, plaintiffs' reliance on KPMG's status as

Xerox's auditor is insufficient for a claim of negligent misrepresentation under the laws of any of

the states that could govern plaintiffs' claims.[4] In determining whether a plaintiff has adequately

pleaded a claim for negligent misrepresentation against an auditor of a company in which the

plaintiff holds securities, New York courts and some Connecticut courts have followed the "near

privity" test developed in <u>Ultramares Corp. v. Touche</u>, 255 N.Y. 170 (1931), and then clarified in

<u>Credit Alliance Corp. v. Arthur Andersen & Co.</u>, 65 N.Y.2d 536 (1985) (the "<u>Ultramares/Credit</u>

<u>Alliance</u> test"). <u>See, e.g.</u>, <u>Sec. Investor Prot. Corp. v. BDO Seidman, LLP</u>, 222 F.3d 63, 73-74 (2d

Cir. 2000); <u>Rogovan v. Coopers & Lybrand</u>, No. 519696, 1992 WL 77182, at *2 (Conn. Super.

---

[4]    Under a choice of law analysis, the laws of several states could arguably apply to the negligent misrepresentation claim that FSBA, TSRL and Franklin have asserted against KPMG. <u>See</u> <u>Bishop v. Fla. Specialty Paint Co.</u>, 389 So. 2d 999, 1001 (Fla. 1980); <u>see also</u> <u>In re Lou Levy & Sons Fashions, Inc.</u>, 988 F.2d 311, 313 (2d Cir. 1993) ("In multidistrict litigation transfers, the law of the transfer district must be applied."). The Court could look to the laws of Connecticut (where Xerox maintains its principal place of business), New York (where Xerox is incorporated), Florida (where FSBA is based), Louisiana (where TRSL is based), or New Jersey (where Franklin maintains its principal place of business). The Court need not to resolve this issue of choice of law in this motion because, as demonstrated herein, plaintiffs have not stated a negligent misrepresentation claim against KPMG under any of these states' laws.

Ct. Apr. 3, 1992).  Florida courts and other Connecticut courts have followed the standard set forth

in Section 552 of the Restatement.  See, e.g., Chanoff v. U.S. Surgical Corp., 857 F. Supp. 1011,

1022 (D. Conn. 1994), aff'd, 33 F.3d 50 (2d Cir. 1994); Machata v. Seidman & Seidman, 644 So.

2d 114, 115 (Fla. Dist. Ct. App. 1994).  Both Louisiana and New Jersey have statutes detailing the

limited circumstances under which an auditor can be liable for negligent misrepresentation to a

party other than its client.  See N.J. Stat § 2A:53A-25b(2)(a), (b), (c) (2005); La. Rev. Stat. Ann.

37:91(B)(2) (2005).  Under any of these tests, plaintiffs' negligent misrepresentation claim against

KPMG should be dismissed.

Under the Ultramares/Credit Alliance test, a plaintiff "must establish three

elements:  1) the accountant must have been aware that the reports would be used for a particular

purpose; 2) in furtherance of which a known party was intended to rely; and 3) some conduct by

the accountant 'linking' him or her to that known party."  Sec. Investor Prot. Corp., 222 F.3d at 73.

Numerous courts have dismissed claims against auditors of public companies by shareholders

under this test.  See, e.g., Twin Mfg. Co. v. Blum, Shapiro and Co., 602 A.2d 1079, 1080 (Conn.

Super. Ct. 1991) (striking plaintiff's negligent misrepresentation claim against auditor because

there were "no allegations that the defendant prepared any financial statements for the plaintiff, or

that the defendant was employed to prepare such statements for the purpose of sale of the assets to

the plaintiff, or that there was any direct contact with the plaintiff by the defendant such as

providing the plaintiff with a copy of the statements"); Sec. Investor Prot. Corp., 222 F.3d at 73-74

(dismissing negligent misrepresentation claim against auditor under Ultramares/Credit Alliance

test).

Here, FSBA, TRSL and Franklin plainly have not stated a claim against KPMG

under the Ultramares/Credit Alliance test.  The amended complaint does not allege that KPMG

had a contractual relationship with any of these plaintiffs.  Nor does it contain any allegations that

KPMG knew that FSBA, TRSL or Franklin, *specifically*, would rely on KPMG's audit of Xerox's 1997, 1998 or 1999 financial statements in electing to purchase Xerox securities. Finally, and perhaps most importantly, the amended complaint is utterly devoid of any allegations that could link KPMG to FSBA, TRSL or Franklin. Plaintiffs do not allege that they had any direct contact with KPMG. Plaintiffs allege only that they purchased Xerox securities (although they do not say from whom) and that KPMG audited Xerox's financial statements until October 2001. Simply being a shareholder of a company, however, is not enough for asserting a claim against the company's auditor. Such a distant "connection" falls far short of the direct connection necessary to sustain a negligent misrepresentation claim under the Ultramares/Credit Alliance test. Thus, plaintiffs' negligent misrepresentation claim against KPMG should be dismissed.

The Court should reach the same result if it were to apply Section 552 of the Restatement. Under this approach, the mere foreseeability that shareholders may rely on an auditor's report is insufficient to expose the auditor to liability for negligent misrepresentation. See, e.g., First Fla. Bank, N.A. v. Max Mitchell & Co., 558 So. 2d 9, 15 (Fla. 1990). A claim for negligent misrepresentation may only be stated by the person or "limited group" of persons "whom an accountant 'knows' will rely on his opinion rather than those he 'should have known' would do so." Id. at 12, 15. Thus, a plaintiff can state a claim "only when the accountant knows at the time work is done that a limited group of third persons intend to rely upon the work for a specific transaction." Machata, 644 So. 2d at 115; see also Chanoff, 857 F. Supp. at 1022 (where "a corporation does not and cannot know the identity of the recipients of its disclosures at the time those disclosures are made, liability under Section 552 does not obtain"). In other words, under the Restatement, a plaintiff cannot state a negligent misrepresentation claim against an auditor simply by alleging that it relied on a defendant's audit reports in making its decision to purchase stock. See, e.g., Applestein v. Deloitte Haskins & Sells, 637 So. 2d 349, 349-50 (Fla. Dist. Ct.

App. 1994). Thus, courts routinely dismiss negligent misrepresentation claims under Section 552 brought by shareholders against auditors of companies in which they held shares, where the representations are based only on the auditor's audit report. See, e.g., Machata, 644 So. 2d at 116 (dismissing negligent misrepresentation claim by shareholders against auditor); Bank v. Ernst & Young, No. 89-6015-CIV, 1995 WL 852118, at *2 (S.D. Fla. July 24, 1995) (same); In re Sahlen & Assocs., Inc. Sec. Litig., 773 F. Supp. 342, 373-74 (S.D. Fla. 1991) (dismissing claims of shareholders who did not allege that auditor had any specific knowledge regarding their stock purchases at the time it issued its audit and opinions); see also Applestein, 637 So. 2d at 349-50.

KPMG had no reason to know that FSBA, TRSL and Franklin, *specifically*, as opposed to shareholders generally, would allegedly rely on KPMG's reports in Xerox's 1997, 1998 or 1999 financial statements in purchasing Xerox securities. Not only do these plaintiffs fail to plead any basis to infer that they were part of some "limited group of third persons" of which KPMG was aware, they go out of their way to emphasize that they were just like every other "member[] of the investing public." (Complaint ¶ 366.) Their claim is based entirely on the allegation that they relied on KPMG's audit reports in purchasing Xerox securities. (Id.) Thus, there can be no doubt that FSBA, TRSL and Franklin have not stated a claim against KPMG for negligent misrepresentation.

To the extent that the Court applied New Jersey or Louisiana law, plaintiffs Franklin or TRSL's claim against KPMG also fail as a matter of law. For a plaintiff to state a negligent misrepresentation claim under New Jersey law against an auditor of a corporation in which the plaintiff holds stock, the plaintiff must allege the auditor (a) knew that "the professional accounting service rendered to the client would be made available to claimant who was specifically identified to the accountant in connection with a specified transaction made by the claimant," (b) "knew that the claimant intended to rely upon the professional accounting service in

connection with [a] specified transaction" and (c) "directly expressed to the claimant, by words or conduct, the accountant's understanding of the claimant's intended reliance on the professional accounting service." N.J. Stat § 2A:53A-25b(2)(a), (b), (c) (2005).[5]  In affirming the dismissal of a negligent misrepresentation claim against an auditor of a company that had allegedly been driven into bankruptcy by the fraudulent conduct of its management, the New Jersey Supreme Court emphasized that a shareholder cannot satisfy this statute simply because it claimed to rely on the auditor's reports in purchasing stock.  E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 846 A.2d 1237, 1241 (N.J. 2004) ("General reliance by these individual corporate stockholders of Twin County on annual audits was not sufficient to satisfy the statutory conditions for liability and confer a cause of action for accounting negligence.").

Franklin and TRSL have not met any of the statute's requirements.  The amended complaint does not allege that they were "specifically identified" to KPMG, let alone that they were identified "in connection with" any specific transaction.  Nor does the amended complaint allege that KPMG knew Franklin or TRSL was going to rely on its auditor's report in a specific transaction.  Finally, the amended complaint does not contain any allegations that KPMG expressly acknowledged any awareness of any reliance by Franklin or TRSL on its auditor's reports.  Thus, under any analysis, Franklin's and TRSL's claims against KPMG should be dismissed.

---

[5]    Louisiana law is substantially similar.  Under Louisiana law, TRSL would have to allege that KPMG (a) "was aware at the time the engagement was undertaken that the financial statements or other information were to be made available for use in connection with a specified transaction by the plaintiff," (b) knew that "the plaintiff intended to rely upon such financial statements" and (c) "had direct contact or communication with the plaintiff and expressed by words and conduct the defendant licensee's understanding of the reliance on financial statements or other information." La. Rev. Stat. Ann. 37:91(B)(2) (2005).

## CONCLUSION

For the foregoing reasons and those set forth in the partial motion to dismiss and supporting memorandum of law filed by the Xerox Defendants dated December 9, 2005, KPMG respectfully requests that the Court enter an order (i) dismissing Counts VI, VII and XI with prejudice, (ii) to the extent they are based on purchases of Xerox securities before January 4, 1999, dismissing Counts II and IV as time-barred, (iii) awarding KPMG its costs and attorneys' fees, and (iv) granting KPMG such other and further relief as the Court deems necessary.

Respectfully submitted,

By: _____
Thomas J. Murphy (ct07959)
Cowdery, Ecker & Murphy, L.L.C.
750 Main Street
Hartford, CT  06103-2703
Telephone:  (860) 278-5555
Facsimile:  (860) 524-0012

Stuart J. Baskin (ct25986)
Tammy P. Bieber (ct22089)
Seth M. Kean (ct24587)
Panagiotis Katsambas (ct25719)
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York  10022-6069
Telephone:  (212) 848-4000
Facsimile:  (212) 848-7179
E-mail:  sbaskin@shearman.com

W. Sidney Davis
George A. Salter
Hogan & Hartson L.L.P.
875 Third Avenue
New York, New York  10022
Telephone:  (212) 918-3000
Facsimile:  (212) 918-3100
E-mail:  gasalter@hhlaw.com

*Attorneys for KPMG LLP*

## CERTIFICATION

I hereby certify that a true copy of the foregoing KPMG LLP's Memorandum in Support of Its Motion to Dismiss Plaintiffs' Amended Complaint was mailed, postage prepaid, this 12th day of December, 2005, to:

Glen DeValerio (CT 22582)
Jeffrey C. Block (CT 22583)
Berman DeValerio Pease
      Tabacco Burt & Pucillo
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300

Melvyn I. Weiss, Esq.
Brad N. Friedman (CT 24910)
Beth Kaswan (CT 21415)
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza, 49th Floor
New York, New York 10119-0165
(212) 294-5300

Andrew M. Schatz (CT 00603)
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street
Hartford, Connecticut 06103
(860) 493-6292

J. Daniel Sagarin (CT 00603)
Hurwitz & Sagarin, LLC
147 North Broad Street
Milford, Connecticut 06460
(203) 877-8000

Geoffrey C. Jarvis, Esq.
Grant & Eisenhofer, P.A.
Chase Manhattan Centre
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801
(302) 622-7000

Evan R. Chesler (CT 03177)
Sandra C. Goldstein (CT 24019)
Karin A. DeMasi (phv 0584)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eight Avenue
New York, New York 10019
(212) 474-1000

Thomas D. Goldberg (CT 04386)
Terrence J. Gallagher (CT 22415)
Day, Berry & Howard LLP
One Canterbury Green
Stamford, Connecticut 06901
(203) 977-7300

Andrew N. Vollmer (CT 04386)
Heather A. Jones (CT 22415)
Wilmer Cutler Pickering Hale and Dorr LLP
2445 "M" Street, N.W.
Washington, DC 20037
(202) 663-6000

Thomas J. Murphy