**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------x
RUSSELL CARLSON, Individually  :
And On Behalf Of All Others    :
Similarly Situated,            :
                               :
     Plaintiff,                :
                               :
v.                             :   Civil No. 3:00CV01621(AWT)
                               :   ALL CASES
XEROX CORPORATION, KPMG, LLP,  :
PAUL A. ALLAIRE, G. RICHARD    :
THOMAN, ANN MULCAHY, BARRY D.  :
ROMERIL, GREGORY TAYLER and    :
PHILIP FISHBACH,               :
                               :
     Defendants.               :
                               :
-------------------------------x
```

**RULING ON JOINT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER**

The parties' Joint Motion for Entry of Confidentiality Order (Doc. No. 270) is hereby GRANTED; provided, that the Confidentiality Order does not include the Xerox Defendants' proposed ¶ 16.

With respect to the Xerox Defendants' proposed ¶ 16, it is inappropriate to permit the Xerox Defendants to unilaterally designate as privileged documents that have already been produced. The burden should be on the Xerox Defendants if they subsequently conclude that produced materials are protected. The scenarios discussed in the cases cited by the Xerox Defendants are ones under which counsel for the Xerox Defendants know or should know what documents were furnished to persons acting as agents for counsel for the Xerox Defendants. See United States

v. Schwimmer, 892 F.2d 237, 243 (2d Cir. 1989) ("Information provided to an accountant by a client at the behest of his attorney for the purposes of interpretation and analysis is privileged to the extent that it is imparted in connection with the legal representation."); United States v. Kovel, 296 F.2d 918, 921 (2d Cir. 1961) ("The assistance of these agents being indispensable to his work and the communications of the client being often necessarily committed to them by the attorney or by the client himself, the privilege must include all the persons who act as the attorney's agents."); Merrill Lynch & Co. v. Allegheny Energy, Inc., 229 F.R.D. 441, 445 (S.D.N.Y. 2004) ("Indeed, it is evident that the reports were at least initially protected by the privilege as they were the results of an internal investigation conducted under the guidance of counsel after Merrill Lynch was informed that it was the subject of a criminal investigation.  Under these circumstances, it is safe to say that the reports were prepared in anticipation of litigation.").

    It is so ordered.

    Dated this 25th day of January 2006, at Hartford, Connecticut.

                                          /s/Alvin W. Thompson

                                            Alvin W. Thompson
                                     United States District Judge