EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 | **FILED**<br><br>DEC 1 2 2006<br><br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

---

In re Fannie Mae Securities Litigation      Consolidated Civil Action No. 1:04-cv-01639

Judge Richard J. Leon

---

In re: Fannie Mae Derivative Litigation      Consolidated Civil Action No. 1:04-cv-01783

Judge Richard J. Leon

---

In re Fannie Mae ERISA Litigation      Consolidated Civil Action No. 1:04-cv-01784

Judge Richard J. Leon

---

Evergreen Equity Trust, et al.,
           Plaintiffs,      Civil Action No. 1:06-cv-00082
v.
Federal National Mortgage Association, et al.,
           Defendants.      Judge Richard J. Leon

---

Franklin Managed Trust, et al.,
           Plaintiffs,      Civil Action No. 1:06-cv-00139
v.
Federal National Mortgage Association, et al.,
           Defendants.      Judge Richard J. Leon

## ORDER ESTABLISHING EXPERT DISCOVERY AND DEPOSITION PROTOCOL

-1-

Subject to the approval of the Court, the parties to the above-captioned coordinated actions hereby stipulate to the following Order Establishing Expert Discovery and Deposition Protocol ("Protocol"):

This Protocol shall govern all expert discovery and oral depositions of fact witnesses in the above-captioned coordinated actions, except as may be specifically provided herein. This Protocol will govern all consolidated or coordinated parties and all parties subsequently added to these actions.

## I.    EXPERT DISCOVERY

1.    The purpose of this Section I is to modify the provisions of Federal Rule of Civil Procedure 26(a)(2)(B) with respect to required disclosures concerning testifying experts and to limit the scope of documents concerning such experts that will be subject to discovery in the above-captioned coordinated actions.

2.    With respect to any person or entity whom a party will or may call as a witness at trial in any of the actions to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence (an "Expert"), the party shall produce to all other parties in the applicable action the following documents: (i) a complete statement of all opinions to be expressed by the Expert and the basis and reasons therefore (the "Expert Report"); (ii) all data and other information on which the Expert relied in forming the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iii) any exhibits to be used as a summary of or support for the opinions reflected in the Expert Report (to the extent such exhibits exist at the time the Expert Report is produced); (iv) a complete statement of the qualifications of

the Expert, including a list of all publications authored by the Expert within the preceding ten years; (v) a complete statement of the compensation paid or to be paid to the Expert by the party sponsoring that Expert in connection with the Expert's work in the applicable action; and (vi) a listing of any other cases in litigation, or any administrative proceeding, in which the Expert has served an Expert Report, or has testified as an expert at trial or by deposition, within the preceding four years.

3.　　With respect to Paragraph 2(ii) above ("data and other information on which the Expert relied in forming the opinions reflected in the Expert Report"), the parties need not produce copies of treatises or other readily accessible public source materials identified in their Experts' Reports, and, in lieu of reproducing documents previously produced in these actions or depositions previously taken in the actions, the parties may identify such documents by Bates numbers and depositions by witness name and date.

4.　　Notwithstanding anything to the contrary in Federal Rule of Civil Procedure 26(a)(2)(B) or case law, no documents concerning Experts other than those described above in Paragraph 2 shall be subject to discovery in the actions nor shall they be the subject of deposition testimony in the actions, including but not limited to drafts of Expert Reports and documents constituting or reflecting communications between an Expert and counsel to a party.

## II.　　LENGTH, NUMBER AND TIME PERIOD OF DEPOSITIONS

Due to the complexities of these coordinated actions, Federal Rules of Civil Procedure 30(a)(2)(A), 30(b)(1), and 30(d)(2) shall be modified to allow additional depositions as follows.

5.    The parties will work in good faith to complete deposition discovery within one hundred forty (140) total deposition days (defined as 7 hours examination per day) for witnesses deposed under this Protocol. The parties will advise the Court after fifty (50) deposition days and again after one hundred (100) deposition days have been completed whether they believe in good faith that additional deposition days are necessary. The Court may permit additional deposition days upon a showing by one or more parties that such request is reasonable.

6.    Depositions of the director defendants—other than those of defendants Raines, Howard, and the Audit Committee Chair—shall not exceed two days other than by agreement of the parties or for good cause shown. The deposition of the Audit Committee Chair shall not exceed four days, other than by agreement of the parties or for good cause shown. To the extent practicable, depositions that are scheduled for multiple days shall take place on sequential days, unless all parties agree otherwise. Nothing in this Protocol prevents counsel for a witness or any party from seeking the parties' agreement or relief from the Court for good cause shown as to the length of any witness's deposition.

7.    Depositions governed by this Protocol will proceed Monday through Thursday in cycles of four weeks on, and the fifth week off, which may be used to complete depositions, if necessary. Except by mutual agreement of all the parties or upon Court order for good cause shown, no witness deposed pursuant to this Protocol shall be deposed more than once.

8.    The parties shall work in good faith to allocate among them the number of deposition days and the examination time for each witness. To the extent the parties cannot reach agreement

-4-

on the allocation of the number of deposition days or the allocation of examination time, any party may seek relief from the Court. Plaintiffs and defendants shall allocate deposition days and the length of questioning for each deposition among their respective sides. Upon request, counsel for the witness shall be allocated reasonable examination time for questioning the witness.

9.   Prior to the completion of document production in these coordinated actions, the parties will seek to limit merits depositions by mutual agreement to those witnesses whose depositions do not require documents in the possession of KPMG, Goldman Sachs, other defendants subject to the PSLRA discovery stay or non-parties who have received timely subpoenas *duces tecum* and have not yet produced responsive documents. In the event of disagreement among the parties, counsel for the deponent or any party may move the Court for protection from noticed or subpoenaed depositions for good cause shown.

10.   To the extent the time period for depositions of fact witnesses in these coordinated actions is adjusted by stipulation or by Court order, the parties agree that this Protocol shall be deemed amended in accord with that adjusted time period.

11.   Expert witness depositions are not subject to this Protocol. The parties agree to try in good faith to stipulate to an order concerning expert witness depositions no later than thirty (30) days before such depositions are to commence.

12.    If a witness has a documented medical condition that affects his or her ability to testify for 7 consecutive hours, the parties agree to work in good faith to accommodate an alternate schedule for that witness.

## III.    NOTICING AND SCHEDULING OF DEPOSITIONS

13.    All pending deposition notices or subpoenas served prior to this Protocol's entry by the Court shall be governed by this Protocol in all respects.  In accordance with this paragraph, all deposition notices and subpoenas served by defendant Raines shall be revisited by counsel for the defendants in accordance with Paragraphs 8 and 16 of this Protocol.

14.    No more than two deponents represented by the same law firm shall be deposed on any single day, absent consent from such firm.

15.    Unless the parties agree otherwise, there will be no more than two depositions scheduled in any twenty-four hour period.

16.    Lead Counsel for Lead Plaintiffs will oversee the selection and scheduling of witnesses for the plaintiffs' side, in consultation with counsel for the Plaintiffs in the other actions.  Counsel for defendants will work in good faith among themselves to agree upon the selection and scheduling of witnesses for the defendants' side.  The parties will create a Joint Scheduling Committee of five (5) members to oversee the selection and scheduling of witnesses for the parties.  The Joint Scheduling Committee will consist of:  lead counsel for Lead plaintiffs (representing all plaintiffs); counsel for Fannie Mae; counsel for one of the director defendants

-6-

(representing all of the director defendants); counsel representing KPMG, Goldman Sachs, and Radian; counsel for Franklin D. Raines, J. Timothy Howard, and Leanne Spencer. The Joint Scheduling Committee shall confer in good faith to schedule all depositions noticed by any party at least sixty (60) days before such depositions are to occur. A copy of all deposition notices issued and deposition subpoenas served on any witness shall be provided to each member of the Joint Scheduling Committee. In scheduling depositions, the Scheduling Committee will consider the availability of the witnesses and their counsel, and will endeavor to schedule depositions on dates that are mutually convenient for the parties, the witnesses, and their counsel. Nothing in this Protocol prevents counsel for any witness from seeking a protective order from the Court with respect to the proposed scheduling of any deposition.

17.     In the rare event that counsel who are not on the Joint Scheduling Committee have requested that a witness's deposition be scheduled but the Joint Scheduling Committee declines to schedule that deposition, nothing shall prevent such counsel from seeking leave of Court to take the deposition upon good cause shown.

18.     The parties agree that each side (plaintiffs and defendants) will coordinate the order of the questioning of each witness by counsel for the parties on that side. Where one counsel on a side has examined a witness regarding a subject area, subsequent counsel on that side shall attempt to avoid duplicative examination of the witness with regard to that subject area. Counsel for the opposing side, however, may examine the witness with regard to any matter or subject

-7-

area. The parties shall work in good faith to avoid the necessity of court intervention in the order of examination of witnesses.

19.     Where a witness's deposition is only noticed by one side, that side shall begin questioning the witness. Where a witness's deposition is noticed by both plaintiffs and defendants, the parties shall work in good faith to determine which side will begin the questioning.

20.     The Committee will work in good faith to determine the location of the depositions. To the extent practicable, the parties agree to schedule the depositions in either the District of Columbia, New York City, or in locations convenient to the witnesses, in order to minimize the costs and expenses associated with the depositions.

21.     A Master Deposition Schedule shall be updated by appointed representative(s) of the Scheduling Committee with all changes made as soon as practicable, and distributed to all counsel in the above-referenced actions. The Master Deposition Schedule shall set forth each deponent's name, affiliation, location of and anticipated length of the deposition, the party who noticed or subpoenaed the deposition, the initial examiner (by party, not counsel), and whether it will be videotaped. A party may not reschedule a deposition except by mutual agreement or upon leave of Court for good cause shown.

-8-

## IV.    CONDUCT OF DEPOSITIONS

22.    Unless otherwise agreed by the parties in advance, or by the counsel present at the deposition, depositions shall be held from 10:00 a.m. to 7:00 p.m. on Monday for up to seven hours of examination on the record, with a one-hour lunch break, a brief morning break and a brief afternoon break.  Unless otherwise agreed by the parties in advance, or by the counsel present at the deposition, depositions shall be held from 9:00 a.m. to 6:00 p.m. on Tuesday through Thursday for up to seven hours on the record, with a one-hour lunch break, a brief morning break, and two brief afternoon breaks.  Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending its adjournment for up to one hour, or longer upon agreement.

23.    No depositions may be scheduled on the day of or the day before an in-person Court hearing in any of these coordinated actions, or on the day of or before national or religious holidays.  For purposes of this Protocol, such holidays are Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans' Day, Thanksgiving (Thursday and Friday), the two-week period beginning on the Monday before Christmas, Martin Luther King's Birthday, Presidents' Day, Good Friday, Easter Monday and Passover (2 days), Memorial Day, Independence Day, and Labor Day.

24.    The magnitude and complexity of this litigation require that all parties use every effort to adhere to the established rules of evidence and civil procedure.  The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such

other counsel. Any objection to the form of a question shall be deemed to have been made on behalf of all other parties and on all grounds for a form objection.

25.     Counsel shall not instruct witnesses not to answer questions, except on privilege grounds. There will be no conferences between deponents and counsel when a question is pending except for the purpose of determining whether a claim of privilege should be asserted.

26.     Nothing in this Protocol shall preclude counsel from seeking a protective order from the Court where counsel has a reasonable, good faith belief that a witness is being questioned on wholly irrelevant matters or in an otherwise abusive manner. In that event, counsel shall cooperate in deferring answers to those questions until later in the deposition to permit counsel to contact the Court.

27.     The parties shall confer in good faith to select one or more court-reporting firms that will record and, where requested, videotape, the depositions taken under this Protocol. The court-reporting service(s) shall record all conference calls with the Court that occur during any deposition as part of that day's deposition transcript. All depositions will have teleconference capability so counsel may attend by phone, and real time access.

28.     For planning purposes and to expedite building access, no fewer than four (4) business days before a deposition, counsel intending to attend the deposition in person shall notify all counsel in writing of the anticipated attendee(s) on behalf of each party. Counsel who fail to notify the parties of their attendance in advance may nevertheless attend the deposition.

-10-

29.     The parties will exercise good faith in notifying other counsel reasonably in advance of a deposition (but no later than five business days in advance, when possible) if counsel becomes aware or has reason to believe that the witness intends to assert a privilege not to testify (including a Fifth Amendment privilege) or to decline to testify for any reason.

## V.    PRE-DESIGNATION AND NUMBERING OF DEPOSITION EXHIBITS

30.     No later than four business days before a deposition, examining parties may give notice to all parties of the exhibits that they anticipate using or referring to during the deposition. If such notice is given, the examining party shall bring three copies of all such exhibits to the deposition.  Examining parties who do not predesignate exhibits shall bring to each deposition twenty (20) copies of all exhibits they anticipate using or referring to during the deposition.

31.     Each exhibit marked for identification at a deposition shall be numbered with a new exhibit number and shall be numbered sequentially as to each witness (*e.g.*, Smith 1-100; Jones 1-100).

32.     The index of exhibits annexed to each deposition transcript will contain the document production number, the number for each exhibit marked for identification at the deposition, and each exhibit referred to in the deposition.

## VI.    CONFIDENTIALITY

33.     Unless otherwise agreed to by all parties, all transcripts of depositions and all exhibits to the transcripts of depositions taken under this Protocol shall be treated as Confidential in

-11-

accordance with the terms of the Amended Stipulated Protective Order ("Protective Order") governing these coordinated actions. Notwithstanding this provision, to the extent that parties wish to utilize transcripts of depositions or exhibits in connection with Court filings, the parties agree to work together in good faith to minimize the number of Court filings required to be made under seal, consistent with paragraph 13 of the Protective Order. The parties agree that the transcripts of depositions of stock analysts are not to be treated as confidential under this protocol.

## VII.   REMOTE ACCESS PROTOCOL

34.   All counsel, both attending in person and by remote access, shall identify themselves and whom they represent for the record at the outset of each deposition. Only those present in person shall be permitted to question the deponent. In the rare event that counsel participating by remote access believes that an objection not already made must be made on the record, such counsel shall identify themselves and the party represented, and state the objection precisely.

## VIII.   STIPULATION

35.   The following stipulation will apply to all depositions taken under this Protocol and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury. The witness shall have 30 days from the day of receipt within which to review, make any correction, sign the deposition transcript under penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

-12-

If the witness is not represented by counsel, the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

The court reporter will deposit the original transcript in an agreed document depository. If, for any reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

## IX.    DISPUTES AND AMENDMENTS

36.    The parties request that the Court resolve all disputes concerning discovery taken under this Protocol.

37.    This Protocol may be modified by the unanimous written agreement of all the parties or by Court order for good cause shown.

**IT IS HEREBY ORDERED.**

Dated: __12/12__ 2006

Judge Richard J. Leon
United States District Court Judge

-13-

EXHIBIT 2



Nov 3 2005
2:12PM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - -    x
                                                       :
In re Initial Public                                   :
Offering Securities                                    :    SECOND AMENDED ORDER
Litigation                                             :    ESTABLISHING DEPOSITION
                                                       :    PROTOCOL
                                                       :
This Document Relates To:                              :    21 MC 92 (SAS)
All Coordinated Actions                                :
                                                       :
                                                       :
                                                       :
                                                       :
                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - -    x

WHEREAS,   counsel for the plaintiffs and the underwriter defendants (collectively, "Counsel")  in the 17 of these coordinated actions that have been chosen as focus cases (the "Focus Cases") have proposed entry of this Order to govern the taking of depositions in the Focus Cases, and have respectively proposed various provisions that have been considered by the discovery special master; and

WHEREAS, because of the complexity and size of these actions, and the number of parties involved, it is appropriate to enter an order establishing a protocol for the taking of depositions in the Focus Cases; and

WHEREAS, the Special Master entered an Order Establishing Deposition Protocol on February 2, 2005, which in light of experience with initial depositions the parties amended on May 9, 2005, and have now sought to further amend,

IT IS HEREBY ORDERED, as follows:

1.    This Deposition Protocol shall govern all oral depositions of fact witnesses taken in the Focus Cases, except as may be specifically provided herein.

2.    Depositions at this time shall be taken only in the Focus Cases, and only witnesses reasonably believed to have discoverable information relating to one or more of the Focus Cases may be deposed.  Questioning of any deponent will not be limited to facts within the Focus Cases. Each deposition shall be pursuant to either notice or subpoena, and the caption shall reflect the Focus Case(s) to which the deponent's testimony is expected to relate.

3.    All depositions shall be scheduled on a minimum of 20 days notice via LexisNexis File & Serve to all counsel, unless counsel otherwise agree or good cause is shown before the Court or the discovery special master. However, 30 days notice via LexisNexis File & Serve must be given for those depositions where requested documents were not previously required to be produced under the Case Management Term Sheet, under the Focus Case Discovery Agreement, under any other discovery agreement or order in any of these coordinated actions, or otherwise are newly being requested.  The newly requested documents shall be due within 30 days of the notice if reasonably possible to produce within the time period, and the parties will work in good faith to schedule the deposition to begin no sooner than the production of the documents.  When the documents requested by the noticing party cannot be produced within the 30-day time period provided by the Protocol, the noticed party shall provide an estimate of how long it will take to produce the requested documents.  Any alleged unreasonable delay in production will be handled on a case-by-case basis by the Special Master.  There is a presumption that any delay longer than a projected 90-day delay is to be brought to the Special Master for resolution.  Issues such as the number of back-up tapes to review, the volume of e-mail requested, and other searches that are being conducted for this and other litigations, will all be pertinent considerations in determining the reasonableness of the delay.  The noticed party is

not required to identify with specificity any investigation or litigation that is creating a production queue that might delay production in this case.

        4.      After notice of a party deposition, if the deponent cannot attend the deposition at the noticed time, counsel for the deponent shall respond within three business days from the date of posting of the notice on LexisNexis File & Serve, except that the time to respond shall be ten days for depositions of former employees of the issuers. In the response to the notice, counsel for the deponent shall propose three alternative dates for the deposition. If counsel for the deponent is unable, using best efforts, to obtain these alternative dates within three business days of the date of the notice, the noticing party must be so notified the following business day. In such circumstances, the time period for confirming the noticed date or providing alternative dates may be reasonably extended to enable counsel for the noticed party to confer with the deponent. The proposed dates must be within 60 days of the noticed date. The persons responsible for scheduling the deposition will use their best efforts to agree upon one of the three alternative dates. If no dates are mutually agreeable, the persons responsible for scheduling the depositions shall confer to schedule a mutually agreed upon date. Within three business days from reaching agreement on the scheduled date of the deposition, the noticing counsel will file on LexisNexis File & Serve the date of the deposition. If no date is agreed upon, the matter will be submitted to the discovery special master. After notice of a non-party deposition, if the deponent cannot attend the deposition at the noticed time, liaison counsel for the plaintiffs and the Underwriter Defendants (or such other counsel as liaison counsel designate) will confer with each other, will use their best efforts to agree upon alternative dates, and will provide each other with prompt notice of any anticipated need to adjourn the scheduled date of the deposition.

5.    Plaintiffs and Underwriter Defendants, respectively, may select up to 280 total party and non-party depositions during this Focus Case fact discovery phase (for a combined total of no more than 560 depositions). The parties may seek permission from the Court or the discovery special master for depositions beyond their allotted number.

6.    Of their respective 280 total depositions, each side may select up to 28 Class A depositions (10% of the whole), up to 42 Class B depositions (15% of the whole), up to 140 Class C depositions (50% of the whole), and up to 70 Class D depositions (25% of the whole). The percentage allocation of Class A, Class B, Class C and Class D depositions may be revisited with the discovery special master as the Focus Case discovery proceeds. Class A depositions shall not exceed 25 hours of actual direct testimony; Class B depositions shall not exceed 18-3/4 hours of actual direct testimony; Class C depositions shall not exceed 12-1/2 hours of actual direct testimony; and Class D depositions shall not exceed 6 hours of actual direct testimony.

7.    Where a deposition is of a party or current or former employee of a party represented by the party, the non-noticing parties shall be entitled to use three hours of deposition time for Class A depositions, 2-1/4 hours for Class B depositions, 1-1/2 hours for Class C depositions, and one hour for Class D depositions. The plaintiffs and the Underwriter Defendants shall work in good faith to afford counsel for Focus Case issuers a reasonable and convenient allotment of deposition time, if counsel seeks such time. At the start of its examination, each examining party may reserve up to 10% of its total permitted testimony time for purposes of re-direct or re-cross, shall subtract the reserved time from that party's total permitted testimony time, and may use the reserved time to question the deponent about matters within the scope of the preceding examination by another party or parties. A party that attended

4

the deposition but did not engage in direct or cross-examination (and thus did not reserve time) may only engage in re-direct or re-cross where matters relating to that party arise during the previous examination by another party or parties. The parties may seek modifications of the allocations of testimony time for or within these depositions from the Court or the discovery special master.

        8.    Where a deposition is of a non-party (including former employees of a party who are not represented by the party), the deposition time shall be allocated so that 80% of the deposition time is allocated to the noticing party and the remaining 20% is allocated to the non-noticing parties. At the start of its examination, each examining party may reserve up to 10% of its total permitted testimony time for purposes of re-direct or re-cross, shall subtract the reserved time from that party's total permitted testimony time, and may use the reserved time to question the deponent about matters within the scope of the preceding examination by another party or parties. The plaintiffs and the Underwriter Defendants shall work in good faith to afford counsel for the non-party deponent and counsel for Focus Case issuers a reasonable and convenient allotment of deposition time, if such counsel seeks such time. If both Plaintiffs and Underwriter Defendants notice the same non-party, the deponent will be treated as if he or she were two separate witnesses, one for each noticing party. A copy of (i) this Amended Order Establishing Deposition Protocol; and (ii) the Stipulated Protective Order in these actions, shall be appended to all deposition subpoenas served on non-parties. A non-party shall only be entitled to receive the designated documents in advance of the deposition pursuant to Paragraph 14 if it provides an executed Acknowledgement and Consent, in the form appended as Exhibit A to the Stipulated Protective Order, to the noticing party. The noticing party shall be responsible for promptly posting such executed Acknowledgement and Consents on LexisNexis File & Serve.

9.     On no more than 15 occasions, each side may redesignate a deposition during the course of that deposition to a designation one class lower (*i.e.*, Class A to Class B, Class B to Class C, or Class C to Class D) if it determines that it no longer requires the additional day of testimony.  The noticing party shall provide all parties with notice of this designation change as soon as reasonably possible.

10.     Absent consent of the affected party, no more than two Class A depositions of a particular party in a Focus Case (including present or former employees of a party), and no more than four depositions of a party (including present or former employees of a party), regardless of class, may be taken in any given week.

11.     Depositions shall be held from 9:00 a.m. to 5:00 p.m. Monday through Thursday, with a one hour lunch break.  The parties shall work in good faith to ensure that, to the extent possible, all deposition days are utilized.  Where necessary to avoid returning on a subsequent day, the parties and the deponent shall attempt to complete the deposition by extending the adjournment for up to one hour, or longer upon agreement.  In no event shall the number of hours allocated for a particular deposition be curtailed based on any provision of this paragraph.

12.     No depositions shall be scheduled on the dates of in-person Court hearings, or on national or religious holidays.  For the purposes of this protocol, such holidays are:  Rosh Hashanah (2 days), Yom Kippur (2 days), Columbus Day, Veterans Day, Thanksgiving (Thursday and Friday), the two-week period beginning on the Monday before Christmas, Martin Luther King Jr.'s birthday, President's Day, Good Friday and Easter Monday, Passover (first 2 days and preceding day), Memorial Day, Independence Day, and Labor Day.

13.    Not later than seven business days prior to the commencement of any deposition, the noticing party shall serve a list of the specific offerings (IPOs and/or follow-on offerings) and parties that may be inquired about at the deposition.

14.    Not later than seven days (or the immediately preceding business day if a public holiday) prior to the commencement of any deposition, the noticing party shall serve a list of all documents that the party anticipates using or referring to during the deposition. To the extent known by that party three business days, but not later than one business day, prior to the commencement of any deposition, all other parties intending to examine a deponent shall serve a list of any additional documents that the party anticipates using or referring to during the deposition.

15.    Service within the time periods set forth in Paragraphs 13 and 14 shall be made by LexisNexis File & Serve as to party-deponents and -- subject to their prior execution of the Acknowledgement and Consent appended as Exhibit A to the Stipulated Protective Order, as described in Paragraph 8, together with a copy of the listed documents -- by the most expeditious method reasonably possible as to non-party-deponents or issuer deponents. The designations required by Paragraphs 13 and 14 shall be made in good faith, and no document shall be intentionally excluded from the designations. In addition, the designations shall not be intentionally over-inclusive. Any counsel who for good cause does not predesignate particular documents shall not forfeit the right to use them, but in that case the deponent shall be given the opportunity either to adjourn the deposition for a reasonable period to permit review, or sufficient time during the deposition to review any document that had not been designated. The time taken by the deponent to review the document during a deposition shall be counted against the noticing party's time limitation set forth in Paragraphs 6-8 of this Order. Documents

provided to parties or non-parties under this Paragraph shall be subject to the terms of the Stipulated Protective Order.

16.     The parties will confer in good faith to establish a mutually agreeable and secure deposition center in New York and perhaps one or more other locations. Where depositions will take place outside of New York, the parties will act in good faith to notice and schedule those depositions during contiguous time periods.

17.     The attorneys who may attend each deposition in person shall be limited to (1) liaison counsel or designees; (2) counsel from Plaintiffs' Executive Committee or designees; (3) attorneys from the firm acting as counsel for the witness; and (4) counsel for each of the parties in the particular Focus Case(s) in which the deposition was noticed. Counsel for any other party may attend by telephone or other available remote connection. Absent extraordinary circumstances, however, no counsel attending by telephone or other remote connection shall be permitted to object or to examine the deponent. If counsel in their capacity as counsel for a party to any of these coordinated actions is not permitted under this Paragraph to attend a deposition in person, then the deponent's testimony shall not be used against that party in any of the proceedings covered by Fed. R. Civ. P. 32. However, no less than 20 days prior to the deposition and by notice on LexisNexis File & Serve, the party noticing a deposition pursuant to this Order may specifically invite any counsel for any party to any of these coordinated actions to attend the deposition even if such counsel would not otherwise be permitted to attend under this Paragraph. Such a notice must be based on the noticing party's good faith belief that substantial matters relating to the otherwise excluded party will be the subject of questioning; those matters must be identified in the notice, and such notices should not be intentionally over-utilized. If such a notice is given, counsel will have the same rights to appear, to object or to examine the deponent as other counsel attending in person under this Paragraph; all parties attending will work in good

8

faith to deal with scheduling issues arising out of this notice; and the deponent's testimony may be used against the party represented by such counsel in any manner otherwise permitted by the Federal Rules of Civil Procedure and Evidence.

18.    For planning purposes, not fewer than three business days before the deposition date, all counsel intending to attend the deposition in person shall directly notify liaison counsel for plaintiffs and the Underwriter Defendants, and the counsel that noticed the deposition, and shall notify all other counsel by posting a notice on LexisNexis File & Serve. If counsel's decision to attend the deposition in person is based on another party's designation of a document, transaction or party less than seven days before the deposition date, then counsel may provide the notice of intention to attend the deposition at the earliest practicable time thereafter. Each notice shall specify the individual(s) (or the number of individuals from a list of individuals) who will attend the deposition.

19.    Except by mutual agreement, pursuant to cross-notice, or for good cause shown before the Court or discovery special master, no witness deposed pursuant to this protocol shall be deposed on more than one occasion during Focus Case fact discovery. If a witness is deposed on more than one occasion, that witness shall be counted as two witnesses for purposes of the numerical limitations on witnesses set forth in paragraph 6 of this Order, except for good cause shown, where such cause is based on the fault of the deponent or any non-noticing party (or respective counsel).

20.    The magnitude and complexity of this litigation require that all parties use every effort to adhere to the established rules of evidence and procedure. Directions to a witness not to answer questions should be limited to three instances: (1) the question seeks privileged information; (2) the question is posed for the purpose of harassment; or (3) the question is clearly irrelevant and there is the likelihood of substantial prejudice to the witness or a party. Directions

not to answer are presumptively improper. Suggestive objections must not be made. Objections should generally be limited to the statement "objection as to form," and the basis for such objection, i.e., "compound question" or a direction not to answer as set forth above.

21.    Attorney-witness conferences should be kept to a minimum. The defending attorney must not initiate a conference during the pendency of a question except to determine whether a privilege should be asserted. Attorney-initiated conferences for any other purpose during the pendency of a question are presumptively improper. A deponent may seek the counsel of his or her attorney at any time.

22.    The objection of one counsel to a question need not be repeated by another counsel to preserve that objection on behalf of such counsel.

23.    The parties will confer in good faith to select one or more full-service court reporting firms that will record the depositions taken during this phase of discovery. Copies of deposition transcripts, after original and minimum purchase requirements, shall be made available to all parties at the same cost.

24.    Deposition exhibits shall be numbered sequentially as to each witness (e.g., Smith 1-100; Jones 1-100).

25.    The following will apply to all depositions taken in the Focus Cases and shall be included in each transcript by the court reporter:

> Upon completion of the transcription of today's session, the original transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly forward it to the witness for review, correction, and signature under penalty of perjury.  The witness shall have 30 days from the day of receipt within which to review, make any correction, sign the deposition transcript under

penalty of perjury, and return it to counsel. The witness's counsel shall then forward the original transcript plus corrections to the court reporter, who will promptly notify all counsel of its receipt and any changes to testimony made by the witness.

If the witness is not represented by counsel the original transcript will be sent to the witness by the court reporter. After review, correction, and signature within 30 days from the date of receipt, the witness shall return the original transcript to the court reporter, who will notify all counsel of its receipt and any changes to testimony by the witness.

The court reporter will deposit the original transcript in the Document Depository. If, for any reason, the original is lost, misplaced, not returned, nor signed, or unavailable, a certified copy may be used in its place for all purposes. The court reporter is otherwise relieved of any statutory duties.

26.    All depositions shall be deemed confidential pursuant to the confidentiality order entered in this case. Counsel shall have 30 days from receipt of the deposition transcript to designate any portion thereof as highly confidential. Such designations shall indicate the specific portion of the transcript (by page and line number) that counsel seeks to have designated as highly confidential.

27.    Witnesses intending to assert the Fifth Amendment shall indicate that intention in writing to all parties within five days of receiving notice that their depositions have been scheduled. Witnesses who provide such notice may be deposed on oral examination for no more than one hour. Upon receipt of notice that a witness intends to assert the Fifth Amendment, all parties may submit a list of written questions to the witness, delivered no fewer than 10 days

11

before the scheduled deposition. At the deposition, the written questions and any associated documents will be introduced as an exhibit to the deposition, and the witness shall be asked summarily whether the witness would assert the Fifth Amendment to each of the written questions if they were posed individually. If the answer to the summary question is yes, the deposition shall last no more than one hour. If the witness indicates a willingness to answer questions, the deposition will be rescheduled. All objections to written questions submitted to a deponent will be reserved, including objections to form. Witnesses who recant their Fifth Amendment assertion must do so in sufficient time so that the witness may be placed on the deposition schedule and the deposition taken thereafter under the terms of this Order. Nothing in this Order is intended to create an inference of wrongdoing on the part of any party or witness in these Focus Cases.

SO ORDERED:

Daniel J. Capra
Discovery Special Master

Dated: New York, New York
       November 3, 2005

EXHIBIT 3

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

In Re: GENESISINTERMEDIA, INC.                    Civil No. 03-3471 RHK/AJB
SECURITIES LITIGATION,


                                                  PRETRIAL SCHEDULING ORDER

---

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3. Any motion to modify the schedule shall be served on each party who has made an appearance in any of the following cases:

> Ferris, Baker Watts, Inc. v. Deutsche Bank Securities Limited, et al., Civil No. 02-3682 RHK/AJB

> E* Trade Securities LLC v. Deutsche Bank AG, et al., Civil No. 02-3711 RHK/AJB

> James P. Stephenson v. Deutsche Bank AG, et al., Civil No. 02-4845 RHK/AJB

> Wedbush Morgan Securities, Inc. v. Deutsche Bank AG, et al., Civil No. 03-5198 RHK/AJB

> E* Trade Securities, Inc. v. Nomura Canada, Inc., et al., Civil No. 03-5311 RHK/AJB

(Said cases shall herein be referred to as the related actions.)


Discovery Plan

1.    The parties have agreed that all discovery from the related actions may be used in this action, with all parties reserving their rights as to the admissibility of evidence. The parties also agree that all document requests and documents produced in the related actions shall be produced as soon as possible, subject to reasonable confidentiality stipulations.

2.    Discovery in this case shall be coordinated with the related actions to prevent duplication and conflicts. This order does not constitute a

FILED MAR 3 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

3.   a.   Fact discovery with respect to the merits (as opposed to class certification issues) shall commence on **March 5, 2004**. Class certification discovery shall commence **March 1, 2004**.

b.   Fact discovery shall commence in time to be completed by **December 1, 2004**. Counsel are encouraged to resolve any discovery disputes between themselves. When attempting to resolve such disputes, counsel are directed to the Civil Discovery Standards, American Bar Association, Section of Litigation (August 1999).

4.   All pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **March 1, 2004**.

5.   No more than 25 interrogatories [counted in accordance with Fed. R. Civ. P. 33(a)] shall be served by each party.

6.   Written discovery shall be coordinated to the extent practicable with the related actions to avoid duplication of interrogatories, document requests, and admissions requests. Discovery by one party in this case or the related actions as set forth above, shall be available for use by all other parties in any of the cases. Counsel shall, to the extent possible, combine their interrogatories to any party into a single set of questions. No question shall be asked that has already been answered in response to interrogatories filed by another party unless there is reason to believe that a different answer will be given.

7.   Counsel shall develop and use a system for identifying by a unique number or symbol each document produced or referred to in this case and in any of the related actions. All copies of the same document should ordinarily be assigned the same identification number regardless of the case in which it is produced or used. Counsel shall, to the extent possible, coordinate and consolidate their requests for production and examination of documents to eliminate duplicative requests to the same party.

Depositions

1.   No more than 50 depositions, excluding expert witnesses depositions, shall be taken by each party. No witness may be noticed for an additional deposition if that witness has already given deposition testimony in any one of the related actions and notice of the earlier deposition had been timely

given to the party seeking the testimony.

2.    Each attorney in attendance shall be identified. Attendance at a deposition shall count against that party's total of allowed depositions.

3.    Except as specifically authorized by the court, or agreed to among the parties, or among the parties and a nonparty witness), each deposition shall be limited to no more than 16 hours total (excluding breaks for meals and necessary recesses).

4.    The deposition of each person designated under Rule 30(b)(6) shall be considered a separate deposition for purposes of calculating the number of depositions that each party has taken.

5.    Cooperation. Counsel are expected to cooperate with, and be courteous to each other and deponents.

6.    Stipulations. Unless contrary to an order of the court, the parties (and when appropriate, a nonparty witness) may stipulate in any suitable writing to alter, amend, or modify any practice relating to noticing, conducting, or filing a deposition. Stipulations for the extension of discovery cutoffs set by the court are not valid, however, until approved by the court.

7.    Scheduling. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents in an effort to schedule depositions at mutually convenient times and places. [That some counsel may be unavailable shall not, however, in view of the number of attorneys involved in these cases, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests is able to attend.]

8.    Attendance. Who May Be Present. Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, counsel for the deponent, and potential witnesses. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

9.    Conduct.

    a.    Examination. Each side should ordinarily designate one attorney to conduct the principal examination of the deponent, and examination by other attorneys should be limited to matters not previously covered. Counsel should cooperate in the allocation of time to ensure compliance with time limits set by the court.

3

b.  Objections and Directions Not to Answer.  Counsel shall comply with Fed. R. Civ. P. 30(d)(1).  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

c.  Private Consultation.  Private conferences between deponents and their attorneys in the course of interrogation are improper except for the purpose of determining whether a privilege should be asserted.  Unless prohibited by the court for good cause shown, such conferences may be held during normal recesses and adjournments.

d.  Continuation of Deposition.  If a deposition is not finished on Friday of a deposition week, it will continue on the following Monday, subject to the availability of the witness.  If the witness is unavailable, it will resume on a newly noticed date.

10.  Documents.

a.  Production of Documents.  Witnesses subpoenaed to produce documents should ordinarily be served at least 30 days before the scheduled deposition.  Arrangements should be made to permit inspection of the documents before the interrogation commences.

b.  Confidentiality Order.  A copy of any Confidentiality Order which is issued by the court, shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information.  [Counsel shall comply with the provisions of the Confidentiality Order when examining a deponent about confidential information.]

c.  Copies.  Extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to opposing counsel and the deponent.  Deponents should be shown a document before being examined about it except when counsel seek to impeach or test the deponent's recollection.

d.  Marking of Deposition Exhibits.  Documents shall be referred to by the Bates-stamp number assigned to it.

11.  Depositions of Witnesses Who Have No Knowledge of the Facts.  An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about

4

which such person has no knowledge may submit to the noticing party a reasonable time before the date noticed an affidavit so stating and identifying a person within the corporation or government entity believed to have such knowledge.  Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

Expert Discovery

1. On or before **September 1, 2004**, the parties shall meet and confer regarding the extent to which proposed expert witness testimony will be necessary and appropriate with a view towards limiting the number of experts at trial.  The parties shall consider whether particular experts may offer opinions on more than one discrete subject.

2. On or before **September 15, 2004**, the parties shall file a report of their meeting with the Court.  In their report, the parties shall list the subjects which they anticipate experts will be testifying and shall state whether a particular expert(s) could provide testimony on more than one of the listed subjects, identifying those subjects in which this could occur.

3. On or before **October 1, 2004**, the court will issue an order concerning the number of experts, from whom a report is required under Rule 26(a)(2)(B), that the parties will be permitted to use.

4. On **December 1, 2004**, the party bearing the burden of proof as to a particular issue  shall serve expert reports as to said issue, which reports shall be in accordance with Fed. R.Civ. P. 26(a)(2)(B) ("Initial Expert Reports").

5. On **January 1, 2005**, Responsive Expert Reports shall be served.  Responsive Expert Reports shall also be in accordance with Fed. R.Civ. P. 26(a)(2)(B).

6. On **February 1, 2005**, Rebuttal Expert Reports shall be served..

7. Every expert report shall begin with a succinct statement of the opinions the expert expects to give at trial.

8. Unless leave of court is applied for and given, there shall be no expert testimony at trial on behalf of the party having the burden of persuasion on any issue not covered in that party's Initial Expert Report.

9. Anything shown or told to an expert relating to the issues on which he/she opines, or to the evidence, basis or grounds in support of or countering the

opinion, shall be referenced in that expert's report and is subject to discovery by the opposing party.

10. The parties shall agree on: (i) whether drafts of expert reports should be retained and produced; and (ii) whether there shall be inquiry into whom, if anyone, other than the expert participated in the drafting of his/her report. In the absence of such an agreement, drafts of expert reports need not be produced, but inquiry into who participated in the drafting and what their respective contributions were is permitted. The court will not entertain motions on these two issues.

11. All expert discovery, including expert depositions, shall be completed on or before **April 1, 2005.**

12. Fed. R. Civ. P. 26(a)(2)(B) requires written reports only from retained experts and from employee experts who give expert testimony as part of their regular duties. The limitation on the number of experts that the court will impose will be limited to these kinds of witnesses. The Rule does not expressly require written reports from employees who are called on to give expert testimony only in the case at hand. Said witnesses will not be counted against a party's expert limits. However, if a party intends to call an employee at trial to offer an opinion testimony, that party shall notify the opposing party within the deadlines set forth above. The opposing party shall be entitled to depose said employee regarding his opinions (regardless of whether said employee has previously been deposed) without the deposition being counted against that party's deposition limit. The opposing side must be given, in advance of the deposition, access to the information and materials the employee is relying or basing his or her opinion on. If the party producing the employee objects to the employee voicing an opinion during the deposition, said party shall be precluded from eliciting an opinion from that witness concerning that same topic during direct examination at trial.

Non-Dispositive Motions

(Non-dispositive motions may be scheduled for hearing by calling Kathy Thobe, Calendar Clerk, 651-848-1210.)

1. All motions which seek to amend the pleadings or add parties must be served by **June 1, 2004.**

2. All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by **April 15, 2005.**

3. Prior to scheduling any non-dispositive motion, parties are encouraged to consider whether the motion, including motions relating to discovery and

6

scheduling, can be informally resolved through telephone conference with the Magistrate Judge. To the extent that formal discovery motions will be filed, said motions should strictly comply with the provisions of Local Rules 7.1 and 37.1 and **shall be presented in a form that complies with Local Rule 37.2.**

Dispositive Motions

1.  Class certification motion. Plaintiff shall file a motion for class action certification on or before **March 1, 2004.** Defendants may serve class discovery requests beginning **March 1, 2004.** Defendants shall serve their oppositions to class certification on or before **May 1, 2004.** Plaintiffs shall serve their reply papers on or before **June 1, 2004.**

2.  All dispositive motions shall be **served, filed and HEARD** by the Court on or before **July 1, 2005.** (Counsel are advised that they must schedule this hearing by calling Calendar Clerk Deb Siebrecht, 651-848-1166.)

3.  All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1.

Trial

This case shall be ready for a **Jury** trial on **October 1, 2005**, or upon resolution of any pending dispositive motions. Anticipated length of trial is 21 trial days.

Dated:  __March 3, 2004__

                               __s/ Arthur J. Boylan__
                               Arthur J. Boylan
                               United States Magistrate Judge