EXHIBIT 4

REC'D MAY 1 7 2004

RECEIVED MAY - 6 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 02-K-35 (CBS) (consolidated with 02-K-46, 02-K-64, 02-K-78, 02-K-137, 02-K-145, 02-K-146, 02-K-152, 02-K-161, 02-K-168, 02-K-304, and 02-K-351 [and any additional consolidated actions that are filed])

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 2 2004

GREGORY C. LANGHAM
EB          CLERK

IN RE RHYTHMS SECURITIES LITIGATION

This Document Relates to: All Actions

## STIPULATED SCHEDULING AND DISCOVERY ORDER

1.   DATE OF CONFERENCE

May 12, 2004.

2.   STATEMENT OF CLAIMS AND DEFENSES

a.   Plaintiff's Statement (Plaintiff respectfully adopts the statement of claims and

defenses as described by the Court at the January 14, 2004 hearing on defendants'

motion to dismiss):

Brown brought this class action pursuant to Federal Rules of Civil
Procedure 23(b) and 23(b)(3) on behalf of all persons who purchased or
otherwise acquired the common stock of Rhythms NetConnections, Inc.
between January 6, 2000 and April 2, 2001, inclusive, and who were
damaged thereby. Brown alleges violations of Section 10(b) of the Exchange
Act and of SEC Rule 10b-5 against all defendants. Brown also alleges that
each defendant is liable under Section 20(b) of the Exchange Act.

Brown contends that, throughout the class period, defendants
published materially false and misleading statements concerning Rhythms'
subscriber line count and revenues. Brown asserts defendants and Rhythms'
managers ordered employees inappropriately to reclassify thousands of
uninstalled lines as installed lines, and that the employees improperly
manipulated the line count data as ordered. These manipulations of install
status led to uninstalled lines being added to Rhythms' line count. Brown
specifically claims defendants Stringer and Chandler ordered their
subordinates to reclassify various uninstalled lines as successfully installed
lines, which added those lines to Rhythms' line count. Brown further asserts
line counts were manipulated in company databases during the last few days
of each quarter and until the midnight of the last day of each quarter. These
manipulations led to overstated line counts being reported to investors.

Brown maintains the line count for the fourth quarter of 1999 was
overstated by at least 14 percent, and that the line counts for the first and
fourth quarters of 2000 each were overstated by more than 25 percent. The
quarterly and year-end SEC filings, which were signed by each of the
defendants at some point during the class period, included these overstated
line counts. Because adding uninstalled lines to the subscriber line count
resulted in revenues being falsely recognized in Rhythms' books, the
revenues appearing in the SEC filings were likewise overstated. Brown also
alleges defendants overstated the company's revenues at various times during
the class period due to improper accounting practices.

Brown claims defendants' false statements, which materially overstated Rhythms' line count and revenues, artificially inflated Rhythms' stock price during the class period. As a result of defendants' false and misleading statements, Brown contends the plaintiff class acquired Rhythms' common stock at artificially inflated prices and consequently suffered damages in connection with their purchase and sales of the securities when the price later dropped.

Hearing Transcript: 7:24-25; 8:1-25; 9:1-21.

b.    Defendants' Statement:  Defendants dispute that any of the violations of the

securities laws alleged in the amended complaint ever occurred. It is Defendants'

position that all of Rhythms' class period disclosures are materially accurate and

were not made with an intent to deceive (recklessly or otherwise). In addition,

Defendants state that neither transaction nor loss causation can be shown in this

case because none of the misstatements alleged in the amended complaint resulted

in any decline in the price of Rhythms' stock or any other alleged loss suffered by

Plaintiffs. Instead, the decline in Rhythms' stock price was precipitated by

negative disclosures about accounting and financial problems at two of Rhythms'

competitors, a decline that was sustained by, among other factors unrelated to

plaintiffs' allegations, the decline in the overall NASDAQ index as the internet

bubble burst and the national economy declined – risks about which Rhythms had

previously warned investors. In addition, Defendants dispute that the plaintiffs'

claims were timely filed, as the amended complaint in this action was filed in

October 2002, over a year after plaintiffs allege that the "truth" began to "emerge"

in April 2001, and the amended complaint does not relate back to the original

complaint because it arises from a different set of operative facts.

Defendants also dispute that there is any liability under Section 20(a) of the Securities Exchange Act. Defendants were not control persons within the meaning of Section 20(a), and the absence of a primary violation of Section 10(b) of the Act precludes a cause of action under Section 20(a).

    c.    **Other Parties' Statement:** Not Applicable.

3.    **UNDISPUTED FACTS**

The following facts are undisputed:

    a.    Rhythms NetConnections, Inc. ("Rhythms") was a Delaware corporation that provided customers with digital subscriber line ("DSL") connections to the Internet and private networks.

    b.    Rhythms began offering commercial services in the U.S. in or about April 1998.

    c.    Rhythms commenced its initial public offering in April 1999; and Rhythms' common stock traded on NASDAQ under the symbol "RTHM."

    d.    Defendant Hapka was a founder of Rhythms, and served as its CEO until approximately April 2, 2001.

    e.    Defendant Stringer served as President and COO of Rhythms, and became CEO in 2001.

    f.    Defendant Chandler was Rhythms' CFO until approximately April 2000, when he became Rhythms' Senior Vice President of Global Business Development.

    g.    Defendant Braukman became CFO of Rhythms in approximately April 2000.

    h.    Defendant Stringer was awarded a retention bonus in or about February 2001.

    i.    Defendant Braukman was awarded a retention bonus in or about February 2001.

j.    According to Rhythms 2000 10-K, in at least 2000, defendants Hapka, Stringer, and Chandler participated in a bonus plan based, in part, on corporate goals involving the number of central offices built, the order backlog, the number of installed customer lines, timely implementation of Rhythms' line sharing initiative, and the margin by which average revenue per line installed exceeded that of key competitors.

k.    Rhythms' common stock closed at $0.3125 on April 2, 2001 and traded at $48.875 on February 17, 2000.

l.    Rhythms filed periodic public reports with the SEC and NASDAQ. Defendants Hapka, Chandler, Stringer and Braukman each signed one or more of these SEC filings.

m.    Rhythms, through its representatives, made public statements regarding Rhythms' line count.

n.    Rhythms filed for bankruptcy protection under Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York on or about August 1, 2001.

o.    WorldCom, Inc. ("WorldCom") purchased assets of Rhythms in or about September 2001.

p.    According to Rhythms' 2000 10-K, as of December 31, 2000, Rhythms had 79,739,764 shares of common stock outstanding.

4.    **COMPUTATION OF DAMAGES**

a.    **Plaintiff's Statement:** Plaintiff seeks compensatory damages, interest, costs and other relief the Court may deem just and proper. Subject to and without waiver of

work product protection and any other applicable privilege or protection, plaintiff states that his counsel's preliminary classwide damage estimate amounts to hundreds of millions of dollars. Analyses underlying counsel's preliminary classwide damage estimate are protected work product. Specific calculations of the damages sustained by the class will be made by an expert who has sufficient knowledge and experience to calculate such damages based, in part, on information to be obtained from parties and non-parties during discovery.

b.    **Defendants' Statement:** Defendants dispute any liability to plaintiffs. Defendants dispute both that any violations of the securities law occurred as alleged in the Amended Complaint and, even assuming for argument's sake only that they did occur, that they could possibly have resulted in any damages incurred by any member of the proposed plaintiff class due to the absence of loss causation, *i.e.,* any causal connection between any of the alleged misstatements and any decline in the price of Rhythms' stock. Defendants do intend, however, to engage an expert with respect to, among other things, computation of damages for the purpose of, among other things, rebutting any calculation of damages that may be offered by plaintiffs. At this time, defendants have not sought any damages from plaintiffs, but will be seeking reimbursement of defendants' legal fees and expenses in defending this matter.

5.    **REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(F)**

a.    Date of Rule 26(f) meeting: <u>April 8, 2004</u>

b.    Names of each participant and each party represented:

Representing Lead Plaintiff and the Class:

Timothy J. Burke
**Stull, Stull & Brody**

Lori G. Feldman
**Milberg Weiss Bershad & Schulman LLP**[1]

Jeffrey A. Berens
Darby K. Kennedy
**Dyer & Shuman, LLP**

Representing Defendants:

Brian E. Pastuszenski
Alexis L. Shapiro
**Testa, Hurwitz & Thibeault, LLP**

c.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  None.

d.    Rule 26(a)(1) disclosures will be made:  Fourteen days after the Rule 26(f) meeting (April 22, 2004).

e.    Agreements to conduct informal discovery:  None.

f.    Agreements or proposals regarding electronic discovery:  (*See* Part 5(g) below).

g.    Agreements or proposals to reduce discovery and other litigation costs:  The

parties agree that due to Rhythms' bankruptcy filing, sale of assets to WorldCom

and WorldCom's subsequent bankruptcy, paper and electronic evidence related to

---

[1]  Effective May 1, 2004, Milberg Weiss Bershad Hynes & Lerach LLP has changed its name to Milberg Weiss Bershad & Schulman LLP.  A Notice of Change of Law Firm Name will be filed shortly.

the parties' claims and defenses will need to be located, identified and obtained. The parties agree to discuss ways in which to make these tasks mutually efficient.

h.   Use of a unified exhibit numbering system:  The parties agree to use a unified exhibit numbering system.

6.   CASE PLAN AND SCHEDULE

a.   Deadline for Joinder of Parties:  Forty-five days after the Scheduling Conference (June 28, 2004). **Plaintiff's further position:**  Plaintiff reserves his right to seek a further extension of the deadline for joinder of parties to such other time which plaintiff deems necessary and appropriate under the circumstances.

b.   Deadline to Amend Pleadings:  Forty-five days after the Scheduling Conference (June 28, 2004). **Plaintiff's further position:**  Plaintiff reserves his right to seek a further extension of the deadline to amend pleadings to such other time which plaintiff deems necessary and appropriate under the circumstances.

c.   Fact Discovery Cut-off

Plaintiff proposes: Fifteen months after the Scheduling Conference (August 12, 2005). Given the complex nature of this action, the lengthy Class Period, and the parties' need to locate, identify, and obtain paper and electronic evidence from, among others, bankrupt or formerly bankrupt companies Rhythms and WorldCom, plaintiff believes that fifteen months, at a minimum, will be necessary to conduct fact discovery.

Defendants propose: Twelve months after the Scheduling Conference (May 12, 2005).

d.   Expert Discovery Cut-off

The parties agree that the deadline for completion of Expert Discovery be three

months after the deadline for completion of Fact Discovery and, therefore, state:

Plaintiff proposes: November 14, 2005. Contrary to defendants' stated position

below, plaintiff believes that Expert Discovery is premature at this stage of the

litigation, given that Fact Discovery has just commenced after a mandated

discovery stay which lasted for years. Plaintiff also believes that Expert

Discovery should commence after the close of Fact Discovery, given that proper

Expert Discovery on any issues, including but not limited to loss causation and

statutes of limitation, will require a full and complete factual discovery record.

Defendants propose: August 12, 2005, but Expert Discovery may begin prior to

the close of Fact Discovery in accordance with the following expected scenario:

Defendants currently contemplate moving for partial summary judgment on one

or more issues, including absence of loss causation and statute of limitations, both

of which Defendants believe could be dispositive of this entire case. In support of

any such motion, Defendants will be offering expert testimony. Defendants

propose that in connection with any such motion, Defendants will provide

Plaintiffs with their expert report on such issue prior to moving for partial

summary judgment. Defendants further propose that upon receiving such report,

Plaintiffs will have 45 days to submit their report on the same issue. Upon service

Plaintiffs' report, the parties will have 45 days in which to take depositions of

experts. At the end of such 45 day period, Defendants shall have the right to file

their motion for partial summary judgment.

e.  **Dispositive Motion Deadline**

The parties agree that the deadline for filing dispositive motions be thirty days

after the deadline for completion of Expert Discovery and, therefore, state:

**Plaintiff proposes:** December 14, 2005.

**Defendants propose:** September 12, 2005.

f.  **Expert Witness Disclosure**

(1)  **Anticipated fields of expert testimony:** The parties anticipate using expert

testimony in the areas of, among others, causation, calculation of damages,

DSL industry practices with respect to, among other things, the counting and

classification of subscriber lines, and the requirements of Generally Accepted

Accounting Principles and other financial accounting pronouncements

applicable to Rhythms during the proposed class period.

(2)  **Limitations proposed on the use or number of expert witnesses:** None.

(3)  **Deadline to designate all experts and provide opposing counsel and any**

**pro se party with all information specified in Fed. R. Civ. P. 26(a)(2):**

**Plaintiff proposes:** The parties' simultaneous initial disclosure thirty

days after close of Fact Discovery (September 12, 2005); simultaneous

rebuttal disclosure sixty days after close of Fact Discovery (October 11,

2005).

**Defendants propose:** Subject to paragraph 6(d) above, Plaintiff's

disclosure thirty days after close of Fact Discovery (June 13, 2005);

Defendants' disclosure seventy-five days after close of Fact Discovery (July 27, 2005). Plaintiff bears the burden of proof in this litigation, including on issues which Plaintiff plans to provide expert testimony. Therefore, Defendants believe it will be more efficient for Plaintiff to provide his expert reports first and allow Defendants to respond thereto, with an opportunity for Plaintiff to submit a rebuttal.

(4)    Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the Court.

g.    **Deposition Schedule**

Although it is impossible to identify all witnesses prior to the completion of document discovery, the parties anticipate deposing at least the following individuals and organizations. The parties reserve the right to seek leave from the Court to depose other witnesses, or for longer periods than estimated should the need arise.

**Plaintiff's Anticipated Depositions:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
| --- | --- | --- | --- |
| Defendant Catherine Hapka | | | Two days maximum |
| Defendant Steve Stringer | | | Two days maximum |

| | | | |
|---|---|---|---|
| Defendant Scott C. Chandler | | | Two days maximum |
| Defendant John W. Braukman | | | Two days maximum |
| WorldCom, Inc. (Currently known as MCI, Inc.) | | | Two days maximum |
| Rhythms NetConnections, Inc. | | | Two days maximum |
| Cisco Systems, Inc. | | | 7 hours |
| GATX Corp. | | | 7 hours |
| Telocity, Inc. (Currently known as Directv Broadband, Inc.) | | | 7 hours |
| Phoenix Network, Inc. | | | 7 hours |
| Flashcom, Inc. | | | 7 hours |
| E-Trade Financial Corp. | | | 7 hours |
| Fidelity Investments | | | 7 hours |
| J.P. Morgan Chase & Co. | | | 7 hours |
| Pfizer, Inc. | | | 7 hours |
| PricewaterhouseCoopers LLP | | | 7 hours |

| | | | |
|---|---|---|---|
| Securities analysts who followed Rhythms NetConnections, Inc. (to be determined) | | | 7 hours each |
| Other witnesses to be determined during the course of discovery | | | 7 hours each |

**Defendants' Anticipated Depositions:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Lead Plaintiff John Brown | | | 5-7 hours |
| All Unnamed Sources cited in the Amended Complaint [names unknown at this time] | | | 7 hours each |
| Other witnesses to be determined during the course of discovery | | | 7 hours each |

h.    Schedule for Interrogatories and Requests for Production of Documents

The parties agree that the deadline for service of Interrogatories, Requests for Production of Documents, and Requests for Admissions shall be thirty days prior to the close of Fact Discovery.

i.    Discovery Limitations

(1)    Limits on the length of any deposition:

**Plaintiff proposes:** Without stipulation of the parties or Court order upon a showing of good cause, no deposition may exceed two seven-hour days.

The parties shall cooperate to attempt to limit the length of depositions as much as possible.

Defendants propose: The length of the depositions of the named Defendants shall be limited to two days of seven hours of testimony each. The length of each other deposition shall be limited to seven hours of testimony.

(2)    Modification of the number of depositions contained in the federal rules: The parties agree to limit fact-witness depositions to forty per side.

(3)    Limitation on the number of interrogatories contained in the federal rules:

The parties agree to limit interrogatories to thirty-five per side, including all discrete subparts. It is defendants' position that Catherine Hapka's First Set of Interrogatories contained only two interrogatories, as any subparts thereto were not "discrete." Plaintiff disagrees.

(4)    Limitation on the number of requests for production of documents and/or requests for admissions:

Plaintiff proposes: The parties shall be limited to fifty requests for admissions per side. There shall be no limit on the number of requests for production of documents.

Defendants propose: No limitations.

j.    Other Planning or Discovery Orders:

Plaintiff proposes: Pursuant to Fed. R. Civ. P. 26(a)(1), on April 22, 2004,

plaintiff provided "the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information." As such, included therein are the identities, contact information, and subject matter for each unnamed source referred to in the Amended Complaint. To the extent defendants seek the specific Amended Complaint paragraph numbers attributed to each unnamed source, plaintiff directs defendants to his responses and objections to defendant Catherine Hapka's first set of interrogatories, not due until May 10, 2004. Thereafter, should any of these issues remain disputed, the parties shall confer in good faith pursuant to Fed. R. Civ. P. 37(a)(2)(A) and D.C.COLO.LCivR 7.1 A, prior to seeking judicial intervention.

**Defendants propose:** Defendants believe that plaintiffs were obligated, pursuant to Federal Rule of Civil Procedure 26(a)(1), to provide in their Initial Disclosures the paragraph numbers from the Amended Complaint for which each unnamed source cited therein provided information. Plaintiffs did not provide such information in their Initial Disclosures. Defendants respectfully request that the Court order plaintiffs to provide immediately this information to the Defendants. This information is unquestionably relevant and discoverable. Moreover, such information will reduce litigation costs, as it will permit Defendants to take focused depositions of these unnamed sources. To the extent the Court determines that Rule 26(a)(1) does not require such disclosure, Defendants

- 14 -

believe that such information must be provided in response to the First Set of
Interrogatories served on Plaintiffs on April 8, 2004. If Plaintiffs refuse to
provide such information in response to these interrogatories, Defendants
respectfully request that the Court order it be provided.

7.    SETTLEMENT

The parties certify that they have discussed the possibilities for a prompt settlement or
resolution of the case by ADR, but at this time do not believe a settlement or early resolution is
feasible.

8.    OTHER SCHEDULING ISSUES

a.    Discovery or scheduling issues, if any, on which counsel, after a good faith effort,
were unable to reach an agreement:

b.    Anticipated motions-to be filed, by whom, estimated time of filing, and any
proposed briefing schedule:

(1)    Motion for Summary Judgment:

Plaintiff proposes:  Dispositive motions will be due on or before thirty days after
the close of all discovery (December 14, 2005), with oppositions served within
sixty days, and any replies served forty-five days thereafter.

Defendants propose:  Dispositive motions will be due no later than thirty days
after the close of all discovery (September 12, 2005), with oppositions served
within sixty days, and any replies served forty-five days thereafter, but any party
may move for summary judgment on some or all issues at any time. Defendants
anticipate filing motions for summary judgment on the issues of loss causation

and statute of limitations, as well as any other issue that comes to light during the course of discovery.

(2)    **Motion for Class Certification:**

**The parties propose:** Plaintiff will file a motion for class certification sixty days after the Scheduling Conference (July 12, 2004). Defendants shall have sixty days to serve their opposition thereto, and plaintiff shall have sixty days to serve his reply.

(3)    The parties agree that briefs in support of and in opposition to motions for summary judgment and/or class certification shall be served by facsimile transmission, with any exhibits thereto served by overnight mail.

(4)    Plaintiff has requested trial by jury.

9.    **AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER**

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon.

DATED this 12 day of May , 2004.

BY THE COURT:

JOHN L. KANE
Senior United States District Court Judge

STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:

_____
Kip B. Shuman
Jeffrey A. Berens
Darby K. Kennedy
**Dyer & Shuman, LLP**
801 East 17th Avenue
Denver, CO 80218-1417
Telephone: 303/861-3003

Lori G. Feldman
Tamara J. Driscoll
**Milberg Weiss Bershad
   & Schulman LLP**
1001 Fourth Avenue, Suite 2550
Seattle, WA 98154
Telephone: 206/839-0730



Richard H. Weiss
Shannon Hopkins
**Milberg Weiss Bershad
   & Schulman LLP**
One Pennsylvania Plaza, 49th Floor
New York, NY 10119-0165
Telephone: 212/594-5300

Aaron Brody
**Stull, Stull & Brody**
6 East 45th Street
New York, NY 10017
Telephone: 212/687-7230

Jeffrey A. Chase
**Jacobs, Chase, Frick, Kleinkopf
   & Kelley LLC**
Independence Plaza
1050 17th Street, Suite 1500
Denver, CO 80276
Telephone: 303/685-4800


_____
A. Shapiro / By KBS

Brian E. Pastuszenski
Alexis L. Shapiro
William R. Harb
**Testa, Hurwitz & Thibeault LLP**
125 High Street
Boston, MA 02110
Telephone: 617/248-7000

*Attorneys for Defendants*

Michael D. Braun
Timothy J. Burke
**Stull, Stull & Brody**
10940 Wilshire Boulevard
Suite 2300
Los Angeles, CA 90024
Telephone:  310/209-2468

*Attorneys for Plaintiff*

DOCS\190422v2

EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE: PRICELINE.COM INC. : MASTER FILE NO.
SECURITIES LITIGATION  : 3:00CV01884(DJS)
─────────────────────────────:

This document relates to: :

 ALL ACTIONS     :

<u>ORDER</u>

The parties have submitted a report of their discovery
planning meeting pursuant to Rule 26(f) of the Federal Rules of
Civil Procedure.  Upon review of this submission, the court
orders the following:

1.  Defendants shall respond to the Consolidated Amended
Complaint on or before **December 24, 2004.**  Although the court
granted leave for plaintiffs to re-plead certain allegations that
were dismissed without prejudice, on the condition that
plaintiffs attempt to correct the deficiencies prompting
dismissal of these allegations, the court did not mandate any
amendments, nor did the court impose time restrictions on
amendments.  As such, the pleading stage of this lawsuit will
progress as contemplated by the Federal Rules; should plaintiffs
wish to amend the Consolidated Amended Complaint, they may seek
permission to do so under Rule 15 of the Federal Rules of Civil
Procedure.

2.  Discovery, including class certification discovery and

fact discovery, shall commence on **November 15, 2004.**

3.    The parties shall serve initial disclosures on **November 15, 2004.**

4.    Production of documents shall be completed by **December 30, 2005.**  The court expresses no opinion regarding the cost of discovery and does not prejudice either party's right to request relief regarding the same.

5.    Each party may take thirty-five (35) depositions.  In order to avoid confusion, the parties are to count each deposition noticed against this limit regardless of the reason for the deposition.  Expert depositions shall not count against this limit.

6.    Depositions shall not commence earlier than **April 1, 2005** with the following exceptions:

a.    depositions noticed pursuant to Rule 30(b)(6) may proceed at any time after November 15, 2004;

b.    depositions relating to class certification may commence at any time after November 15, 2004;

c.    depositions of expert witnesses shall commence within the time period specified elsewhere herein.

7.    The parties may serve more than 25 interrogatories.

8.    Expert discovery shall commence as follows:

a.    plaintiffs shall designate all experts and serve all expert reports, including damage analyses, on or before

-2-

December 30, 2005;

     b.   depositions of plaintiffs' experts shall be completed on or before **January 31, 2006;**

     c.   defendants shall designate all experts and serve all expert reports, including damage analyses, on or before **February 1, 2006;**

     d.   depositions of defendants' experts shall be completed on or before **March 1, 2006;** and

     e.   a party must obtain leave from the court to disclose an expert witness outside these time periods.

    9.   Should plaintiffs wish to obtain class certification, they must file their motion requesting certification on or before **January 7, 2005.** Defendants may submit an opposition thereto on or before **April 8, 2005.** Plaintiffs may submit a reply on or before **May 9, 2005.**

    10.   Discovery shall end on **March 31, 2006.**

    11.   Dispositive motions shall be filed on or before **May 1, 2006.** Any opposition thereto shall be filed thirty (30) days from the date the motion was filed. Any reply thereto shall be filed twenty (20) days from the date the opposition was filed.

    12.   A joint trial memorandum shall be filed on or before **June 1, 2006,** or within thirty (30) days from the court's decision on any dispositive motion.

    13.   The court does not require the filing of a proposed

protective order and does not set a deadline for the filing of a proposed protective order.  If no proposed order is submitted, the parties may request relief by motion pursuant to the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the District of Connecticut at the appropriate time.  The parties should also note that agreement on the scope of a protective order does not relieve the moving party, or parties, from demonstrating good cause for shielding documents from public view.

So ordered this 2nd day of November, 2004.


/s/DJS
_____
    DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

-4-

EXHIBIT 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

| | |
|---|---|
| NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND, On Behalf of Itself and All Others Similarly Situated, | ) Civil Action No. 1:98CV99-M<br>)<br>)<br>) <u>CLASS ACTION</u> |
| Plaintiff, | ) <br>) AMENDED SCHEDULING ORDER<br>) |
| vs. | )<br>)<br>)<br>) |
| FRUIT OF THE LOOM, INC., et al., | )<br>) |
| Defendants. | )<br>) |

Counsel for the parties conducted a series of telephonic conferences in preparation for a telephonic scheduling conference with the Court on November 14, 2003. The Court has reviewed plaintiffs' [Proposed] Scheduling Order, has considered the statements by counsel during the conference, and pursuant to Fed. R. Civ. P. 16, does HEREBY ORDER AND ADJUDGE AS FOLLOWS:

(1)    No later than August 16, 2004, counsel for the plaintiff shall disclose the identity of any person who may be used at trial to provide expert testimony and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

(2)    No later than November 5, 2004, counsel for the defendant shall disclose the identity of any person who may be used at trial to provide expert testimony and shall submit written reports from any expert witnesses who are retained or specially employed as required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

(3)    Expert discovery, including depositions, is to be completed by January 7, 2005.

(4)      No later than July 19, 2004, the parties shall complete all merits discovery of any kind.  No discovery motion maybe filed without having a joint telephonic conference with the Magistrate Judge arranged through his courtroom deputy, Kelly Lovell, at (270)393-2507.  ALL MOTIONS PERTAINING TO MERITS DISCOVERY SHALL BE FILED NO LATER THAN FIFTEEN (15) DAYS AFTER THE CLOSE OF MERITS DISCOVERY.

Unless otherwise agreed to by counsel, the use of all deposition testimony shall be governed by Fed. R. Civ. P. 32, and all depositions taken for trial purposes only shall be completed within the discovery period.

(5)      No later than January 28, 2005, counsel for the parties shall file all dispositive motions.

(6)      Discovery Limitations:

    (a)      Maximum of 75 interrogatories by each party to any other party;

    (b)      Maximum of 75 requests for admission by each party to any other party;

    (c)      Maximum of 75 depositions by all plaintiffs collectively, maximum of 75 depositions by all defendants, collectively;

    (d)      The depositions of William Farley, William Newton and two (2) members of the Ernst & Young LLP audit team (to be designated) are limited to a maximum of 21 hours each; the depositions of other named defendants, Fruit's officers and directors and other members of the Ernst & Young LLP audit team are limited to 14 hours each; all other depositions are limited to 7 hours each;

    (e)      Any limitation imposed herein may be extended by agreement of the parties.

(7)      The parties are reminded of the following requirements of LR 5.2(a) and (b):

    (a)      Certificate for Filing of Discovery Material.  A party tendering a discovery request, response, disclosure under Fed. R. Civ. P. 26(a)(1) or (2), or deposition transcript ("discovery material") not otherwise required to be filed shall accompany such tendered discovery material with a certificate from the party or counsel that such material will be used in the proceeding, or has been ordered filed by the Court; and shall further certify that a copy

of such Certificate for filing has been served upon all parties or their counsel of record.

(b)     Custodian of Documents. The party responsible for service of a discovery request, response or disclosure under Fed. R. Civ. P. 26(a)(1) or (2), is the custodian and must retain, the original document. The custodian must provide access to all parties of record dining the pendency of this action.

Attached for your use is a copy of the Certificate for filing Discovery Material.

(8)     The parties are reminded of the requirement of LR 7.1(i) to file with the Clerk the original and one copy of each non-routine motion and supporting memorandum.

(9)     In the event discovery is completed and neither party anticipates filing dispositive motions, or in the event no dispositive motions are filed by the deadline, counsel shall notify the Court and the case will be set for a final status conference. Upon resolution of any dispositive motions which are filed, the Court will enter appropriate orders regarding the scheduling of this case toward final resolution, if necessary.

(10)     Upon request, the Court will set this matter for a settlement conference before the Magistrate Judge.

(11)     A telephonic status conference shall be conducted on July 20, 2004 commencing at 1:00 p.m. (CDT). The call will be initiated by the Court. If the parties submit an agreed order which extends the discovery deadline, contact the Courtroom Deputy for the undersigned to arrange a new status conference date.

(12)     Any provision of this Scheduling Order may be amended by the Court for good cause shown.

IT IS SO ORDERED this the 24th day of November, 2003

E. ROBERT GOEBEL
UNITED STATES MAGISTRATE JUDGE

ENTERED
11-25-03
JEFFREY A. APPERSON, CLERK
BY
DEPUTY CLERK

3

Copies to:

All Counsel of Record

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY

_____

vs.                          NO.

_____

## CERTIFICATE FOR FILING DISCOVERY MATERIAL

Pursuant to Rule 5.2(a) of the Joint Local Rules of the Eastern and Western Districts of

Kentucky, the undersigned hereby certifies that the attached discovery material will be used in

the above-styled proceeding or has been ordered filed by the Court.  Furthermore, a copy of this

certificate for filing has been served upon all parties or their counsel of record.


_____
                    Counsel/Party

EXHIBIT 7

# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1075

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW

PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL

DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. McATEE
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL

ROBERT ROSENMAN
CHRISTINE BESHAR

June 1, 2007

<u>Carlson, et al. v. Xerox Corp., et al., 3:00-cv-1621 (AWT)</u>

Dear Glen:

I write on behalf of all defendants in response to your May 25, 2007, letter regarding our meet and confer in the above-entitled action.

I.    <u>Document Production</u>

Subject to the clarifications described below, it appears that the parties are substantially in agreement on the issues raised with respect to plaintiffs' document production. Defendants look forward to plaintiffs' production of documents in accordance with the agreements the parties have reached through the meet and confer process.

A.    <u>Requests Nos. 1 and 2</u>

With respect to Requests Nos. 1 and 2, defendants also continue to await production of an example of LASERS' monthly custodian reports in order to allow us to assess the need for production of such documents.

B.    <u>Requests Nos. 4 through 6</u>

With respect to Requests Nos. 4 through 6, please confirm that the statement in your letter that plaintiffs lack any responsive documents refers only to the individual proposed class representatives and does not alter LASERS' prior commitment to produce transcripts of testimony and docket sheets from the agreed upon categories of actions, as set forth in Brad Friedman's May 10, 2007, letter. If the statement in your letter does refer to LASERS as well, please confirm that no transcripts of testimony exist from the three actions for which LASERS already has produced docket sheets.

2

C.     Request No. 7

With respect to Request No. 7, we understand that you are representing that plaintiffs have no documents in their possession, custody or control that relate to anything of value paid or to be paid to the proposed class representatives (apart from the exclusion set forth in my April 24, 2007, letter), which would include, for example, documents regarding reimbursements of any kind to the proposed class representatives in connection with their participation in this action. Please confirm that this is indeed the case.

D.     Requests Nos. 13 and 14

With respect to Requests Nos. 13 and 14, defendants do not agree to the exclusion you propose. While you are correct that defendants do not seek production of your investigators' notes, we clearly are entitled to inquire into the public statements upon which plaintiffs base their allegations in this matter. To the extent that you do not wish to undertake the burden of redacting attorneys' notes from these documents, defendants alternatively are willing to accept a listing of each of the public documents to which you refer in your letter.

Further, you state in your letter that "plaintiffs will produce responsive documents in accordance with Judge Thompson's ruling in In re Xerox Securities Litigation ("Xerox I") and the correspondence between counsel in that case." To the extent that you intend to withhold documents on the basis of some limitation discussed in correspondence between counsel in that matter that otherwise would be required to be produced pursuant to Judge Thompson's ruling, please describe such documents and specify the basis for withholding them. Also, please confirm that all plaintiffs will produce documents responsive to Requests Nos. 13 and 14 for the time period 1997 to the present.

II.     Revised Rule 26(f) Report

As you know, the parties were previously unable to reach agreement with respect to three issues in the Rule 26(f) report: 1) the timing of the commencement of depositions, 2) the number and length of depositions, and 3) the schedule for class certification depositions and briefing. At this point, and as detailed below, it appears that the parties have reached agreement on the first and third issues. Accordingly, we agree with your suggestion that the parties submit a supplemental Rule 26(f) Report, and I attach hereto a revised version of the stipulation you proposed. However, as also discussed below, the parties remain in disagreement regarding the second issue.

A.     Commencement of Fact Depositions

Given plaintiffs' representations that defendants' document production is complete, defendants agree that fact depositions may commence immediately upon resolution, either by the Court or the parties, of the dispute concerning the number and length of depositions in this matter. Please note that the version of the proposed stipulation I attach hereto assumes that the parties will reach agreement on the number and length of depositions pursuant to the proposal set forth below. Should plaintiffs reject that proposal, the stipulation will need to be modified to reflect that the commencement of fact depositions should await resolution of those issues by the parties or by the Court.

**B.**     Number and Length of Depositions

As stated above and as reflected in the proposed stipulation attached to your letter, the parties remain in disagreement regarding the number of depositions in this matter and the way in which they will be counted. Defendants continue to believe that plaintiffs' request for 70 deposition days is unreasonable. However, in a final effort to resolve the issue without the need to involve the Court, defendants are willing to increase their previous proposal from 30 to 40 deposition days, measured in half-day (3.5 hour) increments, with no deposition to exceed one, 7-hour day, except upon agreement of the parties or for good cause shown. We have modified the attached proposed stipulation accordingly to reflect this proposal.

If, despite this proposal, plaintiffs wish to seek the Court's intervention on this issue, defendants nonetheless believe that your proposal that the parties each submit new Position Statements is unnecessary. As you are well aware, the parties' respective positions on this issue already have been briefed and presented to the Court. If plaintiffs wish to assert new arguments with respect to the deposition issue or to increase the number of deposition days that they previously sought, plaintiffs may move the Court for permission to submit a new Position Statement, and defendants will not object to such request, provided that defendants be afforded a reasonable opportunity to respond. In the meantime, defendants will continue to work to provide plaintiffs with the information you have requested regarding the individuals on plaintiffs' list of potential deponents.

**C.**     Class Certification

The proposed stipulation attached to your letter accurately describes the schedule to which the parties agreed regarding class certification depositions and briefing. However, we do not believe it is necessary to stipulate to a summary of the parties' agreements with respect to document production, as those agreements have been memorialized accurately and extensively in correspondence between the parties. Moreover, defendants will not be in a position to state that class certification document discovery is "substantially complete" until after we have had an opportunity to review plaintiffs' production for compliance with the parties' agreements. We have, therefore, revised the draft stipulation accordingly.

If you would like to discuss any of the above matters further, please do not hesitate to contact me.

Regards,

Sandra C. Goldstein

4

Glen DeValerio, Esq.
    Leslie R. Stern, Esq.
        Bryan A. Wood, Esq.
            Berman DeValerio Pease Tabacco Burt & Pucillo
            One Liberty Square
            Boston, MA 02109

Encl.

BY FAX

Copy w/encl. to:

Brad Friedman, Esq.
    Milberg Weiss & Bershad LLP
        One Pennsylvania Plaza, 49th Floor
        New York, NY 10119

Megan McIntyre, Esq.
    Grant & Eisenhofer
        Chase Manhattan Centre
            1201 North Market Street
                Wilmington, DE 19801

W. Sidney Davis, Jr., Esq.
    George A. Salter, Esq.
        Mark J. Lemire, Esq.
            Hogan & Hartson LLP
            875 Third Avenue
                New York, NY 10022

Stuart J. Baskin, Esq.
    Seth M. Kean, Esq.
        Shearman & Sterling LLP
            599 Lexington Avenue
                New York, NY 10022-6069

Dennis J. Johnson, Esq.
    Johnson & Perkinson
        1690 Williston Road
        P.O. Box 2305
            South Burlington, VT 05403

5

Thomas D. Goldberg, Esq.
Terence J. Gallagher, Esq.
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901

John Valentine, Esq.
Heather Jones, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Ave. NW
Washington, DC 20006

BY FAX

EXHIBIT 8

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| : | CIVIL ACTION NO. |
| : | 3:99-CV-2374 (AWT) |
| IN RE XEROX SECURITIES LITIGATION : | |
| : | November 19, 2001 |
| : | |

FILED

U.S. DISTRICT COURT
HARTFORD, CONN.
CLERK

Nov 19  4 40 PM '01

## RULE 26(f) REPORT OF PARTIES' PLANNING MEETING

| | |
|---|---|
| Date Amended Complaint Filed: | April 28, 2000 |
| Date Amended Complaint Served: | April 28, 2000 |
| Date of Defendants' First Appearance: | December 23, 1999 |

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, a conference was held on November 14, 2001 and completed on November 15, 2001. The participants were:

Elias A. Alexiades, Andrew M. Schatz, Jules Brody, Francis P. Karam, Cary Talbot, Mel E. Lifshitz, Jeffrey M. Haber for plaintiffs ("Plaintiffs").

Michael H. Gruenglas and Ivy Thomas McKinney for defendant Xerox Corporation ("Xerox"), and James F. Stapleton for Paul A. Allaire, G. Richard Thoman and Barry D. Romeril (the "Individual Defendants," and collectively with Xerox the "Defendants").

Pursuant to the Court's request, the parties note that the Court currently is considering whether a stay order that the Connecticut Superior Court entered on October 18, 2001 (the "October 18th Order") applies to In re Xerox Securities Litigation. Defendants' position is that the commencement of discovery should run from one week after either the date the Court decides that the stay does not apply to this case or the date the stay expires should the Court find that the stay does apply to this case. Plaintiffs' position is that the stay does not apply to this case and that discovery shall therefore commence immediately.

**I. Certification.** Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction.**

A.    *Subject Matter Jurisdiction:*        Federal question jurisdiction.

B.    *Personal Jurisdiction:*        Defendants do not contest jurisdiction.

**III.    Brief Description of Case:**

A.    *Claims of Plaintiff(s).*  Plaintiffs' claim is a federal securities fraud claim asserted as a class action.  The parties respectfully refer the Court to Plaintiffs' Amended Class Action Complaint for a detailed description of Plaintiffs' claims against Defendants.

B.    *Defenses and Claims (Counterclaims, Third Party Claims, Cross-Claims of Defendant(s).*  The parties respectfully refer the Court to Defendants' Answer for a description of Defendants' defenses.

C.    *Defenses and Claims of Third Party Defendant(s).*  None.

**IV.    Statement of Undisputed Facts:** Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:  Allegations that Defendants have admitted in their Answer.

**V.    Case Management Plan.**

A.    *Standing Order on Scheduling in Civil Cases.* The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as described below.

B.    *Scheduling Conference With the Court.*  The parties request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference in person either before the Court or a Magistrate Judge.

C.    *Early Settlement Conference.*

1.    The parties certify that they are considering the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2.    The parties do not request an early settlement conference at this time, but may seek the Court's involvement at a later date.

3.    The parties prefer to discuss settlement among themselves at this time.

2

4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36 at this time.

D.    *Joinder of Parties and Amendment of Pleadings.*

1.    Presently, Plaintiffs do not anticipate filing any motions to join additional parties or to amend the pleadings, but reserve the right to do so before the completion of discovery. Defendants' position is that the time to file such motions has already expired.

2.    Defendants have answered the Complaint.

E.    *Discovery.*

1.    The parties anticipate that discovery will be needed on a number of issues. It is impractical to list all the principal issues of fact on which discovery will be needed other than to explain generally that the parties will need factual discovery related to the elements of a securities fraud claim under the federal securities laws and any damages that may potentially flow from such claims.

2.    The parties disagree about the date that discovery should commence. Defendants' position is that all discovery should commence one week after the October 18th Order expires or, should the Court determine that the October 18th Order is not applicable, one week after such decision.

Plaintiffs' position is that the October 18th Order does not apply to this case and, therefore, all discovery shall commence immediately.

3.    The parties anticipate that discovery will take one year and three months to complete.

4.    The parties disagree about the timing of deposition discovery. Defendants' position is that deposition discovery in In re Xerox Securities Litigation should be coordinated with any deposition discovery in Carlson v. Xerox, et al., because, since both securities cases have substantially identical parties and attorneys, and overlapping class periods, deponents should not be subject to multiple depositions.

Plaintiffs' position is that in view of the status of the Carlson action, Defendants have not committed to whether they will move or answer the Complaint. Presently pending in Carlson are two motions: (1) the opposition by Margolis Partnership and Roelf Iest to the entry of this Court's Superseding Order Consolidating the Action and Scheduling the Initial Phase of the Case; and (2) the motion by LASERS for appointment of lead plaintiff and lead counsel. If Defendants move to dismiss in Carlson, the automatic stay provision of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(b)(3), will operate to prevent all discovery

3

until resolution of the motion. It is Plaintiffs' position that by combining deposition discovery in this action with that in Carlson, deposition discovery will be effectively stayed here as to those witnesses who will be called to testify in both actions. Plaintiffs will not agree to a deposition schedule that will delay prosecution of this Action. Accordingly, Plaintiffs' position is that deposition discovery should go forward independent of the Carlson action.

5.    The parties disagree about whether discovery should proceed in phases. Defendants' position is that only document discovery should occur during the first six months of discovery. Should the Court decline to coordinate deposition discovery with Carlson, Defendants' position is that deposition discovery should take place for the next six months, and expert discovery should take place for the next three months.

Plaintiffs' position is that both document and deposition discovery should take place without any required phasing or interruption.

All parties agree that expert discovery will take place during the final three months of discovery.

6.    The parties have agreed that they will not be obligated to make initial disclosures as contemplated by Fed. R. Civ. P. 26(a)(1), except that Defendants have agreed to produce by November 26, 2001 copies of all relevant Xerox Corporation insurance policies subject to an attorneys' eyes only restriction until a confidentiality order can be put in place.

7.    The parties agree that Plaintiffs and Defendants will each take up to 21 depositions of fact witnesses, excluding experts, with the reservation of rights to seek additional depositions of fact witnesses as deemed necessary, subject to Court approval.

8.    Plaintiffs and Defendants each request permission to serve up to fifty (50) interrogatories.

9.    Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than three (3) months before the deadline for completing all discovery. Depositions of any such experts will be completed by a date not later than two (2) months before the deadline for completing all discovery.

10.    Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by a date not later than one (1) month before the deadline for completing all discovery. Depositions of such experts shall be completed by the deadline for completing all discovery.

4

11. A damages analysis will be provided by any party who has a claim or counterclaim for damages in the same manner as the expert reports.

F. *Dispositive Motions.* Dispositive motions will be filed on or before 45 days following the completion of discovery.

G. *Joint Trial Memorandum.* The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by 45 days before any trial date set by the Court.

**VI. Trial Readiness.** The parties anticipate that the case will be ready for trial by two years following the commencement of discovery.

**VII. Confidentiality Order.** The parties agree that they will enter into a confidentiality order governing discovery materials.

**VIII. Notice Before Issuing Third Party Subpoenas.** The parties agree that Plaintiffs will provide Defendants with forty-eight (48) hour notice before serving any subpoena upon any third party customer of Xerox. Upon receipt of such notice, Defendants will have the option of contacting such third party to inform that third party of the impending subpoena. If Defendants elect to contact such third parties, they will do so together with Plaintiffs' counsel and will use a script that the parties agree upon. Should Defendants decline to contact such third party, Defendants agree not to discuss the impending subpoena with that third party until that subpoena is served on that third party and/or the Defendants.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

LEAD PLAINTIFFS

DEFENDANTS XEROX CORPORATION, PAUL A. ALLAIRE, G. RICHARD THOMAN AND BARRY D. ROMERIL

By _/s/_____  Date: 11/19/01
Andrew M. Schatz (ct00603)
Patrick A. Klingman (ct17813)
SCHATZ & NOBEL, PC
330 Main Street
Hartford, Connecticut 06106
(860) 493-6292

By _/s/ James F. Stapleton_  Date: 11/19/01
James F. Stapleton (ct04267)
Jonathan B. Tropp (ct11295)
DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, CT 06901
(203) 977-7300

Attorneys for the Individual Defendants

5

J. Daniel Sagarin (ct04289)
Elias A. Alexiades (ct03543)
Margaret E. Haering (ct10818)
HURWITZ & SAGARIN LLC
147 N. Broad St.
P.O. Box 112
Milford, Connecticut 06460
(203) 877-8000

Plaintiffs' Liaison Counsel

Mel E. Lifshitz
Jeffrey M. Haber
Danielle Mazzini-Daly
Bernstein Liebhard & Lifshitz, LLP
10 E. 40th Street
New York, NY 10022
(212) 779-1414

Keith Fleischman
Francis Karam
Cary Talbot
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY 10119-0165
(212) 594-5300

Jules Brody
Mark Levine
Stull Stull & Brody
6 East 45th Street
New York, NY 10017
(212) 687-7230

Plaintiffs' Lead Counsel

By _Michael H. Gruenglas/p_   Date: 11/19/01
Jay B. Kasner (ct05025)
Michael H. Gruenglas (ct21176)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036
(212) 735-3000

Attorneys for Xerox Corporation

Ivy Thomas McKinney (ct09351)
Xerox Corporation
800 Long Ridge Road
Stamford, CT 06904
(203) 968-3000

Attorney for Xerox Corporation

6