EXHIBIT 11

# CRAVATH, SWAINE & MOORE LLP

THOMAS R. BROME
ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN E. BEERBOWER
EVAN R. CHESLER
PATRICIA GEOGHEGAN
MICHAEL L. SCHLER
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW

PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
WILLIAM B. BRANNAN
SUSAN WEBSTER
TIMOTHY G. MASSAD
DAVID MERCADO
ROWAN D. WILSON
JOHN T. GAFFNEY
PETER T. BARBUR
SANDRA C. GOLDSTEIN
PAUL MICHALSKI
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1075

DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III
SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN

TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN
DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III
THOMAS D. BARR

OF COUNSEL

ROBERT ROSENMAN
CHRISTINE BESHAR

March 12, 2007

Carlson v. Xerox Corp., et al., No. 3:00-CV-1621 (AWT)

Dear Dennis:

      I write on behalf of the Xerox defendants and KPMG in response to your March 8, 2007, letter regarding the outstanding issues in the parties' Rule 26(f) Report.

      Your letter addresses two of the three unresolved issues regarding the Rule 26(f) Report. First, you repeat plaintiffs' position that depositions should be measured as "deposition days" consisting of two, four-hour segments. In your letter, you represent that plaintiffs now seek 70 days of depositions, a significant increase from the 50 you previously requested. Second, you propose a briefing schedule for class certification whereby the defendants' opposition would be due July 18, 2007, and plaintiffs' reply would be due August 17, 2007. The remaining issue that your letter fails to address is when depositions in this matter should commence.

      First, defendants cannot agree to your proposal of 70 "deposition days" consisting of two, four-hour segments. As set forth in our December 2, 2005, Position Statements, the defendants opposed your previous request for 50 "deposition days". To begin with, your proposal to measure depositions by half-day increments, rather than by the deponent, is contrary to the Federal Rules of Civil Procedure. As we explained in our Position Statements, any attempt to measure depositions in a manner that would permit a deposition to last more than one, seven-hour day is unacceptable. Moreover, your request for 70 "days" of deposition testimony is excessive. In response to your previous request for 50 "days", we offered to provide 25 depositions per side, well in excess of the 10 contemplated by the Federal Rules.

      Second, we continue to oppose any proposal for class certification briefing that employs fixed dates without regard to the status of class discovery. As set forth more fully in our Position Statements, discovery is necessary to allow defendants

adequately to address the issue of class certification, and plaintiffs' proposal improperly places the risk of any delay by plaintiffs on defendants.

While you do not raise this issue in your letter, I should note that defendants' position remains that depositions should commence only after the substantial completion of document production to ensure that the parties have a full and fair opportunity to consider all relevant documents.

As you will recall, these issues have been fully briefed before the Court. In light of the fact that plaintiffs' position has only moved further away from defendants' position since that briefing, it seems that we need the Court to resolve this impasse. If we have misunderstood your position such that a meet and confer would be productive, please let us know.

Sincerely,

Sandra

Sandra C. Goldstein

Dennis J. Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

BY FAX

Copy to:

W. Sidney Davis, Jr., Esq.
George A. Salter, Esq.
M. Gavin Montague, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

Melvyn I. Weiss, Esq.
   Brad N. Friedman, Esq.
      Milberg Weiss Bershad & Schulman LLP
         One Pennsylvania Plaza, 49th Floor
           New York, NY 10119-0165

Glen DeValerio, Esq.
   Leslie R. Stern, Esq.
      Bryan A. Wood, Esq.
         Berman DeValerio Pease Tabacco Burt & Pucillo
           One Liberty Square
              Boston, MA 02109

Geoffrey C. Jarvis, Esq.
   Grant & Eisenhofer, P.A.
      Chase Manhattan Centre
         1201 North Market St., Ste. #2100
           Wilmington, DE 19801

Andrew M. Schatz, Esq.
   Schatz & Nobel, P.C.
      One Corporate Center
         20 Church Street
           Hartford, CT 06103

J. Daniel Sagarin, Esq.
   Hurwitz & Sagarin, LLC
      147 N. Broad Street
         Milford, CT 06460

Stuart J. Baskin, Esq.
   Seth M. Kean, Esq.
      Shearman & Sterling LLP
         599 Lexington Avenue
           New York, NY 10022-6069

BY FAX

# EXHIBIT 12



NEW YORK
LOS ANGELES

Brad N. Friedman
Direct Dial: 212-946-9432
bfriedman@milbergweiss.com

May 10, 2007

**VIA REGULAR AND E-MAIL**

Sandra C. Goldstein, Esq.
Cravath, Swaine & Moore
Worldwide Plaza, 825 8th Ave.
New York, NY 10019

Thomas D. Goldberg, Esq.
Day Pitney LLP
One Canterbury Green
Stamford, Connecticut 06901

George Salter, Esq.
Hogan & Hartson, LLP
875 Third Ave.
New York, NY 10022

John Valentine, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

Re: *Carlson v. Xerox Corp., et al.*, 3:00CV1621 (AWT)

Dear Counsel:

  I write on behalf of plaintiffs in response to your letter dated April 24, 2007 ("April 24th Letter") to state their understanding of the parties' discussions during the April 16, 2007 meet and confer. In addition, this letter memorializes the parties' further negotiations during their May 2, 2007 follow-up conference call.

## April 16th Meet and Confer

I. Depositions

  The parties reached agreement on the timing and definition of depositions. First, defendants agreed that plaintiffs may commence depositions immediately in light of plaintiffs' representation that they are not currently seeking production of any additional documents from defendants.[1] Second, as the April 24th letter correctly noted, defendants agreed to withdraw their objection to plaintiffs' proposal to measure depositions in half-day increments.

---

[1] As defendants noted, plaintiffs reserve the right to seek additional documents at a later date as a result of future deposition testimony.

Counsel
May 10, 2007
Page 2

      The parties remain in dispute as to the number and length of depositions. As to the number of depositions, although the April 24th Letter correctly stated that defendants increased their previous offer by five (5) deposition days (proposing that plaintiffs be allowed 30 deposition days instead of 25), it mischaracterized plaintiffs' position. Contrary to defendants' contention, plaintiffs proposed to reduce their deposition day request in exchange for defendants' agreement to stipulate to various time-saving devices, such as a stipulation concerning the admissibility of SEC transcripts.[2] Plaintiffs agreed to provide such proposals for defendants' consideration and will do so shortly under separate cover. As to the length of depositions, the April 24th Letter correctly stated that defendants' position was that multi-day depositions are unnecessary, except by agreement or on good cause shown. In response, plaintiffs proposed to cap multi-day depositions at three (3) days. Defendants rejected that proposal.

      Lastly, the statement in the April 24th Letter that "Plaintiffs are going to assemble a list of potential deponents that Defendants will review so that the parties can endeavor to reach agreement on this point," is inaccurate. Plaintiffs already provided defendants with that list, attaching it to the March 8, 2007 letter from Dennis Johnson. Plaintiffs' understanding is that, with respect to each potential witness presently or formerly affiliated with KPMG or Xerox, defendants will: (i) provide feedback as to why Defendants believe the witness is unnecessary; and (ii)(a) state whether you will produce the witness voluntarily and/or represent him or her at their deposition or (b) if the witness will not be produced voluntarily, provide a last known address for the witness. Please confirm that defendants will provide a prompt response.

II.    Class Certification Schedule

      The April 24th letter accurately reflects the parties' agreement with respect to class certification scheduling.

---

[2]    The April 24th letter further mischaracterized plaintiffs' position with respect to the SEC transcripts. Plaintiffs did not concede that the mere existence of SEC transcripts reduced the number of depositions necessary in this case. Rather, plaintiffs stated that production of the SEC transcripts in this case has been helpful in some respects to focus plaintiffs' deposition preparation. It is plaintiffs' position, however, that the SEC transcripts can only reduce the amount of deposition testimony necessary in this case if, in conjunction with other time-saving practices, defendants stipulate to their admissibility in these proceedings, which defendants refused to do.

Milberg Weiss & Bershad LLP

DOCS\400930v3

Counsel
May 10, 2007
Page 3

III. Document Production[3]

The April 24th Letter accurately reflects the parties' general discussion with respect to defendants' document requests. It should also be noted that, with respect to all document requests, plaintiffs' agreement to produce documents is subject to: (1) their existence; (2) plaintiffs' possession, custody or control of such documents as provided by the Federal Rules of Civil Procedure; and (3) the non-privileged nature of such documents.[4] In addition, the agreements set forth below are neither a representation that any documents exist, nor an undertaking to obtain documents not in plaintiffs' possession, custody or control. Finally, the agreements below are made without waiver of plaintiffs' objections to relevance or admissibility for any purposes (including class certification), which objections are expressly reserved.

A. Request No. 1-2

The April 24th Letter accurately reflects the parties' discussion with respect to Document Request Nos. 1-2. Plaintiffs will produce all non-privileged, responsive documents for the agreed upon time period. In addition, plaintiffs have offered to provide a document or documents (which may include a declaration) showing the amount of each plaintiff's current (or as near to current as practicable) holdings in Xerox and other domestic securities. Please confirm that defendants will accept such a production in full compliance with Request Nos. 1-2.

B. Request No. 3

The April 24th Letter accurately reflects the parties' discussion with respect to Document Request No. 3. Plaintiffs will produce all non-privileged, responsive documents concerning the agreed upon time period. With respect to plaintiff LASERS, we can confirm that plaintiffs have already produced all non-privileged, responsive documents.

C. Request Nos. 4-6

The April 24th Letter accurately reflects the parties' discussion with respect to Document Request Nos. 4-6. Plaintiffs can confirm that none of the individual plaintiffs have any documents responsive to Request Nos. 4-6 in their possession, custody or control.

---

[3] KPMG's counsel stated that KPMG will accept as a sufficient production in response to its document requests plaintiffs' production in response to the Xerox Defendants' document requests. In this regard, plaintiffs can confirm that their production will include: (i) documents sufficient to identify investment advisors; (ii) documents that reflect "modeling," if any, in connection with potential securities transactions; and (iii) for purposes of Xerox's Request No. 7, documents responsive to a broad definition of the term "value" that includes the notion, for example, of "any financial interest."

[4] In that regard, plaintiffs specifically refuse to produce documents in counsel's possession.

Milberg Weiss & Bershad LLP

Counsel
May 10, 2007
Page 4

D.    Request No. 7

The April 24th Letter accurately reflects the parties' discussion with respect to Document Request No. 7. Plaintiffs can confirm that they have no non-privileged, responsive documents in their possession, custody or control.

E.    Request No. 8

As stated during the April 16th meet and confer, plaintiffs will produce all non-privileged, responsive documents concerning the period beginning January 1, 1997 and ending June 28, 2003.

F.    Request No. 9

The April 24th Letter accurately reflects the parties' discussion with respect to Document Request No. 9. Plaintiffs will produce all non-privileged, responsive documents for the period beginning January 1, 1997 and ending June 28, 2003.

G.    Request No. 10

Plaintiffs will produce all non-privileged, responsive documents for the period beginning January 1, 1997 and ending June 28, 2003.

H.    Request No. 11

The April 24th Letter accurately reflects the parties' discussion with respect to Document Request No. 11. Plaintiffs can confirm that none of plaintiffs' objections altered LASERS' production in response to this request.

I.    Request Nos. 12-15

Plaintiffs will make reasonable efforts to obtain from plaintiffs named in the Third Amended Consolidated Complaint any non-privileged documents in their possession, custody or control that are responsive to Request Nos. 12-15. Plaintiffs can confirm that they have no non-privileged documents in their possession, custody or control that are responsive to Request No. 12. For the period beginning January 1, 1997 and ending June 28, 2003, plaintiffs will produce all non-privileged documents in their possession, custody or control that are responsive to Request Nos. 13-14. Plaintiffs can confirm that they have no non-privileged documents in their possession, custody or control that are responsive to Request No. 15.

Milberg Weiss & Bershad LLP

DOCS\400930v3

Counsel
May 10, 2007
Page 5

## May 2, 2007 Meet and Confer

During the May 2nd meet and confer, the parties conducted further negotiations concerning the manner in which plaintiff LASERS planned to comply with the parties' agreement on the following document requests.[5]

A.  Request Nos. 1-2

In an effort to produce current holdings in Xerox and other domestic securities, plaintiffs' counsel discussed the possibility that LASERS may seek to produce monthly custodian reports (available in hard copy from 1997-2000 and electronic format from 2000-present) in lieu of quarterly account statements (available only in hard copy from 1997 to the present). After further consideration, however, plaintiff LASERS will produce all quarterly account statements from January 1, 1997 to the present.

B.  Request Nos. 4-6

Plaintiffs' counsel stated that, for the period from January 1, 1997 to the present, LASERS will produce all transcripts or other recordings of testimony, as well as the docket sheets (or, if not available, court pleadings), from any proceeding: (i) alleging fraud and/or securities violations; or (ii) denominated as a class action or in which class certification was sought.

Please let us know immediately if this letter does not comport with your understanding of the parties' negotiations. I look forward to hearing from you soon.

Very truly yours,

Brad N. Friedman

BNF:dm

cc:  Glen DeValerio, Esq.
     Leslie R. Stern, Esq.
     Dennis J. Johnson, Esq.

---

[5]  In addition, counsel for KPMG confirmed that his request for documents responsive to these and other requests related to "modeling" seeks documents concerning any internal processes that LASERS may have created and/or employed to assist with its decision-making related to the purchase and/or sale of Xerox or other domestic securities.

Milberg Weiss & Bershad LLP

DOCS\400930v3

# EXHIBIT 13

<div align="center">

### BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO
ATTORNEYS AT LAW

ONE LIBERTY SQUARE
BOSTON, MA 02109
TEL: (617) 542-8300
FAX: (617) 542-1194

WWW.BERMANESQ.COM
LAW@BERMANESQ.COM

</div>

425 CALIFORNIA STREET, 21st FLOOR
SAN FRANCISCO, CA 94104
TEL: (415) 433-3200
FAX: (415) 433-6382

222 LAKEVIEW AVENUE, SUITE 900
WEST PALM BEACH, FL 33401
TEL: (561) 835-9400
FAX: (561) 835-0322

<div align="center">May 25, 2007</div>

**VIA REGULAR AND ELECTRONIC MAIL**

Sandra C. Goldstein, Esq.
Cravath, Swaine & Moore
Worldwide Plaza, 825 8th Ave.
New York, NY 10019

Thomas D. Goldberg, Esq.
Day Pitney LLP
One Canterbury Green
Stamford, Connecticut 06901

George Salter, Esq.
Hogan & Hartson, LLP
875 Third Ave.
New York, NY 10022

John Valentine, Esq.
Wilmer Cutler Pickering Hale & Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

Re:   *Carlson v. Xerox Corp., et al.*, 3:00CV1621 (AWT)

Dear Counsel:

I write on behalf of plaintiffs in response to defense counsel's May 18th letter to Brad Friedman, who is unavailable this week.

I.   Depositions

Your letter mischaracterized plaintiffs' request with respect to the list of potential deponents attached to Dennis Johnson's March 8, 2007 letter. Plaintiffs have not requested that defendants "review the list of potential deponents . . . in an effort to discuss ways to reduce the number of depositions." Rather, as stated in Brad Friedman's May 10th letter, plaintiffs sought prompt confirmation that, "with respect to each potential witness presently or formerly affiliated with KPMG or Xerox, defendants will: (i) provide feedback as to why Defendants believe the witness is unnecessary; and (ii)(a) state whether you will produce the witness voluntarily and/or represent him or her at their deposition or (b) if the witness will not be produced voluntarily, provide a last known address for the witness." Please consider this to be a reiteration of that request.

Plaintiffs nevertheless appreciate defendants' acknowledgement that the parties need to consider time-saving devices if they are to reduce the substantial amount of deposition testimony that will be necessary in this case. To date, however, defendants

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Counsel
May 25, 2007
Page 2 of 3

have done no more than to reject plaintiffs' proposal of admitting prior SEC testimony, while at the same time failing to articulate any such proposals of their own. Although we have considered proposing additional time-saving devices, owing to the minimal impact that such proposals would have on reducing the number and length of necessary depositions, we have decided against doing so at this time. Nevertheless, plaintiffs are more than willing to consider any proposals that defendants may have.

II. Document Requests

A. Document Request Nos. 1 & 2

The parties are in agreement on these requests – with one clarification. Brad Friedman's May 10th letter unintentionally misstated the parties' agreement with respect to the production of LASERS's account statements. As stated in defense counsel's April 24th letter, defendants agreed to accept production from all plaintiffs (including LASERS) of responsive documents in unredacted form (aside from personal information) from January 1, 1997 through June 28, 2003. LASERS intends to comply with that agreement and thus the statement that LASERS will produce all quarterly account statements from January 1, 1997 to the present was in error. However, to demonstrate current (or as near to current as practicable) holdings in Xerox or other domestic securities, LASERS will produce its most recently available quarterly account statement(s).

B. Document Request Nos. 4-6

Plaintiffs are attempting to obtain copies of pleadings from the identified litigation. We have doubled-checked with the proposed class representatives and they have no documents that fall within the agreed upon scope of production.

C. Document Request No. 7

Plaintiffs are not withholding any documents responsive to this request, as refined by defense counsel's April 24th letter, on the basis of privilege.

D. Document Request No. 8

Plaintiffs have no responsive documents in their possession, custody or control that are dated after June 28, 2003.

E. Document Request Nos. 12-15

With respect to Document Request Nos. 12-15, for the period from January 1, 1997 to the present, Plaintiffs will make reasonable efforts to obtain responsive

BERMAN DeVALERIO PEASE TABACCO BURT & PUCILLO

Counsel
May 25, 2007
Page 3 of 3

documents from plaintiffs named in all underlying actions that were consolidated into the Third Amended Consolidated Complaint. Plaintiffs confirm that they have no documents in their possession, custody or control that are responsive to Request Nos. 12 or 15.

With respect to Request Nos. 13-14, notwithstanding the statements in Brad Friedman's May 10th letter (including footnote 4), plaintiffs will produce responsive documents in accordance with Judge Thompson's ruling in In re Xerox Securities Litigation ("Xerox I") and the correspondence between counsel in that case – with the following exception. Plaintiffs' counsel have compiled many boxes of newspaper articles, press releases, analyst reports, SEC filings, and the like from various public sources (mostly electronic) other than from the named plaintiffs. Most of those files are heavily interlineated with attorneys' notes, and all are equally accessible to defendants. Although they may be responsive to Request No. 13, it would be unduly burdensome for us to expend the substantial effort and incur the significant costs necessary to redact and produce those thousands of pages of publicly available documents. We thus object to doing so and assume that this is acceptable to you in light of your representations in Xerox I, as reflected in Brad Friedman's June 10, 2003 letter, that defendants are not interested in the production of our investigators' notes.

As I trust this letter resolves the remaining disputes concerning defendants' document requests and clarifies the parties' respective positions on deposition practice, I have attached for your review and commentary a proposed Supplemental Report and Stipulation Regarding the Rule 26(f) Report on the Parties' Planning Meeting for filing with the Court at the earliest opportunity.

Very truly yours,

Glen DeValerio

Enclosure

cc:  Brad N. Friedman, Esq.
     Dennis J. Johnson, Esq.
     Leslie R. Stern, Esq.