# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated, )<br><br>Plaintiff, )<br>v. )<br><br>XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH )<br><br>Defendants. ) | 3:00-CV-1621 (AWT)<br>**ALL CASES**<br><br>June 22, 2007 |

**COMPENDIUM OF UNREPORTED AUTHORITY AND SECONDARY SOURCES CITED IN DEFENDANTS' POSITION STATEMENT IN OPPOSITION TO PLAINTIFFS' PROPOSAL REGARDING THE NUMBER AND LENGTH OF DEPOSITIONS**

**SOURCES**                                                                 **TAB**

New Colt Holding Corp. v. RJG Holdings of Fla., Inc.,
    No. Civ. 302CV173PCD, 2003 WL 22326978 (D. Conn. Mar. 27, 2003) ...................1

Schmidt v. Levi Strauss & Co.,
    No. C04-01026 (RMW)(HRL), 2006 WL 2192054 (N.D. Cal. Aug. 1, 2006) .............2

7 James Wm. Moore et al., Moore's Federal Practice § 30.45 (3d ed. 2007).....................3

TAB 1

Not Reported in F.Supp.2d                                                                    Page 1
Not Reported in F.Supp.2d, 2003 WL 22326978 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

New Colt Holding Corp. v. RJG Holdings of Florida, Inc.

D.Conn.,2003.

Only the Westlaw citation is currently available.

United States District Court,D. Connecticut.

NEW COLT HOLDING CORP., et al., Plaintiffs,

v.

RJG HOLDINGS OF FLORIDA, INC., et al. Defendants.

**No. Civ. 302CV173PCD.**

March 27, 2003.

H. David Starr, Kristie G. Haynes, Robert C. Gill, II., Slavit & Gill, Washington, DC, Joseph Dieso, Colt's Mfg Co, Inc., Hartford, CT, for Plaintiff.

Brooks Bruneau, Kristine Butler-Holston, Philip B. Abramowitz, Todd A. Denys, Mathews, Collins, Shepherd & McKay, Princeton, NJ, Charles Phillip Reed, John F. Conway, Loughlin, FitzGerald, Kamp, Henrici Molloy, Rizzo & Reed, Wallingford, CT, Brian D. Rich, Joseph G. Fortner, Jr., Halloran & Sage, Hartford, CT, for Defendant.

Christopher M. Parent, Shughart Thomson & Kilroy, Denver, CO, for Counter Claimants.

*RULING ON MOTION FOR LEAVE TO CONTINUE DEPOSITION OF WARREN KEEGAN AND PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER*

DORSEY, J.

**\*1** Defendant AWA International, Inc. ("AWA") moves for leave to continue the deposition of Warren Keegan, plaintiffs' expert, for a period of up to four hours. Plaintiffs oppose the motion and move for a protective order preventing the deposition. For the reasons set forth herein, AWA's motion is granted and plaintiffs' motion is denied.

Warren Keegan was first deposed on February 11, 2003, on which day, according to AWA, he was questioned exclusively by defendant RJG Holdings ("RJG"). The deposition lasted approximately six hours with a one hour lunch break. The deposition was continued to March 5, 2003, on which day Kee-

gan was deposed for approximately four hours.

AWA argues that it requires approximately four more hours in which to depose Keegan because it was effectively afforded only four hours to depose him due to the involvement of RJG in the first deposition and because the deponent's hesitant responses to inquiries precluded a rapid exchange of questions and answers. Plaintiffs respond that AWA's inefficiency led to its inability to complete the deposition in the time allotted, and as such it should not be permitted to continue the deposition.

Fed. R. Civ. P. 30(d)(2) provides that "a deposition is limited to one day of seven hours" unless "additional time consistent with Rule 26(b)(2) i[s] needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." As noted in the Advisory Committee Notes to Rule 30, relevant considerations to granting an extension of time beyond the seven hours allowed include "[i]n multi-party cases, the need for each party to examine the witness" and "with regard to expert witnesses, the[ ] ... need for additional time ... for full exploration of the theories upon which the witness relies."

Although plaintiffs' argument as to the efficiency with which the depositions were conducted is not without merit, namely that it will take in excess of fourteen hours between two defendants to depose a single expert, it is not evident given the facts that such time is not appropriate under the circumstances. The interests of two defendants involved in the deposition are not necessarily consistent, and Rule 30 concedes that extensions may be appropriate in multi-party cases. It is not apparent, given the involvement of RJG in the first deposition, that AWA has been afforded the opportunity for a fair examination of the deponent as required by Rule 30(b)(2). AWA is therefore granted a maximum of four hours to complete its deposition. Defendant AWA's motion for continue the deposition of Warren Keegan (Doc. No. 104) is granted Plaintiffs' motion for a protective order (Doc. No. 107) is denied.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2003 WL 22326978 (D.Conn.)
**(Cite as: Not Reported in F.Supp.2d)**

SO ORDERED.

D.Conn.,2003.
New Colt Holding Corp. v. RJG Holdings of Florida, Inc.
Not Reported in F.Supp.2d, 2003 WL 22326978 (D.Conn.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

TAB 2

Not Reported in F.Supp.2d                                                                Page 1
Not Reported in F.Supp.2d, 2006 WL 2192054 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

Schmidt v. Levi Strauss & Co.
N.D.Cal.,2006.
Only the Westlaw citation is currently available.NOT FOR CITATION
United States District Court, N.D. California,
San Jose Division.
Robert SCHMIDT and Thomas Walsh, Plaintiff
v.
LEVI STRAUSS & CO., Laura Liang and Does 1-50,
Defendants.
**No. C04-01026 (RMW)(HRL).**

Aug. 1, 2006.

Joseph Heathcliff Ainley, Franklin E. Bondonno, Popelka Allard, APC, San Jose, CA, for Plaintiff.
Erin Elizabeth Schneider, Gibson, Dunn & Crutcher LLP, San Francisco, CA, for Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ORDER TO INCREASE THE PERMITTED LENGTH OF EACH KPMG WITNESS DEPOSITION**

HOWARD R. LLOYD, Magistrate Judge.

**\*1** On August 1, 2006, this court heard the "Motion for Order to Increase the Permitted Length of Each KPMG Witness Deposition" filed by plaintiffs Robert Schmidt and Thomas Walsh. Defendant Levi Strauss & Co. ("LS & Co.") and third-party KPMG each opposed the motion. Upon consideration of the moving and responding papers, as well as the arguments of counsel, the court grants the motion in part and denies the motion in part.

### I. BACKGROUND

Plaintiffs were formerly employed in defendant LS & Co.'s tax department. Their employment was terminated in December 2002. In this lawsuit, filed under the Sarbanes-Oxley Act (18 U.S.C. § 1541A), plaintiffs claim that they were wrongfully terminated in retaliation for complaining about LS & Co.'s alleged tax fraud.

Plaintiffs have noticed the depositions of several KPMG employees whom they say were charged with reviewing, analyzing, auditing and approving LS & Co.'s finances during the relevant time frame encompassed by their complaint. Those KPMG witnesses are: (1) Doug Hart, (2) Dean Kamahale, (3) Marty Skrip, (4) Troy Rudd, (5) Jim Sams, (6) David Zaiken and (7) Mike Burke. Plaintiffs assert that the identified KPMG witnesses have information directly relevant to their claims-namely, information about LS & Co.'s valuation allowance, deferred tax assets, foreign tax credits and the decision requiring LS & Co. to restate income in the amount of $450,000,000. KPMG has agreed to produce its witnesses [FN1] for deposition, but argues that the statutory seven-hour limit is sufficient for a fair examination of each witness. Defendant LS & Co. has indicated that it wants up to 3.5 hours (i.e., half of the seven-hour limit) to examine each KPMG witness, although it acknowledged at oral argument that it may not need a long period of time to depose every witness. Plaintiffs do not oppose LS & Co.'s claim for equal time; however, they argue that they need substantially more than 3.5 hours to complete their own examination.

> FN1. KPMG advises that it does not represent David Zaiken or Mike Burke.

Plaintiffs now move for an order permitting the parties to depose each KPMG witness for four days, with each side to have up to two days of examination for each witness. They contend that four days are needed for a fair examination because the instant litigation entails unusual complexity and involves numerous documents consisting of detailed financial records.

### II. DISCUSSION

Fed.R.Civ.P. 30(d)(2) limits a deposition to "one day of seven hours," but provides that "[t]he court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination." Fed.R.Civ.P. 30(d)(2).

Preliminarily, defendant LS & Co. argues that

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2006 WL 2192054 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

plaintiffs' request for four days of deposition for each of the seven identified KPMG witnesses violates the District Court's May 5, 2006 scheduling order. Here, LS & Co. points out that the scheduling order permits plaintiffs to take up to eighteen depositions, only five of which are not subject to the presumptive seven-hour time limitation. *(See* May 5, 2006 Case Management Order, Docket No. 51 at p. 2). It adds that, after KPMG repeatedly said that its witnesses would appear for one day of deposition, plaintiffs advised the District Court that they would need only five depositions which would last longer than one day. Further, LS & Co. contends that there is not enough time under the current case management schedule for the parties to take up to twenty-eight days of KPMG depositions. It says that plaintiffs (1) have already taken the depositions of five LS & Co. employees and former employees, (2) are attempting to schedule five more depositions of LS & Co. employees and former employees (including the deposition of defendant Liang, which plaintiffs have indicated will take more than seven hours to complete), and (3) have indicated that they will resume several LS & Co. employee depositions which have already been started.

**\*2** There is nothing in the District Court's scheduling order expressly stating that the limit on multi-day depositions applies only to party-affiliated depositions. In any event, it is not apparent that plaintiffs have exhausted their total eighteen-deposition limit. As discussed more fully below, this court does not find that this order will cause the parties to run afoul of the limits or time schedule set by the District Court.

As a procedural matter, KPMG argues that plaintiffs should have first exhausted their allotted 3.5 hours of deposition before filing the instant motion. Here, it points out that Rudd flew to Northern California and KPMG made him available for a full day of deposition, but that plaintiffs voluntarily terminated the deposition after less than two hours of examination. *(See* Huser Decl. ¶ 9, Ex. D (Rudd Depo. at 95:5-25)). Generally, it is preferable for a party to first proceed with the deposition under available limits because only then will it be evident whether additional time really is necessary. *See Malec v. Trustees of Boston College,* 208 F.R.D. 23, 24 (D.Mass.2002) (directing the parties to proceed with the deposition,

and stating that the court will not intervene unless the parties are unable to stipulate to any additional time that may be needed). At the same time, however, Fed.R.Civ.P. 30 does not require that available time limits be exhausted before a party may move for relief. Here, it is not clear that requiring plaintiffs to proceed with the depositions first will necessarily obviate the instant motion or lead to a more efficient resolution of the dispute. Accordingly, the court declines to deny the motion on this basis.

As to the substance of plaintiffs' motion, both KPMG and LS & Co. contend that plaintiffs have failed to show good cause why four days of deposition are needed as to any particular witness. This court agrees with respect to Doug Hart, Dean Kamahale, Marty Skrip, and Mike Burke. As to these witnesses, plaintiffs rely primarily upon generalizations and a bare assertion that these individuals "also participated in providing LS & Co. with a favorable analysis and a clean audit." (Reply at 3:4-5). However, plaintiffs have not demonstrated that the role these individuals allegedly played in the events at issue were so substantial that they should fairly submit to more than one day of deposition.

Similarly, plaintiffs have not shown good cause for four days of deposition with respect to Jim Sams. Here, plaintiffs assert that Sams, who resides in London, England, "gave a rubber stamp of approval to LS & Co.'s tax and accounting treatment and essentially blessed the manner in which LS & Co. treated its financial statements and how it reserved against risk." (Reply 3:1-3). While they complain that it will be unfair to travel to London for only 3.5 hours of deposition, they also have made no showing that Sams' alleged role in the transactions in question requires more than one day of deposition.[FN2]

> FN2. KPMG contends that because Sams lives in London, plaintiffs must, in any event, proceed with his deposition through letters rogatory pursuant to Fed.R.Civ.P. 28(b).

**\*3** As for Troy Rudd and David Zaiken, the parties dispute the importance of these witnesses. LS & Co. asserts that Rudd and Zaiken were involved in re-

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2006 WL 2192054 (N.D.Cal.)
**(Cite as: Not Reported in F.Supp.2d)**

viewing LS & Co.'s financial statements for only a few weeks during one fiscal quarter of 2002. KPMG contends that Rudd's prior deposition testimony suggests that he was removed from the LS & Co. audit after less than two months because he knew plaintiffs before KPMG was engaged by LS & Co. (Huser Decl., ¶¶ 4-5, Ex. A (Rudd Depo. at 30:6-12); Ex. B (Rudd Depo. at 39:14-17, 40:8-11, 27:12-17)).

Plaintiffs contend that Rudd and Zaiken are particularly important, asserting that they "were assigned as the primary KPMG auditors of LS & Co. in 2002, at the very time in which plaintiffs Thomas Walsh and Robert Schmidt were communicating their concerns to LS & Co.'s senior financial officers regarding LS & Co.'s tax and accounting practices and procedures." (Kay Decl., ¶ 4). Additionally, plaintiffs' counsel attests that Rudd and Zaiken authored a number of emails and that Zaiken also authored a memo summarizing the status of their audit as well as their concerns (i.e ., concerns which purportedly were similar to those raised by plaintiffs).[FN3] *(Id.,* ¶¶ 5-9).

> FN3. Kay's declaration, submitted in support of plaintiffs' reply brief, refers to a number of KPMG documents which apparently were to have been attached as exhibits. However, the referenced exhibits were not filed with the court. Accordingly, the court is left to rely upon plaintiffs' characterization of the referenced documents.

This court finds that plaintiffs have not shown good cause to depose Messrs. Rudd and Zaiken for four days. Indeed, plaintiffs state that they "prefer," but will likely not need, to have each witness appear for four days of examination. Nevertheless, this court is persuaded that more than 3.5 hours will be reasonably necessary for a fair examination of these witnesses. In view of the complexity of issues presented, the alleged role of Rudd and Zaiken in connection with the alleged events in question, and the involvement of multiple parties with a need to depose these individuals, each side will be permitted to depose each witness for an additional 3.5 hours (i.e., each side will have one day of seven hours in which to complete their respective examinations). The time plaintiffs spent examining Rudd during his previous

deposition session on January 26, 2006 shall count against their seven-hour limit.

Although it is true that plaintiffs voluntarily (and perhaps, prematurely) terminated Rudd's prior deposition session, KPMG has not convincingly demonstrated that they should now be barred from deposing him altogether. Nevertheless, the parties are admonished to conduct their examination of these third parties as expeditiously as possible.[FN4] Nothing in this order will preclude a party or witness from seeking appropriate relief if a deposition is conducted in bad faith or in such a manner as to unreasonably annoy, embarrass or oppress the deponent.

> FN4. KPMG argues that plaintiffs' prior examination of Rudd was not as efficient as it could have been insofar as some time was spent examining Rudd about irrelevant matters. Indeed, it appears that some time-albeit only a minute or so-was spent examining Rudd about personal family matters with no apparent relevance to the litigation. (Huser Decl., ¶ 10, Ex. E (Rudd Depo. at 10:1-22)).

### III. ORDER

Based on the foregoing, IT IS ORDERED THAT plaintiffs' "Motion for Order to Increase the Permitted Length of Each KPMG Witness Deposition" is GRANTED IN PART AND DENIED IN PART as follows:

1. The motion as to Troy Rudd and David Zaiken is GRANTED IN PART. Each side will be permitted to depose each witness for one day of seven hours. The time plaintiffs spent examining Rudd during his January 26, 2006 deposition session shall count against their seven-hour limit.

**\*4** 2. The motion is DENIED as to Doug Hart, Dean Kamahale, Marty Skrip, Mike Burke and Jim Sams.

N.D.Cal.,2006.
Schmidt v. Levi Strauss & Co.
Not Reported in F.Supp.2d, 2006 WL 2192054 (N.D.Cal.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

TAB 3

LEXSTAT 7-30 MOORE'S FEDERAL PRACTICE - CIVIL § 30.45

Moore's Federal Practice - Civil

Copyright 2007, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Volume 7: Analysis: Civil Rules 30 - 37A

Chapter 30 Depositions Upon Oral Examination

C. MANNER OF CONDUCTING DEPOSITION

*7-30 Moore's Federal Practice - Civil § 30.45*

### § 30.45 Limitation of Deposition Time

Unless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours.n1  This limitation contemplates that there will be reasonable breaks during the day for lunch and other reasons, and that the only time to be counted is the time occupied by the actual deposition. Also for purposes of the durational limit, the deposition of each person designated under Rule 30(b)(6) is considered a separate deposition.n2

A party seeking a court order to extend the time for examination, or otherwise alter the limitations, is expected to show good cause to justify such an order. The court might consider a variety of factors. For example, if the witness needs an interpreter, that may prolong the examination. If the examination will cover events occurring over a long period of time, that may justify allowing additional time. If there are numerous or lengthy documents with which the witness is not familiar, a court might consider that a reason for extending the time limit. If documents have been requested but not produced, that may justify further examination once production has occurred. In multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning is discouraged. Finally, additional time may be required for the examination of expert witnesses.n3

A party generally should not seek additional time for a deposition before the deposition is taken. Rather, the better practice is for the deposition to go forward to determine how much can be covered in the seven hours. If additional time is needed, counsel then should attempt to stipulate to the extension of time. The parties should seek court intervention for additional time only when such a stipulation cannot be reached.n3.1

The court must allow additional time consistent with Rule 26(b)(2) if needed for a fair examination of the deponent or if the deponent or another person, or other circumstance, impedes or delays the examination.n4  For example, a court may provide additional time to depose a witness who is uncooperative and refuses to answer questions.n4.1  When additional time is required for an uncooperative deponent, the amount of additional time needed will depend on the deponent's behavior.n4.2  "Other circumstance" might include a power outage, a health emergency, or other event.n5

For discussion of time limitations and other deposition controls in complex litigation, see Manual for Complex Litigation § 11.451 (4th ed. 2004).

**FOOTNOTES:**
 (n1) Footnote 1. *Fed. R. Civ. P. 30(d)(2)* .

(n2) Footnote 2. *Fed. R. Civ. P. 30(d)(2)* advisory committee's note (2000) .

7-30 Moore's Federal Practice - Civil § 30.45

(n3) Footnote 3. *Fed. R. Civ. P. 30(d)(2)* advisory committee's note (2000) .

(n4) Footnote 3.1. **Motion for additional time is last resort.** *See Malec v. Trustees of Boston College, 208 F.R.D. 23.* 24 (D. Mass. 2002) (magistrate judge denied defendant's motion for leave to extend deposition, which was filed before deposition commenced, and instructed parties to proceed with deposition and, if needed, attempt to reach stipulation, before approaching court for more time).

(n5) Footnote 4. *Fed. R. Civ. P. 30(d)(2)* .

(n6) Footnote 4.1. **Additional time for deposition of uncooperative deponent.** *See Laplante v. Estano, 226 F.R.D. 439, 440 (D. Conn. 2005)* (magistrate judge ordered plaintiff to submit to second day of deposition because plaintiff and his attorney were "recalcitrant and uncooperative in their refusal to answer questions that seek information which is clearly relevant, not privileged, not overly broad, and not unduly burdensome").

(n7) Footnote 4.2. **Additional time required depends on deponent's conduct.** *See Laplante v. Estano, 226 F.R.D. 439, 440 (D. Conn. 2005)* (rule provides that court must allow additional time needed for *fair* examination of deponent, so number of hours needed depends on deponent's cooperation).

(n8) Footnote 5. *Fed. R. Civ. P. 30(d)(2)* advisory committee's note (2000) .