UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| Russell Carlson, et al. ) | 3:00-CV-1621 (AWT) |
| v.                      ) |  |
| Xerox Corp., et al.     ) |  |
|                         ) |  |
| MASTER CASE             ) |  |
|                         ) |  |
| Florida State Board of Admin., et al. ) | 3:02-CV-1303 (AWT) |
| v.                      ) |  |
| Xerox Corp., et al.     ) |  |
|                         ) | August 17, 2007 |
| MEMBER CASE.            ) |  |

### SUPPLEMENTAL MEMORANDUM REGARDING THE XEROX DEFENDANTS' PARTIAL MOTION TO DISMISS THE AMENDED COMPLAINT

As discussed at the July 30, 2007, status conference, defendants Xerox Corporation ("Xerox"), Paul Allaire, G. Richard Thoman, Barry Romeril, Anne Mulcahy, Philip Fishbach and Gregory Tayler (collectively, the "Xerox Defendants") submit this supplemental memorandum to further inform the Court of the recent decision by the United States Court of Appeals for the Second Circuit, In re WorldCom, Inc. Sec. Litig., No. 05-6979, 2007 U.S. App. LEXIS 17797 (2d Cir. July 26, 2007), which significantly impacts the Xerox Defendants' pending partial motion to dismiss the above-entitled matter.

In their partial motion to dismiss, the Xerox Defendants presented two arguments based on the applicable statutes of limitation and repose. First, the Xerox Defendants argued that plaintiff PPM America, Inc.'s ("PPM") federal claims should be dismissed in their entirety because they were filed more than one year after PPM was on inquiry notice thereof. Second, the Xerox Defendants argued that the federal claims of the remaining plaintiffs, Florida State Board of Administration ("FSBA"), Teachers'

Retirement System of Louisiana ("TRSL") and Franklin Mutual Advisers, LLC ("Franklin"), should be dismissed to the extent that they arose from purchases prior to January 4, 1999, based on the applicable statutes of repose. In support of these arguments, the Xerox Defendants relied in part on Judge Cote's decision in the WorldCom matter, along with various other published opinions, which established that plaintiffs who opt to file individual actions prior to a decision on class certification in a related putative class action, as plaintiffs did here, are not entitled to the benefit of American Pipe tolling. (See Defs.' Mem. at 24-26; Defs.' Reply Mem. at 6-9.)[1]

In its recent decision in WorldCom, the Second Circuit reversed Judge Cote's decision and held that the benefit of American Pipe tolling is available to plaintiffs who file individual claims prior to a decision on class certification. See WorldCom, 2007 U.S. App. LEXIS 17797, at *25-30. While the Second Circuit's decision gives rise to a circuit split and is contrary to the decisions of the vast majority of district courts that have considered the issue[2] -- and therefore may well be reviewed by the Supreme Court of the

---

[1] Citations to "Defs.' Mem." refer to the December 9, 2005, Memorandum in Support of the Xerox Defendants' Partial Motion to Dismiss the Amended Complaint. Citations to "Defs.' Reply Mem." refer to the February 28, 2006, Reply Memorandum in Further Support of the Xerox Defendants' Partial Motion to Dismiss the Amended Complaint.

[2] See Wyser-Pratte Mgmt. Co. v. Telxon Corp., 413 F.3d 553, 569 (6th Cir. 2005) ("The purposes of American Pipe tolling are not furthered when plaintiffs file independent actions before decision on the issue of class certification, but are when plaintiffs delay until the certification issue has been decided."); Newby v. Enron Corp., 465 F. Supp. 2d 687, 715-16 (S.D. Tex. 2006); Levine v. Bally Total Fitness Holding Corp., No. 06 C 1437, 2006 U.S. Dist. LEXIS 95006, at *21-22 (N.D. Ill. Sept. 29, 2006); Irrer v. Milacron, Inc., No. 04-72898, 2006 U.S. Dist. LEXIS 66473, at *17-19 (E.D. Mich. Sept. 18, 2006); Kozlowski v. Sheahan, No. Civ.A. 05 C 5593, 2005 U.S. Dist. LEXIS 32796, at *8-10 (N.D. Ill. Dec. 12, 2005); Teachers' Ret. Sys. of La. v. Qwest Communs. Int'l, Inc., No. 04-cv-0782-REB-CBS, 2005 U.S. Dist. LEXIS 44756, at *15-16 (D. Colo. Sept. 23, 2005); Shaffer v. Combined Ins. Co. of Am., No. 02 C 1774, 2003 U.S. Dist. LEXIS 20689, at *6-9 (N.D. Ill. Nov. 18, 2003); Chazen v. Deloitte & Touche, L.L.P., 247 F. Supp. 2d 1259, 1271-72 (N.D. Ala. 2003), rev'd on

2

United States -- the Xerox Defendants recognize that it is binding upon this Court. As a result, the Xerox Defendants hereby withdraw their Partial Motion to Dismiss the Amended Complaint -- without prejudice to their right to reassert any matters set forth therein upon a subsequent change in controlling authority or upon development of the facts in this case through discovery -- to the extent that it sought an order dismissing PPM's federal claims in their entirety based upon the applicable statutes of limitation.[3]

However, despite the Second Circuit's decision in WorldCom, the Xerox Defendants remain entitled to an order dismissing a portion of plaintiffs' federal claims as time-barred based on the applicable statutes of repose. In the Amended Complaint, plaintiffs FSBA, TRSL and Franklin based their claims on purchases of Xerox common stock "from 1997 through 2000". (See Am. Compl. ¶¶ 15, 18 and 21.) As plaintiffs explicitly acknowledge in their opposition brief with respect to FSBA, TRSL and Franklin, however, the earliest date for which those plaintiffs are entitled to assert a claim is April 16, 1998 -- even with the benefit of American Pipe tolling.[4] (See Pls.' Opp'n

---

other grounds, 88 Fed. Appx. 390 (11th Cir. 2003); Chinn v. Giant Food, Inc., 100 F. Supp. 2d 331, 334-35 (D. Md. 2000); Rahr v. Grant Thornton LLP, 142 F. Supp. 2d 793, 799-800 (N.D. Tex. 2000); In re Brand Name Prescription Drugs Antitrust Litig., No. 94 C 897, MDL 997, 1998 U.S. Dist. LEXIS 12534, at *28-33 (N.D. Ill. Aug. 6, 1998); Stutz v. Minn. Mining Mfg. Co., 947 F. Supp. 399, 403-04 (S.D. Ind. 1996); Chemco, Inc. v. Stone, McGuire & Benjamin, No. 91 C 5041, 1992 U.S. Dist. LEXIS 11657, at *3-6 (N.D. Ill. July 29, 1992); Wachovia Bank & Trust Co. v. Nat'l Student Mktg. Corp., 461 F. Supp. 999, 1011-13 (D.D.C. 1978), rev'd on other grounds, 650 F.2d 342, 346 n.7 (D.C. Cir. 1980).

[3] In addition, in order to streamline the open issues requiring the Court's attention, the Xerox Defendants withdraw those portions of their motion that sought an order (1) dismissing all of the plaintiffs' Section 18 claims in their entirety for failure to plead adherence to the applicable statutes of limitation and repose and (2) dismissing plaintiffs' Section 20(a) claims against defendant Xerox in their entirety for failure properly to allege that Xerox was a "control person" of any primary violator of the 1934 Act.

[4] Claims based on purchases prior to April 16, 1998, arose more than three years prior to the filing of the consolidated amended complaint in the Carlson class action, and

3

Mem. at 23-24 ("[T]hose plaintiffs' claims are timely with respect to all purchases since April 16, 1998.").)[5]  The Xerox Defendants therefore respectfully request an order so limiting their claims.

Finally, with respect to PPM, which bases its claims on purchases "from 1998 through 2000" (see Am. Compl. ¶ 23), plaintiffs have asserted that its federal claims are subject to the expanded limitations and repose periods set forth in the Sarbanes-Oxley Act, Pub. L. No. 107-204, 116 Stat. 745 (2002), and are not, therefore, limited to purchases on or after April 16, 1998.  (See Pls.' Opp'n Mem. at 13-15.)  However, as set forth more fully in the Xerox Defendants' prior memoranda, plaintiffs' argument fails because the filing of an amended complaint does not constitute the commencement of a new "proceeding" sufficient to trigger the application of Sarbanes-Oxley's expanded limitations and repose periods, (see Defs.' Mem. at 28-30; Defs.' Reply Mem. at 6 n.6), and PPM's federal claims are, therefore, subject to the same three-year repose period to which those of the other plaintiffs are subject.  (See Pls.' Opp'n Mem. at 18-19 (stating that if Sarbanes-Oxley does not apply to PPM's claims, "PPM may assert Section 10(b) and Section 18 claims based on purchases as early as April 16, 1998.").  Accordingly, the Xerox Defendants also respectfully request an order limiting PPM's federal claims to those based on purchases on or after April 16, 1998.

---

thus are barred by the applicable statutes of repose.  (See generally Defs.' Mem. at 20-22.)

[5] Citations to "Pls.' Opp'n Mem." refer to the January 31, 2006, Memorandum of Law in Opposition to the Xerox Defendants' Partial Motion to Dismiss the Amended Complaint.

## CONCLUSION

For the reasons stated above, the Xerox Defendants respectfully request that the Court dismiss plaintiffs' Section 10(b), Section 18 and Section 20(a) claims for any purchases that occurred prior to April 16, 1998. The Xerox Defendants withdraw the remainder of their motion to dismiss, without prejudice to their right to reassert any matters set forth therein upon a subsequent change in controlling authority or upon development of the facts in this case through discovery.

Respectfully submitted,

DEFENDANT XEROX CORPORATION

By /s/ Sandra C. Goldstein
  Evan R. Chesler (ct 03177)
  Sandra C. Goldstein (ct 24019)
  Members of the Firm

  CRAVATH, SWAINE & MOORE LLP
  Worldwide Plaza
    825 Eighth Avenue
      New York, NY 10019
        (212) 474-1000

        DEFENDANTS PHILIP FISHBACH, G. RICHARD THOMAN AND ANNE MULCAHY

        By

          /s/ Thomas D. Goldberg / HV
          Thomas D. Goldberg (ct 04386)
          Terence J. Gallagher (ct 22415)
          DAY PITNEY LLP
          One Canterbury Green
          Stamford, CT 06901
          (203) 977-7300


        DEFENDANTS PAUL A. ALLAIRE, BARRY D. ROMERIL AND GREGORY TAYLER

        By

          /s/ John A. Valentine / HV
          John A. Valentine (ct 25941)
          Heather A. Jones (ct 24194)
          WILMER CUTLER PICKERING HALE and DORR LLP
          1875 Pennsylvania Avenue, NW
          Washington, DC 20006
          (202) 663-6000


          Alfred U. Pavlis (ct 08603)
          DALY & PAVLIS, LLC
          107 John Street
          Southport, CT 06890
          (203) 255-6700

Of counsel:
Ivy Thomas McKinney (ct 09351)
Xerox Corporation
800 Long Ridge Road
    Stamford, CT 06904
       (203) 968-3000
Attorney for Xerox Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on August 17, 2007, a copy of the foregoing Supplemental Memorandum Regarding the Xerox Defendants' Partial Motion to Dismiss the Amended Complaint and the accompanying Compendium of Unreported Authority Cited therein were filed electronically or served by mail on any party required to be served who is unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to any party required to be served who is unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF system.


   /s/ Sandra C. Goldstein_____
Sandra C. Goldstein (ct 24019)

Cravath, Swaine & Moore LLP
  Worldwide Plaza
    825 Eighth Avenue
      New York, NY 10019
        Phone: (212) 474-1000
          Fax: (212) 474-3700
            Email: sgoldstein@cravath.com