# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>XEROX CORPORATION, KPMG LLP, )<br>PAUL A. ALLAIRE, G. RICHARD )<br>THOMAN, ANNE MULCAHY, )<br>BARRY D. ROMERIL, )<br>GREGORY TAYLER and )<br>PHILIP FISHBACH )<br>)<br>Defendants. )<br>) | 3:00-CV-1621 (AWT)<br>**ALL CASES**<br><br>October 30, 2007 |

**COMPENDIUM OF UNREPORTED AUTHORITY
CITED IN XEROX DEFENDANTS' MEMORANDUM OF
LAW IN OPPOSITION TO LEAD PLAINTIFFS' MOTION
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 32
TO USE DEPOSITION TESTIMONY FROM A PRIOR PROCEEDING**

**SOURCES** **TAB**

Jackson v. ABC Nissan, Inc., No. CIV 03-563-PHX-SMM,
   2007 WL 274315 (D. Ariz. Jan. 29, 2007) ..................................................................................1

United States Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 97 Civ. 6124 (JGK) (THK),
   2000 U.S. Dist. LEXIS 18719 (S.D.N.Y. Dec. 29, 2000) ..........................................................2

# TAB 1

Slip Copy
Slip Copy, 2007 WL 274315 (D.Ariz.)
**(Cite as: Slip Copy)**

Page 1

Jackson v. ABC Nissan, Inc.
D.Ariz.,2007.
Only the Westlaw citation is currently available.
United States District Court,D. Arizona.
Ernest B. JACKSON, Plaintiff,
v.
ABC NISSAN, INC., et al., Defendants.
No. CIV 03-563-PHX-SMM.

Jan. 29, 2007.

Stephen G. Montoya, Montoya Jimenez PA, Phoenix, AZ, for Plaintiff.
Stephanie K. Osteen, Michael Brett Burns, Akin Gump Strauss Hauer & Feld LLP, Dallas, TX, Tricia Schafer, Mariscal Weeks McIntyre & Friedlander PA, Phoenix, AZ, for Defendants.

STEPHEN M. McNAMEE, United States District Judge.

**\*1** A Final Pretrial Conference was held in this matter on January 3, 2007. At this hearing, the Court deferred ruling on two subjects raised in Defendant's Amended Motion in Limine: (1) whether the depositions of Bill Flock and Dave Arnold, which were taken in a prior lawsuit involving Defendant, are admissible; and, (2) whether alleged remarks or comments directed at persons of other races are admissible. (Dkt 125 at 1-3, 10-11). Having considered the arguments raised by the parties, the Court now issues the following supplemental ruling.

### I. Depositions of Bill Flock and Dave Arnold

Plaintiff intends to offer at trial the deposition testimony of Bill Flock and Dave Arnold. This testimony was given in a prior lawsuit brought by the Equal Employment Opportunity Commission against Pinnacle Nissan, Inc. Defendant contends that the depositions should be excluded because there is no showing that the requirements of Rule 32(a) of the Federal Rules of Civil Procedure have been met. (Dkt 125 at 1). Defendant admits that ABC Nissan was a Defendant in this prior lawsuit, but states that its role was limited because it was sued "only with respect to derivative 'single employer/joint employer' claims because it formerly provided automobile dealership management consulting services to Pinnacle Nissan."(Dkt 125 at 2). Defendant argues that because the work environment and any alleged racial harassment at ABC Nissan's dealership were not at issue in the prior lawsuit, they did not have the same interest or a similar motive to question the deponents as it would have in this lawsuit. *Id.* Defendant further argues that these depositions should be excluded because they are inadmissible hearsay and do not satisfy the requirements for the prior testimony exception to the hearsay rule. The Court agrees in part.

Rule 32(a) states in relevant part:
[w]hen an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor.

Fed.R.Civ.P. Rule 32(a)'s requirements that the prior and present lawsuits involve the same subject matter and the same parties or their representatives or successors in interest "have been construed liberally in light of the twin goals of fairness and efficiency." *Hub v. Sun Valley Co.,* 682 F.2d 776, 778 (9th Cir.1982) ."The accepted inquiry focuses on whether the prior cross-examination would satisfy a reasonable party who opposes admission in the present lawsuit" and "[c]ourts have required only a substantial identity of issues." *Id.*

Here, the Court finds that the requirements of Rule 32(a) have been met because both depositions extensively address whether David Arnold, the former General Sales Manager of ABC Nissan, made a racial slur in the presence of Plaintiff. The deposition of Mr. Flock extensively addresses the investigation of an anonymous complaint of racial discrimination levied against David Arnold as well the working

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:00-cv-01621-AWT   Document 430-2   Filed 10/30/2007   Page 5 of 13

Slip Copy
Slip Copy, 2007 WL 274315 (D.Ariz.)
(Cite as: Slip Copy)

Page 2

environment at ABC Nissan. In addition, the deposition of Mr. Arnold also deals with Mr. Arnold's employment at ABC Nissan and specifically addresses whether Mr. Arnold referred to a customer using a racial slur in the presence of Plaintiff. Accordingly, the Court finds that the prior and present lawsuit involve a substantial identity of issues.

**\*2** However, pursuant to Rule 32(a), a deposition is only admissible at trial "so far as admissible under the rules of evidence applied as though the witness were then present and testifying."Fed.R.Civ.P. Defendant argues that the depositions do not satisfy the requirements for the prior testimony exception to the hearsay rule; however, Plaintiff contends that the depositions are admissible as admissions by a party-opponent. An admission by a party-opponent is not hearsay if the statement is offered against the party and is "a statement by a party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship."Fed.R.Evid. 801(d)(2)(D). In his deposition, Mr. Arnold admitted to referring to an Afro-American customer using a racial slur in the presence of Plaintiff while they were both working at ABC Nissan. Thus, the Court finds that this depositions constitutes an admission by a party-opponent and is therefore not hearsay under the rules of evidence. However, the Court finds that Plaintiff has failed to demonstrate that Mr. Flock was an agent of ABC Nissan and, therefore, will not admit his deposition as an admission by a party-opponent.

Accordingly, the Court will grant Defendant's motion as to the deposition of Mr. Flock, but deny Defendant's motion as to the deposition of Mr. Arnold.

## II. Alleged Remarks About Persons of Others Races

Defendant moves to exclude any evidence or argument regarding alleged derogatory remarks concerning persons of races other than Plaintiff's race. (Dkt. 125 at 10-11). According to Defendant, comments about persons of other races are irrelevant to this lawsuit and, furthermore, the probative value of such comments is substantially outweighed by the dangers of unfair prejudice, confusion and misleading the jury. At the Final Pretrial Conference, Plaintiff argued the remarks are relevant and probative for his claim for punitive damages and the affirmative defense raised by Defendant.

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable. Fed.R.Evid. 401. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.Fed.R.Evid. 403.

The Court will deny Defendant's motion to exclude any evidence or argument regarding alleged derogatory remarks concerning persons of races other than Plaintiff's race. As stated in this Court's previous Order ruling on the motions for summary judgment (Dkt. 104 at 18), comments about other racial groups, when viewed cumulatively with other instances of racial slurs, are relevant to Plaintiff's hostile work environment claim. In addition, the Court finds that these other alleged comments are relevant to Defendant's affirmative defense because they relate to whether Defendant tolerated racial harassment in the workplace and attempted to promptly correct racially harassing behavior.

**\*3** Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion in Limine (Dkt.125) is GRANTED IN PART and DENIED IN PART as follows:

*GRANTED:* The Court will sustain Defendant's objection to the admission of the deposition of Bill Flock.

*DENIED:* The Court will overrule Defendant's objection to the admission of the deposition of Dave Arnold and overrule Defendant's objection to the admission of alleged derogatory remarks concerning persons of races other than Plaintiff's race.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

D.Ariz.,2007.
Jackson v. ABC Nissan, Inc.
Slip Copy, 2007 WL 274315 (D.Ariz.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# TAB 2

LEXSEE 2000 US DIST LEXIS 18719

**UNITED STATES FIDELITY & GUARANTY COMPANY and AMERICAN HOME ASSURANCE, Plaintiffs, -against- BRASPETRO OIL SERVICES CO., et al., Defendants. UNITED STATES FIDELITY & GUARANTY COMPANY and AMERICAN HOME ASSURANCE, Plaintiffs, -against- PETROLEO BRASILEIRO S.A., et al., Defendants.**

**97 Civ. 6124 (JGK) (THK), 98 Civ. 3099 (JGK) (THK)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2000 U.S. Dist. LEXIS 18719*; *48 Fed. R. Serv. 3d (Callaghan) 1266*

**December 28, 2000, Decided
December 29, 2000, Filed**

**DISPOSITION:** [*1] Sureties' application denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff sureties applied for an order providing that the depositions of two former employees of defendant corporation one taken in connection with a state action be treated as if the depositions were taken in the present action.

**OVERVIEW:** Plaintiff sureties applied for an order providing that the depositions of two former employees of defendant corporation one taken in connection with a state action initiated by defendant corporation one, be treated as if they had been taken in this action. Defendant corporation two opposed the request, arguing that it was not party to the state court action, was not invited to and did not attend the state court depositions, and that therefore, under *Fed. R. Civ. P. 32(a)*, the depositions could not be used against them in this action. Defendant corporation one had no objection to the state court depositions being used against it in this action. The court denied the application. Plaintiff's conclusory remarks that defendant corporations one and two shared the same interests in the current litigation, and that their interests were similarly aligned in the state court litigation, were insufficient to establish under the rules that defendant corporation one's interests in examining the witnesses during the state court litigation were sufficiently similar to defendant corporation two's interests in examining them in the context of the present litigation.

**OUTCOME:** Plaintiff's application was denied. Other than several conclusory remarks, plaintiff failed to establish that defendant corporation one's interest in examining the two witnesses in the state action was sufficiently similar to defendant corporation two's interest in examining them in the present action to permit the use of the depositions.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN1] *Fed. R. Civ. P. 32(a)* governs the use of depositions in court proceedings.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN2] See *Fed. R. Civ. P. 32(a)(4)*.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN3] A party seeking to make use of depositions under *Fed. R. Civ. P. 32(a)* bears the burden of establishing that the requirements of the rule have been met.

2000 U.S. Dist. LEXIS 18719, *1; 48 Fed. R. Serv. 3d (Callaghan) 1266

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN4] In the context of utilizing depositions from a previous case in a subsequent case under *Fed. R. Civ. P. 32(a) (4)*, the relevant inquiry is whether the party-opponent in the prior case had the same motive and opportunity to cross-examine the deponent as the present opponent.

*Civil Procedure > Discovery > Methods > Oral Depositions*
[HN5] As a general matter, a corporation cannot be required to produce a former officer or agent for deposition since it does not have control over him.

**COUNSEL:** For ANN D. KUSCH, appellant (98-CV-6124): James F. Rittinger, Bernard M. Althoff, Satterlee, Stephens, Burke & Burke, L.L.P., New York, NY.

For EDWIN B. MISHKIN, SIPC, appellee (98-CV-6124): Mitchell A. Lowenthal, Cleary, Gottlieb, Steen & Hamilton, New York, NY.

For NATIONAL SECURITIES CLEARING CORPORATION, appellee (98-CV-6124): Toni C. Lichstein, Milbank, Tweed, Hadley & McCloy, New York, NY.

For SECURITIES INVESTOR PROTECTION CORPORATION, appellee (98-CV-6124): David W. Wiltenburg, Hughes, Hubbard & Reed, L.L.P., New York, NY.

For UNITED STATES FIDELITY AND GUARANTY COMPANY, AMERICAN HOME ASSURANCE COMPANY, plaintiffs (98-CV-3099): Andrew J. Lorin, Wolf, Block, Schorr and Solis-Cohen L.L.P., New York, NY.

For PETROLEO BRASILEIRO S.A. - PETROBRAS, defendant (98-CV-3099): Howard L. Vickery, II, Cameron & Hornbostel, LLP, New York, NY.

For SEQUIP PARTICIPACOES S.A., INDUSTRIAS VEROLME-ISHIBRAS S.A., IVI INTERNATIONAL, LTD. S.A., SADE VIGESA S.A., SV ENGENHARIA S.A., defendants (98-CV-3099): John W. Dreste, Ernstrom & Dreste, LLP, Rochester, NY.

For SADE VIGESA S.A., defendant (98-CV-3099): J. Peter Coll, Jr., Orrick, Herrington & Sutcliffe LLP, John G. Lipsett, Forsythe, Patton, Ellis, Lipsett & Savage, New York, NY.

For SADE VIGESA CORPORATION OF AMERICA, SADE VIGESA (CHILE) S.A., INEPAR ADMINISTRACAO, INEPAR INDUSTRIA E CONSTRUCOES, S.A., SADE VIGESA INDUSTRIAL E SERVICIOS S.A., defendants (98-CV-3099): J. Peter Coll, Jr., Jeffrey A. Conciatori, Kristen Bancroft, Orrick, Herrington & Sutcliffe, L.L.P., New York, NY.

For INTERNACIONAL DE ENGHARIA S.A., defendant (98-CV-3099): Jeffrey A. Conciatori, Orrick, Herrington & Sutcliffe, L.L.P., New York, NY.

For INEPAR ADMINISTRACAO, INEPAR INDUSTRIA E CONSTRUCOES, S.A., SADE VIGESA S.A., SADE VIGESA CORPORATION OF AMERICA, SADE VIGESA INDUSTRIAL E SERVICIOS S.A., cross-claimants (98-CV-3099): J. Peter Coll, Jr, Orrick, Herrington & Sutcliffe LLP, NY, NY.

For SADE VIGESA INDUSTRIAL E SERVICIOS S.A., SADE VIGESA CORPORATION OF AMERICA, INEPAR ADMINISTRACAO, INEPAR INDUSTRIA E CONSTRUCOES, S.A., cross-claimants (98-CV-3099): Jeffrey A. Conciatori, Orrick, Herrington & Sutcliffe, L.L.P., New York, NY.

For SEQUIP PARTICIPACOES S.A., INDUSTRIAS VEROLME-ISHIBRAS S.A., IVI INTERNATIONAL, LTD. S.A., SADE VIGESA S.A., SV ENGENHARIA S.A., cross-claimants (98-CV-3099): John W. Dreste, Ernstrom & Dreste, LLP, Rochester, NY.

For SADE VIGESA S.A., cross-claimant (98-CV-3099): John G. Lipsett, Forsythe, Patton, Ellis, Lipsett & Savage, New York, NY.

For SADE VIGESA INDUSTRIAL E SERVICIOS S.A., SADE VIGESA CORPORATION OF AMERICA, INEPAR ADMINISTRACAO, cross-claimants (98-CV-3099): Kristen Bancroft, Orrick, Herrington & Sutcliffe, L.L.P., New York, NY.

For SEQUIP PARTICIPACOES S.A., SV ENGENHARIA S.A., cross-defendants: John W. Dreste, Ernstrom & Dreste, LLP, Rochester, NY.

For SADE VIGESA CORPORATION OF AMERICA, SADE VIGESA (CHILE) S.A., INTERNACIONAL DE

2000 U.S. Dist. LEXIS 18719, *1; 48 Fed. R. Serv. 3d (Callaghan) 1266

ENGHARIA S.A., INEPAR ADMINISTRACAO, INEPAR INDUSTRIA E CONSTRUCOES, S.A., cross-defendants (98-CV-3099): Jeffrey A. Conciatori, Orrick, Herrington & Sutcliffe, L.L.P., New York, NY.

For INEPAR ADMINISTRACAO, INEPAR INDUSTRIA E CONSTRUCOES, S.A., SADE VIGESA (CHILE) S.A., SADE VIGESA INDUSTRIAL E SERVICIOS S.A., cross-defendants (98-CV-3099): J Peter Coll, Jr., Orrick, Herrington & Sutcliffe LLP, NY, NY.

For PETROLEO BRASILEIRO S.A. - PETROBRAS, cross-defendant (98-CV-3099): Howard L. Vickery, II, Cameron & Hornbostel, LLP, New York, NY.

For PETROLEO BRASILEIRO S.A. - PETROBRAS, cross-defendant (98-CV-3099): Larry W. Thomas, Cameron & Hornbostel, Duncan Hume Cameron, Cameron & Hornbostel, LLP, Washington, DC.

For SADE VIGESA (CHILE) S.A., INEPAR ADMINISTRACAO, INEPAR INDUSTRIA E CONSTRUCOES, S.A., SADE VIGESA INDUSTRIAL E SERVICIOS S.A., cross-defendants (98-CV-3099): Kristen Bancroft, Orrick, Herrington & Sutcliffe, L.L.P., New York, NY.

For INDUSTRIAS VEROLME-ISHIBRAS S.A., third-party plaintiff (98-CV-3099): John W. Dreste, Ernstrom & Dreste, LLP, Rochester, NY.

**JUDGES:** THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** THEODORE H. KATZ

**OPINION**

**MEMORANDUM OPINION AND ORDER**

**THEODORE H. KATZ, UNITED STATES MAGISTRATE JUDGE.**

Presently before the Court is an application of the plaintiff-sureties for an order providing that the depositions of two former employees of Marubeni America Corporation ("MAC"), Hiro Tamba and Nasazumi Hazegawa, taken in March 1999 in connection with the MAC payment bond action in New York state court, be treated as if they had been taken in this action. *See* Letter of Jacob C. Cohn, Esq., dated November 10, 2000 ("Cohn Letter"). The Petrobras defendants oppose this request, arguing that they were not parties to the state court action, were not invited to and did not attend the state court depositions, and that therefore, under *Federal Rule of Civil Procedure 32(a)*, the depositions may not be used against them in this action. *See* Letter of Howard L. Vickery, Esq., dated November 17, 2000 ("Vickery Letter"). MAC has no objection to the state court depositions being used against it, for evidentiary purposes, in this action. *See* Letter of Edward Flanders, Esq., dated November 16, 2000 ("Flanders **[*2]** Letter"). MAC was a party to the state court action and defended the depositions in issue. Nevertheless, in view of Petrobras' position that it has never had an opportunity to question these witnesses, and because MAC may wish to call Mr. Tamba as a witness in this action, MAC has agreed to ask Mr. Tamba (through his current employer Marubeni Corporation ["Marubeni"]) to appear for deposition in Japan where he lives and works, and it appears that he has voluntarily agreed to do so. [1] *See id.*

> 1 MAC declines to make any request of Mr. Hazegawa to comply with the sureties' deposition notice, because he is presently not its employee, officer, director or managing agent, and it has no intention of calling him as a witness in this action.

The sureties argue first that the state court depositions should be fully admissible in this action against the Petrobras defendants, because Petrobras' and MAC's interests are closely aligned, and Petrobras' interests were fully represented by MAC at the state court depositions. **[*3]** *See* Cohn Letter. In the event the Court determines otherwise, and holds that the Petrobras defendants and the Japanese banks should have the opportunity to examine these individuals in this action, the sureties argue that MAC should be directed to produce these witnesses in New York for their depositions because they are under MAC's control. *See id.* For the following reasons, the sureties' application is denied.

*I. Admissibility of the Depositions*

[HN1] *Rule 32(a) of the Federal Rules of Civil Procedure* governs the use of depositions in court proceedings. Most relevant to the sureties' request, the final paragraph of *Rule 32(a) (4)* addresses when depositions taken in prior proceedings may be treated as if they have been taken in a subsequent proceeding.

2000 U.S. Dist. LEXIS 18719, *3; 48 Fed. R. Serv. 3d (Callaghan) 1266

[HN2] *Rule 32(a) (4)* provides, in pertinent part:

> . . . . when an action has been brought in any court of the United States or of any State and another action involving the same subject matter is afterward brought between the same parties or their representatives or successors in interest, all depositions lawfully taken and duly filed in the former action may be used in the latter as if originally taken therefor.

*Fed.* [*4] *R. Civ. P. 32(a) (4)*. [2] [HN3] The party seeking to make use of depositions under *Rule 32(a)*, in this case the sureties, bears the burden of establishing that the requirements of the Rule have been met. *Cf. Allgeier v. United States, 909 F.2d 869 (6th Cir. 1990)* ("The party seeking to admit a deposition at trial must prove that the requirements of *Rule 32(a)* have been met."); *Frazier v. Forgione, 881 F. Supp. 879, 880 (W.D.N.Y. 1995)* (finding that where plaintiff sought to admit deposition testimony under *Fed. R. Civ. P. 32(a) (3) (B)*, it was his burden to establish that the Rule's requirement were satisfied); *Paramount Payphones, Inc. v. Branch, 256 B.R. 341, 2000 Bankr. LEXIS 1531, 2000 WL 1863110*, at *1 (Bankr. M.D.Fla. 2000) (where plaintiff sought to have depositions taken in a prior proceeding treated as if they had been taken in a subsequent proceeding, plaintiff bore the burden of establishing that the depositions conformed to the requirements of *Fed. R. Civ. P. 32(a) (4)*).

> 2 Once the requirements of this last paragraph of *Rule 32(a) (4)* are satisfied, and the depositions taken in a prior proceeding are thus considered as if they have been taken in the subsequent action, the use of these depositions at trial is then determined under the other provisions of *Rule 32* as well as the Federal Rules of Evidence. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2142 at 159 (2d ed. 1994) ("In considering the use of depositions at a trial or hearing, it is helpful to remember that the problem has two aspects. First, the conditions set forth in *Rule 32(a)* must exist before the deposition can be used at all. Second . . . . it must be determined whether the matters contained in it are admissible under the rules of evidence."); *Kolb v. County of Suffolk, 109 F.R.D. 125, 127 (E.D.N.Y. 1985)* (citing Wright & Miller); *but see* 7 James Wm. Moore, et. al., Moore's Federal Practice P32.63[3] (3d ed. 2000) ("the Federal Rules of Evidence permit a broader use of depositions taken under certain circumstances"); *Angelo v. Armstrong World Indus., Inc., 11 F.3d 957, 962-963 (10th Cir. 1993)* (stating that *Fed. R. Civ. P. 32(a)* and the Federal Rules of Evidence are independent grounds for admitting depositions at trial). The sureties cite *Fed. R. Evid. 804(b) (1)* in support of their application, *see* Cohn Letter at 2 n. 2, but its relevance to their application is unclear. *Fed. R. Evid. 804(b) (1)* provides a hearsay exception for former testimony where a witness is unavailable, and governs the admissibility of that testimony at trial. The application before the Court simply seeks to have the depositions of Messrs. Tamba and Hazegawa treated as if they had been taken in the instant action. It would be premature at this stage for the Court to determine the extent of their admissibility at trial, especially without information from the sureties about whether the witnesses will be unavailable, as is required under *Fed. R. Evid. 804(b) (1)*.

[*5] In making their application to the Court, the sureties did not cite to *Rule 32(a) (4)*, nor did they conduct any analysis explicitly tailored to the Rule's requirements. Perhaps as a result, they failed to address, in any concrete manner, the Rule's first requirement - that the prior and subsequent litigation involve the same subject matter. Although the sureties make a passing reference to the state court litigation as being "related" to the instant action, *see* Cohn Letter, they have not provided the Court with any specific analysis of the ways in which the two actions are related, much less whether any similarity is sufficient to satisfy the requirements of *Rule 32(a) (4)*. Nevertheless, since the defendants have not argued that the subject matter of the state court litigation is not substantially related to the subject matter of this litigation, and in light of the fact that "most courts liberally construe the 'same subject matter' . . . requirement in light of the twin goals of fairness and efficiency," 7 James Wm. Moore, et. al., Moore's Federal Practice P32.63[3] (3d ed. 2000), for the purposes of this application, the Court will assume that the subject matters of the two [*6] litigations are substantially related.

The sureties' arguments consist largely of generalized statements that MAC and the Petrobras

Case 3:00-cv-01621-AWT   Document 430-2   Filed 10/30/2007   Page 12 of 13

Page 5

2000 U.S. Dist. LEXIS 18719, *6; 48 Fed. R. Serv. 3d (Callaghan) 1266

defendants are "closely aligned in interest," as evidenced by the assertion of a joint defense privilege in this action, and "were similarly aligned" during the state court litigation. [3] *See* Cohn Letter. In addition, the sureties assert that the interests of the Petrobras defendants were "fully represented" by MAC at the state court depositions. *See id.* Ostensibly, these arguments address the second requirement of *Rule 32(a) (4)*, which requires that the prior and subsequent actions be "brought between the same parties or their representatives or successors in interest." *Fed. R. Civ. P. 32(a) (4)*.

> 3  The Petrobras and MAC defendants deny that they have a joint defense agreement. *See* Vickery Letter; Flanders Letter.

No one disputes that the Petrobras defendants were not parties to the state court litigation. [4] In determining whether MAC's relationship to the Petrobras [*7] defendants falls within the scope of [HN4] *Rule 32(a) (4)*, the relevant inquiry is "whether the party-opponent in the prior case had the same motive and opportunity to cross-examine the deponent as the present opponent." *Bankers Trust Co. v. Rhoades, 108 B.R. 423 (S.D.N.Y. 1989)*; *see also Hertz v. Graham, 23 F.R.D. 17, 22 (S.D.N.Y. 1958)*, *aff'd*, 292 F.2d 443 (2d Cir.), *cert. denied*, 368 U.S. 929, 82 S. Ct. 366, 7 L. Ed. 2d 192 (1961). The sureties' conclusory remarks that MAC and Petrobras share the same interests in the current litigation, and that their interests were "similarly aligned" in the state court litigation, are simply insufficient to establish that MAC's interests in examining Messrs. Tamba and Hazegawa during the state court litigation are sufficiently similar to Petrobras' interests in examining them in the context of this litigation. First, although Petrobras and MAC are both defendants in the instant litigation, it is far from clear that their interests are co-extensive. *See* Flanders Letter ("Although the interests of MAC and Petrobras may coincide in certain instances [for example, each deny being [*8] a party to the Sureties' illusory conspiracy theory . . .], they diverge in many other and substantial respects."). Second, even to the extent that MAC's and the Petrobras defendants' interests are aligned in the instant case, the sureties' have provided no analysis of how their interests were "similarly aligned" in the state court litigation, nor of how any alignment of their interests would have led MAC and the Petrobras defendants to share a common motivation with regard to examining Messrs. Tamba and Hazegawa. Counsel for the Petrobras defendants has described at least one area in which the deponents' deposition testimony is potentially harmful to the Petrobras defendants, and irrelevant to MAC. *See* Vickery Letter. Thus, MAC would have had no motive to examine the deponents on this subject, while Petrobras would. Furthermore, any argument by the sureties that counsel for MAC had Petrobras' interests in mind during the state court depositions would also be unavailing, as counsel for MAC has made it clear that he "was not representing Petrobras' interests at [the state court] depositions [of Messrs. Tamba and Hazegawa]." Flanders Letter.

> 4  MAC initiated the state court action against the sureties in an attempt to collect on a payment bond issued by the sureties. Under the bond, the sureties had agreed that upon the default of IVI (the construction consortium), the sureties would pay MAC any amount remaining due for its sale to IVI of equipment used in connection with the P-19 Project. Neither Petrobras nor Brasoil was a party to the payment bond action; nor were they present at or served with notice of the depositions.

[*9] In sum, the depositions of Messrs. Tamba and Hazegawa, taken in the state court litigation between MAC and the sureties, do not satisfy the requirements of *Fed. R. Civ. P. 32(a) (4)*, and the Court therefore denies the sureties' request to be permitted to treat the depositions as if they had been taken in the instant litigation.

## II. Production of Messrs. Tamba and Hazegawa

The sureties request that in the event that the Petrobras defendants are held to be entitled to an opportunity to cross-examine Messrs. Tamba and Hazegawa at a further deposition, MAC should be directed to produce these witnesses in New York. *See* Cohn Letter. Although neither witness is presently an employee of MAC and both are living and working in Japan, the sureties argue that the witnesses are employed or controlled by MAC's parent, the Marubeni Corporation, and that MAC has a close enough relationship with its parent to obtain the presence of the witnesses for depositions in the United States. Moreover, since Marubeni is the guarantor of the Japanese banks' loan to Brasoil on the P-19 Project, and thus has an interest in MAC's success in this litigation, and because MAC intends to produce Mr. Tamba [*10] as a trial witness in New York, it is argued that MAC has the ability to arrange for these witnesses to come to New

2000 U.S. Dist. LEXIS 18719, *10; 48 Fed. R. Serv. 3d (Callaghan) 1266

York for their depositions. *See* Cohn Letter.

However, Tamba and Hazegawa are no longer MAC's employees, and MAC correctly notes that it is only obligated to produce its officers, directors, or managing agents for deposition. *See Boss Manufacturing Co. v. Hugo Boss AG, 1999 U.S. Dist. LEXIS 133*, *6, No. 97 Civ. 8495 (SHS) (MHD), 1999 WL 20828, at *2 (S.D.N.Y. Jan. 13, 1999)* ("[HN5] As a general matter, a corporation cannot be required to produce a former officer or agent for deposition since it does not have control over him.") (citations omitted); *see also United States v. Afram Lines (USA) Ltd., 159 F.R.D. 408, 413 (S.D.N.Y. 1994)* ("[A] corporate employee or agent who does not qualify as an officer, director or managing agent is not subject to deposition by notice.") Moreover, early in this litigation, Judge Koeltl ordered that as a general matter, depositions were to be taken where deponents lived and worked, unless a deponent regularly commutes to New York. *See* Scheduling Order, dated December 15, 1999; *see also Devlin v. Transp. Communications Int'l Union, 2000 U.S. Dist. LEXIS 264*, Nos. 95 Civ. 0742, 95 Civ. 10838 (JFK) (JCF), 2000 WL 28173, **[*11]** at *3 (S.D.N.Y. Jan. 14, 2000). Consistent with this Order, MAC advised the sureties as long ago as January 2000, that it would not produce non-employees in New York. *See* Flanders Letter, at 3. There are means of taking depositions in Japan, and MAC has asked Mr. Tamba to make himself available for such a deposition. [5] Accordingly, the Court declines to enter an order requiring MAC to produce Messrs. Tamba and Hazegawa for deposition in New York.

> 5   The Court is advised that in the event the sureties are unsuccessful on the instant motion, as a back-up measure they have begun the process of noticing Mr. Tamba's deposition in Japan. *See* Letter of Jacob C. Cohn, Esq., dated November 27, 2000, attached to Letter of Jacob C. Cohn, Esq., dated December 1, 2000.

SO ORDERED.

THEODORE H. KATZ

UNITED STATES MAGISTRATE JUDGE

Dated: December 28, 2000

New York, New York