UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Russell Carlson, et al. ) | | 3:00-CV-1621 (AWT) |
| v. ) | | |
| Xerox Corp., et al. ) | | |
| ) | | |
| MASTER CASE ) | | |
| ) | | |
| Florida State Board of Admin., et al. ) | | 3:02-CV-1303 (AWT) |
| v. ) | | |
| Xerox Corp., et al. ) | | |
| ) | | November 9, 2007 |
| MEMBER CASE. ) | | |

## XEROX DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

In accordance with the Stipulation and Order dated July 25, 2005, as granted and so ordered on September 7, 2005, Defendants Xerox Corporation ("Xerox"), Paul A. Allaire, G. Richard Thoman, Barry D. Romeril, Anne Mulcahy, Philip Fishbach and Gregory Tayler (the "Individual Defendants", and together with Xerox, the "Xerox Defendants"), upon personal knowledge and/or upon information and belief, hereby answer the Amended Complaint in Florida State Bd. of Admin., et al. v. Xerox Corp., et al., dated October 3, 2002 (the "Complaint"), as follows:[1]

1.  Deny the averments of paragraph 9, except admit that Xerox restated and revised certain financial results in a Form 10-K for the year-ended 2000 filed with the Securities and Exchange Commission ("SEC") on June 7, 2001, and further admit that Xerox restated and

---

[1] The November 12, 2002, letter in which Plaintiffs set forth their view of the unique factual allegations in this matter includes a reference to paragraph 261 of the Complaint. However, the accompanying text makes clear that the reference is intended to be to paragraph 251. Accordingly, the Xerox Defendants herein answer the allegations contained in paragraph 251, rather than 261, of the Complaint.

revised certain financial results in a Form 10-K for the year-ended 2001 filed with the SEC on June 28, 2002, and refer to those Form 10-Ks for the contents thereof.

    2.    Deny the averments of paragraph 60.

    3.    Deny the averments of the first sentence of paragraph 61, except admit, on information and belief, that the <u>Wall Street Journal</u> published an article concerning Xerox on June 28, 2002, and refer to that article for its contents.  Deny the averments of the second sentence of paragraph 61, except admit, on information and belief, that the <u>Daily Telegraph (London)</u> published an article concerning Xerox on July 13, 2002, and refer to that article for its contents.  Deny the averments of the final two sentences of paragraph 61, except admit, on information and belief, that former SEC Chairman Harvey Pitt appeared on the program "This Week" on ABC on June 30, 2002, and refer to a transcript of that broadcast for its contents.

    4.    Deny the averments of paragraph 72 and refer to FASB No. 13, FASB No. 27, FASB Comment No. 1, FASB Technical Bulletin No. 90-1 and FASB Statement of Financial Concepts No. 5 for the contents thereof.

    5.    Decline to respond to the averments of paragraph 76 as they call for a legal conclusion to which no response is required and refer to Statement of Financial Accounting Concepts No. 6 for its contents.

    6.    Deny the averments of paragraph 90.

    7.    Decline to respond to the averments of paragraph 100 as they call for a legal conclusion to which no response is required and refer to APB Opinion No. 16 and FASB Statement No. 38 for the contents thereof.

    8.    Deny the averments of paragraph 141, except admit that Xerox issued a press release on April 22, 1997, and refer to that release for its contents.

9. Deny the averments of paragraph 142, except admit that Xerox issued a press release on July 24, 1997, and refer to that release for its contents.

10. Deny the averments of paragraph 143, except admit that Xerox issued a press release on October 23, 1997, and refer to that release for it contents and refer to the public record for the contents of contemporaneous public analyst reports.

11. Deny the averments of paragraph 159, except admit that Xerox issued a press release on January 23, 1998, and refer to that release for its contents and refer to press releases issued by Xerox during 1997 for the contents thereof.

12. Deny the averments of paragraph 180, except state that they are without knowledge or information sufficient to form a belief as to whether Prudential Securities issued an analyst report concerning Xerox on March 16, 2000, and state, on information and belief, that Prudential Securities issued an analyst report concerning Xerox on March 21, 2000, and refer to that report for its contents.

13. Deny the averments of paragraph 181.

14. Deny the averments of paragraph 183, except admit, on information and belief, that Prudential Securities issued an analyst report concerning Xerox on April 26, 2000, and refer to that report for its contents.

15. Deny the averments of paragraph 185, except admit that Xerox issued a press release on May 11, 2000, and refer to that release for its contents.

16. Deny the averments of paragraph 186.

17. Deny the averments of paragraph 187, except admit that Xerox issued a press release on May 18, 2000, and refer to that release for its contents.

18. Deny the averments of paragraph 188.

19. Deny the averments of paragraph 215, except admit, on information and belief, that the <u>Wall Street Journal</u> published an article concerning Xerox on February 6, 2001, and refer to that article for its contents.

20. Deny the averments of paragraph 216, except admit, on information and belief, that the <u>Wall Street Journal</u> published an article concerning Xerox on February 6, 2001, and refer to that article for its contents.

21. Deny the averments of paragraph 221, except admit that in 1999-2000 Xerox considered a proposal named "Project Mozart" in connection with certain of its small and home office products and that Xerox ultimately decided not to implement that proposal.

22. Deny the averments of paragraph 247 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, decline to respond to the averments of paragraph 247 to the extent they call for a legal conclusion to which no response is required, state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind and conduct and refer to SAS No. 82 for its contents.

23. Deny the averments of paragraph 251 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, decline to respond to the averments of paragraph 251 to the extent they call for a legal conclusion to which no response is required, state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind and conduct and refer to SFAS 94 for its contents.

24. Deny the averments of the first and second sentences of paragraph 256. Deny the averments of the third and fourth sentences of paragraph 256, except admit that KPMG was aware of Xerox's policies concerning accounting for lease modifications, admit that KPMG and Xerox discussed Xerox's policies concerning accounting for lease modifications at various

times, including during 1999, admit that, following discussions with KPMG in early 1999, Xerox reduced the amount of revenue that it recognized as the result of current period lease modifications, and admit that KPMG issued an unqualified audit opinion with respect to Xerox's 1999 financial statements. Deny the remaining averments of paragraph 256 to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, decline to respond to the averments of paragraph 256 to the extent they call for a legal conclusion to which no response is required, state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind and conduct and refer to GAAS for its contents.

25. Deny the averments of paragraph 258(a) to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, decline to respond to the averments of paragraph 258(a) to the extent they call for a legal conclusion to which no response is required, state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind and conduct and refer to GAAS for its contents.

26. Deny the averments of paragraph 258(d) to the extent they allege any wrongdoing on the part of any of the Xerox Defendants, decline to respond to the averments of paragraph 258(d) to the extent they call for a legal conclusion to which no response is required, state that they are without knowledge or information sufficient to form a belief as to KPMG's state of mind and conduct and refer to GAAS for its contents.

**GENERAL DENIALS**

27. Except as otherwise expressly admitted in paragraphs 1 through 26 above, the Xerox Defendants deny each and every allegation contained in the paragraphs or subparagraphs of the Complaint that are referenced in this Answer, including, without limitation, the headings and subheadings contained in the Complaint, and specifically deny liability to

Plaintiffs, or that Plaintiffs have suffered any legally cognizable damages for which the Xerox Defendants are responsible.

28. In accordance with the Stipulation and Order dated July 25, 2005, as granted and so ordered on September 7, 2005, the Xerox Defendants are not at this time required to answer any allegations in the Complaint other than those that are set forth in plaintiffs' letter of November 12, 2002, a copy of which is attached as Exhibit A to the July 25, 2005, Stipulation. As a result, the Xerox Defendants neither admit nor deny any of the factual allegations contained in any paragraph or subparagraph other than those specifically referenced herein, except that the Xerox Defendants deny any allegation of wrongdoing.

## AFFIRMATIVE AND OTHER DEFENSES

29. The Xerox Defendants assert the following affirmative and other defenses. Except where expressly noted, each defense is asserted by each of the Xerox Defendants. In asserting these defenses, the Xerox Defendants do not assume the burden of establishing any fact or proposition where that burden is properly imposed on Plaintiffs. The Xerox Defendants expressly reserve the right to supplement, amend or delete any or all of the following defenses, as warranted by discovery or other investigation, or as justice may require.

## FIRST DEFENSE

30. The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

31. The Complaint fails to plead fraud with particularity as required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995.

**THIRD DEFENSE**

32. The Xerox Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by lack of standing.

**FOURTH DEFENSE**

33. The Xerox Defendants are not liable because Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

**FIFTH DEFENSE**

34. The Xerox Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking and satisfied the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

**SIXTH DEFENSE**

35. The Xerox Defendants are not liable as Plaintiffs' claims are barred, in whole or in part, because, assuming there were any untruths or omissions as alleged in the Complaint (and the Xerox Defendants deny there were any), Plaintiffs knew or should have known of such untruth or omission.

**SEVENTH DEFENSE**

36. The Xerox Defendants are not liable as Plaintiffs' claims are barred, in whole or in part, because Plaintiffs voluntarily assumed the risk of the losses alleged in the Complaint.

**EIGHTH DEFENSE**

37. The Xerox Defendants are not liable because they did not act knowingly, recklessly or negligently as to any alleged material misstatement or omission.

**NINTH DEFENSE**

38. The Xerox Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and in the exercise of reasonable care could not have known, of the purported untruths, misstatements and/or omissions alleged in the Complaint.

**TENTH DEFENSE**

39. The Xerox Defendants are not liable because they acted in good faith and in reasonable reliance upon the work, opinions, information, representations and advice of others upon whom the Xerox Defendants were entitled to rely.

**ELEVENTH DEFENSE**

40. The Xerox Defendants are not liable because assuming there were any untruths or omissions as alleged in the Complaint (and the Xerox Defendants deny there were any), those alleged untruths or omissions were not made with the intent to induce Plaintiffs to act in reliance thereon.

**TWELFTH DEFENSE**

41. The Xerox Defendants are not liable because Plaintiffs' claims under Section 18 of the Securities Exchange Act of 1934 are barred because Plaintiffs did not actually rely upon purported misrepresentations or omissions contained in Xerox documents filed with the SEC.

**THIRTEENTH DEFENSE**

42. The Xerox Defendants are not liable to the extent that Plaintiffs' claims under Section 18 of the Securities Exchange Act of 1934 are based on statements made in

portions of Xerox's Form 10-Qs that are not deemed to be "filed" for purposes of liability under Section 18.

### FOURTEENTH DEFENSE

43. The Xerox Defendants are not liable because some or all of the matters now alleged in the Complaint to be the subject of misrepresentations or omissions were disclosed publicly or were in the public domain and, as such, were available to Plaintiffs and were at all times reflected in the market price of Xerox securities.

### FIFTEENTH DEFENSE

44. The Xerox Defendants are not liable because some or all of the matters now alleged in the Complaint to be the subject of misrepresentations or omissions were not material.

### SIXTEENTH DEFENSE

45. The Xerox Defendants are not liable as Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Complaint did not affect the market price of Xerox securities.

### SEVENTEENTH DEFENSE

46. Plaintiffs cannot recover against the Xerox Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and they will be otherwise unable to establish that they relied upon the purported misstatements and omissions alleged in the Complaint.

## EIGHTEENTH DEFENSE

47. The Xerox Defendants are not liable because the Plaintiffs did not rely, or could not have reasonably or justifiably relied, upon the purported misstatements or omissions alleged in the Complaint.

## NINETEENTH DEFENSE

48. Plaintiffs cannot recover against the Xerox Defendants because Plaintiffs will be unable to establish that the purported misstatements and omissions alleged in the Complaint were the cause of Plaintiffs' decisions to purchase Xerox securities on the terms of their investments.

## TWENTIETH DEFENSE

49. Plaintiffs cannot recover against the Xerox Defendants because the losses, if any, sustained by Plaintiffs were not proximately caused by, and resulted from causes other than, the acts and occurrences alleged in the Complaint.

## TWENTY-FIRST DEFENSE

50. The Xerox Defendants are not liable because to the extent that Plaintiffs have been damaged, if at all, their failure to mitigate their damages bars recovery.

## TWENTY-SECOND DEFENSE

51. The Xerox Defendants are not liable because Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the Securities Exchange Act of 1934 to reflect only the Xerox Defendants' percentage of responsibility, if any.

## TWENTY-THIRD DEFENSE

52. Plaintiffs cannot recover against the Xerox Defendants, in whole or in part, because the Xerox Defendants are entitled to proper offsets for any settlements Plaintiffs enter into, or any amounts Plaintiffs otherwise receive from any source, in connection with Plaintiffs' alleged losses.

## TWENTY-FOURTH DEFENSE

53. Plaintiffs cannot recover against the Xerox Defendants, in whole or in part, because the Xerox Defendants are entitled to proper offsets to the extent that Plaintiffs sold any shares of Xerox stock during a time when Plaintiffs allege that the price of that stock was artificially inflated.

## TWENTY-FIFTH DEFENSE

54. The Xerox Defendants are not liable because they neither owed nor breached any duty to Plaintiffs to disclose information with respect to the purported misrepresentations or omissions alleged in the Complaint.

## TWENTY-SIXTH DEFENSE

55. The Xerox Defendants are not liable because the Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative and/or contributory negligence.

## TWENTY-SEVENTH DEFENSE

56. The Xerox Defendants are not liable, in whole or in part, because Plaintiffs were not in privity with the Xerox Defendants with respect to the sales of securities alleged in the Complaint, nor did the Xerox Defendants solicit the sales of securities alleged in the Complaint.

### TWENTY-EIGHTH DEFENSE

57. Plaintiffs will be unable to recover against the Xerox Defendants to the extent the Complaint alleges violation of Louisiana common law because there is no cause of action for common law fraud under Louisiana law.

### TWENTY-NINTH DEFENSE

58. The Xerox Defendants are not liable because, and to the extent that, Plaintiffs' state law claims are preempted by the terms of the Securities Litigation Uniform Standards Act of 1998.

### THIRTIETH DEFENSE

59. Plaintiffs will be unable to recover against the Xerox Defendants on their Florida or Louisiana Blue Sky Law claims because the Complaint fails to allege that the securities sales at issue occurred in Florida or Louisiana, respectively.

### THIRTY-FIRST DEFENSE

60. Allegations in complaints filed by the SEC as part of the settlements between the SEC and certain Xerox Defendants have no preclusive effect or evidentiary weight.

### THIRTY-SECOND DEFENSE

61. The restatement of earlier financial statements is not an admission of wrongdoing such as, without limitation, fraud, malfeasance, or negligent, reckless or intentional deviation from GAAP, and the Xerox Defendants have not waived their right to demonstrate that the accounting for items challenged in the Complaint was appropriate at times prior to restatement.

**THIRTY-THIRD DEFENSE**

62. The Individual Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any of the alleged wrongdoing.

**THIRTY-FOURTH DEFENSE**

63. The Xerox Defendants hereby adopt and incorporate by reference any and all other defenses asserted or to be asserted by any other defendant to the extent that the Xerox Defendants may share in such defenses.

WHEREFORE, the Xerox Defendants demand judgment against Plaintiffs as follows:

(1) Dismissing the entire action with prejudice;

(2) Granting the Xerox Defendants their reasonable costs, expenses and attorneys' fees; and

(3) Awarding the Xerox Defendants such other, further and different relief as the Court deems just and proper.

November 9, 2007

DEFENDANT XEROX CORPORATION

By

  /s/ Sandra C. Goldstein
Evan R. Chesler (ct 03177)
Sandra C. Goldstein (ct 24019)
Members of the Firm

CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000

                    DEFENDANTS PHILIP FISHBACH, G. RICHARD THOMAN, AND ANNE MULCAHY

        By

           /s/ Thomas D. Goldberg / HV
           Thomas D. Goldberg (ct 04386)
           Terence J. Gallagher (ct 22415)

           DAY PITNEY LLP
           One Canterbury Green
           Stamford, CT 06901
           (203) 977-7300


        DEFENDANTS PAUL A. ALLAIRE, BARRY D. ROMERIL, AND GREGORY TAYLER

        By

           /s/ John A. Valentine / HV
           John A. Valentine (ct 25941)
           Heather A. Jones (ct 24194)

           WILMER CUTLER PICKERING HALE and DORR LLP
           1875 Pennsylvania Avenue, NW
           Washington, DC 20006
           (202) 663-6000

           Alfred U. Pavlis (ct 08603)
           DALY & PAVLIS, LLC
           107 John Street
           Southport, CT 06490
           (203) 255-6700


Of counsel:
Ivy Thomas McKinney (ct 09351)
Xerox Corporation
45 Glover Avenue
P.O. Box 4505
Norwalk, CT 06856-4505
(203) 968-3000
Attorney for Xerox Corporation

**CERTIFICATE OF SERVICE**

I hereby certify that on November 9, 2007, a copy of the foregoing Xerox Defendants' Answer to Plaintiffs' Amended Complaint was filed electronically or served by mail on any party required to be served who is unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to any party required to be served who is unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

    _/s/ Sandra C. Goldstein_____
Sandra C. Goldstein (ct 24019)

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
Email: sgoldstein@cravath.com