UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Russell Carlson, et al.<br>v.<br>Xerox Corp., et al.<br><br>MASTER CASE | 3:00-CV-1621 (AWT) |
| Florida State Board of Admin., et al.<br>v.<br>Xerox Corp., et al.<br><br>MEMBER CASE. | 3:02-CV-1303 (AWT)<br><br>November 9, 2007 |

### DEFENDANT KPMG LLP'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT[1]

Defendant KPMG LLP ("KPMG"), by its undersigned attorneys, hereby responds to the unique factual allegations in the Amended Complaint in the action entitled *Florida State Bd. of Admin., et al. v. Xerox Corp., et al.*, 3:02-cv-1303 (AWT) (the "Complaint") as follows:

9. KPMG denies the allegations contained in paragraph 9 of the Complaint and respectfully refers the Court to Xerox's 2001 Form 10-K filed on June 28, 2002 for its full and complete contents.

---

[1] On September 27, 2007 a stipulation and order was entered by the Court, which extended Defendants' time to respond to those factual allegations that are unique to the Complaint until November 9, 2007. The unique factual allegations were identified by Plaintiffs and set forth in Plaintiffs' November 12, 2002 letter, which was attached as Exhibit A to the stipulation and order dated July 27, 2005, as entered and so ordered on September 7, 2005. All other allegations in the Complaint were deemed to be duplicative of allegations contained in the Third Amended Complaint filed in *Carlson v. Xerox Corp.*, which KPMG LLP answered on October 31, 2005. Although KPMG denies all of Plaintiffs' claims and that Plaintiffs suffered any damages caused by KPMG, the July 27th stipulation and order suspends KPMG LLP's time to respond to those duplicative allegations until at least sixty days after Plaintiffs' request such responses.

60. KPMG denies the allegations contained in the first sentence of paragraph 60 of the Complaint. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 60 of the Complaint.

61. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint, and respectfully refers the Court to the June 28, 2002 edition of *The Wall Street Journal*, the July 13, 2002 edition of London's *Daily Telegraph*, and Chairman Pitt's interview with ABC This Week for their full and complete contents

72. KPMG denies the allegations contained in paragraph 72 of the Complaint, and respectfully refers the Court to FASB No. 13, FASB No. 27, FASB Comment No. 1, FASB Technical Bulleting No. 90-1, and FASB Statement of Financial Concepts No. 5 for their full and complete contents.

76. KPMG denies the allegations contained in paragraph 76 of the Complaint, and respectfully refers the Court to the Statement of Financial Concepts No. 6 for its full and complete contents.

90. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint.

100. KPMG denies the allegations contained in paragraph 100 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of this paragraph, and respectfully refers the Court to APB Opinion No. 16 and FASB Statement No. 38 for their full and complete contents.

141. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the Complaint, and respectfully refers the Court to Xerox's April 22, 1997 earnings release for its full and complete contents.

142. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint, and respectfully refers the Court to Xerox's July 24, 1997 earnings release for its full and complete contents.

143. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint, and respectfully refers the Court to Xerox's October 23, 1997 earnings release for its full and complete contents.

159. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the Complaint, and respectfully refers the Court to Xerox's January 23, 1998 announcement for its full and complete contents.

180. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 180 of the Complaint, and respectfully refers the Court to the March 16, 2000 report by Prudential Securities for its full and complete contents.

181. KPMG denies the allegations contained in paragraph 181 of the Complaint.

183. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 183 of the Complaint, and respectfully refers the Court to the April 26, 2000 report by Prudential Securities for its full and complete contents.

185. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 185 of the Complaint and respectfully refers the Court to the May 11, 2000 announcement by Xerox for its full and complete contents.

186. KPMG denies the allegations contained in paragraph 186 of the Complaint.

187. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 187 of the Complaint, and respectfully refers the Court to the May 18, 2000 announcement by Xerox for its full and complete contents.

188. KPMG denies the allegations contained in paragraph 188 of the Complaint.

215. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 215 of the Complaint, and respectfully refers the Court to the February 6, 2001 edition of *The Wall Street Journal* for its full and complete contents.

216. KPMG denies knowledge or information sufficient to form a belief as to the truth of all other allegations contained in paragraph 216 of the Complaint, and respectfully refers the Court to the February 6, 2001 edition of *The Wall Street Journal* for its full and complete contents.

221. KPMG denies the allegations contained in paragraph 221 of the Complaint.

247. KPMG denies the allegations contained in paragraph 247 of the Complaint, and respectfully refers the Court to SAS No. 82 for its full and complete contents.

256. KPMG denies the allegations contained in paragraph 256 of the Complaint.

258. KPMG denies the allegations contained in paragraph 258 sub-parts a. and d. of the Complaint.

261. KPMG denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 261 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each claim alleged therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

2. The plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. The plaintiffs have sustained no damages as a result of any action or inaction on the part of KPMG.

## FOURTH AFFIRMATIVE DEFENSE

4. The relief requested by the Complaint is unavailable because it is barred by the doctrine of estoppel and/or the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

5. KPMG asserts that each act and statement made by them or attributed to them, or for which they may be found responsible in any manner, was made with a reasonable, good faith belief, formed after adequate and reasonable investigation and in full compliance with all applicable professional standards in effect at the time, including generally accepted auditing standards.

## SIXTH AFFIRMATIVE DEFENSE

6. KPMG did not act with the requisite knowledge, scienter, or intent under the applicable securities laws and/or the regulations promulgated thereunder.

## SEVENTH AFFIRMATIVE DEFENSE

7. The plaintiffs lack standing to assert the purported claims for relief.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any losses suffered by plaintiffs were not directly or proximately caused by KPMG but were the result of independent, supervening causes, including acts of others, rather than any act of KPMG.

### NINTH AFFIRMATIVE DEFENSE

9. The plaintiffs did not justifiably rely on any of the alleged misrepresentations or omissions set forth in the Complaint or any specific acts or omissions attributed to KPMG.

### TENTH AFFIRMATIVE DEFENSE

10. The Complaint is barred in whole or in part by plaintiffs' own fault, unclean hands, or limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The plaintiffs' claims are barred in whole or in part because the matters claimed to be the subject of misrepresentations and/or omissions in the Complaint were publicly disclosed or plaintiffs knew or in the reasonable exercise of care should have known of these matters.

### TWELFTH AFFIRMATIVE DEFENSE

12. If plaintiffs sustained any of the damages alleged in the Complaint, such alleged damages were caused, in whole or in part, by the conduct of persons or entities other than KPMG, over which KPMG had no control and for which KPMG is not liable or responsible.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. In conducting its audits of the consolidated financial statements of Xerox and its subsidiaries, KPMG relied upon representations made by Xerox and its management, and with regard to matters within their direct control and knowledge, Xerox and its management had

a duty to represent accurately information relating to said financial statements. Any misrepresentations or omissions allegedly made by KPMG in connection with its applicable audits are attributable to the failure of Xerox and its management to represent accurately matters relating to said companies to KPMG.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. The plaintiffs failed to use reasonable care to prevent damages allegedly sustained.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. KPMG hereby incorporates by reference any affirmative defense pleaded by any other defendant in this case.

### AFFIRMATIVE DEFENSES RESERVED

16. KPMG hereby gives notice that it may rely on other defenses if and when such defenses become known during the course of discovery in this case, and hereby reserves the right to amend its answer to assert any other related defenses as they become known or available.

WHEREFORE, KPMG, having fully answered the unique factual allegations in the Complaint as required by the July 27, 2005 and September 27, 2007 stipulations and orders, prays that:

a. the Complaint be dismissed with prejudice as to KPMG and that plaintiffs take nothing thereby;

b. the Court grant KPMG the costs of defending plaintiffs' claims, including reasonable attorneys' fees; and

c. the Court grant such other and further relief as is deemed just and proper.

Dated: New York, New York
November 9, 2007

Respectfully submitted,

By: ___s/_____
George A. Salter (phv0738)
W. Sidney Davis Jr. (phv0741)
Mark J. Lemire (phv739)
**HOGAN & HARTSON LLP**
875 Third Avenue
New York, NY 10022
(212) 918-3000

Stuart J. Baskin (ct25986)
Tammy P. Bieber (ct22089)
Seth M. Kean (ct24587)
**Shearman & Sterling LLP**
599 Lexington Avenue
New York, NY 10022
(212) 848-4000

Thomas J. Murphy (ct07959)
**Cowdery, Ecker & Murphy, L.L.C.**
Hartford, CT 06103-2703
(860) 278-5555
tmurphy@cemlaw.com

Attorneys for Defendant
KPMG LLP


## CERTIFICATE OF SERVICE

I, Mark J. Lemire, hereby certify as follows:

1. I am an associate with the law firm of Hogan & Hartson LLP, which represents defendant KPMG LLP in these consolidated proceedings.

2. On November 9, 2007 I caused KPMG LLP's Answer and Affirmative Defenses to the Amended Complaint to be served by first-class U.S. mail delivery on the following counsel:

Glen DeValerio (CT 22582)
Leslie R. Stern (phv 0743)
Bryan A. Wood (phv 0742)
**Berman DeValerio Pease Tabacco Burt & Pucillo**
One Liberty Square, 8th Floor
Boston, Massachusetts 02109
(617) 542-8300

**Co-Lead Counsel**

John Valentine (CT 25941)
Heather A. Jones (CT 22415)
**Wilmer Cutler Pickering Hale and Dorr LLP**
2445 "M" Street, N.W.
Washington, DC 20037
(202) 663-6000

**Counsel for Defendants Paul A. Allaire, Barry D. Romeril and Gregory Tayler**

Stuart M. Grant (phv0868)
Megan D. McIntryre (phv0869)
Michael J. Barry (CT 24174)
**Grant & Eisenhofer, P.A.**
Chase Manhattan Centre
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801
(302) 622-7000

**Plaintiffs Florida State board of Administration, Teachers' Retirement System of Louisiana, Franklin Mutual**

Evan R. Chesler (CT 03177)
Sandra C. Goldstein (CT 24019)
Kevin J. Orsini
**Cravath, Swaine & Moore LLP**
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
(212) 474-1000

**Xerox Counsel**

Thomas D. Goldberg (CT 04386)
Terrence J. Gallagher (CT 22415)
**Day Pitney LLP**
One Canterbury Green
Stamford, Connecticut 06901
(203) 977-7300

**Counsel for Defendants Philip Fishbach, G. Richard Thoman and Anne Mulcahy**

Dennis J. Johnson
Jacob B. Perkinson
**Johnson & Perkinson**
1690 Williston Road
South Burlington, Vermont 05403
(802) 862-0030

**Co-Lead Counsel**

Advisers, LLC, and PPM America, Inc.

| | |
|---|---|
| Andrew M. Schatz (CT 00603)<br>**Schatz & Nobel, P.C.**<br>One Corporate Center<br>20 Church Street<br>Hartford, Connecticut  06103<br>(860) 493-6292<br><br>**Co-Lead Liaison Counsel**<br><br>J. Daniel Sagarin (CT 00603)<br>**Hurwitz & Sagarin, LLC**<br>147 North Broad Street<br>Milford, Connecticut  06460<br>(203) 877-8000<br><br>**Co-Lead Liaison Counsel** | Brad N. Friedman (CT 24911)<br>Ted J. Swiecichowski (phv01696)<br>**Milberg Weiss Bershad & Schulman LLP**<br>One Pennsylvania Plaza, 49th Floor<br>New York, New York  10119-0165<br>(212 294-5300<br><br>**Co-Lead Counsel** |

                                    _____s/_____
                                              Mark J. Lemire