**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER AND PHILIP FISHBACH,<br><br>Defendants. | 3:00-CV-1621 (AWT)<br><br>This document relates to:<br>00-cv-01758   00-cv-01908   01-cv-00449<br>00-cv-01779   00-cv-01916   01-cv-00497<br>00-cv-01792   00-cv-01967   01-cv-00583<br>00-cv-01795   00-cv-02029   01-cv-00584<br>00-cv-01824   01-cv-00244   01-cv-00591<br>00-cv-01846   01-cv-00285   01-cv-00614<br>00-cv-01883   01-cv-00341 |

## **PROOF OF CLAIM AND RELEASE**

DEADLINE FOR SUBMISSION: _____, **2008**.

IF YOU PURCHASED THE COMMON STOCK OR BONDS OF XEROX CORPORATION ("XEROX") DURING THE PERIOD FROM FEBRUARY 17, 1998 THROUGH JUNE 27, 2002 (THE "CLASS PERIOD"), AND INCURRED A LOSS THEREON, YOU ARE A "CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

Excluded from the Class are the Defendants, their officers and directors, members of their immediate families (parents, spouses, siblings, and children) and their agents and affiliates. Also excluded from the Class are those plaintiffs in the action entitled *FSBA, et al. v. Xerox Corp., et al.*, No. 3:02-CV-1303 (D. Conn.) (AWT).

IF YOU ARE A CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN _____, **2008** TO THE FOLLOWING ADDRESS:

*Russell Carlson, et al., v. Xerox Corporation, et al.*,
Securities Litigation
c/o Gilardi & Co. LLC, Claims Administrator
P.O. Box 808003
Petaluma, CA 94975-8003

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _____, **2008** WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS LITIGATION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED.  SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

<u>CLAIMANT'S STATEMENT</u>

1. I affirm that I purchased the common stock and/or bonds of Xerox Corporation ("Xerox") from February 17, 1998 through June 27, 2002, inclusive and incurred a loss thereon. (Do not submit this Proof of Claim if you did not purchase Xerox common stock and/or bonds during this period).

2. By submitting this Proof of Claim, I state that I believe in good faith that I am a Class Member as defined above and in the Notice of Pendency of Class Action and Proposed Settlement, Motion for Attorneys' Fees and Settlement Fairness Hearing (the "Notice"), or am acting for such person; that I am not a Defendant in the Action or anyone excluded from the Class; that I have read and understand the Notice; that I believe that I am entitled to receive a share of the Net Settlement Fund; that I elect to participate in the proposed Settlement described in the Notice; and that I have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim.  I understand and agree that my claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such

investigation and discovery shall be limited to my status as a Class Member and the validity and amount of my claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proofs of Claim.

4.     I have set forth where requested below all relevant information with respect to each purchase of Xerox common stock and bonds I made during the Class Period, and each sale, if any, of such securities.  I agree to furnish additional information (including transactions in other Xerox securities) to the Claims Administrator to support this claim if requested to do so.

5.     I have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Xerox common stock and/or bonds listed below in support of my claim.  (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.     I understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim.  In some cases the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives of the subject securities such as options.)

7. Upon the occurrence of the Effective Date my signature hereto will constitute a full and complete release, remise and discharge by me and my heirs, executors, administrators, predecessors, successors, and assigns (or, if I am submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Parties" of all "Settled Claims," as defined in the Notice.

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-(800) ___-____ or visit their website at [***www._____.com***] to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

9. Statement of Claim

CLAIMANT IDENTIFICATION

_____ / _____
Beneficial Owner's Name (First, Middle, Last)       / Joint Owner's Name

_____
Street Address

_____    _____
City                              State              Zip Code

4

_____    _____
Foreign Province                  Foreign Country

_____    _____ (Daytime)
Area Code                         Telephone Number

_____    _____ (Evening)
Area Code                         Telephone Number

Check appropriate box (check only one box):

☐   Individual/Sole Proprietor    ☐   Joint Owners        ☐   Pension Plan
☐   Corporation                   ☐   Partnership         ☐   Trust
☐   IRA                           ☐   Other (describe:_____)

NOTE: Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim from Joint Owners should not include separate transactions of just one of the Joint Owners, an Individual should not combine his or her IRA transactions with transactions made solely in the Individual's name). Conversely, a single Proof of Claim should be submitted on behalf of one legal entity including all transactions made by that entity no matter how many separate accounts that entity has (for example, a Corporation with multiple brokerage accounts should include all transactions made in Xerox securities during the Class Period on one Proof of Claim, no matter how many accounts the transactions were made in.)

_____        _____
[Social Security Number       or       Taxpayer Identification Number]


_____
Record Owner's Name (if different from beneficial owner listed above)


**FOR XEROX COMMON STOCK:**

10.     At the close of business on February 16, 1998, I owned _____ shares of Xerox common stock (If none, write "zero" or "0") (If other than zero, must be documented).

11.     I made the following purchases of Xerox common stock during the period February 17, 1998 through June 27, 2002 inclusive. (Persons who received Xerox common stock during the Class Period other than by purchase are not eligible to submit claims for those transactions) (must be documented):

5

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Purchased | Purchase Price Per Share of Common Stock | Aggregate Cost (including commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

12. From June 27, 2002 through September 27, 2002, I purchased a total of _____ shares of Xerox common stock (If none, write "zero" or "0") (If other than zero, must be documented).]

13. I made the following sales of Xerox common stock during the period February 17, 1998 through September 27, 2002 inclusive (If none, write "zero" or "0") (If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Number of Shares of Common Stock Sold | Sale Price Per Share of Common Stock | Amount Received (net of commissions, taxes, and fees) |
|---|---|---|---|
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |
| ___/___/_____ | _____ | $_____ | $_____ |

14. At the close of trading on June 27, 2002: I owned _____ shares of Xerox common stock (If none, write 0). At the close of trading on September 27, 2002, I owned _____ shares of Xerox common stock. (If none, write "zero" or "0") (If other than zero, must be documented).

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

**FOR XEROX BONDS:**

15. At the close of trading on February 16, 1998, I owned the following Xerox Bonds (If none, write 0):

| Maturity Date (Month/Day/Year) | Interest rate | Face Amount of Bonds owned |
|---|---|---|
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |

16. I made the following purchases of Xerox bonds from February 17, 1998 through September 27, 2002, inclusive:

| Date(s) of Purchase (List Chronologically) (Month/Day/Year) | Maturity Date (Month/Day/Year) | Interest rate | Face Amount of Xerox bonds Purchased | Aggregate Cost (including commissions, taxes, and fees)(excluding interest) |
|---|---|---|---|---|
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |

17. I made the following sales of Xerox bonds from February 17, 1998 through September 27, 2002, inclusive: (If none, write "zero" or "0") (If other than zero, must be documented):

| Date(s) of Sale (List Chronologically) (Month/Day/Year) | Maturity Date (Month/Day/Year) | Interest rate | Face Amount of Xerox bonds sold | Net Proceeds received (after commissions, taxes, and fees) (excluding interest) |
|---|---|---|---|---|
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% | $_____ | $_____ |

| | | | |
|---|---|---|---|
| ___/___/_____ | ___/___/_____ | _____% $_____ | $_____ |
| ___/___/_____ | ___/___/_____ | _____% $_____ | $_____ |

18. At the close of trading on September 27, 2002, I owned the following Xerox bonds (If none, write "zero" or "0." If other than zero, must be documented.):

| Maturity Date (Month/Day/Year) | Interest rate | Face Amount of Bonds owned |
|---|---|---|
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |
| ___/___/_____ | _____% | $_____ |

IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS PHOTOCOPY THIS PAGE

19. **[NOTE: CHECK WITH ADMINISTRATOR WHETHER TO REQUEST SS# OR TIN:** Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

_____
Social Security Number (for individuals) or

_____
Taxpayer Identification Number
(for estates, trusts, corporations, etc.)

20. Certification

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from

8

backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign)

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

Date: _____

THIS PROOF OF CLAIM MUST BE SUBMITTED NO LATER THAN **_____, 2008**, AND MUST BE MAILED TO:

*Russell Carlson, et al., v. Xerox Corporation, et al.*,
Securities Litigation
c/o Gilardi & Co. LLC, Claims Administrator
P.O. Box 808003
Petaluma, CA 94975-8003

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by **_____, 2008**, and if a postmark is indicated on the envelope and it is mailed first class, and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1. ☐ Please be sure to sign this Proof of Claim on page [\_\_]. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

2. ☐ Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

3. ☐ Do NOT use highlighter on the Proof of Claim or any supporting documents.

4. ☐ If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

**NOTE: RECEIPT ACKNOWLEDGMENT NEEDED**

The Claims Administrator will send a written confirmation of its receipt of your Proof of Claim. Do not assume your claim is submitted until you receive written confirmation of its

10

receipt.  Your claim is not deemed fully filed until the Claims Administrator sends you written confirmation of its receipt of your Proof of Claim.  If you do not receive an acknowledgement postcard within thirty (30) days of your mailing the Proof of Claim, then please call the Claims Administrator toll free at Telephone (800) 708-4103.