## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER AND PHILIP FISHBACH,<br><br>Defendants. | 3:00-CV-1621 (AWT)<br><br>This document relates to:<br>00-cv-01758   00-cv-01908   01-cv-00449<br>00-cv-01779   00-cv-01916   01-cv-00497<br>00-cv-01792   00-cv-01967   01-cv-00583<br>00-cv-01795   00-cv-02029   01-cv-00584<br>00-cv-01824   01-cv-00244   01-cv-00591<br>00-cv-01846   01-cv-00285   01-cv-00614<br>00-cv-01883   01-cv-00341 |

## ORDER AND FINAL JUDGMENT

On the _____ day of _____, 2008, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated March ____, 2008 (the "Stipulation") are fair, reasonable, and adequate for the settlement of all claims asserted by the Class against the Defendants in the Complaint now pending in this Court under the above caption, including the release of the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Complaint on the merits and with prejudice in favor of the Defendants and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the members of the Class; and (4) whether and in what amount to award Plaintiffs' Counsel fees and reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to all persons or

entities reasonably identifiable, who purchased Xerox common stock and/or bonds during the period from February 17, 1998 through June 27, 2002 inclusive (the "Class Period"), as shown by the records of Xerox Corporation's transfer agent, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* and transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

      NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

      1.    The Court has jurisdiction over the subject matter of the Action, the Lead Plaintiffs, all Class Members, and the Defendants.

      2.    The Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23 (a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Class Representatives are typical of the claims of the Class they seek to represent; (d) the Class Representatives and Plaintiffs' Co-Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the members of the Class predominate over any questions affecting only individual members of the Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      3.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of all persons and/or entities that purchased

Xerox common stock and/or bonds during the period from February 17, 1998 through June 27, 2002 inclusive, and whose transactions in Xerox common stock and/or bonds during the Class Period resulted in a loss. Excluded from the Class are the Defendants, their officers and directors, members of their immediate families (parents, spouses, siblings, and children) and their agents and affiliates. Also excluded from the Class are those plaintiffs in the action entitled *FSBA, et al. v. Xerox Corp.*, No. 3:02-CV-1303 (D. Conn.) (AWT). **[**Also excluded from the Class are the persons and/or entities who requested exclusion from the Class as listed on Exhibit 1 annexed hereto.**] OR [**No valid requests for exclusion from the Class were received.**]**

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiffs Louisiana State Employees' Retirement System, Thomas Zambito and Dr. Paul Dantzig as Class Representatives.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement is approved as fair, reasonable, and adequate, and the Class Members and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

7. The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against **[the Defendants] [IF PARTIAL EITHER: [Defendants Xerox Corporation, Paul A. Allaire, G. Richard Thoman, Anne Mulcahy, Barry D. Romeril, Gregory Tayler, and Philip Fishbach, only] OR [ Defendant KPMG LLP, only].**

8. Lead Plaintiffs and members of the Class, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether fixed or contingent, accrued or un-accrued, liquidated or un-liquidated, at law or in equity, matured or un-matured, whether class or individual in nature, including both known claims and Unknown Claims, (i) that have been asserted in this Action by any of the Class members against any of the Released Parties **[IF PARTIAL EITHER: [Xerox Released Parties]OR [ the KPMG Released Parties]**, or (ii) that could have been asserted in any forum by any of the Class members against any of the Released Parties **[IF PARTIAL EITHER: [Xerox Released Parties]OR [ the KPMG Released Parties]** which arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and relate to the purchase or acquisition of Xerox common stock and/or bonds during the Class Period  (the "Settled

4

Claims"), (except that "Settled Claims" does not mean or include the "Specifically Excluded Claims" as defined in paragraph 10 below) against **[IF PARTIAL EITHER (i) or (ii)]** (i) Xerox and any and all of the Individual Defendants, their past or present subsidiaries, parents, successors and predecessors, officers, partners, principals, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, advisors, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which Xerox or any of the Individual Defendants has a controlling interest or which is related to or affiliated with Xerox or any of the Individual Defendants, and the legal representatives, heirs, successors in interest and assigns of Xerox or any of the Individual Defendants (the "Xerox Released Parties") and (ii) KPMG and its past or present subsidiaries, parents, successors and predecessors, officers, partners, principals, directors, shareholders, agents, employees, attorneys, insurers, reinsurers, advisors, and investment advisors, and any person, firm, trust, corporation, officer, director or other individual or entity in which KPMG has a controlling interest or which is related to or affiliated with KPMG, and the legal representatives, heirs, successors in interest and assigns of KPMG (the "KPMG Released Parties"). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties **[IF PARTIAL EITHER: [Xerox Released Parties] OR [ the KPMG Released Parties]** on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

        9.      "Specifically Excluded Claims" means: (i) any and all claims related to Xerox common stock and/or bonds that have been asserted in *In re: Xerox Securities Litig.,* 3:99-CV-02374 (D. Conn.) (AWT); and (ii) any and all claims under the Employee Retirement Income Security Act of 1974 as amended that have been asserted in *In re Xerox Corp. ERISA Litig.*, 3:02-CV-1138 (D. Conn.) (AWT) (the "ERISA Case") on behalf of a purported class of

5

participants and beneficiaries in the Xerox Corporation Profit Sharing and Savings Plan and/or the Profit Sharing Plan of Xerox Corporation and the Xerographic Division, Union of Needletrades, Industrial and Textile Employees, A.F.L.-C.I.O. - C.L.C. (each, a "Plan"). The Defendants are free to assert that any aggregate monetary recovery by any Plan or Participant therein as, or on behalf of, such alleged or potential class members for any period of time that includes the Class Period shall constitute an offset in the ERISA Case. Lead Plaintiffs shall not oppose such argument.

10. The Defendants **[IF PARTIAL EITHER: [Defendants Xerox Corporation, Paul A. Allaire, G. Richard Thoman, Anne Mulcahy, Barry D. Romeril, Gregory Tayler, and Philip Fishbach]OR [ Defendant KPMG]** and their heirs, executors, administrators, predecessors, successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in the Action or any forum by the Defendants **[IF PARTIAL EITHER: [Defendants Xerox Corporation, Paul A. Allaire, G. Richard Thoman, Anne Mulcahy, Barry D. Romeril, Gregory Tayler, and Philip Fishbach] OR [ Defendant KPMG]** against any of the Lead Plaintiffs, Class Members or their attorneys, which arise out of or relate in any way to the institution, prosecution, or settlement of the Action (the "Settled Defendants' Claims"). The Settled Defendants' Claims **[IF PARTIAL EITHER: [of Defendants Xerox Corporation, Paul A. Allaire, G. Richard Thoman, Anne Mulcahy, Barry D. Romeril, Gregory Tayler, and Philip Fishbach] OR [ of Defendant KPMG**

6

**LLP]** are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

11. Each Class Member, whether or not such Class Member executes and delivers a Proof of Claim, other than those listed in Exhibit 1 hereto, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

12. The Xerox Defendants hereby release the KPMG Released Parties from all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, including claims for indemnification and/or contribution, that were or could have been asserted in or in connection with the above-entitled action, or arise out of or are based upon the allegations, transactions, facts, matters or occurrences that serve as the basis for the above-entitled action, excluding claims related to the action entitled *FSBA, et al. v. Xerox Corp., et al.*, No. 3:02-CV-1303 (D. Conn.).

13. KPMG hereby releases the Xerox Released Parties from all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, common or foreign law, including claims for indemnification and/or contribution, that were or could have been asserted in or in connection with the above-entitled action, or arise out of or are based upon the allegations, transactions, facts, matters or occurrences that serve as the basis for the above-entitled action, excluding claims related to the action entitled *FSBA, et al. v. Xerox Corp., et al.*, No. 3:02-CV-1303 (D. Conn.) (AWT).

14. **[IF BAR ORDER IS APPLICABLE: (I.E. IN CASE OF PARTIAL TERMINATION) INCLUDE THE FOLLOWING PARAGRAPH: Pursuant to the PSLRA, the [Settling Defendants (XEROX OR KPMG), AS APPLICABLE] Released Parties are hereby discharged from all claims for contribution by any person or entity,**

7

**whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the Settled Claims of the Class or any Class Member. Accordingly, to the full extent provided by the PSLRA, the Court hereby bars all claims for contribution: (a) against the [XEROX OR KPMG] Released Parties; and (b) by the [XEROX DEFENDANTS OR KPMG] against any person or entity other than any person or entity whose liability to the Class has been extinguished pursuant to the Stipulation and this Order and Final Judgment. Any verdict or final judgment that is entered against the non-settling defendant(s) shall be reduced by the greater of: (i) an amount that corresponds to the percentage of responsibility of the settling defendant(s); or (ii) the amount paid to the plaintiff by the settling defendant(s).]**

15.     Neither this Order and Final Judgment, the Stipulation, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

(a)     offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants with respect to the truth of any fact alleged by any of the plaintiffs or the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of any of the Defendants;

(b)     offered or received against any of the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

       (c)    offered or received against any of the Defendants as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that any of the Defendants may refer to them to effectuate the liability protection granted them hereunder;

       (d)    construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

       (e)    construed as or received in evidence as an admission, concession or presumption against Lead Plaintiffs or any of the other Class Members that any of their claims are without merit, or that any defenses asserted by any of the Defendants have any merit, or that damages recoverable under the Complaint would not have exceeded the Gross Settlement Fund.

    16.    The Plan of Allocation is approved as fair and reasonable, and Plaintiffs' Counsel and the Claims Administrator are directed to administer the Stipulation in accordance with its terms and provisions.

    17.    The Court finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to the complaint, responsive pleadings and dispositive motions filed in this Action.

    18.    Plaintiffs' Counsel are hereby awarded [_____% of the Gross Settlement Fund] [the sum of $_____] in fees, which sum the Court finds to be fair and reasonable, and $_____ in reimbursement of expenses, which [expenses] [amounts] shall be paid to Plaintiffs' Co-Lead Counsel from the Settlement Fund with interest from the date such

Settlement Fund was funded to the date of payment at the same net rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Plaintiffs' Counsel in a manner in which, in the opinion of Plaintiffs' Co-Lead Counsel, fairly compensates Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

19. [Lead Plaintiff Louisiana State Employees' Retirement System, is hereby awarded $_____, Lead Plaintiff Thomas Zambito is hereby awarded $_____, and Lead Plaintiff Dr. Paul Dantzig is hereby awarded $_____. Such awards are for reimbursement of these Lead Plaintiffs' reasonable costs and expenses (including lost wages) directly related to their representation of the Class.]

20. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

(a) the settlement has created a fund of $750 million in cash that is already on deposit, plus interest thereon, and that numerous Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by Plaintiffs' Counsel;

(b) Over _____ copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to _____% of the Gross Settlement Fund and for reimbursement of expenses in an amount of approximately $_____ and [_____] objections were filed against the terms of the proposed Settlement or the ceiling on the fees and expenses requested by Plaintiffs' Counsel contained in the Notice;

(c) Plaintiffs' Counsel have conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) The action involves complex factual and legal issues and was actively prosecuted over almost eight years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

(e) Had Plaintiffs' Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the Class may have recovered less or nothing from the Defendants;

(f) Plaintiffs' Counsel have devoted over _____ hours, with a lodestar value of $_____, to achieve the Settlement; and

(g) The amount of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

21. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class.

22. Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

23. [[(**IN CASE OF PARTIAL TERMINATION**) [These coordinated actions have] This consolidated Action has been pending since the first of the constituent actions was filed in August 2000. The Stipulation resolves all of the claims asserted by the Class against the **(XEROX OR KPMG) Released Parties**, and pursuant to the above bar orders bars any claims for contribution against [the [(**XEROX OR KPMG**)] Released Parties] and by [the XEROX DEFENDANTS OR KPMG]. The claims asserted against [the **(XEROX OR KPMG)** Settling

11

Defendants] and now settled raise issues that are separable from the remaining claims of Lead Plaintiffs and the Class against [the Non-Settling (**XEROX OR KPMG**) Defendants]. Permitting the immediate appeal, if taken, of this Order and Final Judgment does not result in any duplication of review by an appellate court, because if an appellate court were to vacate the Stipulation, then the parties may reasonably continue their prosecution or defense of the claims while this Court continues to preside over other related claims, without a waste of time or judicial resources. If this Order and Final Judgment were not immediately appealable, once an appeal were ripe after the conclusion of the entire coordinated litigation, and if the appellate court vacated this Order and Final Judgment, then this Court would face re-trying the entire litigation as to [the (**XEROX OR KPMG**) Settling Defendants], wasting judicial resources.]

24. [[(**IN CASE OF PARTIAL TERMINATION**) [By reason of the finding in the previous paragraph, ]There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure. [[None of the coordinated actions is] [The Action is not] dismissed in respect of claims against any person or entity other than the Settling Defendants.]

Dated:      Hartford, Connecticut
            _____, 2008

                                          _____
                                          Honorable Alvin W. Thompson
                                          UNITED STATES DISTRICT JUDGE