April 20, 2008



The Honorable Alvin W. Thompson
United States District Court
District of Connecticut
United States Courthouse
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

      Re:    Carlson v. Xerox Corporation. 3:00-CV-1621 (AWT)
                http://www.gilardi.com/xeroxsettlement
                "Error" in litigation

Dear Judge Thompson,

I believe there is a significant "error" in this litigation. If I am correct, I do not know for certain whether you are aware of what that "error" is. I believe that you should be aware of what the "error" is, and, if you are, I would assume that you very well intend for the consequences of the "error" to in fact happen. I am writing this letter to try to be sure about your position relative to the "error." If the "error" is intentional and intended on your part, I want to call the matter to the attention of the Senate and House Judiciary Committees for possible legislation to prevent this kind of "error" in the future. Alternatively, there is a possibility that you do not fully understand the "error," and that, if you do get a better understanding, you may consider dismissing the litigation against Xerox, which is what I would do if I were the judge in the case.

Here is the "error":

Some Xerox stockholders and bondholders (collectively, the "Loss Parties") indeed experienced significant financial losses (possibly aggregating multi-billions of dollars) if the allegations in the litigation are true. Virtually on a dollar for dollar basis, such financial losses experienced by the Loss Parties if the allegations are true are windfall gains that were obtained by other Xerox stockholders and bondholders (collectively the "Windfall Gain Parties"). Those windfall gains are already in the pockets of the Windfall Gain Parties and will not be taken out of their pockets by this litigation. Instead, in and through the settlement, there will be shuffled around funds among the Loss Parties and among other Xerox stockholders and bondholders who did not suffer losses (or have windfall gains) (the "Innocent Bystander Parties"), with a net effect that some Loss Parties will have their losses increased, some Loss Parties will have their losses decreased, and some losses will shuffled from Loss Parties onto Innocent Bystander Parties. This net effect will happen in a random way and to a random degree for the Loss Parties and the Innocent Bystander Parties, although some generalizations might be possible to the effect that Loss Parties with greater losses will be more likely to have those losses reduced, Loss Parties with smaller losses are more likely to have those losses increased, and Innocent Bystander Parties who did not suffer losses will have some of the losses of Loss Parties shuffled onto such Innocent Bystander Parties.

1

Do you agree with the foregoing analysis, your Honor? If you agree with that analysis, is that what you think this litigation properly should do, to wit, create three categories of Xerox stockholders and bondholders, to wit, Windfall Gain Parties, Loss Parties, and Innocent Bystander Parties, all of whom are innocent of wrongdoing, allow the Windfall Gain Parties to walk away with their very large windfall gains that came out of the pockets of the Loss Parties, and then shuffle funds around among Loss Parties and Innocent Bystander Parties so the losses of some Loss Parties are increased, the losses of some Loss Parties are decreased, and some losses of the Loss Parties are shunted off to be borne by the Innocent Bystander Parties?

Maybe you fully understand that, your Honor, and maybe that is what you think that this litigation is properly intended to do and should do.

On the other hand, you could say to the plaintiffs, "Look you may have experienced billions of dollars of losses if the allegations are true, but, if you did, those losses of yours were windfall gains to other Xerox stockholders and bondholders, the money you lost is now in their pockets, they are not parties to this litigation, and neither the law nor this Court can help you get it out of their pockets and returned to you. All this Court can do is shuffle your losses around among yourselves, so that some of you will have your losses decreased, some of you will have your losses increased, and also this Court can drag in other Xerox stockholders and bondholders who neither had gains or losses and have them bear some of your losses. This Court is not going to do that, and it would be proper for you to call this to the attention of Congress for Congress to create a legal remedy so that, in a situation such as this, you can recover from the persons who had windfall gains that came from your losses and get the money back from their pockets."

That, your Honor, is what I would do in this case, and I would dismiss the litigation against Xerox if I were the judge in this case.

I believe my foregoing analysis is correct. I am going to contact some "experts" to see if they agree with me. I will report back to you what these experts have to say, hopefully before the July 1 objection deadline in this litigation. I will be keeping a record of my progress with the experts, which record will be accessible on the internet at the following link: http://robertshattuck.blogspot.com/search/label/K.%20Xerox%20class%20action%20lawsuit

Thank you.

Sincerely,

*Robert Shattuck*

Robert Shattuck
3812 Spring Valley Circle
Birmingham, AL 35223