Clerk of the Court
United States District Court for the District of Connecticut
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

Glen DeValerio, Esq.
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Dennis J. Johnson, Esq.
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Brad N. Friedman, Esq.
Milberg LLP
One Penn Plaza New York, NY 10119-0165

Sandra C. Goldstein, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Ave.
New York, NY 10019

Thomas D. Goldberg, Esq.
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901

John A. Valentine, Esq.
Wilmer, Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

George A. Salter, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

**NOTICE OF OBJECTION
TO THE PROPOSED SETTLEMENT OF CLASS ACTION IN THE
CARLSON V. XEROX CORPORATION, CASE NO. 3:00 CV-1621
(D. CONN.) (AWT) SECURITIES LITIGATION**

Robert W. Harvey
4 Intrepid Lane
Jamestown, RI 02835
401-423-2820


I am a member of the proposed class because I purchased Xerox common stock during the class period. I write to advise the court that I strenuously object to the outrageous amount of money that Plaintiffs' Settlement Counsel is attempting to skim off the settlement fund. Twenty percent of the settlement fund is $150 million (plus expenses ) and the estimated recovery to each of the alleged damaged plaintiffs is 45.6 cents per share (before deduction of Court-awarded attorney's fees and expenses) . It is obvious that the only ones benefiting from the proposed settlement are plaintiff's counsel. As Senator Everett McKinley Dirksen once said this is "real money" especially when Plaintiffs' Counsel can not, with any accuracy, estimate the true economic damages caused by the alleged fraud. Surely for $150 million, Plaintiffs' Settlement Counsel could afford to pay their expenses, but no, they ask the court to subtract those expenses from the Settlement Fund as well.

Even though the notice is unnecessarily long and hard to understand, its verbosity can not hide the fact that Plaintiffs' Settlement Counsel have not done anything worth the smallest fraction of the fees they request. I respectfully suggest that the requested attorneys fees belong to the clients they claim to represent and therefore ask that the court not approve the requested attorneys fees but award an amount that is appropriate to the **value**, if any, of the services **actually** provided and received by the actual participants in the settlement.

I expect that plaintiffs' Settlement Counsel will at some point provide the court with a more detailed explanation of why they deserve to be paid the fees they request. I would very much like to receive a copy of that submission so I can try to understand why this is anything more than extortion. To say that fees of this type are "customary" does not make it right or ethical.

I believe the footnote on page 9 regarding the criminality of Plaintiffs' Counsel, Milberg LLP may be incomplete. The former partner and felon William Lerach is not mentioned although he was associated with that firm during the class period. **Full disclosure, indeed!**

Respectfully submitted,

*Robert W. Harvey*
Robert W. Harvey


Dated: June 16, 2008

**Robert W. Harvey**
**Xerox transactions**

| Date | Tran | Qty | Price | Net Amount | gain/(loss) |
|---|---|---|---|---|---|
| 8/27/1999 | BUY | 65 | $ 50.0763 | $ 3,254.96 | |
| 10/18/1999 | SOLD | 65 | $ 25.1171 | $ 1,632.55 | $ (1,622.41) |
| 8/24/2000 | BUY | 120 | $ 16.5000 | $ 1,980.00 | |
| 10/12/2000 | BUY | 80 | $ 11.0028 | $ 880.22 | |
| 9/8/2004 | SOLD | 190 | $ 13.6135 | $ 2,586.50 | $ (130.64) |