COMMONWEALTH OF PENNSYLVANIA
**STATE EMPLOYEES' RETIREMENT SYSTEM
LEGAL OFFICE**
30 NORTH THIRD STREET, SUITE 150
HARRISBURG, PENNSYLVANIA 17101-1716
TELEPHONE: 717-783-7317
FAX:        717-787-5751
http://www.sers.state.pa.us



United States District Court
District of Connecticut
FILED AT HARTFORD
July 1, 2008
By _____ Deputy Clerk

**VIA OVERNIGHT MAIL**

June 30, 2008

Clerk of Court
United States District Court For The
 District Of Connecticut
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

    Re:    *In re Carlson v. Xerox Corporation*
           Case No. 3:00-CV-1621 (AWT) Securities Litigation

Dear Mr. or Ms. Clerk:

I am writing on behalf of the Pennsylvania State Employees' Retirement System ("SERS"), pursuant to the Notice of Pendency of Class Action and Proposed Settlement, Motion For Attorneys' Fees and Settlement Fairness Hearing ("Notice") in the above-referenced litigation. SERS is an independent state agency that manages a governmental retirement fund of approximately $33 billion for the benefit of more than 200,000 Pennsylvania State employees and retirees and their beneficiaries. SERS' purchases and sales of Xerox securities during the class period are reflected in Attachment A hereto.

Please accept this letter as SERS' objection to the attorneys' fees requested, "Notice of Intention to Appear in the *Carlson v. Xerox Corporation,* Case No. 3:00-CV-1621 (D. Conn) (AWT) Securities Litigation" to object to the application for attorneys' fees that has been made herein and our respectful request that the Court grant us permission to appear via telephone.

While SERS has no objection to the settlement of this action for $750 million as set forth in the Notice, SERS objects to the proposed attorneys' fee request of up to 20% of the gross settlement amount.[1] Although SERS does not object to the adequacy of the settlement of this action as set forth in the Notice and does not have sufficient information to challenge the number of hours that were devoted to the case by counsel, SERS does object to the proposed attorneys' fee request of 20% of the settlement fund, and respectfully requests that the Court award a fee that is substantially less than the 20% fee to be requested, and that the percentage be applied to the net fund, not the gross fund. SERS respectfully requests that the Court award a fee that is substantially less than the 20% of gross settlement fee asked for in the Notice.

---

[1] We note that in addition to the claim for up to 20% of the gross settlement fund, counsel is also seeking an additional $5 million for expenses. Accordingly, out of the total settlement of $750 million, if the full 20% fee is awarded, the numerous class members will share only $595 million.

A fee award of 20% of the settlement fund is beyond the scope of fees typically, and more reasonably, awarded in connection with settlements of this size and type. As we understand it, this settlement may be in the top ten of such settlements. In the *Tyco* case which was just recently settled, in response to a request by the court, counsel provided a chart reflecting the top ten post-PSLRA settlement fee arrangements at that time, which was appended to the court's order in the case and appears as Attachment B herein. *In Re: Tyco International, Ltd. Multidistrict Litigation*, U.S. Dist. Ct. Dist. Of New Hampshire, Case No. 1:02-md-01335- PB, Opinion No. 2007 DNH 156, Memorandum and Order filed 12/19/2007.

Even if it should be in this case that lead counsels' lodestar multiple is below average, in a super-mega case such as this, it is not so much the multiple but the *amount* of the fee that is important. According to the Notice, counsel may seek up to a $150 million fee award which, with the exception of *WorldCom*, is significantly higher than most of the others. Moreover, at that time only two other cases had an attorneys' fee award of over $100 million – *AOL/Time Warner* and *Royal Ahold*.[2] In *WorldCom*, where the multiple was probably higher than it will be in this case, the fee was less than 6% of the recovery for the class. The average of the 10 cases in the chart from the *Tyco* case was below 10%, specifically 9.34%. (A 20% fee in this case, by way of example, would produce a fee of $150,000,000, constituting a "bonus" of around $50 million, assuming lead counsels' lodestar is around $100 million.)[3]

In contrast to the 20% fee being sought by class counsel, the court in *In Re Cendant Corporation*, 243 F. Supp 2d 166 (2003) determined that a 1.7% attorneys fee was appropriate where "...the fund will benefit more than 119,000 class members **each of whom will be receiving a payment of approximately 40 percent of his or her claim**." 243 F.Supp. at 172 (emphasis supplied).

The court *In Re Worldcom, Inc.*, 388 F.Supp 2d 319, 353 (2005), decided to approve a 5.5% fee for class counsel. Also, a 17% fee was deemed sufficient compensation for class counsel by the court *In Re Lucent Technologies*, 327 F.Supp.2d 426 (2004). The federal courts have recognized they have a special obligation to protect the interests of the absent class at this stage of a federal securities class action. As stated in *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F. 3d 513, 516 (6th Cir. 1993), "[t]he interest of class counsel in obtaining fees is adverse to the interest of the class in obtaining recovery because the fees come out of the common fund set up for the benefit of the class. In addition, there is often no one to argue for the interests of the class. . . since it is expected that that class members with small individual stakes in the outcome will not file objections . . . ."

In *In re Cendant Corp. Securities Litigation*, 404 F. 3d 173, 187-88 (3d Cir. 2005), the Court stated:

> "In traditional common fund cases, the court acts almost as a fiduciary for the class, performing some of the roles-i.e., monitoring and compensating class counsel-that clients in individual suits normally take on themselves. *See In re Rite Aid Corp. Sec. Litig.*, 396 F. 3d 294, 307-08 (3d Cir. 2005) (Rite Aid); *In re General Motors Corp. Pickup Truck Fuel Tank Prods. Liab. Litig.*, 55 F. 3d 768, 784 (3d Cir. 1995)]('The court plays the

---

[2] The court awarded the requested fee in *Tyco*.

[3] Lead counsel has indicated that he will share with SERS the lodestar data as well as the fee report being prepared by a retired federal judge.

2

important role of protector of the absentees' interests, in a sort of fiduciary capacity, by approving appropriate representative plaintiffs and class counsel.'); *In re Oracle Sec. Litig.*, 131 F.R.D. 688, 691 (N. D. Cal. 1990) (Walker, J.) (Oracle) ("The court bears fiduciary responsibilities to the class.").

Speaking about common fund cases generally, the Ninth Circuit has stated in *Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043, 1052 (9th Cir. 2002):

> "'Because in common fund cases the relationship between plaintiffs and their attorneys turns adversarial at the feesetting stage, courts have stressed that when awarding attorneys' fees from a common fund, the district court must assume the role of fiduciary for the class plaintiffs.' [citation omitted] Accordingly, fee applications must be closely scrutinized. Rubberstamp approval, even in the absence of objections, is improper."

In fact, the Third Circuit stated in *In re Rite Aid Corporation Securities Litigation*, 396 F.3d 294 (3d Cir. 2005), that "[t]he determination of attorneys' fees in class action settlements is fraught with the potential for a conflict of interest between the class and counsel .... At the fee determination stage, the district court must protect the class's interest by acting as fiduciary for the class." See also *In re BankAmerica Corp. Securities Litigation*, 228 F Supp2d 1061 (E.D. Mo. 2002). Indeed, the Second Circuit has stated repeatedly that attorney fee awards in common fund cases must be "'made with moderation,'" *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 52 (2d Cir. 2000) (quoting *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 469 (2d Cir. 1974.)

In the Tenth Circuit, the U.S. District Court for the District of Colorado found that the attorney's fee award sought by lead counsel therein should be reduced from 24% to 15%. *In re QWEST Communications International, Inc. Securities Litigation*, 2006 U.S. Dist. LEXIS 71267. In that decision, the court specifically cited SERS' objection, among others, as justifying the lower, more appropriate award.

15 USC §78u-4(a)(6), added by the Private Securities Litigation Reform Act of 1995, restricts the payment of a fee to class counsel which "...shall not exceed a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." Recent federal court decisions in federal securities class actions demonstrate that class counsel can be reasonably compensated by a fee award which is substantially less than 20% of the settlement amount. The following decisions are illustrative:

- In re HPL Technologies, Inc. Securities Litigation, 2005 US Dist LEXIS 7244 (ND CA 2005), in which class counsel sought a fee of 15% of a settlement valued by the court at $18.4 million; the court, however, awarded an even lower fee representing 11% of the value of the settlement.

- In re Infospace, Inc. Securities Litigation, 330 F Supp2d 1203, 1216 (WD WA 2004), where the court rejected a fee request representing 25% of the $34.3 million settlement and instead awarded a fee representing approximately 12% of the settlement fund.

3

- Cylink Securities Litigation, 274 F Supp2d 1109, 1115-16 (ND CA 2003), in which the court, after canvassing recent fee awards (involving percentages ranging from 5.2% to 22.5%), determined that a fee award of 16% of the $6.2 million settlement was "fair, adequate and reasonable"; among the fee awards cited in the opinion were a 7% fee in Bank One which settled for $45 million and an 8% fee in Network Associates which settled for $30 million.[4]

- In re Critical Path, Inc. Securities Litigation, 2002 US Dist LEXIS 26399 (ND CA 2002, in which the Florida State Board of Administration was lead plaintiff and the case settled for $17 million plus 850,000 warrants (which were not accorded significant weight by the court in evaluating the reasonableness of the settlement); one class counsel was awarded 15% of the settlement for its class and another class counsel was awarded 10% of the settlement for its class.

Similarly, in the Second Circuit, where the courts follow the "preference for moderation" enunciated in Goldberger v. Integrated Resources, Inc., 209 F3d 43, 57 (2d Cir 2000), there have been a number of federal securities cases in which a fee substantially less than 20% has been determined to provide reasonable compensation to class counsel:

- In re Impath, Inc. Litigation, Master File No. 03-CIV-5667(DAB), a case involving a $22.6 million settlement, in which the court awarded a fee of 16.85% of the settlement fund.

- In re Elan Securities Litigation, 2005 US Dist LEXIS 6782 (SD NY 2005), a case involving a $75 million settlement, in which the court awarded a fee of 12% instead of the requested 20% fee.

- In re Bristol-Myers Squibb Securities Litigation, 361 F Supp2d 229, 237 (SD NY 2005), a case involving a $300 million settlement, in which the court rejected a fee request of 7.5% of the settlement fund and instead awarded a fee of some $11 million representing 4% of the settlement.

- In re Interpublic Securities Litigation, 2004 US Dist LEXIS 21429 (SD NY 2004) which involved a settlement consisting of cash and securities and having a guaranteed minimum value of $77 million; notwithstanding that class counsel had originally agreed to a fee of 20% and later negotiated the fee down to 17%, the court awarded a fee of 12% of the settlement.

- Twinlab Corp. Securities Litigation, 187 F Supp2d 80, 88 (ED NY 2002) in which the court awarded a fee representing 12% of a $26.5 million settlement.

These determinations, we respectfully submit, demonstrate that it is not necessary to award 20% of a settlement in order to provide reasonable compensation to class counsel for their efforts. These decisions, we respectfully submit, instead point to a fee award which is substantially less than the up to 20% fee which has been requested here.

The courts have scrutinized these requests, particularly in mega fund cases, and awarded fees that are significantly less than the up to 20% requested here. In *In re Nortel Networks Corp. Securities Litigation*, Case No. 05-MD-1659 (LAP), where the settlement amount was $370

---

[4] See also In re Quantum Health Resources, Inc. Securities Litigation, 962 F Supp 1254, 1259 (CD CA 1997)(in which the court awarded a fee of 10% of a $10 million settlement); In re Brooktree Securities Litigation, 915 F Supp 193, 201 (SD CA 1996)(in which the court awarded 15% of $5.5 million settlement).

4

million in cash and over 314 million shares of Nortel common stock with a value at the time of settlement of $672.7 million, the court reduced the requested fee from 10% to 8%; and *In re Royal Ahold N.V. Securities & ERISA Litigation*, Civil No. 03-MD-1539 (D. MD. 2006), the court reduced the fee to 12% from the 15% requested.

We have no basis to complain about the quality of the firms in this case, or the work they have performed. We defer to the Court, which has had the opportunity to observe the work at close hand. Although we do not denigrate counsel's work, it must be noted that a good deal of the time devoted to the case is routine in the context of securities litigation: scrutinizing public documents; drafting complaints; preparing document production requests; preparing for and holding depositions, and categorizing and reviewing a multitude of documents. Having said that does not diminish in any way the abilities and efforts of counsel. It is just a question of compensating counsel reasonably in light of the losses suffered by the class and their net recovery of those damages.

We are most grateful for the Court's kind consideration of our objection. We respectfully request the Court to carefully scrutinize counsel's request for an amount up to a 20% fee and award no more than is absolutely required to provide reasonable compensation to counsel. Additionally, because we have not yet received counsel's lodestar data, attorneys' fee report from the retired federal judge or formal application for attorneys' fees, we would respectfully seek the opportunity to respond to them as may be appropriate. We would respectfully request the Court direct that we be served with a copy of the Court's determination on the fee application.

We hereby certify that we have caused a true copy of this letter with attachments to be served upon each of the parties listed below.

Respectfully submitted,

*/s/ Brian E. McDonough/*

Brian E. McDonough
Deputy Chief Counsel
State Employees' Retirement System

Attach.

cc:   Glen DeValerio, Esq., Berman DeValerio Pease Tabacco Burt & Pucillo
      Dennis J. Johnson, Esq., Johnson & Perkinson
      Brad N. Friedman, Esq., Milberg LLP
      Sandra C. Goldstein, Esq., Cravath, Swaine & Moore, LLP
      Thomas D. Goldberg, Esq., Day Pitney LLP
      John A. Valentine, Esq., Wilmer Cutler Pickering Hale and Dorr LLP
      George A. Salter, Esq., Hogan & Hartson LLP

Attachment A

XEROX CORP COM
984121103

## FIDELITY-FID SEL
### CPZFED013002
**Account Position as of 02/01/1998**

| | Trade Ex Date | Transaction Type (Trades) | Trade Base Price | Quantity (Trades) | Trade Base Cost | Trade Base Amount (Sells) | Trade Realized Investment G/L |
|---|---|---|---|---|---|---|---|
| | | | | 0.00 | 0.00 | | |
| XEROX CORP COM | 3/18/1998 | BUY | 97.51 | 500.00 | 48,766.25 | | |
| XEROX CORP COM | 3/19/1998 | BUY | 96.41 | 3,000.00 | 289,254.90 | | |
| XEROX CORP COM | 3/19/1998 | BUY | 96.75 | 4,500.00 | 435,465.00 | | |
| XEROX CORP COM | 3/20/1998 | BUY | 96.98 | 11,000.00 | 1,066,901.00 | | |
| XEROX CORP COM | 5/5/1998 | BUY | 113.60 | 9,900.00 | 1,124,844.93 | | |
| XEROX CORP COM | 9/30/1998 | SELL | 85.25 | (17,000.00) | (1,744,254.16) | 1,448,271.79 | (295,982.37) |
| XEROX CORP COM | 12/4/1998 | SELL | 105.38 | (900.00) | (92,342.87) | 94,823.54 | 2,480.67 |
| XEROX CORP COM | 2/24/1999 | Stock Split | 0.00 | 11,000.00 | 0.00 | | |
| XEROX CORP COM | 4/16/1999 | SELL | 55.06 | (4,400.00) | (225,727.01) | 242,153.84 | 16,426.83 |
| XEROX CORP COM | 4/19/1999 | SELL | 55.51 | (4,100.00) | (210,336.53) | 227,531.34 | 17,194.81 |
| XEROX CORP COM | 6/4/1999 | BUY | 59.56 | 1,400.00 | 83,415.50 | | 0.00 |
| XEROX CORP COM | 4/6/2000 | SELL | 26.49 | (600.00) | (31,247.80) | 15,883.87 | (15,363.93) |
| XEROX CORP COM | 4/7/2000 | SELL | 27.76 | (600.00) | (31,247.80) | 16,641.22 | (14,606.58) |
| XEROX CORP COM | 4/10/2000 | SELL | 28.09 | (8,200.00) | (427,053.25) | 230,206.50 | (196,846.75) |
| XEROX CORP COM | 4/10/2000 | SELL | 27.82 | (5,500.00) | (286,438.16) | 152,956.49 | (133,481.67) |
| | | | | 0.00 | 0.00 | | |

**Account Position as of 6/27/2002**

### JP/BGI TRANS
### CPZFED015002
**Account Position as of 02/01/1998**

| | Trade Ex Date | Transaction Type | Trade Base Price | Quantity | Trade Base Cost | Trade Base Amount | Trade Realized G/L |
|---|---|---|---|---|---|---|---|
| XEROX CORP COM | 4/3/1998 | SELL | 105.76 | 21,100.00 | 1,197,534.87 | | (620,178.99) |
| XEROX CORP COM | 4/3/1998 | SELL | 105.34 | (2,800.00) | (158,914.58) | 296,056.53 | 137,141.95 |
| XEROX CORP COM | 4/3/1998 | SELL | 104.83 | (100.00) | (5,675.52) | 10,531.88 | 4,856.36 |
| XEROX CORP COM | 4/6/1998 | SELL | 105.52 | (3,800.00) | (215,669.79) | 398,145.02 | 182,475.23 |
| XEROX CORP COM | 4/7/1998 | SELL | 109.52 | (5,200.00) | (295,127.08) | 548,441.83 | 253,314.75 |
| XEROX CORP COM | 4/8/1998 | SELL | 109.83 | (1,500.00) | (85,132.81) | 164,211.37 | 79,078.56 |
| XEROX CORP COM | 4/9/1998 | SELL | 111.70 | (1,000.00) | (56,755.21) | 109,777.34 | 53,022.13 |
| XEROX CORP COM | 4/9/1998 | SELL | | (300.00) | (17,026.56) | 33,500.42 | 16,473.86 |

| Security | Date | Action | Price | Quantity | Amount | Value | Balance |
|---|---|---|---|---|---|---|---|
| XEROX CORP COM | 4/14/1998 | SELL | 111.93 | (300.00) | (17,026.56) | 33,569.90 | |
| XEROX CORP COM | 4/14/1998 | SELL | 111.93 | (100.00) | (5,675.52) | 11,189.97 | |
| XEROX CORP COM | 4/23/1998 | SELL | 108.75 | (300.00) | (17,026.56) | 32,614.13 | |
| XEROX CORP COM | 5/4/1998 | SELL | 114.00 | (1,100.00) | (62,430.73) | 15,587.57 | |
| XEROX CORP COM | 5/18/1998 | SELL | 113.76 | (1,000.00) | (56,755.21) | 62,954.09 | |
| XEROX CORP COM | 5/26/1998 | SELL | 106.68 | (500.00) | (28,377.60) | 125,384.82 | |
| XEROX CORP COM | 6/5/1998 | SELL | 109.82 | (200.00) | (11,351.04) | 113,730.11 | |
| XEROX CORP COM | 6/9/1998 | SELL | 103.34 | (200.00) | (11,351.04) | 56,974.90 | |
| XEROX CORP COM | 6/10/1998 | SELL | 104.78 | (200.00) | (11,351.04) | 24,946.72 | |
| XEROX CORP COM | 6/25/1998 | SELL | 101.47 | (100.00) | (5,675.52) | 53,324.32 | |
| XEROX CORP COM | 7/8/1998 | SELL | 101.00 | (1,500.00) | (85,132.81) | 54,886.57 | |
| XEROX CORP COM | 7/27/1998 | SELL | 105.75 | (200.00) | (11,351.04) | 20,660.87 | |
| XEROX CORP COM | 8/5/1998 | SELL | 111.39 | (100.00) | (5,675.52) | 20,941.34 | |
| XEROX CORP COM | 9/23/1998 | PURCHASE | 98.13 | (300.00) | (17,026.57) | 9,309.83 | |
| XEROX CORP COM | 10/7/1998 | PURCHASE | 80.06 | 100.00 | 8,010.22 | 9,590.30 | |
| XEROX CORP COM | 10/9/1998 | SELL | 87.26 | 200.00 | 17,457.98 | 10,143.76 | |
| XEROX CORP COM | 4/16/1999 | BUY | 54.96 | (300.00) | (25,468.20) | 151,452.65 | |
| XEROX CORP COM | 4/19/1999 | BUY | 55.80 | 2,000.00 | 109,979.80 | 4,468.24 | |
| XEROX CORP COM | 5/25/1999 | BUY CANCEL | 56.98 | 1,500.00 | 83,740.20 | 66,319.84 | |
| XEROX CORP COM | 5/25/1999 | BUY | 56.98 | (300.00) | (17,113.41) | 21,147.29 | |
| XEROX CORP COM | 5/25/1999 | BUY | 56.98 | 300.00 | 17,113.41 | 9,796.25 | |
| XEROX CORP COM | 5/26/1999 | BUY | 55.97 | 2,000.00 | 112,024.20 | 5,460.02 | |
| XEROX CORP COM | 5/27/1999 | BUY CANCEL | 54.56 | (500.00) | (27,296.25) | 11,135.54 | |
| XEROX CORP COM | 5/27/1999 | BUY | 54.56 | 500.00 | 27,296.25 | 29,433.51 | 26,091.63 |
| XEROX CORP COM | 5/28/1999 | BUY | 55.13 | 500.00 | 27,577.50 | 12,406.94 | |
| XEROX CORP COM | 6/1/1999 | BUY | 56.03 | 1,000.00 | 56,056.30 | | |
| XEROX CORP COM | 6/2/1999 | BUY | 56.36 | 1,000.00 | 56,390.40 | | |
| XEROX CORP COM | 6/2/1999 | BUY CANCEL | 57.51 | (500.00) | (28,772.00) | | |
| XEROX CORP COM | 6/2/1999 | BUY | 57.51 | 500.00 | 28,772.00 | | |
| XEROX CORP COM | 6/3/1999 | BUY | 57.52 | 500.00 | 28,772.70 | | |
| XEROX CORP COM | 6/17/1999 | BUY | 58.03 | 500.00 | 29,034.15 | | |
| XEROX CORP COM | 7/16/1999 | BUY | 57.87 | 100.00 | 5,792.14 | | |
| XEROX CORP COM | 7/20/1999 | BUY | 59.21 | 500.00 | 29,621.35 | | |
| XEROX CORP COM | 7/29/1999 | BUY | 57.29 | 5,700.00 | 326,694.93 | | |
| XEROX CORP COM | 7/29/1999 | BUY | 49.27 | 1,400.00 | 69,022.10 | | |
| XEROX CORP COM | 7/30/1999 | BUY | 49.52 | 1,300.00 | 64,410.84 | 0.00 | 0.00 |

## Account Position as of 6/27/2002

| | | | | |
|---|---|---|---|---|
| XEROX CORP COM | 8/2/1999 BUY | 49.26 | 4,900.00 | 241,526.88 | 0.00 |
| XEROX CORP COM | 8/12/1999 BUY | 44.84 | 200.00 | 8,972.76 | 0.00 |
| XEROX CORP COM | 9/24/1999 BUY | 42.75 | 3,700.00 | 158,212.00 | 0.00 |
| XEROX CORP COM | 11/12/1999 BUY | 25.60 | 2,500.00 | 64,062.50 | 0.00 |
| XEROX CORP COM | 12/8/1999 BUY | 25.00 | 500.00 | 12,510.00 | 0.00 |
| XEROX CORP COM | 2/4/2000 SELL | 21.77 | (500.00) | (24,942.10) | (14,070.26) |
| XEROX CORP COM | 2/10/2000 SELL | 20.80 | (500.00) | (24,942.10) | (14,560.75) |
| XEROX CORP COM | 2/11/2000 SELL | 20.48 | (1,600.00) | (79,814.71) | (47,099.80) |
| XEROX CORP COM | 2/14/2000 SELL | 21.64 | (500.00) | (24,942.10) | (14,718.69) |
| XEROX CORP COM | 2/15/2000 SELL | 21.38 | (600.00) | (29,930.51) | (16,972.62) |
| XEROX CORP COM | 2/16/2000 SELL | 21.64 | (200.00) | (9,976.84) | (5,710.98) |
| XEROX CORP COM | 2/17/2000 SELL | 21.26 | (300.00) | (14,965.26) | (8,481.94) |
| XEROX CORP COM | 2/22/2000 SELL | 21.26 | (1,200.00) | (59,861.03) | (34,398.60) |
| XEROX CORP COM | 2/25/2000 SELL | 20.87 | (500.00) | (24,942.10) | (14,332.75) |
| XEROX CORP COM | 2/25/2000 SELL | 20.12 | (1,800.00) | (89,791.54) | (52,294.47) |
| XEROX CORP COM | 3/1/2000 SELL | 20.06 | (2,100.00) | (104,756.80) | (62,575.93) |
| XEROX CORP COM | 5/12/2000 SELL | 21.48 | (2,400.00) | (119,722.06) | (71,621.67) |
| XEROX CORP COM | 7/7/2000 BUY | 27.37 | (17,900.00) | (892,927.01) | (509,018.84) |
| XEROX CORP COM | 7/25/2000 SELL | 20.34 | 300.00 | 8,222.91 | 383,908.17 |
| XEROX CORP COM | 7/26/2000 BUY | 18.09 | (300.00) | (8,222.91) | 0.00 |
| XEROX CORP COM | 8/10/2000 SELL | 15.25 | 200.00 | 3,622.76 | 6,096.93 |
| XEROX CORP COM | | 16.00 | 16,200.00 | 248,022.00 | 0.00 |
| | | | (16,400.00) | (251,644.76) | 10,320.09 |
| | | | 0.00 | (0.00) | 261,964.85 |
| | | | | | (857,039.76) |

## LOOMIS-LGCAPVA
## CPZFED016002
### Account Position as of 02/01/1998

| | | | | | |
|---|---|---|---|---|---|
| XEROX CORP COM | 8/26/1999 BUY | 50.00 | 0.00 | 0.00 | 0.00 |
| XEROX CORP COM | 9/30/1999 SELL CANCEL | 41.94 | 45,000.00 | 2,252,700.00 | 365,512.50 |
| XEROX CORP COM | 9/30/1999 SELL | 41.94 | 45,000.00 | 2,252,700.00 | 365,512.50 |
| XEROX CORP COM | 9/30/1999 SELL | 41.94 | (45,000.00) | (2,252,700.00) | (1,887,187.50) |
| | | | (45,000.00) | (2,252,700.00) | 1,887,187.50 |
| | | | 0.00 | 0.00 | 1,887,187.50 |
| | | | | | (365,512.50) |

## MARTINGALE-MKT NT
## CZFED025002
### Account Position as of 02/01/1998

| | | |
|---|---|---|
| | 0.00 | 0.00 |
| | | (365,512.50) |

BOSTON CO ASSET MGMT
CPZFED026002
Account Position as of 02/01/1998
Account Position as of 6/27/2002

| Security | Date | Transaction | Price | Shares | Amount | Balance |
|---|---|---|---|---|---|---|
| XEROX CORP COM | 2/16/1999 | BUY CANCEL | 116.44 | (2,700.00) | 0.00 | 0.00 |
| XEROX CORP COM | 2/16/1999 | BUY | 116.44 | 2,700.00 | (314,435.25) | 314,435.25 |
| XEROX CORP COM | 2/16/1999 | BUY | 116.44 | 2,700.00 | (314,435.25) | 314,435.25 |
| XEROX CORP COM | 2/24/1999 | STOCK SPLIT | 0.00 | 2,700.00 | 0.00 | 0.00 |
| XEROX CORP COM | 2/25/1999 | BUY CANCEL | 57.23 | (18,900.00) | 1,082,626.02 | 0.00 |
| XEROX CORP COM | 2/25/1999 | BUY | 57.23 | 18,900.00 | (1,082,626.02) | 1,082,626.02 |
| XEROX CORP COM | 2/25/1999 | BUY | 57.23 | 18,900.00 | (1,082,626.02) | 1,082,626.02 |
| XEROX CORP COM | 3/23/1999 | BUY | 52.91 | 1,000.00 | (52,926.30) | 52,926.30 |
| XEROX CORP COM | 3/29/1999 | BUY | 54.09 | 500.00 | (27,056.90) | 27,056.90 |
| XEROX CORP COM | 4/29/1999 | SELL | 58.83 | (11,500.00) | 658,372.54 | (658,372.54) |
| XEROX CORP COM | 6/23/1999 | BUY | 56.88 | 2,200.00 | (125,169.00) | 125,169.00 |
| XEROX CORP COM | 7/7/1999 | BUY | 58.86 | 1,400.00 | (82,435.50) | 82,435.50 |
| XEROX CORP COM | 9/16/1999 | SELL | 42.83 | (8,600.00) | 367,870.78 | (493,071.36) |
| XEROX CORP COM | 9/17/1999 | SELL | 42.64 | (9,300.00) | 396,076.57 | (533,205.07) |
| XEROX CORP COM | 12/2/1999 | SHORT SELL CANCEL | 26.56 | 16,300.00 | (430,509.31) | (125,200.58) |
| XEROX CORP COM | 12/2/1999 | SHORT SELL | 26.56 | (16,300.00) | 430,509.31 | (137,128.50) |
| XEROX CORP COM | 12/2/1999 | SHORT SELL | 26.56 | (16,300.00) | 430,509.31 | 0.00 |
| XEROX CORP COM | 12/20/1999 | SHORT SELL | 20.89 | (16,400.00) | 341,739.98 | 0.00 |
| XEROX CORP COM | 1/24/2000 | SHORT SELL | 22.00 | (1,300.00) | 28,563.81 | 0.00 |
| XEROX CORP COM | 2/10/2000 | COVER SALE | 21.44 | 100.00 | (2,355.33) | 2,159.55 |
| XEROX CORP COM | 2/10/2000 | COVER SALE | 21.44 | 100.00 | (2,355.33) | 2,159.55 |
| XEROX CORP COM | 2/10/2000 | COVER SALE CANCEL | 21.44 | (100.00) | 2,355.33 | 0.00 |
| XEROX CORP COM | 3/13/2000 | COVER SALE | 23.35 | (15,900.00) | 370,506.91 | 370,506.91 |
| XEROX CORP COM | 3/13/2000 | SHORT SELL | 23.34 | (11,200.00) | 261,161.28 | 261,161.28 |
| XEROX CORP COM | 2/3/1999 | SHORT SELL CANCEL | 122.56 | 6,000.00 | (734,606.48) | (734,606.48) |
| XEROX CORP COM | 2/3/1999 | SHORT SELL | 122.56 | (6,000.00) | 734,606.48 | 0.00 |
| XEROX CORP COM | 2/3/1999 | SHORT SELL | 122.56 | (6,000.00) | 734,606.48 | 0.00 |
| XEROX CORP COM | 2/24/1999 | STOCK SPLIT | 0.00 | (6,000.00) | 0.00 | 0.00 |
| XEROX CORP COM | 7/13/1999 | COVER SALE | 57.75 | 12,000.00 | (693,000.00) | 41,606.48 |
| XEROX CORP COM | 10/11/2000 | SHORT SELL | 10.94 | (15,900.00) | 172,692.05 | 0.00 |
| XEROX CORP COM | 11/7/2000 | SHORT SELL | 9.81 | (100.00) | 971.11 | 0.00 |
| XEROX CORP COM | 12/12/2000 | COVER SALE | 5.50 | 16,000.00 | (89,488.00) | 84,175.16 |
| | | | | | | 125,781.64 |
| | | | | | 173,663.16 | |

**BARCLAYS-RESTRUCT A.**
**CPZFEX011002**
**Account Position as of 02/01/1998**

| | | | | |
|---|---|---|---|---|
| XEROX CORP COM | 9/30/1999 BUY CANCEL | 41.94 | (45,000.00) | (1,887,187.50) |
| XEROX CORP COM | 9/30/1999 BUY | 41.94 | 45,000.00 | 1,887,187.50 |
| XEROX CORP COM | 9/30/1999 BUY | 41.94 | 45,000.00 | 1,887,187.50 |
| XEROX CORP COM | 10/1/1999 SELL | 41.94 | (45,000.00) | (1,887,187.50) |

**Account Position as of 6/27/2002**  0.00  0.00

**FIRST QUADRANT MKTNT**
**CPZFED024002**
**Account Position as of 02/01/1998**

| | | | | |
|---|---|---|---|---|
| XEROX CORP COM | 11/10/1999 SHORT SELL | 25.83 | (12,000.00) | (309,697.66) | 309,697.66 |
| XEROX CORP COM | 2/9/2000 SHORT SELL | 21.78 | (7,000.00) | (152,342.91) | 152,342.91 |
| XEROX CORP COM | 2/25/2000 SHORT SELL | 20.25 | (1,000.00) | (20,229.32) | 20,229.32 |
| XEROX CORP COM | 3/9/2000 COVER SALE | 21.03 | 3,000.00 | 72,340.48 | (63,159.00) |
| XEROX CORP COM | 3/23/2000 COVER SALE | 26.99 | 5,000.00 | 120,567.47 | (135,040.00) |
| XEROX CORP COM | 4/11/2000 SHORT SELL | 27.02 | (4,000.00) | (108,008.39) | 108,008.39 |
| XEROX CORP COM | 4/17/2000 COVER SALE | 24.35 | 1,000.00 | 24,835.65 | (24,369.00) |

| XEROX CORP COM | 3/20/2000 COVER SALE CANCEL | 26.75 | (26,900.00) | (633,584.48) | 720,920.00 |
| XEROX CORP COM | 3/20/2000 COVER SALE | 26.75 | 26,900.00 | 633,584.48 | (720,920.00) |
| XEROX CORP COM | 3/20/2000 COVER SALE | 26.75 | 26,900.00 | 632,671.84 | (720,920.00) |
| XEROX CORP COM | 3/30/2000 SHORT SELL CANCEL | 25.95 | 1,900.00 | 49,206.26 | (88,248.16) |
| XEROX CORP COM | 3/30/2000 SHORT SELL | 25.95 | (1,900.00) | (49,206.26) | 49,206.26 |
| XEROX CORP COM | 3/30/2000 SHORT SELL | 25.95 | (1,900.00) | (49,206.26) | 49,206.26 |
| XEROX CORP COM | 5/11/2000 COVER SALE | 28.50 | 1,600.00 | 37,631.04 | (45,624.00) |
| XEROX CORP COM | 7/28/2000 COVER SALE | 14.72 | 15,900.00 | 373,958.45 | (234,765.87) |
| XEROX CORP COM | 8/15/2000 SHORT SELL | 16.69 | (800.00) | (13,293.47) | 13,293.47 |
| XEROX CORP COM | 9/8/2000 SHORT SELL | 15.53 | (20,800.00) | (321,887.31) | 321,887.31 |
| XEROX CORP COM | 9/11/2000 SHORT SELL | 15.38 | (1,000.00) | (15,324.48) | 15,324.48 |
| XEROX CORP COM | 9/28/2000 SHORT SELL | 15.25 | (2,300.00) | (35,016.33) | 35,016.33 |
| XEROX CORP COM | 10/3/2000 COVER SALE CANCEL | 12.19 | (23,200.00) | (438,678.04) | 284,029.46 |
| XEROX CORP COM | 10/3/2000 COVER SALE | 12.19 | 23,200.00 | 438,678.04 | (284,029.46) |
| XEROX CORP COM | 10/3/2000 COVER SALE | 11.18 | 20,200.00 | 381,952.44 | (226,793.86) |
| XEROX CORP COM | 10/3/2000 COVER SALE | 12.19 | 23,200.00 | 438,678.04 | (284,028.32) |
| **Account Position as of 6/27/2002** | | | 0.00 | 0.00 | 154,649.72 |

108,235.86

0.00

139,192.58

0.00
0.00
0.00
0.00
(154,648.58)
154,648.58
155,158.58

87,335.52
(87,335.52)

0.00
0.00
0.00
0.00

(7,992.96)

0.00
0.00
0.00
0.00
9,181.48
(14,472.53)
0.00
466.65

**BARCLAYS-EQ S&P IDX**
**CPZFEX010302**
Account Position as of 02/01/1998

| | | | | | |
|---|---|---|---|---|---|
| XEROX CORP COM | 5/9/2000 | SHORT SELL | 28.19 | (2,000.00) | (56,334.12) | 56,334.12 |
| XEROX CORP COM | 7/12/2000 | COVER SALE | 19.85 | 17,000.00 | 428,868.80 | (337,705.00) |
| XEROX CORP COM | 5/22/2001 | SHORT SELL | 10.95 | (5,000.00) | (54,648.18) | 54,648.18 |
| XEROX CORP COM | 6/4/2001 | SHORT SELL | 10.40 | (13,000.00) | (134,900.39) | 134,900.39 |
| XEROX CORP COM | 9/6/2001 | SHORT SELL | 9.13 | (8,000.00) | (72,841.57) | 72,841.57 |
| XEROX CORP COM | 10/17/2001 | COVER SALE | 7.84 | 1,000.00 | 10,091.93 | (7,861.90) |
| XEROX CORP COM | 10/30/2001 | COVER SALE | 6.82 | 1,000.00 | 10,091.93 | 2,230.03 |
| XEROX CORP COM | 11/6/2001 | COVER SALE | 7.18 | 24,000.00 | 242,206.28 | (172,860.00) |

Account Position as of 6/27/2002   0.00   0.00   69,346.28

                                                                        161,167.64

**MACKAY SHIELDS FINCL**
**R46P**
Account Position as of 02/01/1998   0.00

| | | | | | |
|---|---|---|---|---|---|
| XEROX CORP COM | 6/19/2002 | BUY | 7.65 | 44,438.00 | 339,950.70 | 0.00 |
| XEROX CORP COM | 6/19/2002 | BUY | 7.65 | 38,642.00 | 295,611.30 | 0.00 |
| XEROX CORP COM | 6/19/2002 | BUY | 7.65 | 25,117.00 | 192,145.05 | 0.00 |
| XEROX CORP COM | 6/19/2002 | SELL | 7.65 | (44,438.00) | (339,950.70) | 339,950.70 |
| XEROX CORP COM | 6/19/2002 | SELL | 7.65 | (38,642.00) | (295,611.30) | 295,611.30 |
| XEROX CORP COM | 6/19/2002 | SELL | 7.65 | (25,117.00) | (192,145.05) | 192,145.05 |
| XEROX CORP COM | 6/19/2002 | SELL | 7.65 | (25,117.00) | (192,145.05) | 192,145.05 |

Account Position as of 6/27/2002   0.00   0.00   0.00

**MACKAY SHIELDS FINCL**
**R46P**
Account Position as of 02/01/1998   0.00

| | | | | | |
|---|---|---|---|---|---|
| XEROX CORP COM | 9/17/1998 | SELL | 86.61 | (9,600.00) | (528,026.86) | 302,778.38 |
| XEROX CORP COM | 9/22/1998 | SELL | 79.75 | (10,900.00) | (599,530.50) | 269,061.52 |

Account Position as of 6/27/2002   20,500.00   1,127,557.36   868,592.02

                                                                        571,839.90

**LORD ABBOT & CO**
**R46H**
Account Position as of 02/01/1998   0.00

| | | | | | |
|---|---|---|---|---|---|
| XEROX CORP COM | 2/25/1998 | BUY | 88.75 | 27,900.00 | 2,477,865.96 | 0.00 |
| XEROX CORP COM | 2/25/1998 | BUY | 88.76 | 7,000.00 | 621,434.80 | 0.00 |
| XEROX CORP COM | 3/18/1998 | BUY | 97.25 | 15,400.00 | 1,498,683.34 | 0.00 |

**XEROX CORP COM**
**Account Position as of 6/27/2002**

| | | | | | |
|---|---|---|---|---|---|
| 5/21/1998 | SELL | 106.75 | (50,300.00) | (4,597,984.10) | 5,369,525.00 |
| | | | 0.00 | 0.00 | 771,540.90 |
| | | | 0.00 | (0.00) | (104,165.31) |

**Total Account Position as of 6/27/2002**

771,540.90

**XEROX CORP NT**
**9841121AT0**
MELLON BOND-INDEX
CPZFFD015002
Account Position as of 02/01/1998
  XEROX CORP NT
Account Position as of 6/27/2002
Total Account Position as of 6/27/2002

| Trade Date | Transaction Type (Trades) | Trade Ex | Trade Base Price | Trade Base Quantity (Trades) | Trade Base Cost | Trade Base Amount (Sells) | Trade Realized Investment G/L |
|---|---|---|---|---|---|---|---|
| 10/17/2000 | SELL | | 75.00 | 1,000,000.00 | 1,030,050.00 | 750,000.00 | (280,050.00) |
| | | | | (1,000,000.00) | (1,030,050.00) | | (280,050.00) |
| | | | | 0.00 | 0.00 | | |
| | | | | 0.00 | 0.00 | | (280,050.00) |

**SALOMON BROTHERS**
**CPZFFD022002**

**XEROX CORP NT**
**984121AU7**

Account Position as of 02/01/1998

| Trade Ex Date | Transaction Type (Trades) | Trade Base Price | Quantity (Trades) | Trade Base Cost | Trade Base Amount (Sells) | Trade Realized Investment G/L |
|---|---|---|---|---|---|---|
| | | | 0.00 | 0.00 | | |
| 1/10/2002 | BUY | 93.75 | 1,675,000.00 | 1,570,312.50 | 0.00 | 0.00 |
| 5/2/2002 | BUY | 87.00 | 125,000.00 | 108,750.00 | 0.00 | 0.00 |

XEROX CORP NT
XEROX CORP NT
Account Position as of 6/27/2002           1,800,000.00   1,679,062.50

XEROX CORP NT
XEROX CORP NT
Account Position as of 6/27/2002           1,800,000.00   1,679,062.50

Total Account Position as of 6/27/2002                                     0.00

XEROX CORP SHELF 18
984121AW3
SALOMON BROTHERS
CPZFFD022002
Account Position as of 02/01/1998
XEROX CORP SHELF 18
Account Position as of 6/27/2002

| Transaction Trade Ex Date | Type (Trades) | Trade Base Price | Quantity (Trades) | Trade Base Cost | Trade Base Amount (Sells) | Trade Realized Investment G/L |
|---|---|---|---|---|---|---|
| | | | 0.00 | 0.00 | | 0.00 |
| 5/8/2002 | BUY | 90.50 | 2,000,000.00 | 1,810,000.00 | | |
| | | | 2,000,000.00 | 1,810,000.00 | | 0.00 |

Total Account Position as of 6/27/2002   2,000,000.00   1,810,000.00   0.00

Attachment B

## TOP TEN POST-PSLRA SETTLEMENT FEE AWARDS

| Case Name | Settlement Amount | Lodestar | Fee Award | Mult. | Avg. Hrly. Rate | Stage of Case Upon Settlement | Pages of Documents Reviewed | Depositions | Fee Award % |
|---|---|---|---|---|---|---|---|---|---|
| WorldCom | $6,133,000,000 | $83,183,238.70 | $336,100,000.00 | 4.040 | $299.37 | Class Disc. (Citigroup), Partial SJ (UW's) | 10,000,000 | 41 | 5.48% |
| Cendant | $3,186,000,000 | $8,000,000.00 | $55,000,000.00 | 6.875 | $343.00 | Class Cert stage merits discovery ongoing | 1,000,000 | 0 | 8.00% |
| AOL/Time Warner | $2,650,000,000 | $39,973,056.76 | $147,500,000.00 | 3.690 | $346.66 | | 15,500,000 | 0 | 5.57% |
| Nortel II | $1,039,811,504 | $17,429,370.30 | $83,184,920.32 | 4.773 | $296.57 | Class Cert stage | 15,500,000 | 0 | 8.00% |
| Nortel I | $1,142,000,000 | $16,655,971.00 | $34,283,259.29 | 2.058 | $348.12 | Class Cert stage | 10,000,000 | 0 | 3.00% |
| Royal Ahold | $1,088,732,241 | $50,858,606.25 | $130,647,868.95 | 2.569 | $343.88 | Class Cert stage merits discovery ongoing | 2,000,000 | 12 | 12.00% |
| McKesson | $960,000,000 | $31,160,000.00 | $74,784,000.00 | 2.400 | $366.59 | | 15,000,000 | 0 | 7.79% |
| Lucent | $517,000,000 | $20,244,296.58 | $87,890,000.00 | 4.341 | $329.96 | Class Cert stage expert discovery completed | 2,000,000 | 65 | 17.00% |
| Bankamerica | $484,551,469 | $28,805,990.75 | $86,416,085.14 | 3.000 | $353.97 | expert discovery completed | 3,000,000 | 0 | 17.83% |
| Dynegy | $474,000,000 | $10,162,041.75 | $41,359,818.00 | 4.040 | $381.93 | | 1,500,000 | 75 | 8.73% |
| Average | $1,767,509,521 | $30,647,257.21 | $107,716,595.17 | 3.779 | $341.01 | | 1,200,000 | 19 | 9.34% |
| | | | | | | | 6,120,000 | 21 | |
| Tyco (Proposed) | $3,200,000,000 | $170,742,993.65 | $464,000,000.00 | 2.718 | $349.69 | close of merits discovery | 82,500,000 | 215 | 14.50% |

For additional notes on cases, see next page

# EXHIBIT B - TOP TEN POST-PSLRA SETTLEMENT FEE AWARDS

## NOTES ON PRECEDING TABLE

| | |
|---|---|
| WorldCom | Fees were capped at the greater of 5.5% of the total settlement or 4 times the lodestar based upon an agreement w/ clients at the outset of the case. |
| Cendant | District Court originally awarded 8% or $255 million (multiplier of 31.875), which was in excess of counsel's agreement with their clients. Clients appealed and won and Plaintiffs' Counsel ultimately were only permitted to request $55 million in fees which was awarded. The 1 million pages of documents reviewed is an estimate based upon conversations with counsel in the case as it does not appear in public filings. |
| AOL/Time | In presenting fee application, Plaintiffs' Counsel presented a $46,861,731.25 lodestar, which was reduced by the Court to amount listed above. |
| Nortel II | At final hearing, shares were trading at $2.14 per share making total settlement value $1,042,813,920, instead of the $1.3 billion announced. Court deducted exps. of $3,020,416 prior to awarding fee. As a result, the fee award of $83,184,920.32 represented 8% of the net settlement value of $1,039,811,504. |
| Nortel I | Court's fee award of 3% was based almost exclusively on only allowing a two times multiplier. Award is on appeal by plaintiffs' counsel. |
| Royal Ahold | Court deducted $11,267,758.75 in exps. prior to awarding fee. As a result, the fee award of $130,647,868.95 represented 12% of the net settlement of $1,088,732,241. |
| McKesson | The 7.8% fee award, was the maximum amount requested by plaintiffs' counsel due to their fee arrangement with the lead plaintiffs. |
| Lucent | While the settlement involved varying values of options and warrants, the Court awarded a fee based upon a settlement value of $517 million. |
| Bankamerica | Court deducted $9,910,638.19 in exps. prior to awarding fee. As a result, the fee award of $86,416,085.14 represented 18% of the net settlement of $480,089,361.81. |