# HUGH T. LEE
P.O. BOX 830
DERRY, NH 03038
Phone: (603) 396-3527
Email: HTL@comcast.net

28 June 2008

Clerk of Court
US District Court for the District of Connecticut
Abraham Ribicoff Federal Building
450 Main Street
Hartford, CT 06103

**Re: Carlson v. Xerox Corporation – 3:00-cv-01621-AWT**

Dear Judge Thompson:

As a member of the Class in the subject litigation, I object to the proposed amount of attorneys' fees, as being extremely excessive. Attached is a spreadsheet confirming a loss of $25,118.04 from my Xerox stock transactions during the relevant period, a loss in excess of 50%.

The proposed settlement indicates that the attorneys prepared to take 50 depositions, but actually took only seven depositions over the course of eight days. While the 3.5million pages of documents allegedly reviewed, appears to be a massive task, most of that task was a matter of cataloging and organizing the documents. For this, the attorneys want 20% of $750,000,000 or $150,000,000. This is outrageous!

As part of my current business responsibilities I have budgetary responsibility for multiple litigations. A current complex patent case, which is scheduled for trial in August, has involved an equivalent number of documents and more than 100 depositions actually taken. The costs and attorneys' fees to date, from a renowned NYC patent firm, for that case are approximately 10% of the proposed award to the attorneys in the Xerox case.

I would urge the Court to require the attorneys involved in the Xerox case to provide comprehensive time and expense reports (utilizing reasonable hourly rates), for review by the Court. In order to compensate the attorneys for the risks involved in pursuing the class action, the Court could apply a reasonable multiplication factor (e.g. 2x or 3x) to those billings. I am confident that, even with a 3x multiplication factor applied, the attorney's fees and costs would not exceed $30,000,000.

In no event should the award of attorneys' fees and costs exceed 5% of the net recovery from Xerox and KPMG. It is important that attorneys not be given free license to charge whatever the market will bear. Rather, there should be a reasonable relationship between the effort expended and the award of fees and costs.

2008 – 062808 – Letter to the Court – Carlson v. Xerox

Thank you for your kind consideration in this matter.

Very truly yours,

Hugh T. Lee

Enclosure

CC:
Glen DeValerio, Esquire
Berman DeValerio Pease
Tabacco Burt & Pucillo
One Liberty Square
Boston, MA 02109

Brad N. Friedman, Esquire
Milberg LLP
One Penn Plaza
New York, NY 10119-0165

Dennis J. Johnson, Esquire
Johnson & Perkinson
1690 Williston Road
P.O. Box 2305
South Burlington, VT 05403

Sandra C. Goldstein, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY, 10019

Thomas D. Goldberg, Esq.
Day Pitney LLP
One Canterbury Green
Stamford, CT 06901

John A. Valentine, Esquire
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

George A. Salter, Esq.
Hogan & Hartson LLP
875 Third Avenue
New York, NY 10022

## XEROX STOCK TRANSACTIONS

| DATE | ACCOUNT | NO. OF SHARES | PURCHASE COST | NO. OF SHARES | SALE PROCEEDS |
|---|---|---|---|---|---|
| 5/4/00 | | 300 | $ 8,073.70 | | |
| 6/28/00 | | 600 | $ 11,579.95 | | |
| 8/14/00 | | 600 | $ 10,079.95 | | |
| 10/31/00 | | 300 | $ 2,579.95 | | |
| 1/16/02 | | | | 1800 | $ 17,621.73 |
| 10/6/99 | | 100 | $ 4,154.95 | | |
| 10/19/99 | | 200 | $ 4,954.95 | | |
| 6/19/00 | | 300 | $ 6,236.20 | | |
| 10/30/00 | | | | 600 | $ 4,919.88 |
| | | | $ 47,659.65 | | $ 22,541.61 |

**LOSS**     **$25,118.04**