UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> XEROX CORP., KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER AND PHILP FISHBACH | 3:00-CV-1621(AWT) <br><br> This document relates to: <br> 00-cv-1758   00-cv-01908 <br> 00-cv-01779  00-cv-01916 <br> 00-cv-01792  00-cv-01967 <br> 00-cv-01795  00-cv-02029 <br> 00-cv-01824  01-cv-00244 <br> 00-cv-01846  01-cv-00285 <br> 00-cv-01883  01-cv-00341 <br> 01-cv-00449  01-cv-00497 <br> 01-cv-00583  01-cv-00584 <br> 01-cv-00591  01-cv-00614 |

**MOTION TO QUASH AND FOR PROTECTIVE ORDER**

Class members and objectors Joel Shapiro, Peter Cafagna and Charles Reiner, through their attorney, Daniel A. Silver, hereby move to quash the depositions noticed by class counsel in the attached Notice of Depositions (attached hereto as Exhibit A), and further move for a protective order forbidding the depositions that Class Counsel seek to take, or, in the alternative, to narrow the areas of inquiry into which Class Counsel may inquire.

The Notices of Deposition and accompanying Subpoenas are attached hereto as Exhibit A. The Subpoenas were served upon counsel for the objectors, rather than on the objectors themselves. Federal courts have generally held that, because objectors to a class action settlement do not take on party status for purposes of discovery unless they first successfully intervene, objecting class members cannot be compelled to appear for a deposition through a notice of deposition or subpoena served upon their counsel. See, e.g., Exhibit B, Withdrawal of Deposition Notices in *In re: Progressive* Case. Indeed, if discovery from absent class members could be obtained by the mere service of a deposition notice or subpoena served upon an

attorney, absent class members would be entitled to take discovery of the parties and of class counsel. Such discovery has generally been prohibited by courts. See Hemphill v. San Diego Ass'n. of Realtors, Inc., 225 F.R.D. 616, 619 (S.D. Cal. 2004) ("Class members who object to a class action settlement do not have an absolute right to discovery; the Court may, in its discretion, limit the discovery or presentation of evidence to that which may assist it in determining the fairness and adequacy of the settlement."). Parties, of course, do have an absolute right to discovery from other parties in a case, including through interrogatories, requests for documents and depositions, pursuant to the applicable rules of civil procedure. It is axiomatic that, if non-named class members who object to a settlement do not have an absolute right to discovery, they are likewise not subject to discovery by the parties through routine interrogatories, requests for documents or notices of depositions. As a non-party witness, a non-named class member may be compelled to give deposition testimony only in his county of residence or employment, and only after service of a subpoena upon the witness, not his counsel.

    This Court should order that Class Counsel may not take the depositions of the four above-named objectors even if they go through the proper procedural channels to compel the objectors' attendance at a deposition. As can be seen in Exhibit A to the subpoena attached hereto as Exhibit A, the documents sought to be discovered by Class Counsel have absolutely no relevance to the issue of whether Class Counsel's requested attorney's fees are fair, reasonable or adequate, or any other conceivable issue to be decided by this Court relevant to this case. Class Counsel seeks documents related wholly to other litigation and to litigation by persons other than the deponents, and even seeks documents that could not possibly be within the possession, custody or control of the deponents.

For example, item 6 on Exhibit A seeks documents "you have previously filed with any court ... as an objector to a class action settlement or to the corresponding request for an award ... of attorney's fees." Item 7 seeks documents "you previously filed in any court in the capacity as an attorney," documents that have no conceivable relevance to the issues raised in the objections filed in this case. Item 8 goes completely beyond the pale in asking for "all documents previously *filed by your attorney in any court* during your attorneys' representation of an objector..." documents that could not conceivably be in the possession, custody or control of the clients. Item 9 requests documents "reflecting every class action during which your attorney represented you or any member of your immediate family," actions for which the clients would have no responsibility and over which they would have no control, if they even had knowledge of them.

Item 10 seeks documents reflecting business relationships between the clients and their attorneys, and Item 11 requests documents reflecting compensation received in any past class actions, requests that go far beyond the scope of reasonable discovery of anything relevant to the issues raised in the clients' objections.

Class Counsel also seek things that are normally not subject to discovery in class action cases, or any other cases for that matter, such as "documentation relating to your retention of counsel" in this action. Item 2. Class Counsel themselves have not disclosed their retainer agreement with their lead plaintiff in this case. There has been no indication that the 20% fee requested is consistent with what was negotiated with the lead plaintiff at the outset of this case. Furthermore, discovery into the arrangement between a plaintiff and his attorney is not typically part of pre-trail discovery in any case, given its irrelevance to any conceivable issue at trial. The same reasoning applies to this case and the proposed depositions of the objectors. The terms of

their attorneys' retainer agreements, if any, are simply not relevant to any matter at issue in this case, and Class Counsel's desire for the agreements does not outweigh the expense and burden to the class members of submitting to a deposition.

Even if the scope of the depositions were narrowed to include only items relevant to the Xerox class action, the depositions would be purely retributive, unduly burdensome and harassing, since absent class members are not typically required to submit to a deposition in order to exercise their right to be heard under Rule 23 and *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985) (relying on observation that absent class members are not subject to discovery to justify lower burden of personal jurisdiction over absent class members). Class Counsel cannot meet the burden of Rule 45 of "showing a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Indeed, Class Counsel has not and cannot articulate any need for the material or any relevance to the Xerox case whatsoever. The objectors' class membership is not in question, as they attached proof of purchase of class Xerox shares to their objections. The question posed by the objections is what a reasonable attorney's fee should be in the circumstances of this case. There is nothing further that can be discovered from the objectors that would aid in that analysis.

If the Court were inclined to permit properly compelled depositions, the Court should limit those depositions and document requests to Items 1 and 12 of Exhibit A, the only two items that arguably have any relevance to this case. Item 1 seeks documents establishing purchase of Xerox shares during the Class Period, and Item 12 seeks documents reflecting "any compensation you expect to receive from any sources as a result of the objection filed on your behalf in this action…" Any deposition of the objectors permitted by this Court should be limited to the above two areas and categories of documents.

WHEREFORE, objectors respectfully request that the Court grant this motion for a protective order and forbid the taking of his deposition pursuant to the Notices and Subpoenas attached hereto as <u>Exhibit A</u>.

<u>s/s Daniel A. Silver</u>
Daniel A. Silver (ct08183)
Silver & Silver LLP
One Liberty Square
New Britain, CT 06051
phone: (860) 225-3518
fax: (860) 348-0612
email: <u>Daniel@lawsilver.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2008, a copy of the foregoing Motion to Quash and for Protective Order was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                            s/s Daniel A. Silver
                                            Daniel A. Silver (ct08183)
                                            Silver & Silver LLP
                                            One Liberty Square
                                            New Britain, CT 06051
                                            phone: (860) 225-3518
                                            fax: (860) 348-0612
                                            email: Daniel@lawsilver.com