AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | OHIO |
|---|---|---|

RUSSELL CARLSON, et al.

V.

XEROX CORP., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 3:00-cv-1621 (AWT) (D. Conn.)

TO: Charles Reiner, c/o Daniel A. Silver, Esq.
Silver & Silver LLP
One Liberty Square, New Britain, CT 06051

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Offices of Edward Cochran, 20030 Marchmont Road, Shaker Heights, OH 44122 | 9/19/2008 9:00 am |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A.

| PLACE | DATE AND TIME |
|---|---|
| Offices of Edward Cochran, 20030 Marchmont Road, Shaker Heights, OH 44122 | 9/19/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] | 9/3/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Dennis J. Johnson
Johnson & Perkinson, 1690 Williston Road, P.O. Box 2305, South Burlington, VT 05403. (802) 862-0030

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A TRUE COPY
[signature]

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT A
## DOCUMENTS TO BE PRODUCED PURSUANT TO SUBPOENA

1. Documents reflecting any and all purchases and sales made by you in Xerox Corp. stock during the Class Period, *i.e.* February 17, 1998 to June 27, 2002, including such purchase and sale information in any joint account, IRA account, trust account, street name account, account for which you are trustee and your wife and/or children are the beneficiaries, and individual account.

2. Any and all documentation relating to your retention of counsel in the action captioned *Carlson v. Xerox Corp., et al.*, Civ. No. 00-cv-1621 (AWT) (the "*Carlson* litigation"), including your contract or retainer agreement with your attorney.

3. Any and all correspondence, emails, or other communications you have had with any person or entity regarding the *Carlson* litigation (excluding communications you had with the attorney you retained for the *Carlson* litigation where you and your retained attorney were the only two participants in the communication, such communication occurred *after* you retained your attorney, and that communication was not subsequently revealed to a third person or party).

4. Any and all documents you have received from any person or entity regarding the *Carlson* litigation (excluding documents you received from your the attorney you retained for the *Carlson* litigation where you were the only person to receive such document from your attorney, such document was received by you *after* you retained your attorney, and that document was not subsequently revealed by you or your attorney to a third person or party).

5. Any and all documents reviewed or researched by you or your attorney during your investigation of the *Carlson* litigation, including, but not limited to, any and all documents that provide the basis for the objection you filed in the *Carlson* litigation.

6. All documents you have previously filed with any court, or which have been filed on your behalf, as an objector to a class action settlement or to the corresponding request for an award or payment of attorneys' fees.

7. All documents you previously filed in any court in the capacity as an attorney, representing an objector to a class action settlement or to the corresponding request for an award or payment of attorneys' fees.

8. All documents previously filed by your attorney in any court during your attorneys' representation of an objector to a class action settlement or to the corresponding request for an award or payment of attorneys' fees.

9. Documents reflecting every class action during which your attorney represented you or any member of your immediate family.

10. Documents reflecting any and all business relationships you have had with your attorney over the last ten years.

11. Documents reflecting any compensation you have received from any source as a result of any objection filed on your behalf to any class action settlement, including without limitation, how you and your attorney divided payments received as a result of your attorney's representation of you during the course of any such objection(s).

12. Documents reflecting any compensation you expect to receive from any source as a result of the objection filed on your behalf in this action, including without limitation, how you and your attorney expect to divide payments received as a result of your attorney's representation of you during the course of your objection in this action.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>XEROX CORPORATION, KPMG, LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER and PHILIP FISHBACH,<br><br>    Defendants. | 3:00-CV-1621 (AWT)<br>ALL CASES |

## NOTICE OF DEPOSITIONS

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE, that pursuant to Rules 30, 45 and/or 26 of the Federal Rules of Civil Procedure, Plaintiffs will take the following depositions at the date, time and place indicated below before a notary public or some other person authorized by law to administer oaths. The depositions will be recorded by stenographic, sound and visual (videotape) means. You are invited to attend and cross-examine.

| Deponent | Date/Time | Place |
|---|---|---|
| Michael J. Rinis | September 18, 2008<br>9:00 a.m. | Hilton Washington D.C.<br>  Silver Spring<br>8727 Colesville Road<br>Silver Springs, MD 20910 |

| | | |
|---|---|---|
| Peter Carfagna | September 18, 2008<br>9:00 a.m. | Offices of Edward F. Siegel<br>27600 Chagrin Blvd.<br>Suite 340<br>Cleveland, OH 44122 |
| Joel Shapiro | September 19, 2008<br>9:00 a.m. | Berman DeValerio Pease<br>  Tabacco Burt & Pucillo<br>222 Lakeview Ave.<br>Suite 900<br>West Palm Beach, FL 33401 |
| Charles Reiner | September 19, 2008<br>9:00 a.m. | Offices of Edward Cochran<br>20030 Marchmont Road<br>Shaker Heights, OH 44122 |

Dated: September 3, 2008       By:  *[signature]*

Dennis J. Johnson (CT 22090)
Jacob B. Perkinson (CT 22091)
James F. Conway, III (phv0744)
**Johnson & Perkinson**
1690 Williston Road
P.O. Box 2305
South Burlington, Vermont 05403
(802) 862-0030

Glen DeValerio (CT 22582)
Leslie R. Stern (phv0743)
Bryan A. Wood (phv0742)
**Berman DeValerio Pease Tabacco**
  **Burt & Pucillo**
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300

Brad Friedman (CT 24910)
Ted Swiecichowski (phv01696)
**Milberg LLP**
One Pennsylvania Plaza, 49th Floor
New York, New York 10119-0165
(212) 594-5300

**Co-Lead Counsel**

Andrew M. Schatz (CT 00603)
**Schatz Nobel & Izard, P.C.**

A TRUE COPY ATTEST
*[signature]*
MICHAEL WALTON

2

One Corporate Center
20 Church Street
Hartford, CT 06103
(860) 493-6292

J. Daniel Sagarin (CT 04289)
**Hurwitz & Sagarin, LLC**
147 N. Broad Street
Milford, Connecticut 06460
(203) 877-8000

**Co-Liaison Counsel**

3