**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER AND PHILIP FISHBACH,<br><br>Defendants. | 3:00-CV-1621 (AWT)<br><br>This document relates to:<br>00-cv-01758  00-cv-01908  01-cv-00449<br>00-cv-01779  00-cv-01916  01-cv-00497<br>00-cv-01792  00-cv-01967  01-cv-00583<br>00-cv-01795  00-cv-02029  01-cv-00584<br>00-cv-01824  01-cv-00244  01-cv-00591<br>00-cv-01846  01-cv-00285  01-cv-00614<br>00-cv-01883  01-cv-00341 |

**DECLARATION OF LOUISIANA STATE EMPLOYEES'
RETIREMENT SYSTEM IN SUPPORT OF FINAL APPROVAL OF
CLASS ACTION SETTLEMENT, PLAN OF ALLOCATION, AWARD
OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES,
AND REIMBURSEMENT AWARD TO LEAD PLAINTIFFS**

Pursuant to 28 U.S.C. § 1746, I, Cynthia Y. Rougeou, declare under penalty of

perjury that the following is true and correct:

1.     I am employed as the Executive Director for the Louisiana State

Employees Retirement System ("LASERS" or "Fund"), Court-appointed co-Lead

Plaintiff in the above-captioned securities class action ("Action").  I submit this

Declaration in reference to Lead Plaintiffs' and Lead Counsel's motion for final approval

of:  (1) the proposed settlement ("Settlement") and plan of allocation ("Plan of

Allocation"); (2) Lead Counsel's application for an award of attorneys' fees and

reimbursement of expenses incurred in successfully prosecuting claims in the Action; and

(3) reimbursement to the Lead Plaintiffs for the uncompensated contribution of their time

and expenses in connection with the prosecution and settlement of the Action.  I make

this declaration based on personal knowledge and upon information Lead Counsel

provided to me that I believe to be truthful and reliable.

2.      LASERS was appointed as one of the Lead Plaintiffs in the Action by

order of this Court dated January 4, 2002 ("Lead Plaintiff Order").  In addition to me, the

Lead Plaintiff Order appointed two individuals to act as co-Lead Plaintiffs for the

proposed Class:  Dr. Paul Dantzig and Thomas Zambito.

3.      I and/or my colleagues at LASERS consulted with attorneys from Berman

DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") in evaluating the Action

and determining that LASERS should seek appointment as a Lead Plaintiff in the Action.

4.      LASERS understands that it owes a fiduciary duty to all Class members to

provide fair and adequate representation and to work actively with Lead Counsel to

obtain the largest possible recovery for the Class consistent with good faith and

meritorious advocacy.  LASERS' goal as Lead Plaintiff was to obtain the maximum

recovery possible for the benefit of the Class at the lowest reasonable cost, tempered by

careful analysis of the risks involved in the Action.

5.      LASERS has been actively involved in the prosecution of the Action.

LASERS has reviewed the principle pleadings filed in the case, including all complaints,

the Court's Order on Defendants' Motions to Dismiss, and various discovery pleadings,

all of which have been provided LASERS by Lead Counsel.  Generally speaking, I and/or

my colleagues communicated with Lead Counsel quarterly, via telephone, email, and/or

letter regarding the status of the Action.  At various stages during the litigation, however,

those communications were much more frequent.

6.      During the course of the Action, LASERS has spent time: (1) reviewing case filings, case status reports, and other case-related materials; (2) participating in numerous conference calls and meetings with Lead Counsel to discuss the overall strategy for the prosecution of the Action; (3) participating in Class certification discovery, including the coordination of a 300,000-page document production.  LASERS also was prepared to appear for a deposition in the Action.

7.      Additionally, from September 2000 through the negotiation of the Settlement, LASERS was fully apprised of any actual or potential settlement negotiations.  In addition to participating in numerous informal settlement negotiations, LASERS' General Counsel or Executive Counsel also attended and actively participated in several mediation sessions with Defendants, including the mediation that resulted in a $750 million settlement on behalf of the Class.  LASERS specifically authorized Lead Counsel to settle the case for that amount.

8.      LASERS supports the Settlement and believes that it provides an excellent recovery for the Class, especially in view of the substantial issues Plaintiffs faced in establishing liability and damages, as well as the aging nature of the Action.  For the same reasons, LASERS also strongly endorses the Plan of Allocation and believes that it represents a fair and reasonable method of valuing claims submitted by Class members and for distributing the net Settlement proceeds to Class members who submit valid and timely "proof of claim" forms.

9.      As to the appropriate amount of attorneys' fees in this matter, LASERS understands that Lead Counsel expended a significant amount of time and resources, among other things, investigating the facts and claims in the Action, drafting the

complaints, briefing complex legal issues, engaging in extensive discovery, and

synthesizing complex accounting and financial issues in preparation for depositions,

further motions, and ultimately trial.  LASERS concurs with the findings the Honorable

Alfred M. Wolin, U.S.D.J. (Ret.), who was retained to review the facts and circumstances

of the Action and to provide a recommendation with respect to fees.  Upon

recommendation of Judge Wolin, LASERS fully supports Lead Counsel's application for

an award of attorneys' fees of 20% of the Gross Settlement, plus interest on both amounts

at the same rate earned by the Settlement Fund.

10.    LASERS further believes that the expenses that Lead Counsel will be

submitting to the Court for reimbursement are reasonable and represent costs and

expenses necessary for the prosecution and resolution of the Action.

11.    As to Lead Plaintiffs' application for an incentive award and

reimbursement of time, costs and expenses incurred in serving as a Lead Plaintiff and

successfully prosecuting claims in this Action, I fully support Lead Counsel's application

on behalf of LASERS and my fellow Lead Plaintiffs for reimbursement of time, costs and

expenses.  Based on the records maintained in the ordinary course of LASERS' business,

as well as Berman DeValerio's time and other records, LASERS estimates that it

contributed approximately 215 hours of time (most of it by General Counsel or Executive

Counsel) in the following activities assisting Lead Counsel and in keeping the Fund fully

apprised of the status of the Action in accordance with our role as a representative of, and

fiduciary for, the proposed Class:

| **ACTIVITY** | **TIME SPENT** |
|---|---|
| 1.    Reading and reviewing pleading and case materials | 25 hours |

| | | |
|---|---|---|
| 2. | Conferring with Lead Counsel about case status | 5 hours |
| 3. | Participating in strategy meetings and conference calls | 5 hours |
| 4. | Reading and reviewing quarterly case status reports | 5 hours |
| 5. | Coordinating class certification document discovery | 40 hours |
| 6. | Preparing for, attending, and participating in, mediations and other settlement negotiation | 135 hours |
| | **TOTAL** | **215 hours** |

12.    LASERS has not incurred any unreimbursed expenses as a result of its involvement in the Action.  Accordingly, LASERS estimates that its total opportunity cost resulting from its participation in the Action is $43,000.[1]

13.    In conclusion, as a Lead Plaintiff actively involved in the prosecution of the Action, LASERS: (a) supports the Settlement obtained for the Class as fair, reasonable, and adequate and believes that it represents an excellent result; (b) endorses the Plan of Allocation and believes that it provides a fair and reasonable method for valuing claims submitted by Class members and for distributing the Net Settlement Fund; (c) endorses and approves Lead Counsel's request for attorneys' fees and reimbursement of expenses and believes that it represents fair and reasonable compensation for Lead Counsel and other counsel involved in prosecuting the Action in light of the excellent recovery for the Class in the face of serious litigation risks; and (d) endorses an award to reimbursement the Lead Plaintiffs in the Action for their out-of pocket expenses, lost wages and opportunity costs, including an award of $43,000 to LASERS as reimbursement for the time described above that was spent prosecuting the Action.

---

[1]       Although LASERS does not bill its employees at an hourly rate, we have used a reasonable rate of $200/hr. to determine our total opportunity costs of supervising Lead Counsel and otherwise representing the Class in the Action.

14.   Accordingly, LASERS respectfully requests that the Court approve the Settlement, Plan of Allocation, request for attorneys' fees and reimbursement of expenses, and request for a reimbursement award to Lead Plaintiffs.

Dated:  September 18, 2008

Cynthia Y. Rougeou
Executive Director,
Louisiana State Employees'
Retirement System

6