**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RUSSELL CARLSON, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>XEROX CORPORATION, KPMG LLP, PAUL A. ALLAIRE, G. RICHARD THOMAN, ANNE MULCAHY, BARRY D. ROMERIL, GREGORY TAYLER AND PHILIP FISHBACH,<br><br>Defendants. | 3:00-CV-1621 (AWT)<br>This document relates to:<br>00-cv-01758 00-cv-01908 01-cv-00449<br>00-cv-01779 00-cv-01916 01-cv-00497<br>00-cv-01792 00-cv-01967 01-cv-00583<br>00-cv-01795 00-cv-02029 01-cv-00584<br>00-cv-01824 01-cv-00244 01-cv-00591<br>00-cv-01846 01-cv-00285 01-cv-00614<br>00-cv-01883 01-cv-00341 |

**DECLARATION OF THOMAS ZAMBITO IN SUPPORT OF PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; LEAD COUNSELS' PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES; AND REQUEST FOR REIMBURSEMENT OF COSTS AND EXPENSES FOR LEAD PLAINTIFFS**

Pursuant to 28 U.S.C. § 1746, I, Thomas Zambito, declare under penalty of perjury that the following is true and correct:

1. I submit this Declaration in support of Lead Plaintiffs' and Lead Counsels' motion for final approval of: (1) the proposed Settlement and Plan of Allocation; (2) Lead Counsels' application for an award of attorneys' fees and reimbursement of expenses incurred in successfully prosecuting the claims in this Action; and (3) reimbursement to the Lead Plaintiffs for the uncompensated contribution of their time and expenses in connection with the litigation and settlement of this Action.

2. I make this declaration based upon information which I have reviewed, information provided by Lead Counsel and upon belief that the information herein is truthful and reliable.

3. In or around June 2000, just prior to my involvement in this litigation, I retired from my employment as a clinical psychologist. I was appointed one of the Lead Plaintiffs in this case by orders of the Court dated January 10, 2001 and January 4, 2002.[1] In addition to me, the Court's January 4, 2002 Order appointed two other Lead Plaintiffs to act as Lead Plaintiffs for the proposed Class: the Louisiana State Employees' Retirement Systems ("LASERS") and Dr. Paul Dantzig.

4. Throughout the course of my involvement in this litigation, I diligently sought to fulfill my duties as Lead Plaintiff. I agreed to act as one of three proposed Class Representatives in the action, and understood that to so act, I would be required to respond to Defendants' discovery requests directed at me and would have been willing to act as a witness at trial, which I was.

5. During the course of the more than eight years of this litigation, I have communicated regularly with Milberg LLP with regard to this case. On average, I communicated with Lead Counsel monthly, via telephone, e-mail, and letter regarding case strategy and case status. I also traveled to New York from my home in Rochester, New York, to

---

1 My wife, Carol Zambito, and I also served, for a period of time, as Lead Plaintiffs in In re Xerox Sec. Litig., 03:99-CV-2374 (AWT) (D. Conn.) ("Xerox I"). On February 7, 2000, Mrs. Zambito and I, along with three other proposed Lead Plaintiffs (collectively, the "Xerox I Proposed Lead Plaintiffs"), moved for an Order consolidating the actions in that case, appointing the Xerox I Proposed Lead Plaintiffs as Co-Lead Plaintiffs, and approving the Xerox I Proposed Lead Plaintiffs' selection of liaison and lead counsel. On March 14, 2000, the Xerox I Proposed Lead Plaintiffs were appointed Co-Lead Plaintiffs. Mrs. Zambito and I withdrew, with the Court's approval, as Co-Lead Plaintiffs in Xerox I, on May 13, 2004.

meet with Milberg attorneys, and on one occasion a Milberg attorney met with me at my home in Rochester to assist me in reviewing my files in response to Defendants' document requests. Sometimes we communicated more frequently than monthly, depending on the stage of the litigation. Lead Counsel provided me with the principal pleadings filed in the case, including all complaints, the Court's Order on Defendants' Motions to Dismiss, and various discovery pleadings.

6. I responded to Defendants' document requests directed at me. In the course of responding to these requests, I met with Milberg and conducted an exhaustive search of my records to provide non-objectionable documents requested by the Defendants.

7. As part of the discovery process, I produced more than 1,700 pages of non-objectionable, non-privileged documents to Defendants. Additionally, Milberg LLP attorneys and staff searched their entire working files for additional responsive documents related to their investigation and the original and amended complaints.

8. From September 2000 through the negotiation of the operative Stipulation of Settlement, I was kept fully advised by Lead Counsel with respect to settlement negotiations. I, along with my fellow Lead Plaintiffs, through Lead Counsel, have engaged in numerous formal and informal negotiations with the Defendants in an attempt to resolve this litigation. Lead Counsel kept me abreast of settlement discussions and negotiations throughout the process, which began in 2003. I specifically authorized Lead Counsel to settle the case for $750,000,000.00. I support the Settlement and believe that the Settlement provides an excellent recovery for the Class.

9. I understand that Lead Counsel expended a significant amount of time and resources, among other things, investigating the facts and claims in this litigation, drafting the complaints, briefing complex legal issues, engaging in extensive discovery, and synthesizing complex accounting and financial issues in preparation for depositions, further motions, and ultimately trial. I concur with the findings of the Honorable Alfred M. Wolin (ret.), who was retained to review the facts and circumstances of the case and to provide a recommendation with respect to fees. Upon the recommendation of Judge Wolin, I fully support Lead Counsels' application for an award of attorneys' fees of 20% of the Gross Settlement Amount and reimbursement of expenses incurred in successfully prosecuting the claims in this Action, plus interest.

10. I also fully support Lead Plaintiffs' and the Class Representatives' application for reimbursement of time, costs and expenses incurred in serving as a Lead Plaintiff and in successfully prosecuting the claims in this Action.

11. Based on the records that I have maintained over the course of this litigation, the time records compiled by Lead Counsel which address my involvement in the litigation, documentation in Lead Counsels' files confirming my involvement, and my best estimates of the time I spent performing those activities undertaken on my own in support of the litigation (as to which no specific documentation may exist to confirm the amount of time spent performing those responsibilities), such as reviewing pleadings and repeatedly searching for documents responsive to defendants' document requests, I contributed approximately 150 hours in assisting Lead Counsel and in keeping myself fully apprised of the status of the litigation in an effort to ensure that there would be an adequate class representative acting on behalf of the proposed

class. Milberg attorneys also spent a substantial amount of time with me on these efforts by visiting with me at my home to discuss the document requests; searching for and reviewing my personal and financial records; and contacting various financial institutions for records which were no longer in my personal possession. I supervised and consulted with Milberg on all of those efforts.

Rochester, New York
September 18, 2008

Thomas Zambito